ORIGINAL

Larnita Pette
2588 El Camino Real, Suite F-195
Carlsbad, CA 92008
Mobile: (707) 853-2049
E-Mail: larnita.pette@gmail.com

Plaintiff: PRO SE

FILED
MAY - 8 2017
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>RALPH E. SANDERS<br>            Debtor,<br><br>———————————————<br><br>Larnita Pette,<br>            Plaintiff,<br>  vs.<br>Ralph E. Sanders,<br>            Defendant | Chapter 7<br><br>Case No.: 8:17-bk-10265-MW<br><br>Adv. No.:<br><br>**COMPLAINT FOR:**<br><br>**NONDISCHARGEABILITY OF PENDING LAWSUITS PURSUANT TO 11 U.S.C §523(a)(6) AND 11 U.S.C. §727(a)(4)(A)(B)** |

## COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

Larnita Pette, as the Plaintiff, complains of Debtor and Defendant Ralph E. Sanders ("Debtor" or "Sanders") as follows:

///

///

1

COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334. This adversary proceeding relates to the Chapter 7 Bankruptcy case of Ralph E. Sanders, Case No. 8:17-bk-10265-MW, now pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

2. Venue herein is proper pursuant to the provisions of 28 U.S.C. §1409

## GENERAL ALLEGATIONS

3. On January 25, 2017, Debtor filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code.

4. The Debtor failed to disclose in the Chapter 7 Bankruptcy petition that he was and is a beneficiary and Co-Trustee of The Bobbye J. Rives Trust ("Trust").

5. The Debtor failed to disclose in the Chapter 7 Bankruptcy petition that he received in excess of $98,600 in inheritance and compensation from the Trust as a beneficiary and Co-Trustee. The Debtor deliberately concealed the income and assets he received from the Trust.

6. Plaintiff filed a civil lawsuit filed on May 8 2015 for Elder Abuse, Wrongful Death and Defamation among other causes of action in the San Diego County Superior Court case 37-2015-000-15654-CU-PO-CTL, ("San Diego Superior Court").

7. Beginning on or about January 20, 2016, Debtor made representations through his attorney for the San Diego Superior Court case, that he was on the verge of bankruptcy and would be seriously considering filing for Bankruptcy within 60 days.

8. Debtor received over $90,000 from the Trust in 2015 according to the First Accounting of the Trust as of November 30, 2015.

9. On February 23, 2016, the Debtor and Co-Trustee, Beverly Murray-Calcote hired outside counsel and filed an Anti-SLAPP motion against Plaintiff.

10. On May 23, 2016 a Mandatory Settlement Conference (MSC) was held for the San Diego Superior Court case, during which the Debtor represented to the Court that he was insolvent and was considering filing for bankruptcy.

COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

11. On July 13, 2016, Plaintiff filed a Petition for Removal (Orange County Superior Court case 30-2016-00863391-PR-TR-CJC, "Orange County Superior Court") to preserve the remaining assets of the Trust and asked that the remaining Trust assets be frozen.

12. On August 26, 2016, the San Diego Superior Court ruled on the Debtor's Anti-SLAPP motion. The Debtor's Anti-SLAPP motion was denied.

13. On April 21, 2017, the civil trial was scheduled to begin in the San Diego Superior Court case. The Debtor filed for bankruptcy on January 25, 2017, 3 months before the civil trial was scheduled to start and within weeks of all mandatory trial cutoff dates.

    (A)    March 10, 2017 – Expert Witness Cutoff

    (B)    April 7, 2017 – Discovery Cutoff

    (C)    April 14, 2017 – Trial Readiness Conference

    (D)    April 21, 2017 – Trial

14. Debtor concealed income and assets that he received from the Trust. This represents willful and malicious acts with the deliberate intention to deceive his creditors and the Chapter 7 Bankruptcy Court.

15. It is the Plaintiff's belief, that the Debtor filed for a Chapter 7 Bankruptcy specifically to defeat the pending lawsuits.

16. As a beneficiary and Co-Trustee of the Trust, the Debtor received enough money (in excess of $98,600) in inheritance and compensation to pay down, most, if not all, of his listed debt.

**FIRST CLAIM FOR RELIEF**

<u>Nondischargeability against the Debtor Ralph E. Sanders – Pursuant to 11 U.S.C. §523(a)(6)</u>

17. Pursuant to §523(a)(6) of the United States Bankruptcy Code, a debt incurred by a debtor who engages in willful and malicious conduct that results in damages shall be nondischargeable. Sanders engaged in willful and malicious conduct.

18. When filing the Chapter 7 Bankruptcy petition, Sanders engaged in the following willful and malicious acts, among others:

3

COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

      (A) On January 25, 2017, within 3 months of the commencement of the civil trial in the Superior Court of San Diego, the Debtor filed fraudulent financial figures on his Chapter 7 Bankruptcy schedules.

      (B) By omitting the inheritance and compensation he received as a Co-Trustee and Beneficiary of the Bobbye J. Rives Trust, Debtor was able to meet the means test for the Chapter 7 Bankruptcy.

      (C) The "personal liability" totaling $300,000 assessed by Debtor attributed to the San Diego Superior Court civil case ($150,000) and the Orange County Superior Court probate case ($150,000) has no basis in fact.

      (D) Neither lawsuit asked for a specific amount in damages. Debtor's "estimate" of $300,000 was a means to increase his liabilities from approximately $87,000 to $387,000 on the Chapter 7 Bankruptcy.

      (E) The Debtor received an inheritance and compensation (in excess of $98,600) which would have paid off, or significantly reduced, his debt thus making him ineligible to file for a Chapter 7 bankruptcy.

19. As a direct and proximate result of the foregoing, Plaintiff (and all creditors) have suffered damages in an amount not presently ascertained but believed to be in excess of $300,000 (the "personal liability" assigned by the Debtor for the pending lawsuits) which should be exempted from discharge in the Debtor's bankruptcy. Plaintiff requests that the debt listed as "personal liability" owed to Plaintiff by the Debtor be deemed not dischargeable in his bankruptcy.

20. In committing the acts hereinabove described, the Debtor acted willfully, maliciously, and with deliberate intent to deceive Plaintiff, creditors and the Court, and because thereof, Plaintiff is entitled to punitive and exemplary damages in an amount to be determined at the time of trial.

**SECOND CLAIM FOR RELIEF**

<u>Nondischargeability of Debtor – Pursuant to 11 U.S.C. §727(a)(4)(A)(B)</u>

COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

21. The Plaintiff adopts, incorporate by reference, and alleges herein all of the allegations set forth in paragraph 1 through 20 inclusive, as if set forth individually in this Second Claim for Relief.

22. The Debtor knowingly and fraudulently, in or connection with the Chapter 7 Bankruptcy case made a false oath or account and presented or used a false claim regarding the Debtor's status as a beneficiary and Co-Trustee of the Trust and his "personal liability" for the pending lawsuits.

23. When filing for Chapter 7 Bankruptcy, the debtor knowingly and fraudulently engaged in the following willful and malicious acts:

(A) On January 25, 2017, within 3 months of the commencement of the civil trial in the Superior Court of San Diego, the Debtor filed fraudulent financial figures in his Chapter 7 Bankruptcy case.

(B) During two 341 hearings held March 9, 2017 and March 23, 2017, the Debtor verbally affirmed, under oath, that the financial figures he provided on his Chapter 7 Bankruptcy petition were true and accurate.

(C) By omitting the inheritance and compensation he received as a Co-Trustee and Beneficiary of the Bobbye J. Rives Trust, Debtor was able to meet the means test for the Chapter 7 Bankruptcy case.

(D) The alleged "personal liability" of $300,000 declared by the Debtor in his Chapter 7 Bankruptcy is attributed to the San Diego Civil Lawsuit ($150,000) and the Orange County Probate Petition ($150,000) has no basis in fact because neither lawsuit asked for a specific amount in damages. However, assigning an arbitrary "personal liability" cost of $300,000 increased the Debtor's Chapter 7 Bankruptcy liability.

(E) The Debtor received an inheritance and compensation (in excess of $98,600) which would have paid off, or significantly reduced, his debt thus making him ineligible to file for a Chapter 7 Bankruptcy.

24. As a direct and proximate result of the foregoing, Plaintiff (and all creditors) have suffered damages in an amount not presently ascertained but believed to be in excess of $300,000

5

COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

(the "personal liability" assigned by the Debtor for the pending lawsuits) which should be exempted from discharged in the Debtor's bankruptcy. Plaintiff requests that the debt listed as "personal liability" owed to Plaintiff by the Debtor be deemed not dischargeable in his bankruptcy.

25. In committing the acts hereinabove described, the Debtor acted fraudulently, willfully and with deliberate intent to deceive Plaintiff and the Court, and because thereof, Plaintiff is entitled to punitive and exemplary damages in an amount to be determined at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Debtor and Defendant Ralph E. Sanders follows:

1. On the First Claim for Relief, for judgment against Debtor and Defendant Ralph E. Sanders determining that the "tentative" debt of $150,000 owed by the Debtor to Plaintiff (for the civil suit filed in the San Diego County Superior Court), is not dischargeable in his bankruptcy case and for judgment according to proof.

2. On the Second Claim for Relief, for Judgment against Debtor and Defendant Ralph E. Sanders determining that the "tentative" debt of $150,000 owed by the Debtor to Plaintiff (for the Probate Petition for Removal filed in the Orange County Superior Court Probate Division), is not dischargeable in his bankruptcy case and for judgment according to proof.

3. The Plaintiff be awarded its costs of suit incurred herein and for such other and further relief as this Court deems proper.

Dated this 8th of May, 2017

_____
Larnita A. Pette, Pro Se

COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS