ORIGINAL

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Larnita Pette<br>2588 El Camino Real Ste F-195<br>Carlsbad, CA 92008<br><br>707-853-2049<br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY<br><br>**FILED**<br>**JUN - 5 2017**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:                    Deputy Clerk |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA** ||
| In re:<br><br>Ralph E Sanders<br><br><br><br><br><br>*Debtor(s).* | CASE NO.: 8:17-bk-10265-MW<br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 8:17-ap-01068-MW |
| Larnita Pette<br><br>                Plaintiff(s)<br>Versus<br>Ralph E Sanders<br><br><br>                Defendant(s) | **ANOTHER**<br>**SUMMONS AND NOTICE OF STATUS**<br>**CONFERENCE IN ADVERSARY**<br>**PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **06/19/2017.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:
    **Date:**          August 30, 2017
    **Time:**         09:00 AM
    **Hearing Judge:**  Mark S Wallace
    **Location:**      411 W Fourth St., Crtrm 6C, Santa Ana, CA 92701

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Alias Summons and Notice of Status Conference in Adversary Proceeding: <u>May 19, 2017</u>

By: _____"s/" James Le_____

Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                    Page 2                    **F 7004-1.SUMMONS.ADV.PROC**

# UNITED STATES BANKRUPTCY COURT

## Early meeting of Counsel and Status Conference Instructions

1. **Service of Order.** A copy of this Order re: Rule 26(f) Meeting, Initial Disclosures, and Scheduling Conference must be served with the summons and complaint. The proof of service of the summons and complaint must indicate that a copy of this order was served therewith.

2. **Local Bankruptcy Rule 7026-1.** Compliance with Local Bankruptcy Rule 7026-1 (ALBR 7026-1") is required in ALL adversary proceedings.

3. **Rule 26(f) Meeting.** Unless all defendants default, the parties must meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (ARule 26(f) Meeting@) at least 21 days before the status conference date set forth in the summons. **The status conference set forth in the summons shall also serve as the initial Rule 16(b) Scheduling Conference in this adversary proceeding.**

The parties are jointly responsible for arranging and attending the Rule 26(f) Meeting, which may be conducted in person or by telephone. During the Rule 26(f) Meeting, the parties must, at a minimum: (a) discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case; (b) make or arrange for the initial disclosures required by Rule 26(a)(1); and ( c) develop a proposed discovery plan. The discussion of claims and defenses must be substantive and meaningful. The parties are directed to approach the Rule 26(f) Meeting cooperatively and in good faith.

4. **Initial Disclosures.** Rule 26(a)(1) states that a party must, without awaiting discovery request, provide to other parties:

   a. The name and, if known, the address and telephone number for each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses,

unless the use would be solely for impeachment.

b. A copy of - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

c. A computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

d. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

F.R.Civ.P.26(a)(1)(A). Rule 26(a)(1) requires a party to make its initial disclosures based on the information that is reasonably available to it. A party is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party=s disclosures or because another party has not made its disclosures. F.R.Civ.P.26(a)(1)(E).

5. **Alternative Dispute Resolution (AADR@).** The parties must explore the feasibility of ADR to reach a settlement or early resolution of the adversary proceeding. The specific reasons for any decision not to participate in a form of early ADR must be explained in the Joint Status Report. If the parties elect not to participate in an early ADR effort, the Court may nonetheless direct the parties to ADR before trial

6. **Discovery Plan.** At the Rule 26(f) Meeting, the parties must also discuss issues about preserving discoverable information and develop a proposed discovery plan. The discussion regarding discovery following the initial disclosures must address the relevance of the discovery sought and the sequence and timing of such discovery, including whether the discovery will be conducted informally or formally. The deadlines in the discovery plan must be mutually

agreeable, with a view to achieve resolution of the case with a minimum of expense and delay.

7. **Joint Status Report.** A status report must be filed within the time frames specified within LBR 7016-1(a)(2). The Joint Status Report must contain the information set forth in LBR 7016-1(a)(2), and a statement that the parties have completed the Rule 26(f) Meeting and made the initial disclosures required by Rule 26(a)(1). The Joint Status Report shall also serve as the written report of the Rule 26(f) Meeting. If Defendant(s) have not filed and served an answer to the Complaint, a Unilateral Status report is due seven (7) days prior to the first status conference hearing.

8. **Status Conference/Rule 16(b) Scheduling Conference.** At the Rule 16(b) Scheduling Conference, the Court will review the discovery plan set forth in the Joint Status Report and set appropriate deadlines.

Counsel representing any party in conjunction with the Rule 26(f) Meeting, Joint Status Report, and Rule 16(b) Scheduling Conference must be authorized to bind the party on all matters to be covered.

9. **Default.** If no response to the complaint is timely filed, plaintiff should request entry of default by the clerk prior to the status conference date set forth in the summons. F.R.Civ.P.55(a). Plaintiff may also request entry of a default judgment by filing and serving an appropriate motion. F.R.Civ.P.55(b)(2).

10. **Sanctions. Failure to comply with these instructions may subject the responsible party and/or counsel to sanctions, which may include dismissal of the adversary proceeding. The failure of either party to cooperate in the preparation of timely filing of a Joint Status Report or appear at the status conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).**

///

11. **Joint Pre-Trial Order**. Failure to timely file a Joint Pre-Trial order may subject the responsible party and/or counsel to sanctions, which may include dismissal of the adversary proceeding. The failure of either party to cooperate in the preparation of timely filing of a Joint Pre-Trial Conference or appear at the Joint Pre-Trial Conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).

                Honorable Mark S. Wallace
                United States Bankruptcy Judge

1  Larnita Pette
2  2588 El Camino Real, Suite F-195
   Carlsbad, CA 92008
3  Mobile: (707) 853-2049
   E-Mail: larnita.pette@gmail.com
4
5  Plaintiff: PRO SE

FILED
MAY - 8 2017
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:              Deputy Clerk

6
7              UNITED STATES BANKRUPTCY COURT
8              CENTRAL DISTRICT OF CALIFORNIA
9                    SANTA ANA DIVISION
10
11 In re:
12
13 RALPH E. SANDERS            ) Chapter 7
                               )
14         Debtor,             ) Case No.: 8:17-bk-10265-MW
                               )
15 _____    ) Adv. No.: 8:17-AP-01068-MW
                               )
16                             ) COMPLAINT FOR:
                               )
17 Larnita Pette,              )
                               ) NONDISCHARGEABILITY OF PENDING
18            Plaintiff,       ) LAWSUITS PURSUANT TO 11 U.S.C
                               ) §523(a)(6) AND 11 U.S.C. §727(a)(4)(A)(B)
19    vs.                      )
                               )
20 Ralph E. Sanders,           )
                               )
21            Defendant        )
                               )
22
23
24     COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS
25 Larnita Pette, as the Plaintiff, complains of Debtor and Defendant Ralph E. Sanders ("Debtor" or
26 "Sanders") as follows:
27 ///
28 ///

1

COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334. This adversary proceeding relates to the Chapter 7 Bankruptcy case of Ralph E. Sanders, Case No. 8:17-bk-10265-MW, now pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

2. Venue herein is proper pursuant to the provisions of 28 U.S.C. §1409

## GENERAL ALLEGATIONS

3. On January 25, 2017, Debtor filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code.

4. The Debtor failed to disclose in the Chapter 7 Bankruptcy petition that he was and is a beneficiary and Co-Trustee of The Bobbye J. Rives Trust ("Trust").

5. The Debtor failed to disclose in the Chapter 7 Bankruptcy petition that he received in excess of $98,600 in inheritance and compensation from the Trust as a beneficiary and Co-Trustee. The Debtor deliberately concealed the income and assets he received from the Trust.

6. Plaintiff filed a civil lawsuit filed on May 8 2015 for Elder Abuse, Wrongful Death and Defamation among other causes of action in the San Diego County Superior Court case 37-2015-000-15654-CU-PO-CTL, ("San Diego Superior Court").

7. Beginning on or about January 20, 2016, Debtor made representations through his attorney for the San Diego Superior Court case, that he was on the verge of bankruptcy and would be seriously considering filing for Bankruptcy within 60 days.

8. Debtor received over $90,000 from the Trust in 2015 according to the First Accounting of the Trust as of November 30, 2015.

9. On February 23, 2016, the Debtor and Co-Trustee, Beverly Murray-Calcote hired outside counsel and filed an Anti-SLAPP motion against Plaintiff.

10. On May 23, 2016 a Mandatory Settlement Conference (MSC) was held for the San Diego Superior Court case, during which the Debtor represented to the Court that he was insolvent and was considering filing for bankruptcy.

2

COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

11. On July 13, 2016, Plaintiff filed a Petition for Removal (Orange County Superior Court case 30-2016-00863391-PR-TR-CJC, "Orange County Superior Court") to preserve the remaining assets of the Trust and asked that the remaining Trust assets be frozen.

12. On August 26, 2016, the San Diego Superior Court ruled on the Debtor's Anti-SLAPP motion. The Debtor's Anti-SLAPP motion was denied.

13. On April 21, 2017, the civil trial was scheduled to begin in the San Diego Superior Court case. The Debtor filed for bankruptcy on January 25, 2017, 3 months before the civil trial was scheduled to start and within weeks of all mandatory trial cutoff dates.

    (A)    March 10, 2017 – Expert Witness Cutoff

    (B)    April 7, 2017 – Discovery Cutoff

    (C)    April 14, 2017 – Trial Readiness Conference

    (D)    April 21, 2017 – Trial

14. Debtor concealed income and assets that he received from the Trust. This represents willful and malicious acts with the deliberate intention to deceive his creditors and the Chapter 7 Bankruptcy Court.

15. It is the Plaintiff's belief, that the Debtor filed for a Chapter 7 Bankruptcy specifically to defeat the pending lawsuits.

16. As a beneficiary and Co-Trustee of the Trust, the Debtor received enough money (in excess of $98,600) in inheritance and compensation to pay down, most, if not all, of his listed debt.

**FIRST CLAIM FOR RELIEF**

Nondischargeability against the Debtor Ralph E. Sanders – Pursuant to 11 U.S.C. §523(a)(6)

17. Pursuant to §523(a)(6) of the United States Bankruptcy Code, a debt incurred by a debtor who engages in willful and malicious conduct that results in damages shall be nondischargeable. Sanders engaged in willful and malicious conduct.

18. When filing the Chapter 7 Bankruptcy petition, Sanders engaged in the following willful and malicious acts, among others:

(A) On January 25, 2017, within 3 months of the commencement of the civil trial in the Superior Court of San Diego, the Debtor filed fraudulent financial figures on his Chapter 7 Bankruptcy schedules.

(B) By omitting the inheritance and compensation he received as a Co-Trustee and Beneficiary of the Bobbye J. Rives Trust, Debtor was able to meet the means test for the Chapter 7 Bankruptcy.

(C) The "personal liability" totaling $300,000 assessed by Debtor attributed to the San Diego Superior Court civil case ($150,000) and the Orange County Superior Court probate case ($150,000) has no basis in fact.

(D) Neither lawsuit asked for a specific amount in damages. Debtor's "estimate" of $300,000 was a means to increase his liabilities from approximately $87,000 to $387,000 on the Chapter 7 Bankruptcy.

(E) The Debtor received an inheritance and compensation (in excess of $98,600) which would have paid off, or significantly reduced, his debt thus making him ineligible to file for a Chapter 7 bankruptcy.

19. As a direct and proximate result of the foregoing, Plaintiff (and all creditors) have suffered damages in an amount not presently ascertained but believed to be in excess of $300,000 (the "personal liability" assigned by the Debtor for the pending lawsuits) which should be exempted from discharge in the Debtor's bankruptcy. Plaintiff requests that the debt listed as "personal liability" owed to Plaintiff by the Debtor be deemed not dischargeable in his bankruptcy.

20. In committing the acts hereinabove described, the Debtor acted willfully, maliciously, and with deliberate intent to deceive Plaintiff, creditors and the Court, and because thereof, Plaintiff is entitled to punitive and exemplary damages in an amount to be determined at the time of trial.

**SECOND CLAIM FOR RELIEF**

Nondischargeability of Debtor – Pursuant to 11 U.S.C. §727(a)(4)(A)(B)

4

COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

21. The Plaintiff adopts, incorporate by reference, and alleges herein all of the allegations set forth in paragraph 1 through 20 inclusive, as if set forth individually in this Second Claim for Relief.

22. The Debtor knowingly and fraudulently, in or connection with the Chapter 7 Bankruptcy case made a false oath or account and presented or used a false claim regarding the Debtor's status as a beneficiary and Co-Trustee of the Trust and his "personal liability" for the pending lawsuits.

23. When filing for Chapter 7 Bankruptcy, the debtor knowingly and fraudulently engaged in the following willful and malicious acts:

(A) On January 25, 2017, within 3 months of the commencement of the civil trial in the Superior Court of San Diego, the Debtor filed fraudulent financial figures in his Chapter 7 Bankruptcy case.

(B) During two 341 hearings held March 9, 2017 and March 23, 2017, the Debtor verbally affirmed, under oath, that the financial figures he provided on his Chapter 7 Bankruptcy petition were true and accurate.

(C) By omitting the inheritance and compensation he received as a Co-Trustee and Beneficiary of the Bobbye J. Rives Trust, Debtor was able to meet the means test for the Chapter 7 Bankruptcy case.

(D) The alleged "personal liability" of $300,000 declared by the Debtor in his Chapter 7 Bankruptcy is attributed to the San Diego Civil Lawsuit ($150,000) and the Orange County Probate Petition ($150,000) has no basis in fact because neither lawsuit asked for a specific amount in damages. However, assigning an arbitrary "personal liability" cost of $300,000 increased the Debtor's Chapter 7 Bankruptcy liability.

(E) The Debtor received an inheritance and compensation (in excess of $98,600) which would have paid off, or significantly reduced, his debt thus making him ineligible to file for a Chapter 7 Bankruptcy.

24. As a direct and proximate result of the foregoing, Plaintiff (and all creditors) have suffered damages in an amount not presently ascertained but believed to be in excess of $300,000

5

COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

(the "personal liability" assigned by the Debtor for the pending lawsuits) which should be exempted from discharged in the Debtor's bankruptcy. Plaintiff requests that the debt listed as "personal liability" owed to Plaintiff by the Debtor be deemed not dischargeable in his bankruptcy.

25. In committing the acts hereinabove described, the Debtor acted fraudulently, willfully and with deliberate intent to deceive Plaintiff and the Court, and because thereof, Plaintiff is entitled to punitive and exemplary damages in an amount to be determined at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Debtor and Defendant Ralph E. Sanders follows:

1. On the First Claim for Relief, for judgment against Debtor and Defendant Ralph E. Sanders determining that the "tentative" debt of $150,000 owed by the Debtor to Plaintiff (for the civil suit filed in the San Diego County Superior Court), is not dischargeable in his bankruptcy case and for judgment according to proof.

2. On the Second Claim for Relief, for Judgment against Debtor and Defendant Ralph E. Sanders determining that the "tentative" debt of $150,000 owed by the Debtor to Plaintiff (for the Probate Petition for Removal filed in the Orange County Superior Court Probate Division), is not dischargeable in his bankruptcy case and for judgment according to proof.

3. The Plaintiff be awarded its costs of suit incurred herein and for such other and further relief as this Court deems proper.

Dated this 8th of May, 2017

_Larnita A. Pette_
Larnita A. Pette, Pro Se

6

COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

*Nondischargeability of Pending Lawsuits Pursuant to 11 U.S.C. Section 523(a)(6) and 11 U.S.C. Section 727(a)(4)(A)(B)*

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On *(date)* 5/23/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*DEBTOR: Ralph E. Sanders, 1251 W. Bishop, Santa Ana, Ca 92703*
*Presiding Judge: Honorable Mark S. Wallace, Ronald Reagan Federal Building and Courthouse, 411 West Fourth Street, Suite 6135, Santa Ana, Ca 92701*

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/23/17 | Pat Schifftner | /s/ Pat Schifftner |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                                                   **F 7004-1.SUMMONS.ADV.PROC**