ORIGINAL

FILED

JUL 13 2017

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

1 | Larnita Pette
2 | 2588 El Camino Real, Suite F-195
  | Carlsbad, CA 92008
3 | Mobile: (707) 853-2049
  | E-Mail: larnita.pette@gmail.com
4
5 | Plaintiff: PRO SE

6

7 | UNITED STATES BANKRUPTCY COURT

8 | CENTRAL DISTRICT OF CALIFORNIA

9 | SANTA ANA DIVISION

10

11 | In re:

12

13 | RALPH E. SANDERS        ) Case No.: 8:17-bk-10265-MW
                            )
14 |          Debtor,        ) Chapter: 7
                            )
15 |                         ) Adv. No.: 8:17-ap-01068-MW
   | _____     )
16 |                         ) **AMENDED COMPLAINT FOR
                            ) NONDISCHARGEABILITY OF PENDING
17 | Larnita Pette,          ) LAWSUITS PURSUANT TO 11 U.S.C
                            ) §523(a)(6) AND/OR 11 U.S.C.
18 |          Plaintiff,     ) §727(a)(4)(A)(B)**
                            )
19 |    vs.                  )
                            )
20 | Ralph E. Sanders,       )
                            )
21 |          Defendant      )
   | _____     )
22

23 | Under the provisions of Federal Rules of Bankruptcy Procedure Rule 7015 (FRCP Rule 15(a))

24 | Larnita Pette (the "Plaintiff") amends the original complaint. Plaintiff complains of Debtor Ralph

25 | E. Sanders ("The Defendant") that in an attempt to defeat pending civil lawsuits filed in

26 | California Superior Courts in San Diego and Orange Counties, he filed for Chapter 7 bankruptcy

27 | protection. The Defendant's willful and malicious conduct damaged Plaintiff and resulted in the

28

1

1  pending lawsuits. Additionally, Plaintiff objects to a Chapter 7 discharge of the two lawsuits

2  based on the false oath and claims made by Defendant in his Chapter 7 schedules.

**JURISDICTION AND VENUE**

3

4      1.      This Court has jurisdiction over the subject matter of this adversary proceeding

5  pursuant to the provisions of 28 U.S.C. §1334. This adversary proceeding relates to the Chapter 7

6  Bankruptcy case of Ralph E. Sanders, Case No. 8:17-bk-10265-MW, now pending in the United

7  States Bankruptcy Court for the Central District of California, Santa Ana Division.

8      2.      Venue herein is proper pursuant to the provisions of 28 U.S.C. §1409.

**STATEMENTS OF FACT**

9

10      3.      On January 25, 2017, Defendant filed a voluntary petition for relief under the

11  provisions of Chapter 7 of the United States Bankruptcy Code as the result of being the defendant

12  in two pending lawsuits.

13      4.      Defendant failed to disclose in the Chapter 7 bankruptcy petition that he was and is

14  a beneficiary and Co-Trustee of The Bobbye J. Rives Trust (the "Trust").

15      5.      Defendant failed to disclose in the Chapter 7 bankruptcy schedules that he received

16  in excess of $98,600 in inheritance and compensation from the Trust as a beneficiary and Co-

17  Trustee. Defendant deliberately concealed the income and assets he received from the Trust.

18      6.      On August 15, 2014, the Plaintiff was present at a hearing in San Diego County

19  Superior Court (the "SDCSC") case 37-2014-00024600-CU-PT-NC resulting from a temporary

20  protective order (TPO) filed by the Bobbye J. Rives (the "Decedent") against the Plaintiff. The

21  Decedent, Defendant and an Adult Protective Services worker were present. Plaintiff was

22  represented by counsel.

23      (A)    The Plaintiff's presented responsive evidence at the TPO hearing that, in

24          fact indicated that the Plaintiff was the victim of attacks committed by the

25          Decedent, her mother. Plaintiff's response included hospital and Sheriff's records.

26          The court continued the hearing to allow Decedent to have the Plaintiff's responses

27          read to her by the Defendant and APS worker. The Decedent suffered from a

28          severe hearing impairment, diabetes-related vision loss and was nearly blind. The

AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

1   Decedent also suffered from impaired kidney function, congestive heart failure and

2   cognitive impairment.

3   (B)      The Defendant and APS worker represented to the court that they would

4   read the Plaintiff's response to the Decedent.

5   (C)      Although the Defendant was aware of the Plaintiff's abuse by the

6   Decedent, the Defendant willfully and maliciously continued to publish and make

7   defamatory and libelous statements about the Plaintiff. This behavior resulted in

8   the Plaintiff filing a civil lawsuit against the Defendant.

9       7.   Plaintiff filed a civil lawsuit on May 8, 2015 for Elder Abuse, Wrongful Death and

10  Defamation among other causes of action in SDCSC (case 37-2015-000-15654-CU-PO-CTL).

11      8.   The SDCSC allegations state that Sanders was negligent, willful and malicious:

12  (A)      As an agent for Mrs. Bobbye J. Rives (the "Decedent") with a Durable

13  Power of Attorney over Decedent's health and financial affairs, Defendant failed

14  to provide the minimal caregiver services the Decedent required to maintain her

15  health and safety.

16  (B)      As an Interested Person on behalf of the Decedent, Plaintiff alleges

17  "DEFENDENTS tortious conduct was the actual and proximate cause of

18  DECEDENT'S…rapid health deterioration, the need for emergency medical

19  intervention, and eventual death".

20  (C)      Furthermore, Defendant published or caused to be published two

21  defamatory letters, (1) dated November 12, 2012 accusing Plaintiff of the crime of

22  Elder Abuse by stating that "Plaintiff physically assaulted the DECEDENT, her

23  own mother, and had her forcibly removed from her home and admitted against

24  her will for a psychological evaluation". The statement is false. And (2) September

25  16, 2014 states that "Plaintiff had no rights under DECEDENT'S will and trust and

26  was further not permitted to enter DECEDENT'S house in connection with any

27  funeral services". The statement is false. No civil or criminal complaints were ever

28

3

AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

filed against Plaintiff by Russell Griffith, attorney at law (the author of both

letters), the Defendant or the Decedent.

(D)    The Defendant willfully and maliciously disseminated the two letters to

relatives, neighbors, and friends at a reception following the Decedent's memorial

services, to staff at Scripps Memorial Hospital, to staff at Las Villas de Carlsbad

nursing facility and to staff at Eternal Hills Mortuary.

(E)    The letters are libelous and expose Plaintiff to hatred, contempt and

ridicule due to the false statements made about the Plaintiff.

9.    Beginning on or about January 20, 2016, Defendant made representations through

Patrick Hosey, his attorney for the SDCSC case, that he was on the verge of bankruptcy and

would be seriously considering filing for Bankruptcy within 60 days. The Defendant received

over $90,000 from the Trust in 2015 according to the First Accounting of the Trust as of

November 30, 2015.

10.    On February 23, 2016, the Defendant and Co-Trustee, Beverly Murray-Calcote

hired additional counsel and filed an Anti-SLAPP motion against Plaintiff to remove Defamation

and Negligence Causes of Action from the First Amended Complaint of the SDCSC lawsuit.

11.    On May 23, 2016 a Mandatory Settlement Conference (MSC) was held for the

SDCSC case. The Defendant and Co-Trustee, Beverly Murray-Calcote represented to the Court

that both were insolvent and were considering filing for bankruptcy.

12.    On July 13, 2016, Plaintiff filed a Petition for Removal (Orange County Superior

Court case 30-2016-00863391-PR-TR-CJC (the "OCSC") to preserve the remaining assets of the

Trust and asked that the remaining Trust assets be frozen. The assets of the Trust were ordered

frozen by the Court.

13.    The OCSC allegations state that the Defendant and his Co-Trustee, Beverly

Murray-Calcote, acting as Trustees of the Trust willfully and maliciously breached the fiduciary

duty owed to the beneficiaries of the Trust.

(A)    The Co-Trustees made haphazard distributions to themselves at their

discretion, while the other beneficiaries had to wait until the Co-Trustees decided

4

AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

to provide distributions to the other beneficiaries. The Co-Trustees also made improper distributions to themselves.

(B)      The Co-Trustees double-charged costs of the selling Decedent's residence to the Trust.

(C)      The Co-Trustees sold the residence for significantly below fair market value.

(D)      The Co-Trustees agreed to hire Joseph Calcote, husband of Co-Trustee Beverly Murray-Calcote, as the listing agent to sell the residence, which enriched the Co-Trustee Beverly Murray-Calcote to the detriment of the other beneficiaries.

14.      On August 26, 2016, SDCSC denied the Defendant's Anti-SLAPP motion.

15.      On April 21, 2017, the civil trial was scheduled to begin in the SDCSC case. The Defendant filed for bankruptcy on January 25, 2017, 3 months before the civil trial was scheduled to start and within weeks of all mandatory trial cutoff dates.

16.      It is the Plaintiff is informed and believes that the Defendant and his Co-Trustee, Beverly Murray-Calcote and Co-Defendant in the civil lawsuits, filed for a Chapter 7 bankruptcy specifically to defeat the pending lawsuits.

(A)      On, January 25, 2017, Defendant filed for Chapter 7 bankruptcy protection.

(B)      On February 17, 2017, Beverly Murray-Calcote (Case No.: 2:17-bk-11972-RK) filed for Chapter 7 bankruptcy protection in the Los Angeles Division of the Central California Bankruptcy Court.

(C)      Both Co-Defendants in the civil lawsuits ("Sanders and Murray-Calcote") failed to the fact that they were Co-Trustees who had beneficial interests in and received distributions from the Trust in their Chapter 7 schedules.

(D)      Sanders and Murray-Calcote were required provide additional records and documentation by the US Trustees and Chapter 7 trustees regarding inaccuracies in their Chapter 7 schedules.

5

AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

(E)    As of the June 20, 2017, "Notice of Continuance", the Defendant is still being asked by the Chapter 7 trustee to amend his Statement of Financial Affairs ("SOFA") item 5 and 27. EXHIBIT 1

17.    Defendant concealed income and assets that he received from the Trust and stated under oath and signed under penalty of perjury at his 341(a) hearings on March 9, 2017 and March 23, 2017 that he read the petition and schedules and that the information contained therein was accurate and correct.

18.    As a beneficiary and Co-Trustee of the Trust, the Defendant received enough money (in excess of $98,600) in inheritance and compensation to pay down, most, if not all, of his listed debt.

## FIRST CLAIM FOR RELIEF

Nondischargeability against the Defendant Ralph E. Sanders – Pursuant to 11 U.S.C. §523(a)(6)

19.    The Plaintiff adopts, incorporate by reference, and alleges herein all of the allegations set forth in paragraph 1 through 18 inclusive, as if set forth individually in this Second Claim for Relief.

20.    Pursuant to §523(a)(6) of the United States Bankruptcy Code, a debt incurred by a Defendant who engages in willful and malicious conduct that results in damages shall be nondischargeable.

21.    Defendant acted willfully, maliciously and with deliberate intent to damage and to defame Plaintiff by falsely accusing Plaintiff of the crime of Elder Abuse.

22.    Defendant's willful disregard for the needs of the Decedent when she was alive and dependent on Decedent to provide caregiver services for her were the proximate causes of the Decedent's death.

23.    Defendant's willful disregard of his duties as Co-Trustee of the Bobbye J. Rives Trust to the beneficiaries and to administer the Trust according to the law damaged Plaintiff.

24.    In committing the acts hereinabove described, the Defendant's willful and malicious conduct resulted in Plaintiff filing the two civil lawsuits for damages that he is now seeking to defeat with a Chapter 7 bankruptcy discharge.

AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

25.    Because thereof, Plaintiff is entitled to punitive and exemplary damages in an amount to be determined at the time of trial.

## SECOND CLAIM FOR RELIEF

Nondischargeability of Defendant – Pursuant to 11 U.S.C. §727(a)(4)(A)(B)

26.    The Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraph 1 through 25 inclusive, as if set forth individually in this Second Claim for Relief.

27.    Pursuant to § 727(a)(4)(A)(B) of the United States Bankruptcy Code, "(a) the court shall grant the debtor a discharge, unless (4) the debtor knowingly and fraudulently, in or in connection with the case (A) made a false oath or account; (B) presented or used a false claim;

28.    On January 25, 2017, within 3 months of the commencement of the civil trial in the Superior Court of San Diego, the Defendant filed fraudulent financial figures on his Chapter 7 Bankruptcy schedules and concealed the fact that he was a Co-Trustee and beneficiary of the Trust.

29.    During 341(a) hearings held March 9, 2017 and March 23, 2017, the Defendant verbally affirmed, under oath, that he read his petition and that financial figures he provided on his Chapter 7 Bankruptcy petition were true and accurate.

30.    The Defendant knowingly and fraudulently, in or in connection with his Chapter 7 Bankruptcy case made a false oath or account and presented or used a false claim regarding the Defendant's status as a beneficiary and Co-Trustee of the Trust and his "personal liability" for the pending lawsuits.

31.    As a direct and proximate result of the foregoing, Plaintiff (and all creditors) have suffered damages in an amount not presently ascertained but believed to be in excess of $300,000 (the "personal liability" assigned by the Defendant for the pending lawsuits) which should be exempted from discharge in the Defendant's bankruptcy.

32.    In committing the acts hereinabove described, the Defendant acted fraudulently, willfully and with deliberate intent to deceive Plaintiff and the Court, and because thereof,

7

1    Plaintiff is entitled to punitive and exemplary damages in an amount to be determined at the time

2    of trial.

3

4                                   **PRAYER FOR RELIEF**

5    WHEREFORE, Plaintiff requests judgment against Defendant follows:

6         1.      On the First Claim for Relief, for judgment against the Defendant determining that

7    the Defendant's willful and malicious conduct towards the Plaintiff resulted in the two pending

8    lawsuits. Therefore, the two pending lawsuits are not dischargeable in his bankruptcy case and for

9    judgment according to proof.

10        2.      On the Second Claim for Relief, for judgment against Defendant determining that

11   the Defendant knowingly and fraudulently, in or in connection with his Chapter 7 Bankruptcy

12   case made a false oath and used a false claim regarding the Defendant's status as a beneficiary

13   and Co-Trustee of the Trust and his liability for the pending lawsuits, is not dischargeable in his

14   bankruptcy case and for judgment according to proof.

15        3.      The Plaintiff is awarded its costs of suit incurred herein and for such other and

16   further relief, as this Court deems proper.

17

18

19                                                  Dated this 12th of July, 2017

20                                                  _Lalnita A. Pette_

21                                                  Larnita A. Pette, Pro Se

22

23

24

25

26

27

28

8

AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

# EXHIBIT 1

WENETA M.A. KOSMALA, TRUSTEE
3 MacArthur Place, Suite 760
Santa Ana, CA 92707
Telephone: (714) 708-8190
Facsimile: (714) 509-1760

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Sanders, Ralph E<br><br><br><br>Debtor(s). | Case No. 8:17-BK-10265-MW<br><br>Chapter 7<br><br>NOTICE OF CONTINUED MEETING OF CREDITORS AND APPEARANCE OF DEBTOR(S) 11 U.S.C. §341(a) |

COUNSEL: (PRO SE) ZZ
TO THE ABOVE NAMED DEBTOR(S):

You are hereby notified that the Meeting of Creditors pursuant to Title 11 U.S.C. Section 341(a) in the above-entitled matter was continued to **March 23, 2017** at **11:01 AM** in Room 3-110, United States Bankruptcy Court, 411 W. Fourth Street, Santa Ana, CA 92701 for the reason set forth below:

documents outstanding; notice waived
2015 TAX RETURNS (RETURN)
CHASE BANK STATEMENTS 11/1/16 - PRESENT (RETURN)

Dated: March 16, 2017 _____        /s/ WENETA M.A. KOSMALA
                                                              WENETA M.A. KOSMALA
                                                              Chapter 7 Trustee

[X]   I certify that Debtor(s)' Counsel in the above referenced case waived Notice of the Continued 341(a) meeting.

[ ]   I certify that I served the within Notice on the above Debtor(s), Debtor(s)' Counsel, and the Office of the United States Trustee on, 3/16/17.

                                                              /s/ David M. Fitzgerald
                                                              David M. Fitzgerald

WENETA M.A. KOSMALA, TRUSTEE
3 MacArthur Place, Suite 760
Santa Ana, CA  92707
Telephone:  (714) 708-8190
Facsimile:   (714) 509-1760

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Sanders, Ralph E<br><br><br><br>Debtor(s). | Case No. 8:17-BK-10265-MW<br><br>Chapter 7<br><br>NOTICE OF CONTINUED MEETING OF CREDITORS AND APPEARANCE OF DEBTOR(S) 11 U.S.C. §341(a) |

COUNSEL: (PRO SE) ZZ
TO THE ABOVE NAMED DEBTOR(S):

You are hereby notified that the Meeting of Creditors pursuant to Title 11 U.S.C. Section 341(a) in the above-entitled matter was continued to **April 13, 2017** at **11:01 AM** in Room 3-110, United States Bankruptcy Court, 411 W. Fourth Street, Santa Ana, CA  92701 for the reason set forth below:

    UPLOAD COPY OF BOBBYE J. RIVES TRUST AND ACCOUNTING, DISPOSITION AND
    PURPOSE FOR ALL MONIES PAID TO/FROM  DEBTOR FROM THE TRUST
    COPIES OF ALL CHECK RECEIVED FROM TRUST DISTRIBUTIONS
    UPLOAD BANK STATEMENTS ALL ACCOUNTS 1/1/15 TO PRESENT INCLUDING RB
    HOUSING, CHASE, BOBBYE J. RIVES TRUST. CONTINENTAL CURRENCY; BANK OF
    AMERICA
    UPLOAD COPY OF DEBTOR'S AGREEMENT RE PROPERTY MANAGEMENT
    ALL DOCUMENTS RE DISPOSITION AND PURPOSE OF ALL MONIES RECEIVED FROM
    TRUST DISBURSMENTS
    AMEND SCHEDULE B ITEM 32 AND SOFA ITEM 5
    ALL ATTORNEY STATEMENTS & BILLS
    CHART OF HOW ALL MONIES FROM TRUST WERE SPENT

Dated:   March 27, 2017 _____              /s/ WENETA M.A. KOSMALA _____
                                                     WENETA M.A. KOSMALA
                                                     Chapter 7 Trustee

[X]   I certify that Debtor(s)' Counsel in the above referenced case waived Notice of the Continued 341(a) meeting.

[ ]   I certify that I served the within Notice on the above Debtor(s), Debtor(s)' Counsel, and the Office of the United States Trustee on, 3/27/17.

                                                     /s/ David M. Fitzgerald _____
                                                     David M. Fitzgerald

WENETA M.A. KOSMALA, TRUSTEE
3 MacArthur Place, Suite 760
Santa Ana, CA  92707
Telephone:  (714) 708-8190
Facsimile:   (714) 509-1760

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

In re:

Sanders, Ralph E

Debtor(s).

Case No. 8:17-BK-10265-MW

Chapter 7

NOTICE OF CONTINUED MEETING
OF CREDITORS AND APPEARANCE
OF DEBTOR(S) 11 U.S.C. §341(a)

COUNSEL: (PRO SE) ZZ
TO THE ABOVE NAMED DEBTOR(S):

You are hereby notified that the Meeting of Creditors pursuant to Title 11 U.S.C. Section 341(a) in the above-entitled matter was continued to **April 27, 2017** at **10:01 AM** in Room 3-110, United States Bankruptcy Court, 411 W. Fourth Street, Santa Ana, CA  92701 for the reason set forth below:

PURPOSE FOR ALL MONIES PAID TO/FROM  DEBTOR FROM THE BOBBYE J. RIVES
COPIES OF ALL CHECKS RECEIVED FROM TRUST DISTRIBUTIONS
UPLOAD CHASE BANK STATEMENTS ROBBIE BOBYE HOUSING INC 4/30/16 - 8/31/16 AND 12/31/16 - PRESENT ALL ACCOUNTS
UPLOAD COPY OF DEBTOR'S AGREEMENT RE PROPERTY MANAGEMENT
AMEND SCHEDULE B ITEM 32 AND SOFA ITEM 5
CHART OF HOW ALL MONIES FROM TRUST WERE SPENT
ALL ATTORNEY INVOICES AND LEDGERS
BANK STATEMENTS REFLECTING PAYMENTS TO ATTORNEYS, OR A DETAILED ACCOUNTING FOR CASH PAYMENTS, INCLUDING ACCOUNTING FOR SOURCE OF FUNDS
ALL DOCS RE WITHDRAWALS FROM ROBBIE BOBBYE HOUSING INC., INCLUDING: $6.300 ON 4/23/16 - $4,780 ON 10/4/16 - $5,710 ON 11/7/16 - $2.150 ON 11/7/16
COPY OF LOANME APPLICATION
COPIES OF DEPOSITS INTO ROBBIE BOBBYE HOUSING INC. (COPIES OF CHECKS AND RECEIPTS)
ALL DOCUMENTS RE TERMS OF DEBTOR'S COMPENSATION

Dated:  April 17, 2017 _____            /s/ WENETA M.A. KOSMALA
                                                  WENETA M.A. KOSMALA
                                                  Chapter 7 Trustee

[X]  I certify that Debtor(s)' Counsel in the above referenced case waived Notice of the Continued 341(a) meeting.

[ ]  I certify that I served the within Notice on the above Debtor(s), Debtor(s)' Counsel, and the Office of the United States Trustee on, 4/17/17.

                                                  /s/ David M. Fitzgerald
                                                  David M. Fitzgerald

WENETA M.A. KOSMALA, TRUSTEE
3 MacArthur Place, Suite 760
Santa Ana, CA  92707
Telephone:  (714) 708-8190
Facsimile:   (714) 509-1760

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| In re:<br><br>Sanders, Ralph E<br><br><br><br>Debtor(s). | Case No. 8:17-BK-10265-MW<br><br>Chapter 7<br><br>NOTICE OF CONTINUED MEETING<br>OF CREDITORS AND APPEARANCE<br>OF DEBTOR(S) 11 U.S.C. §341(a) |
| --- | --- |

COUNSEL:  (PRO SE) ZZ
TO THE ABOVE NAMED DEBTOR(S):

   You are hereby notified that the Meeting of Creditors pursuant to Title 11 U.S.C. Section 341(a) in the above-entitled matter was continued to **May 25, 2017** at **10:02 AM** in Room 3-110, United States Bankruptcy Court, 411 W. Fourth Street, Santa Ana, CA  92701 for the reason set forth below:

   Off calendar; documents outstanding; notice e-mailed
UPLOAD COPY OF DEBTOR'S AGREEMENT RE PROPERTY MANAGEMENT (received residential lease agreement 4/11/17 that has nothing to do with Debtor's property management agreement) AMEND STATEMENT OF FINANCIAL AFFAIRS ITEM 5 AND 27

Dated: May 02, 2017      /s/ WENETA M.A. KOSMALA

                WENETA M.A. KOSMALA
                Chapter 7 Trustee

[X] I certify that Debtor(s)' Counsel in the above referenced case waived Notice of the Continued 341(a) meeting.

[ ] I certify that I served the within Notice on the above Debtor(s), Debtor(s)' Counsel, and the Office of the United States Trustee on, 5/2/17.

          /s/  David M. Fitzgerald

          David M. Fitzgerald

WENETA M.A. KOSMALA, TRUSTEE
3 MacArthur Place, Suite 760
Santa Ana, CA  92707
Telephone:  (714) 708-8190
Facsimile:   (714) 509-1760

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

In re:

Sanders, Ralph E

Debtor(s).

Case No. 8:17-BK-10265-MW

Chapter 7

NOTICE OF CONTINUED MEETING
OF CREDITORS AND APPEARANCE
OF DEBTOR(S) 11 U.S.C. §341(a)

COUNSEL:  (PRO SE) ZZ
TO THE ABOVE NAMED DEBTOR(S):

You are hereby notified that the Meeting of Creditors pursuant to Title 11 U.S.C. Section 341(a) in the above-entitled matter was continued to **June 19, 2017** at **10:02 AM** in Room 3-110, United States Bankruptcy Court, 411 W. Fourth Street, Santa Ana, CA  92701 for the reason set forth below:

off calendar; documents outstanding; notice e-mailed
UPLOAD COPY OF DEBTOR'S AGREEMENT RE PROPERTY MANAGEMENT (received residential lease agreement 4/11/17 that has nothing to do with Debtor's property management agreement) AMEND STATEMENT OF FINANCIAL AFFAIRS ITEM 5 and 27

Dated:  May 25, 2017

/s/ WENETA M.A. KOSMALA

WENETA M.A. KOSMALA
Chapter 7 Trustee

[X]  I certify that Debtor(s)' Counsel in the above referenced case waived Notice of the Continued 341(a) meeting.

[ ]  I certify that I served the within Notice on the above Debtor(s), Debtor(s)' Counsel, and the Office of the United States Trustee on, 5/25/17.

/s/  David M. Fitzgerald

David M. Fitzgerald

WENETA M.A. KOSMALA, TRUSTEE
3 MacArthur Place, Suite 760
Santa Ana, CA  92707
Telephone:  (714) 708-8190
Facsimile:   (714) 509-1760

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Sanders, Ralph E<br><br><br><br>Debtor(s). | Case No. 8:17-BK-10265-MW<br><br>Chapter 7<br><br>NOTICE OF CONTINUED MEETING OF CREDITORS AND APPEARANCE OF DEBTOR(S) 11 U.S.C. §341(a) |

COUNSEL: (PRO SE) ZZ
TO THE ABOVE NAMED DEBTOR(S):

You are hereby notified that the Meeting of Creditors pursuant to Title 11 U.S.C. Section 341(a) in the above-entitled matter was continued to **July 18, 2017** at **10:02 AM** in Room 3-110, United States Bankruptcy Court, 411 W. Fourth Street, Santa Ana, CA  92701 for the reason set forth below:

Off calendar; documents outstanding
UPLOAD COPY OF DEBTOR'S AGREEMENT RE PROPERTY MANAGEMENT (received residential lease agreement 4/11/17 that has nothing to do with Debtor's property management agreement)
AMEND STATEMENT OF FINANCIAL AFFAIRS ITEM 5 and 27

Dated:  June 20, 2017                          /s/ WENETA M.A. KOSMALA
                                              WENETA M.A. KOSMALA
                                              Chapter 7 Trustee

[X]   I certify that Debtor(s)' Counsel in the above referenced case waived Notice of the Continued 341(a) meeting.

[ ]   I certify that I served the within Notice on the above Debtor(s), Debtor(s)' Counsel, and the Office of the United States Trustee on, 6/20/17.

                                              /s/ David M. Fitzgerald
                                              David M. Fitzgerald