**UNITED STATES BANKRUPTCY COURT**

**Early meeting of Counsel and Status Conference Instructions**

1. **Service of Order.**  A copy of this Order re: Rule 26(f) Meeting, Initial Disclosures, and Scheduling Conference must be served with the summons and complaint.  The proof of service of the summons and complaint must indicate that a copy of this order was served therewith.

2. **Local Bankruptcy Rule 7026-1.**  Compliance with Local Bankruptcy Rule 7026-1 (ALBR 7026-1") is required in ALL adversary proceedings.

3. **Rule 26(f) Meeting.**  Unless all defendants default, the parties must meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (ARule 26(f) Meeting@) at least 21 days before the status conference date set forth in the summons.  **The status conference set forth in the summons shall also serve as the initial Rule 16(b) Scheduling Conference in this adversary proceeding.**

    The parties are jointly responsible for arranging and attending the Rule 26(f) Meeting, which may be conducted in person or by telephone.  During the Rule 26(f) Meeting, the parties must, at a minimum: (a) discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case; (b) make or arrange for the initial disclosures required by Rule 26(a)(1); and ( c) develop a proposed discovery plan.  The discussion of claims and defenses must be substantive and meaningful.  The parties are directed to approach the Rule 26(f) Meeting cooperatively and in good faith.

4. **Initial Disclosures.**  Rule 26(a)(1) states that a party must, without awaiting discovery request, provide to other parties:

    a. The name and, if known, the address and telephone number for each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses,

      unless the use would be solely for impeachment.

    b. A copy of - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

    c. A computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

    d. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

F.R.Civ.P.26(a)(1)(A). Rule 26(a)(1) requires a party to make its initial disclosures based on the information that is reasonably available to it. A party is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party=s disclosures or because another party has not made its disclosures. F.R.Civ.P.26(a)(1)(E).

    **5. Alternative Dispute Resolution (AADR@).** The parties must explore the feasibility of ADR to reach a settlement or early resolution of the adversary proceeding. The specific reasons for any decision not to participate in a form of early ADR must be explained in the Joint Status Report. If the parties elect not to participate in an early ADR effort, the Court may nonetheless direct the parties to ADR before trial

    **6. Discovery Plan.** At the Rule 26(f) Meeting, the parties must also discuss issues about preserving discoverable information and develop a proposed discovery plan. The discussion regarding discovery following the initial disclosures must address the relevance of the discovery sought and the sequence and timing of such discovery, including whether the discovery will be conducted informally or formally. The deadlines in the discovery plan must be mutually

agreeable, with a view to achieve resolution of the case with a minimum of expense and delay.

    7.  **Joint Status Report.**  A status report must be filed within the time frames specified within LBR 7016-1(a)(2).   The Joint Status Report must contain the information set forth in LBR 7016-1(a)(2), and a statement that the parties have completed the Rule 26(f) Meeting and made the initial disclosures required by Rule 26(a)(1).  The Joint Status Report shall also serve as the written report of the Rule 26(f) Meeting.  If Defendant(s) have not filed and served an answer to the Complaint, a Unilateral Status report is due seven (7) days prior to the first status conference hearing.

    8.  **Status Conference/Rule 16(b) Scheduling Conference.**  At the Rule 16(b) Scheduling Conference, the Court will review the discovery plan set forth in the Joint Status Report and set appropriate deadlines.

    Counsel representing any party in conjunction with the Rule 26(f) Meeting, Joint Status Report, and Rule 16(b) Scheduling Conference must be authorized to bind the party on all matters to be covered.

    9.  **Default.**  If no response to the complaint is timely filed, plaintiff should request entry of default by the clerk <u>prior</u> to the status conference date set forth in the summons. F.R.Civ.P.55(a). Plaintiff may also request entry of a default judgment by filing and serving an appropriate motion. F.R.Civ.P.55(b)(2).

    10. **Sanctions.  Failure to comply with these instructions may subject the responsible party and/or counsel to sanctions, which may include dismissal of the adversary proceeding.  The failure of either party to cooperate in the preparation of timely filing of a Joint Status Report or appear at the status conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).**

///

**11. <u>Joint Pre-Trial Order</u>.  Failure to timely file a Joint Pre-Trial order may subject the responsible party and/or counsel to sanctions, which may include dismissal of the adversary proceeding.  The failure of either party to cooperate in the preparation of timely filing of a Joint Pre-Trial Conference or appear at the Joint Pre-Trial Conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).**

Honorable Mark S. Wallace<br>
United States Bankruptcy Judge