ORIGINAL

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Larnita Pette<br>2588 El Camino Real Ste F–195<br>Carlsbad, CA 92008<br><br>707-853-2049<br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY<br><br>**FILED**<br><br>JUL 1 8 2017<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| In re:<br><br>Ralph E Sanders<br><br><br><br>Debtor(s). | CASE NO.: 8:17-bk-10265-MW<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 8:17-ap-01068-MW |
| Larnita Pette<br><br>Plaintiff(s)<br>Versus<br>Ralph E Sanders<br><br>Defendant(s) | **ANOTHER<br>SUMMONS AND NOTICE OF STATUS<br>CONFERENCE IN ADVERSARY<br>PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **08/14/2017.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| Date: | **October 4, 2017** |
| Time: | **09:00 AM** |
| Hearing Judge: | **Mark S Wallace** |
| Location: | **411 W Fourth St., Crtrm 6C, Santa Ana, CA 92701** |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                    Page 1          **F 7004–1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Alias Summons and Notice of Status Conference in Adversary Proceeding: <u>July 14, 2017</u>

By: <u>"s/" James Le</u>

Deputy Clerk

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 7004-1.SUMMONS.ADV.PROC**

# UNITED STATES BANKRUPTCY COURT

## Early meeting of Counsel and Status Conference Instructions

1. **Service of Order.** A copy of this Order re: Rule 26(f) Meeting, Initial Disclosures, and Scheduling Conference must be served with the summons and complaint. The proof of service of the summons and complaint must indicate that a copy of this order was served therewith.

2. **Local Bankruptcy Rule 7026-1.** Compliance with Local Bankruptcy Rule 7026-1 (ALBR 7026-1") is required in ALL adversary proceedings.

3. **Rule 26(f) Meeting.** Unless all defendants default, the parties must meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (ARule 26(f) Meeting@) at least 21 days before the status conference date set forth in the summons. **The status conference set forth in the summons shall also serve as the initial Rule 16(b) Scheduling Conference in this adversary proceeding.**

The parties are jointly responsible for arranging and attending the Rule 26(f) Meeting, which may be conducted in person or by telephone. During the Rule 26(f) Meeting, the parties must, at a minimum: (a) discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case; (b) make or arrange for the initial disclosures required by Rule 26(a)(1); and ( c) develop a proposed discovery plan. The discussion of claims and defenses must be substantive and meaningful. The parties are directed to approach the Rule 26(f) Meeting cooperatively and in good faith.

4. **Initial Disclosures.** Rule 26(a)(1) states that a party must, without awaiting discovery request, provide to other parties:

      a. The name and, if known, the address and telephone number for each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses,

unless the use would be solely for impeachment.

b.  A copy of - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

c.  A computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

d.  For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

F.R.Civ.P.26(a)(1)(A). Rule 26(a)(1) requires a party to make its initial disclosures based on the information that is reasonably available to it. A party is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party=s disclosures or because another party has not made its disclosures. F.R.Civ.P.26(a)(1)(E).

   **5.  Alternative Dispute Resolution (AADR@).** The parties must explore the feasibility of ADR to reach a settlement or early resolution of the adversary proceeding. The specific reasons for any decision not to participate in a form of early ADR must be explained in the Joint Status Report. If the parties elect not to participate in an early ADR effort, the Court may nonetheless direct the parties to ADR before trial

   **6.  Discovery Plan.** At the Rule 26(f) Meeting, the parties must also discuss issues about preserving discoverable information and develop a proposed discovery plan. The discussion regarding discovery following the initial disclosures must address the relevance of the discovery sought and the sequence and timing of such discovery, including whether the discovery will be conducted informally or formally. The deadlines in the discovery plan must be mutually

agreeable, with a view to achieve resolution of the case with a minimum of expense and delay.

7. **Joint Status Report**. A status report must be filed within the time frames specified within LBR 7016-1(a)(2).    The Joint Status Report must contain the information set forth in LBR 7016-1(a)(2), and a statement that the parties have completed the Rule 26(f) Meeting and made the initial disclosures required by Rule 26(a)(1). The Joint Status Report shall also serve as the written report of the Rule 26(f) Meeting. If Defendant(s) have not filed and served an answer to the Complaint, a Unilateral Status report is due seven (7) days prior to the first status conference hearing.

8. **Status Conference/Rule 16(b) Scheduling Conference**. At the Rule 16(b) Scheduling Conference, the Court will review the discovery plan set forth in the Joint Status Report and set appropriate deadlines.

Counsel representing any party in conjunction with the Rule 26(f) Meeting, Joint Status Report, and Rule 16(b) Scheduling Conference must be authorized to bind the party on all matters to be covered.

9. **Default**. If no response to the complaint is timely filed, plaintiff should request entry of default by the clerk prior to the status conference date set forth in the summons. F.R.Civ.P.55(a). Plaintiff may also request entry of a default judgment by filing and serving an appropriate motion. F.R.Civ.P.55(b)(2).

10. **Sanctions**. **Failure to comply with these instructions may subject the responsible party and/or counsel to sanctions, which may include dismissal of the adversary proceeding. The failure of either party to cooperate in the preparation of timely filing of a Joint Status Report or appear at the status conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).**

*///*

11. **<u>Joint Pre-Trial Order</u>.**  Failure to timely file a Joint Pre-Trial order may subject the responsible party and/or counsel to sanctions, which may include dismissal of the adversary proceeding.  The failure of either party to cooperate in the preparation of timely filing of a Joint Pre-Trial Conference or appear at the Joint Pre-Trial Conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).

Honorable Mark S. Wallace
United States Bankruptcy Judge

ORIGINAL

**FILED**

**JUL 13 2017**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

1  Larnita Pette
   2588 El Camino Real, Suite F-195
2  Carlsbad, CA 92008
   Mobile: (707) 853-2049
3  E-Mail: larnita.pette@gmail.com

4
   Plaintiff: PRO SE
5

6

7              UNITED STATES BANKRUPTCY COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9                   SANTA ANA DIVISION

10

11  In re:

12

13  RALPH E. SANDERS

14              Debtor,

15  _____

16

17  Larnita Pette,

18              Plaintiff,

19     vs.

20  Ralph E. Sanders,

21              Defendant

22

| | |
|---|---|
| ) | Case No.: 8:17-bk-10265-MW |
| ) | |
| ) | Chapter: 7 |
| ) | |
| ) | Adv. No.: 8:17-ap-01068-MW |
| ) | |
| ) | **AMENDED COMPLAINT FOR** |
| ) | **NONDISCHARGEABILITY OF PENDING** |
| ) | **LAWSUITS PURSUANT TO 11 U.S.C** |
| ) | **§523(a)(6) AND/OR 11 U.S.C.** |
| ) | **§727(a)(4)(A)(B)** |
| ) | |
| ) | |
| ) | |
| ) | |

23  Under the provisions of Federal Rules of Bankruptcy Procedure Rule 7015 (FRCP Rule 15(a))

24  Larnita Pette (the "Plaintiff") amends the original complaint. Plaintiff complains of Debtor Ralph

25  E. Sanders ("The Defendant") that in an attempt to defeat pending civil lawsuits filed in

26  California Superior Courts in San Diego and Orange Counties, he filed for Chapter 7 bankruptcy

27  protection. The Defendant's willful and malicious conduct damaged Plaintiff and resulted in the

28

                                   1

AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

1  pending lawsuits. Additionally, Plaintiff objects to a Chapter 7 discharge of the two lawsuits

2  based on the false oath and claims made by Defendant in his Chapter 7 schedules.

3  **JURISDICTION AND VENUE**

4      1.     This Court has jurisdiction over the subject matter of this adversary proceeding

5  pursuant to the provisions of 28 U.S.C. §1334. This adversary proceeding relates to the Chapter 7

6  Bankruptcy case of Ralph E. Sanders, Case No. 8:17-bk-10265-MW, now pending in the United

7  States Bankruptcy Court for the Central District of California, Santa Ana Division.

8      2.     Venue herein is proper pursuant to the provisions of 28 U.S.C. §1409.

9  **STATEMENTS OF FACT**

10      3.     On January 25, 2017, Defendant filed a voluntary petition for relief under the

11  provisions of Chapter 7 of the United States Bankruptcy Code as the result of being the defendant

12  in two pending lawsuits.

13      4.     Defendant failed to disclose in the Chapter 7 bankruptcy petition that he was and is

14  a beneficiary and Co-Trustee of The Bobbye J. Rives Trust (the "Trust").

15      5.     Defendant failed to disclose in the Chapter 7 bankruptcy schedules that he received

16  in excess of $98,600 in inheritance and compensation from the Trust as a beneficiary and Co-

17  Trustee. Defendant deliberately concealed the income and assets he received from the Trust.

18      6.     On August 15, 2014, the Plaintiff was present at a hearing in San Diego County

19  Superior Court (the "SDCSC") case 37-2014-00024600-CU-PT-NC resulting from a temporary

20  protective order (TPO) filed by the Bobbye J. Rives (the "Decedent") against the Plaintiff. The

21  Decedent, Defendant and an Adult Protective Services worker were present. Plaintiff was

22  represented by counsel.

23      (A)     The Plaintiff's presented responsive evidence at the TPO hearing that, in

24         fact indicated that the Plaintiff was the victim of attacks committed by the

25         Decedent, her mother. Plaintiff's response included hospital and Sheriff's records.

26         The court continued the hearing to allow Decedent to have the Plaintiff's responses

27         read to her by the Defendant and APS worker. The Decedent suffered from a

28         severe hearing impairment, diabetes-related vision loss and was nearly blind. The

2

AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

Decedent also suffered from impaired kidney function, congestive heart failure and cognitive impairment.

(B)    The Defendant and APS worker represented to the court that they would read the Plaintiff's response to the Decedent.

(C)    Although the Defendant was aware of the Plaintiff's abuse by the Decedent, the Defendant willfully and maliciously continued to publish and make defamatory and libelous statements about the Plaintiff. This behavior resulted in the Plaintiff filing a civil lawsuit against the Defendant.

7.    Plaintiff filed a civil lawsuit on May 8, 2015 for Elder Abuse, Wrongful Death and Defamation among other causes of action in SDCSC (case 37-2015-000-15654-CU-PO-CTL).

8.    The SDCSC allegations state that Sanders was negligent, willful and malicious:

(A)    As an agent for Mrs. Bobbye J. Rives (the "Decedent") with a Durable Power of Attorney over Decedent's health and financial affairs, Defendant failed to provide the minimal caregiver services the Decedent required to maintain her health and safety.

(B)    As an Interested Person on behalf of the Decedent, Plaintiff alleges "DEFENDENTS tortious conduct was the actual and proximate cause of DECEDENT'S...rapid health deterioration, the need for emergency medical intervention, and eventual death".

(C)    Furthermore, Defendant published or caused to be published two defamatory letters, (1) dated November 12, 2012 accusing Plaintiff of the crime of Elder Abuse by stating that "Plaintiff physically assaulted the DECEDENT, her own mother, and had her forcibly removed from her home and admitted against her will for a psychological evaluation". The statement is false. And (2) September 16, 2014 states that "Plaintiff had no rights under DECEDENT'S will and trust and was further not permitted to enter DECEDENT'S house in connection with any funeral services". The statement is false. No civil or criminal complaints were ever

3

filed against Plaintiff by Russell Griffith, attorney at law (the author of both letters), the Defendant or the Decedent.

(D)     The Defendant willfully and maliciously disseminated the two letters to relatives, neighbors, and friends at a reception following the Decedent's memorial services, to staff at Scripps Memorial Hospital, to staff at Las Villas de Carlsbad nursing facility and to staff at Eternal Hills Mortuary.

(E)     The letters are libelous and expose Plaintiff to hatred, contempt and ridicule due to the false statements made about the Plaintiff.

9.     Beginning on or about January 20, 2016, Defendant made representations through Patrick Hosey, his attorney for the SDCSC case, that he was on the verge of bankruptcy and would be seriously considering filing for Bankruptcy within 60 days. The Defendant received over $90,000 from the Trust in 2015 according to the First Accounting of the Trust as of November 30, 2015.

10.     On February 23, 2016, the Defendant and Co-Trustee, Beverly Murray-Calcote hired additional counsel and filed an Anti-SLAPP motion against Plaintiff to remove Defamation and Negligence Causes of Action from the First Amended Complaint of the SDCSC lawsuit.

11.     On May 23, 2016 a Mandatory Settlement Conference (MSC) was held for the SDCSC case. The Defendant and Co-Trustee, Beverly Murray-Calcote represented to the Court that both were insolvent and were considering filing for bankruptcy.

12.     On July 13, 2016, Plaintiff filed a Petition for Removal (Orange County Superior Court case 30-2016-00863391-PR-TR-CJC (the "OCSC") to preserve the remaining assets of the Trust and asked that the remaining Trust assets be frozen. The assets of the Trust were ordered frozen by the Court.

13.     The OCSC allegations state that the Defendant and his Co-Trustee, Beverly Murray-Calcote, acting as Trustees of the Trust willfully and maliciously breached the fiduciary duty owed to the beneficiaries of the Trust.

(A)     The Co-Trustees made haphazard distributions to themselves at their discretion, while the other beneficiaries had to wait until the Co-Trustees decided

4

AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

Case 8:17-ap-01068-MW    Doc 7    Filed 07/13/17    Entered 07/14/17 09:25:48    Desc
Main Document    Page 5 of 15

to provide distributions to the other beneficiaries. The Co-Trustees also made improper distributions to themselves.

(B)    The Co-Trustees double-charged costs of the selling Decedent's residence to the Trust.

(C)    The Co-Trustees sold the residence for significantly below fair market value.

(D)    The Co-Trustees agreed to hire Joseph Calcote, husband of Co-Trustee Beverly Murray-Calcote, as the listing agent to sell the residence, which enriched the Co-Trustee Beverly Murray-Calcote to the detriment of the other beneficiaries.

14.    On August 26, 2016, SDCSC denied the Defendant's Anti-SLAPP motion.

15.    On April 21, 2017, the civil trial was scheduled to begin in the SDCSC case. The Defendant filed for bankruptcy on January 25, 2017, 3 months before the civil trial was scheduled to start and within weeks of all mandatory trial cutoff dates.

16.    It is the Plaintiff is informed and believes that the Defendant and his Co-Trustee, Beverly Murray-Calcote and Co-Defendant in the civil lawsuits, filed for a Chapter 7 bankruptcy specifically to defeat the pending lawsuits.

(A)    On, January 25, 2017, Defendant filed for Chapter 7 bankruptcy protection.

(B)    On February 17, 2017, Beverly Murray-Calcote (Case No.: 2:17-bk-11972-RK) filed for Chapter 7 bankruptcy protection in the Los Angeles Division of the Central California Bankruptcy Court.

(C)    Both Co-Defendants in the civil lawsuits ("Sanders and Murray-Calcote") failed to the fact that they were Co-Trustees who had beneficial interests in and received distributions from the Trust in their Chapter 7 schedules.

(D)    Sanders and Murray-Calcote were required provide additional records and documentation by the US Trustees and Chapter 7 trustees regarding inaccuracies in their Chapter 7 schedules.

AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

(E)    As of the June 20, 2017, "Notice of Continuance", the Defendant is still being asked by the Chapter 7 trustee to amend his Statement of Financial Affairs ("SOFA") item 5 and 27. EXHIBIT 1

17.    Defendant concealed income and assets that he received from the Trust and stated under oath and signed under penalty of perjury at his 341(a) hearings on March 9, 2017 and March 23, 2017 that he read the petition and schedules and that the information contained therein was accurate and correct.

18.    As a beneficiary and Co-Trustee of the Trust, the Defendant received enough money (in excess of $98,600) in inheritance and compensation to pay down, most, if not all, of his listed debt.

## FIRST CLAIM FOR RELIEF

Nondischargeability against the Defendant Ralph E. Sanders – Pursuant to 11 U.S.C. §523(a)(6)

19.    The Plaintiff adopts, incorporate by reference, and alleges herein all of the allegations set forth in paragraph 1 through 18 inclusive, as if set forth individually in this Second Claim for Relief.

20.    Pursuant to §523(a)(6) of the United States Bankruptcy Code, a debt incurred by a Defendant who engages in willful and malicious conduct that results in damages shall be nondischargeable.

21.    Defendant acted willfully, maliciously and with deliberate intent to damage and to defame Plaintiff by falsely accusing Plaintiff of the crime of Elder Abuse.

22.    Defendant's willful disregard for the needs of the Decedent when she was alive and dependent on Decedent to provide caregiver services for her were the proximate causes of the Decedent's death.

23.    Defendant's willful disregard of his duties as Co-Trustee of the Bobbye J. Rives Trust to the beneficiaries and to administer the Trust according to the law damaged Plaintiff.

24.    In committing the acts hereinabove described, the Defendant's willful and malicious conduct resulted in Plaintiff filing the two civil lawsuits for damages that he is now seeking to defeat with a Chapter 7 bankruptcy discharge.

6

25.     Because thereof, Plaintiff is entitled to punitive and exemplary damages in an amount to be determined at the time of trial.

## SECOND CLAIM FOR RELIEF

<u>Nondischargeability of Defendant – Pursuant to 11 U.S.C. §727(a)(4)(A)(B)</u>

26.     The Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraph 1 through 25 inclusive, as if set forth individually in this Second Claim for Relief.

27.     Pursuant to § 727(a)(4)(A)(B) of the United States Bankruptcy Code, "(a) the court shall grant the debtor a discharge, unless (4) the debtor knowingly and fraudulently, in or in connection with the case (A) made a false oath or account; (B) presented or used a false claim;

28.     On January 25, 2017, within 3 months of the commencement of the civil trial in the Superior Court of San Diego, the Defendant filed fraudulent financial figures on his Chapter 7 Bankruptcy schedules and concealed the fact that he was a Co-Trustee and beneficiary of the Trust.

29.     During 341(a) hearings held March 9, 2017 and March 23, 2017, the Defendant verbally affirmed, under oath, that he read his petition and that financial figures he provided on his Chapter 7 Bankruptcy petition were true and accurate.

30.     The Defendant knowingly and fraudulently, in or in connection with his Chapter 7 Bankruptcy case made a false oath or account and presented or used a false claim regarding the Defendant's status as a beneficiary and Co-Trustee of the Trust and his "personal liability" for the pending lawsuits.

31.     As a direct and proximate result of the foregoing, Plaintiff (and all creditors) have suffered damages in an amount not presently ascertained but believed to be in excess of $300,000 (the "personal liability" assigned by the Defendant for the pending lawsuits) which should be exempted from discharge in the Defendant's bankruptcy.

32.     In committing the acts hereinabove described, the Defendant acted fraudulently, willfully and with deliberate intent to deceive Plaintiff and the Court, and because thereof,

7

1  Plaintiff is entitled to punitive and exemplary damages in an amount to be determined at the time

2  of trial.

3

4                                    **PRAYER FOR RELIEF**

5  WHEREFORE, Plaintiff requests judgment against Defendant follows:

6       1.      On the First Claim for Relief, for judgment against the Defendant determining that

7  the Defendant's willful and malicious conduct towards the Plaintiff resulted in the two pending

8  lawsuits. Therefore, the two pending lawsuits are not dischargeable in his bankruptcy case and for

9  judgment according to proof.

10      2.      On the Second Claim for Relief, for judgment against Defendant determining that

11 the Defendant knowingly and fraudulently, in or in connection with his Chapter 7 Bankruptcy

12 case made a false oath and used a false claim regarding the Defendant's status as a beneficiary

13 and Co-Trustee of the Trust and his liability for the pending lawsuits, is not dischargeable in his

14 bankruptcy case and for judgment according to proof.

15      3.      The Plaintiff is awarded its costs of suit incurred herein and for such other and

16 further relief, as this Court deems proper.

17

18

19                                            Dated this 12th of July, 2017

20

21                                            Larnita A. Pette, Pro Se

22

23

24

25

26

27

28

                                          8

AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF PENDING LAWSUITS

# EXHIBIT 1

Case 8:17-ap-01068-MW    Doc 10    Filed 07/18/17    Entered 07/19/17 09:06:12    Desc
Main Document    Page 16 of 22
Case 8:17-ap-01068-MW    Doc 7    Filed 07/13/17    Entered 07/14/17 09:25:48    Desc
Main Document    Page 10 of 15
Case 8:17-bk-10265-MW    Doc 9    Filed 03/16/17    Entered 03/16/17 15:37:01    Desc
Main Document    Page 1 of 1

WENETA M.A. KOSMALA, TRUSTEE
3 MacArthur Place, Suite 760
Santa Ana, CA 92707
Telephone: (714) 708-8190
Facsimile: (714) 509-1760

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Sanders, Ralph E<br><br><br><br>Debtor(s). | Case No. 8:17-BK-10265-MW<br><br>Chapter 7<br><br>NOTICE OF CONTINUED MEETING OF CREDITORS AND APPEARANCE OF DEBTOR(S) 11 U.S.C. §341(a) |

COUNSEL: (PRO SE) ZZ
TO THE ABOVE NAMED DEBTOR(S):

You are hereby notified that the Meeting of Creditors pursuant to Title 11 U.S.C. Section 341(a) in the above-entitled matter was continued to **March 23, 2017** at **11:01 AM** in Room 3-110, United States Bankruptcy Court, 411 W. Fourth Street, Santa Ana, CA 92701 for the reason set forth below:

documents outstanding; notice waived
2015 TAX RETURNS (RETURN)
CHASE BANK STATEMENTS 11/1/16 - PRESENT (RETURN)

Dated:  March 16, 2017                          /s/ WENETA M.A. KOSMALA
                                                WENETA M.A. KOSMALA
                                                Chapter 7 Trustee

[X]    I certify that Debtor(s)' Counsel in the above referenced case waived Notice of the Continued 341(a) meeting.

[ ]    I certify that I served the within Notice on the above Debtor(s), Debtor(s)' Counsel, and the Office of the United States Trustee on, 3/16/17.

                                                /s/ David M. Fitzgerald
                                                David M. Fitzgerald

Case 8:17-ap-01068-MW    Doc 10    Filed 07/18/17    Entered 07/19/17 09:06:12    Desc
Main Document    Page 17 of 22
Case 8:17-ap-01068-MW    Doc 7    Filed 07/13/17    Entered 07/14/17 09:25:48    Desc
Main Document    Page 11 of 15

Case 8:17-bk-10265-MW    Doc 11    Filed 03/29/17    Entered 03/29/17 15:57:13    Desc
Main Document    Page 1 of 1

WENETA M.A. KOSMALA, TRUSTEE
3 MacArthur Place, Suite 760
Santa Ana, CA 92707
Telephone: (714) 708-8190
Facsimile: (714) 509-1760

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Sanders, Ralph E<br><br><br><br>Debtor(s). | Case No. 8:17-BK-10265-MW<br><br>Chapter 7<br><br>NOTICE OF CONTINUED MEETING OF CREDITORS AND APPEARANCE OF DEBTOR(S) 11 U.S.C. §341(a) |

COUNSEL: (PRO SE) ZZ
TO THE ABOVE NAMED DEBTOR(S):

You are hereby notified that the Meeting of Creditors pursuant to Title 11 U.S.C. Section 341(a) in the above-entitled matter was continued to **April 13, 2017 at 11:01 AM** in Room 3-110, United States Bankruptcy Court, 411 W. Fourth Street, Santa Ana, CA 92701 for the reason set forth below:
UPLOAD COPY OF BOBBYE J. RIVES TRUST AND ACCOUNTING, DISPOSITION AND PURPOSE FOR ALL MONIES PAID TO/FROM DEBTOR FROM THE TRUST
COPIES OF ALL CHECK RECEIVED FROM TRUST DISTRIBUTIONS
UPLOAD BANK STATEMENTS ALL ACCOUNTS 1/1/15 TO PRESENT INCLUDING RB HOUSING, CHASE, BOBBYE J. RIVES TRUST, CONTINENTAL CURRENCY; BANK OF AMERICA
UPLOAD COPY OF DEBTOR'S AGREEMENT RE PROPERTY MANAGEMENT
ALL DOCUMENTS RE DISPOSITION AND PURPOSE OF ALL MONIES RECEIVED FROM TRUST DISBURSMENTS
AMEND SCHEDULE B ITEM 32 AND SOFA ITEM 5
ALL ATTORNEY STATEMENTS & BILLS
CHART OF HOW ALL MONIES FROM TRUST WERE SPENT

Dated:   March 27, 2017

/s/ WENETA M.A. KOSMALA
WENETA M.A. KOSMALA
Chapter 7 Trustee

[X]   I certify that Debtor(s)' Counsel in the above referenced case waived Notice of the Continued 341(a) meeting.

[ ]   I certify that I served the within Notice on the above Debtor(s), Debtor(s)' Counsel, and the Office of the United States Trustee on, 3/27/17.

/s/  David M. Fitzgerald
David M. Fitzgerald

Case 8:17-ap-01068-MW   Doc 10   Filed 07/18/17   Entered 07/19/17 09:06:12   Desc
Main Document   Page 18 of 22
Case 8:17-ap-01068-MW   Doc 7   Filed 07/13/17   Entered 07/14/17 09:25:48   Desc
Main Document   Page 12 of 15
Case 8:17-bk-10265-MW   Doc 13   Filed 04/17/17   Entered 04/17/17 16:20:23   Desc
Main Document   Page 1 of 1

WENETA M.A. KOSMALA, TRUSTEE
3 MacArthur Place, Suite 760
Santa Ana, CA 92707
Telephone: (714) 708-8190
Facsimile:  (714) 509-1760

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:17-BK-10265-MW |
| Sanders, Ralph E | Chapter 7 |
| | NOTICE OF CONTINUED MEETING OF CREDITORS AND APPEARANCE OF DEBTOR(S) 11 U.S.C. §341(a) |
| Debtor(s). | |

COUNSEL: (PRO SE) ZZ
TO THE ABOVE NAMED DEBTOR(S):

You are hereby notified that the Meeting of Creditors pursuant to Title 11 U.S.C. Section 341(a) in the above-entitled matter was continued to **April 27, 2017** at **10:01 AM** in Room 3-110, United States Bankruptcy Court, 411 W. Fourth Street, Santa Ana, CA 92701 for the reason set forth below:

PURPOSE FOR ALL MONIES PAID TO/FROM DEBTOR FROM THE BOBBYE J. RIVES
COPIES OF ALL CHECKS RECEIVED FROM TRUST DISTRIBUTIONS
UPLOAD CHASE BANK STATEMENTS ROBBIE BOBYE HOUSING INC 4/30/16 - 8/31/16 AND 12/31/16 - PRESENT ALL ACCOUNTS
UPLOAD COPY OF DEBTOR'S AGREEMENT RE PROPERTY MANAGEMENT
AMEND SCHEDULE B ITEM 32 AND SOFA ITEM 5
CHART OF HOW ALL MONIES FROM TRUST WERE SPENT
ALL ATTORNEY INVOICES AND LEDGERS
BANK STATEMENTS REFLECTING PAYMENTS TO ATTORNEYS. OR A DETAILED ACCOUNTING FOR CASH PAYMENTS, INCLUDING ACCOUNTING FOR SOURCE OF FUNDS
ALL DOCS RE WITHDRAWALS FROM ROBBIE BOBBYE HOUSING INC., INCLUDING: $6.300 ON 4/23/16 - $4,780 ON 10/4/16 - $5,710 ON 11/7/16 - $2.150 ON 11/7/16
COPY OF LOANME APPLICATION
COPIES OF DEPOSITS INTO ROBBIE BOBBYE HOUSING INC. (COPIES OF CHECKS AND RECEIPTS)
ALL DOCUMENTS RE TERMS OF DEBTOR'S COMPENSATION

Dated:  April 17, 2017 _____          /s/ WENETA M.A. KOSMALA
                                                   WENETA M.A. KOSMALA
                                                   Chapter 7 Trustee

[X]  I certify that Debtor(s)' Counsel in the above referenced case waived Notice of the Continued 341(a) meeting.

[ ]  I certify that I served the within Notice on the above Debtor(s). Debtor(s)' Counsel, and the Office of the United States Trustee on, 4/17/17.

                                                   /s/  David M. Fitzgerald
                                                   David M. Fitzgerald

Case 8:17-ap-01068-MW    Doc 10    Filed 07/18/17    Entered 07/19/17 09:06:12    Desc
Main Document    Page 19 of 22
Case 8:17-ap-01068-MW    Doc 7    Filed 07/13/17    Entered 07/14/17 09:25:48    Desc
Main Document    Page 13 of 15

Case 8:17-bk-10265-MW    Doc 17    Filed 05/03/17    Entered 05/03/17 15:46:39    Desc
Main Document    Page 1 of 1

WENETA M.A. KOSMALA, TRUSTEE
3 MacArthur Place, Suite 760
Santa Ana, CA 92707
Telephone: (714) 708-8190
Facsimile: (714) 509-1760

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:17-BK-10265-MW |
| Sanders, Ralph E | Chapter 7 |
| | NOTICE OF CONTINUED MEETING OF CREDITORS AND APPEARANCE OF DEBTOR(S) 11 U.S.C. §341(a) |
| Debtor(s). | |

COUNSEL: (PRO SE) ZZ
TO THE ABOVE NAMED DEBTOR(S):

     You are hereby notified that the Meeting of Creditors pursuant to Title 11 U.S.C. Section 341(a) in the above-entitled matter was continued to **May 25, 2017** at **10:02 AM** in Room 3-110, United States Bankruptcy Court, 411 W. Fourth Street, Santa Ana, CA 92701 for the reason set forth below:

     Off calendar; documents outstanding; notice e-mailed
UPLOAD COPY OF DEBTOR'S AGREEMENT RE PROPERTY MANAGEMENT (received residential lease agreement 4/11/17 that has nothing to do with Debtor's property management agreement)
AMEND STATEMENT OF FINANCIAL AFFAIRS ITEM 5 AND 27

Dated:  May 02, 2017

/s/ WENETA M.A. KOSMALA
WENETA M.A. KOSMALA
Chapter 7 Trustee

[X]  I certify that Debtor(s)' Counsel in the above referenced case waived Notice of the Continued 341(a) meeting.

[ ]  I certify that I served the within Notice on the above Debtor(s), Debtor(s)' Counsel, and the Office of the United States Trustee on, 5/2/17.

/s/  David M. Fitzgerald
David M. Fitzgerald

Case 8:17-ap-01068-MW    Doc 10    Filed 07/18/17    Entered 07/19/17 09:06:12    Desc
Main Document    Page 20 of 22
Case 8:17-ap-01068-MW    Doc 7    Filed 07/13/17    Entered 07/14/17 09:25:48    Desc
Main Document    Page 14 of 15

Case 8:17-bk-10265-MW    Doc 25    Filed 05/25/17    Entered 05/25/17 15:03:03    Desc
Main Document    Page 1 of 1

WENETA M.A. KOSMALA, TRUSTEE
3 MacArthur Place, Suite 760
Santa Ana, CA 92707
Telephone: (714) 708-8190
Facsimile: (714) 509-1760

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| In re: | Case No. 8:17-BK-10265-MW |
|---|---|
| Sanders, Ralph E | Chapter 7 |
| Debtor(s). | NOTICE OF CONTINUED MEETING OF CREDITORS AND APPEARANCE OF DEBTOR(S) 11 U.S.C. §341(a) |

COUNSEL: (PRO SE) ZZ
TO THE ABOVE NAMED DEBTOR(S):

You are hereby notified that the Meeting of Creditors pursuant to Title 11 U.S.C. Section 341(a) in the above-entitled matter was continued to **June 19, 2017** at **10:02 AM** in Room 3-110, United States Bankruptcy Court, 411 W. Fourth Street, Santa Ana, CA 92701 for the reason set forth below:

off calendar; documents outstanding; notice e-mailed
UPLOAD COPY OF DEBTOR'S AGREEMENT RE PROPERTY MANAGEMENT (received residential lease agreement 4/11/17 that has nothing to do with Debtor's property management agreement) AMEND STATEMENT OF FINANCIAL AFFAIRS ITEM 5 and 27

Dated: May 25, 2017

/s/ WENETA M.A. KOSMALA
WENETA M.A. KOSMALA
Chapter 7 Trustee

[X]  I certify that Debtor(s)' Counsel in the above referenced case waived Notice of the Continued 341(a) meeting.

[ ]  I certify that I served the within Notice on the above Debtor(s), Debtor(s)' Counsel, and the Office of the United States Trustee on, 5/25/17.

/s/  David M. Fitzgerald
David M. Fitzgerald

Case 8:17-ap-01068-MW    Doc 10    Filed 07/18/17    Entered 07/19/17 09:06:12    Desc
Main Document    Page 21 of 22
Case 8:17-ap-01068-MW    Doc 7    Filed 07/13/17    Entered 07/14/17 09:25:48    Desc
Main Document    Page 15 of 15
Case 8:17-bk-10265-MW    Doc 27    Filed 06/26/17    Entered 06/26/17 17:02:39    Desc
Main Document    Page 1 of 1

WENETA M.A. KOSMALA, TRUSTEE
3 MacArthur Place, Suite 760
Santa Ana, CA 92707
Telephone: (714) 708-8190
Facsimile: (714) 509-1760

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Sanders, Ralph E<br><br><br><br>Debtor(s). | Case No. 8:17-BK-10265-MW<br><br>Chapter 7<br><br>NOTICE OF CONTINUED MEETING OF CREDITORS AND APPEARANCE OF DEBTOR(S) 11 U.S.C. §341(a) |

COUNSEL: (PRO SE) ZZ
TO THE ABOVE NAMED DEBTOR(S):

You are hereby notified that the Meeting of Creditors pursuant to Title 11 U.S.C. Section 341(a) in the above-entitled matter was continued to **July 18, 2017** at **10:02 AM** in Room 3-110, United States Bankruptcy Court, 411 W. Fourth Street, Santa Ana, CA 92701 for the reason set forth below:

Off calendar; documents outstanding
UPLOAD COPY OF DEBTOR'S AGREEMENT RE PROPERTY MANAGEMENT (received residential lease agreement 4/11/17 that has nothing to do with Debtor's property management agreement) AMEND STATEMENT OF FINANCIAL AFFAIRS ITEM 5 and 27

Dated: June 20, 2017

/s/ WENETA M.A. KOSMALA
WENETA M.A. KOSMALA
Chapter 7 Trustee

[X] I certify that Debtor(s)' Counsel in the above referenced case waived Notice of the Continued 341(a) meeting.

[ ] I certify that I served the within Notice on the above Debtor(s), Debtor(s)' Counsel, and the Office of the United States Trustee on, 6/20/17.

/s/ David M. Fitzgerald
David M. Fitzgerald

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

220 E. Connecticut, Vista, CA 92084

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

Amended Complaint for Nondischargeability of Pending Lawsuits Pursuant to 11 U.S.C. section 523(a)(6) and/or
11 U.S.C. section 727(a)(4)(A)(B)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (date) ___07/17/2017_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DEBTOR: Ralph E. Sanders, 1251 W. Bishop St., Santa Ana, CA 92703
CHAPTER 7 TRUSTEE: Weneta Kosmala, 3 MacArthur Place, Suite 760, Santa Ana, CA 92707

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

PERSONAL DELIVERY: Judge Mark Wallace served via Judge's Drop Box and United States Trustee served via USTP Office

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| _7/17/17_ | _Kimberly Richardson_ | _/s/ _____ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                                    **F 7004–1.SUMMONS.ADV.PROC**