ORIGINAL

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Larnita Pette<br>2588 El Camino Real, Suite F-195<br>Carlsbad, CA 92008<br>Mobile: 707-853-2049 | **FILED**<br>SEP 27 2017<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |

☒ *Individual appearing without attorney*
☐ *Attorney for:*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION    ▾

| In re:<br><br>Ralph E. Sanders<br><br><br>Debtor(s). | CASE NO.: 8:17-bk-10265-MW<br><br>ADVERSARY NO.: 8:17-ap-01068-MW<br><br>CHAPTER: 7 |
|---|---|
| Larnita Pette<br><br><br><br>Plaintiff(s).<br><br>vs.<br><br>Ralph E. Sanders<br><br><br><br>Defendant(s). | *Unilateral (Plaintiff)*<br>~~JOINT~~ **STATUS REPORT**<br>**[LBR 7016-1(a)(2)]**<br><br>DATE: 10/04/2017<br>TIME: 9:00 AM<br>COURTROOM: 6C<br>ADDRESS: United States Bankruptcy Court<br>Central District of California<br>411 W. Fourth St.<br>Santa Ana, CA 92701 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

**A. PLEADINGS/SERVICE:**

1. Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?  ☒ Yes  ☐ No

2. Have all parties filed and served answers to the Claims Documents?  ☒ Yes  ☐ No

3. Have all motions addressed to the Claims Documents been resolved?  ☒ Yes  ☐ No

4. Have counsel met and conferred in compliance with LBR 7026-1?  ☒ Yes  ☐ No

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):

   N/A

**B. <u>READINESS FOR TRIAL</u>:**

1. When will you be ready for trial in this case?

   |<u>Plaintiff</u>|<u>Defendant</u>|

   April 4, 2018

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

   <u>Plaintiff</u>                                    <u>Defendant</u>
   Plaintiff may file a Motion for Summary Judgement.
   Elder Abuse/Wrongful Death civil case discovery.
   Probate case ongoing discovery, replace Co-Trustees

3. When do you expect to complete <u>your</u> discovery efforts?

   <u>Plaintiff</u>                                    <u>Defendant</u>

   March 4, 2018

4. What additional discovery do you require to prepare for trial?

   <u>Plaintiff</u>                                    <u>Defendant</u>
   San Diego Civil Case - Interrogs, Admissions, Prod.
   of Docs. Depositions; Orange County Probate -
   Interrogs, Admissions, Prod. of Docs, Depositions

**C. <u>TRIAL TIME</u>:**

1. What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

   <u>Plaintiff</u>                                    <u>Defendant</u>

   4 days

2. How many witnesses do you intend to call at trial (*including opposing parties*)?

   <u>Plaintiff</u>                                    <u>Defendant</u>

   30

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                Page 2                                **F 7016-1.STATUS.REPORT**

3.  How many exhibits do you anticipate using at trial?

|                   Plaintiff                    |             Defendant |
|-----------------------------------------|------------------------|

San Diego Elder Abuse/Wrongful Death case - 50

Orange County Probate case - 25

## D.  PRETRIAL CONFERENCE:

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court.  [See LBR 7016-1.]  If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

Plaintiff

Pretrial conference ☒ is  ☐ is not  requested
Reasons:

Defendant

Pretrial conference ☐ is  ☐ is not  requested
Reasons:

Plaintiff

Pretrial conference should be set after:

(date) 03/01/2018

Defendant

Pretrial conference should be set after:

(date) _____

## E.  SETTLEMENT:

1.  What is the status of settlement efforts?
    There was no agreement on how to proceed with settlement efforts because Defendant became belligerent and ended the conversation when Plaintiff was speaking

2.  Has this dispute been formally mediated?      ☐ Yes    ☒ No
    If so, when?

3.  Do you want this matter sent to mediation at this time?

Plaintiff

☐ Yes    ☒  No

Defendant

☐ Yes    ☐  No

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F.  FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below.  Failure to select either box below may be deemed consent.

|  Plaintiff | Defendant |
|---|---|
| ☒ I do consent | ☐ I do consent |
| ☐ I do not consent | ☐ I do not consent |
| to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. | to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. |

**G.  ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Plaintiff's Unilateral Rule 26(f) Report is attached.

Respectfully submitted,

Date:  09/26/2017                                        Date:  _____

Larnita Pette (Pro Se)
Printed name of law firm                                Printed name of law firm

*[signature]*
Signature                                                Signature

Printed name                                            Printed name

Attorney for: _____                           Attorney for: _____

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                Page 4                            F 7016-1.STATUS.REPORT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

*220 E. Connecticut St. Vista, CA 92084*

A true and correct copy of the foregoing document entitled: **JOINT STATUS REPORT [LBR 7016-1(a)(2)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 09/27/2017____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Defendant: Ralph E. Sanders, 1251 W. Bishop, Santa Ana, Ca 92703
Chapter 7 Trustee: Weneta Kosmala, 3 MacArthur Place, Suite 760, Santa Ana, CA 92707
Attorney for Chapter 7 Trustee: Reem Bello, 650 Town Center Drive, #950, Costa Mesa, CA 92626

☑ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 09/27/2017____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Judge Mark S. Wallace, United States Bankruptcy Court, Central Division, 411 W. Fourth St. Suite 6135, Courtroom 6C, Santa Ana, CA 92701

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 09/27/2017 | *Kimberly Pickmann* | *signature* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

LARNITA PETTE
2588 El Camino Real, Suite F-195
Carlsbad, CA 92008
Telephone:  (707) 853-2049
Email:  larnita.pette@gmail.com

Larnita Pette in Pro Se

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| RALPH E. SANDERS              Debtor, | Case No.: 8:17-bk-10265-MW |
| | Adv. No.: 8:17-ap-01068-MW |
| Larnita Pette | |
|                                Plaintiff | **PLAINTIFF'S UNILATERAL RULE 26(f) REPORT** |
|        vs. | |
| Ralph E. Sanders | |
|                                Defendant | |

On September 19, 2017, Larnita Pette ("the Plaintiff") and Ralph Sanders ("the Defendant") held a telephonic Rule 26(f) Meeting. (Exhibit 1)

Plaintiff and Defendant could not agree on a settlement, initial disclosures, or Discovery Plan. Defendant became belligerent, made derogatory remarks and verbally abusive to Plaintiff. Defendant repeated accusations, which resulted in the pending lawsuits. Plaintiff asked Defendant for proof. Defendant stated that his discovery was included in his response to Plaintiff's Amended Adversary Complaint. Defendant stated

1  that instead of writing a Joint Rule 26(f) Report for the Court, he would write a separate

2  report and abruptly ended the call.

3  **PLAINTIFF'S JOINT RULE 26 (F) REPORT:**

4        **A.**    **Synopsis of the Case, Claims and Defenses.**

5       Plaintiff's Position:

6        Plaintiff seeks the nondischargeability of the two pending lawsuits listed in the

7  Defendant's Chapter 7 bankruptcy case (8:17-bk-10265-MW) schedules. Plaintiff contends

8  that the subject matter of the pending lawsuits lies within the jurisdiction of the California

9  State Courts, not the Bankruptcy Court. Plaintiff asks that the Defendant agree to remove

10  the lawsuits from his bankruptcy case. Plaintiff seeks a ruling from the Bankruptcy Court

11  that the two pending lawsuits are not dischargeable in the Bankruptcy Court and remand

12  the lawsuits to the California State Courts for trial.

13        Plaintiff contends that the Defendant filed for Chapter 7 bankruptcy in an attempt to

14  bypass the California State Courts and have the pending lawsuits (and "any future

15  lawsuits") discharged by the Bankruptcy Court. Defendant filed for Chapter 7 Bankruptcy in

16  an attempt to defeat the pending California state courts civil litigation and have the cases

17  dismissed through the Defendant's Chapter 7 Bankruptcy proceedings.

18        1.    On or around January 20, 2016, Defendant through his attorney,

19  Patrick Hosey, stated that he was insolvent and would be filing for bankruptcy within 60

20  days.

21        2.    On February 23, 2016, Defendant filed an Anti-SLAPP motion.

22  Defendant hired and paid another attorney, Luis Ventura, to write and argue the brief

23  approximately 30 days after indicating that Defendant's bankruptcy filing was eminent.

24        3.    On May 5, 2016, a Mandatory Settlement Conference was held in the

25  San Diego County Superior Court (the "SDCSC") case 37-2015-00015654-CU-PO-CTL.

26  Defendant through his attorney, Patrick Hosey represented to the Court that the Defendant

27  was insolvent.

28

1           4.        On July 13, 2016, Plaintiff filed a Probate Petition to Remove was filed

2 in the Orange County Superior Court (the "OCSC") case 30-2016-00863391-PR-TR-CJC.

3 Based on the preliminary accounting provided by Defendant and Beverly Murray-Calcote

4 acting as Co-trustees of the Bobbye J. Rives Trust ("Trust") and representations that the

5 Co-Trustees were on the verge of filing for bankruptcy, Plaintiff, as a beneficiary of her

6 mother's trust, felt the need to protect the remaining assets of the Bobbye J. Rives Trust

7 ("Trust") (Exhibit 3)

8           5.        On November 17, 2016, OCSC issued an order freezing Trust assets.

9 The order is still in effect.

10           6.        On January 25, 2017, Defendant filed for Chapter 7 Bankruptcy.

11           7.        On February 17, 2017, Beverly Murray-Calcote, Co-Defendant in the

12 two pending lawsuit and Co-Trustee of Trust, filed for Chapter 7 Bankruptcy.

13     **Defendant's Position:**

14     Defendant denies all of the allegations in Plaintiff's complaint.

15     Plaintiff quotes Defendant's direct response. "Basically, lawsuit is not truthful. Your

16 lawsuit [is] not on behalf of Bobbye Rives. Plus Defendant has not done wrongful death,

17 Elder Abuse, Defamation, or any of the Plaintiff's claims. They are all made up story by the

18 Plaintiff to hide her unclean hands as to the actions identified."

19     **B.**     **Synopsis of Principal Legal Issues in the Case.**

20     Plaintiff's Position:

21     The California State Court is the proper jurisdiction for the trial and resolution of the

22 subject matter of the two pending lawsuits.

23     In SDCSC lawsuit, Plaintiff filed a lawsuit as an individual and as an interested party

24 on behalf of, Plaintiff's mother, Bobbye J. Rives deceased against the Defendant and

25 Beverly Murray-Calcote. (California Code of Civil Procedure §§ 337.60 and 377.60).

26 SDCSC Causes of Action: Elder Abuse; Neglect; Wrongful Death; Intentional Infliction of

27 Emotional Distress; Defamation-Count 1; Defamation-Count 2; Negligence Count 1;

28 Negligence Count 2; Trespass to Personal Property; Conversion, include claims that seek

1  relief under the enhanced provisions of California's Elder Abuse and Dependent Adult Civil

2  Protection Act. (Welfare and Institution Code § 15600 et seq.) including California Probate

3  Code § 259.

4         OCSC is a Petition for Order: Removing Ralph Sanders & Beverly Murray-Calcote

5  as Trustees; Surcharge Ralph Sanders and Beverly Murray-Calcote; Denying Trustee

6  Compensation to Ralph Sanders and Beverly Murray-Calcote; Instructing Co-Trustees to

7  Produce Further Information and Accountings; instructing Co-Trustees to Distribute Assets

8  of the Trust; Enjoining Ralph sanders and Beverly Murray-Calcote from Further Acts as

9  Trustees; Prohibiting Use of Trustee Assets to Pay Legal Expenses to Oppose Petition;

10 Appointing Interim Trustee; Appointing Successor Trustee. (Exhibit 5).

11        On November 17, 2016, OCSC issued an order freezing the remaining assets of the

12 Trust pending a hearing. The assets remain frozen pending the outcome of the Co-

13 Trustees Chapter 7 Bankruptcy proceedings. The Trust has not closed.

14        On February 17, 2017, Beverly Murray-Calcote filed for Chapter 7 Bankruptcy

15 (Case 2:17-bk-11972-RK). This bankruptcy case still pending. The Chapter 7 trustee's

16 attorney filed a Motion to Compel and sent a "Notice of Possible Dividend" to the creditors

17 with the deadline to file a "Proof of Claim" by November 21, 2017.

18        In a letter dated September 11, 2017, Beverly Murray-Calcote notified the

19 beneficiaries of the Trust that she was resigning as a Co-Trustee of the Trust,

20        The appointment of a new trustee is needed to marshal the remaining assets of the

21 Trust, to determine the condition of the Trust, to provide an accurate accounting of the

22 Trust and close the Trust. Defendant and Co-Trustee, Beverly Murray-Calcote produced a

23 preliminary accounting of the Trust, in December 2015. This is the only accounting that

24 has been provided by the co-trustees. Exhibit 3 Notice of Lodgment –Account of Trust.

25        Plaintiff contends that, given the facts that the Co-Trustees have not provided an

26 accounting of the assets to the beneficiaries since December 2015, Co-Trustee Murray-

27 Calcote resigned and Defendant is no longer qualified to act as a trustee, resolution of this

28 lawsuits rests within the jurisdiction of the OCSC, including designating a new trustee to

1  marshal and administer the assets of the Trust, preparing the final accounting of the Trust

2  and closing the Trust.

3       A trustee may be removed on petition of a Trustor, cotrustee, or beneficiary under

4  Section 17200 (Probate Code § 15642(a). Section 15642 also sets the grounds for

5  removing a trustee. "Where the Trustee is insolvent or otherwise unfit the administer the

6  trust." (CA Probate Code § 15642(b)(2). Defendant is unfit to administer Trust. (Exhibit 3

7  pg. 21 ¶¶121-122).

8       Defendant's Position:

9       Defendant denies all of the allegations in Plaintiff's complaint. Defendant stated that

10  he would write a separate Rule 26(f) Report for the Court.

11       **C.**    **Additional Parties or Amendment of Pleadings.**

12       Plaintiff's Position:

13       Plaintiff may file an amended complaint after receiving information through

14  discovery.

15       Defendant's Position:

16       Defendant did not indicate whether or not he anticipated amending his pleadings.

17       **D.**    **Contemplated Law and Motion**.

18       Plaintiff's Position:

19       Plaintiff may file a motion for summary judgment.

20       Defendant's Position:

21       Defendant did not discuss filing any Law and Motion

22       **E.**    **Settlement Discussions**.

23       Plaintiff's Position:

24       The parties have discussed settlement, but have not been able to reach any

25  agreement. Plaintiff is willing to continue settlement discussions.

26       Defendant's Position:

27       Defendant may be willing to continue settlement discussions.

28

**F.      Discovery and Experts.**

Plaintiff's Position:

Plaintiff will provide initial disclosures pursuant to the Federal Rules of Civil Procedure and court orders.

Plaintiff anticipates serving Requests for Admission, Interrogatories, Request for Production and Depositions for SDCSC and OCSC cases.

Plaintiff does not anticipate using expert witnesses at this time.

Plaintiff does not believe that a formal discovery plan is necessary.

Plaintiff has provided Defendant with 111 pages of documents in response to Defendant's discovery Requests for Production in SDCSC case. Defendant has yet to produce any documents in response to Plaintiff's Requests for Production.

Plaintiff expects to renew and issue new discovery requests for SDCSC case. Specifically, Defendant has not produced the Durable Power of Attorney (DPOA) defendant used to sign the Decedent in and out of medical facilities, despite representations by Patrick Hosey, Defendant's attorney at the time, that the DPOA document would be produced.

Plaintiff does not believe that a formal discovery plan is necessary.

Defendant's Position:

Defendant would not agree to produce DPOA

Defendant stated that he would write a separate Rule 26(f) Report for the Court.

**G.      Trial Estimate.**

Plaintiff's Position:

Plaintiff estimates 4 days for a nonjury trial.

Defendant's Position:

Defendant stated that he would write a separate Rule 26(f) Report for the Court.

**H.      Complexity of Case:**

Plaintiff's Position:

PLAINTIFF'S UNILATERAL RULE 26(f) REPORT

1    This is not a complex case.

2    Defendant's Position:

3    Defendant stated that he would write a separate Rule 26(f) Report for the Court.

4    **I.      Severance, Bifurcation or Other Ordering of Proof.**

5    Plaintiff's Position:

6    Plaintiff does not propose severance, bifurcation, or other ordering of proof at this

7    time.

8    Defendant's Position:

9    Defendant stated that he would write a separate Rule 26(f) Report for the Court.

10    **J.      Other Issues Affecting Case Management.**

11    Plaintiff's Position:

12    None.

13    Defendant's Position:

14    Defendant stated that he would write a separate Rule 26(f) Report for the Court.

15    **K.      Proposed Pre-Trial and Trial Dates.**

16    Plaintiff's Position:

17    Discovery cutoff date: March 4, 2018

18    Final Day to file motions: February 4, 2018

19    Pretrial conference date: March 4, 2018

20    Trial Date: April 4, 2018

21    Defendant's Position:

22    Defendant stated that he would write a separate Rule 26(f) Report for the Court.

23    **L.      Recommended Settlement Procedure.**

24    Plaintiff's Position:

25    Plaintiff requests a settlement conference before the Magistrate Judge. Plaintiff

26    believes that a settlement conference before a Magistrate Judge is warranted because

27    Plaintiff's status as a pro se litigant qualifies as an extraordinary circumstance.

28

PLAINTIFF'S UNILATERAL RULE 26(f) REPORT

1      <u>Defendant's Position</u>:

2      Defendant stated that he would write a separate Rule 26(f) Report for the Court.

3

4

5

6

7

8

9  DATED: September 27, 2017

10

11                              LARNITA PETTE in Pro Se

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S UNILATERAL RULE 26(f) REPORT

LARNITA PETTE
2588 El Camino Real, Suite F-195
Carlsbad, CA 92008
Telephone: (707) 853-2049
Email: larnita.pette@gmail.com

Larnita Pette in Pro Se

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>RALPH E. SANDERS<br>                 Debtor,<br><br>_____<br><br>Larnita Pette<br><br>                 Plaintiff<br><br>   vs.<br><br>Ralph E. Sanders<br><br><br>                 Defendant | Chapter 7<br><br>Case No.: 8:17-bk-10265-MW<br><br>Adv. No.: 8:17-ap-01068-MW<br><br><br><br>**NOTICE OF ~~LODGMENT OF~~ DOCUMENTS IN SUPPORT OF PLAINTIFF'S UNILATERAL RULE 26(f) REPORT** |

      Larnita Pette ("Plaintiff") hereby loges the following documents in support of Plaintiff's Unilateral Rule 26(f) Report.

      Exhibit 1     Plaintiff's Text Messages, Emails, Plaintiff Contact Information.

      Exhibit 2     First Amended Complaint filed in San Diego County Superior Court.

1        Exhibit 3      Probate Petition to Remove and Lodgment filed in Orange County

2        Superior Court.

3

4

5

6

7

   DATED: September 27, 2017

8

9                                 LARNITA PETTE in Pro Se

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF LODGMENT OF DOCUMENTS IN SUPPORT OF PLAINTIFF'S UNILATERAL RULE 26(f)
REPORT

# EXHIBIT 1

Text messages to (null) from Dec 21, 2014 to Sep 19, 2017
With Ralph Sanders


--- Dec 21, 2014 ---
* Ralph Sanders  - 3:58:53 PM
 - Hello cousin
Reminding u to try to get your things from the house asap! It has been
sold


--- Mar 20, 2015 ---
* Ralph Sanders  - 10:46:08 AM
 - 6o

* Ralph Sanders  - 10:47:46 AM
 - 6o,ooo partial was sent yestesday


--- Sep 13, 2017 ---
* Me - 7:17:21 PM
 - Ralph Sanders,

In compliance with Local Bankruptcy Rule 7026-1, I am contacting you
regarding the scheduling and details of the Rule 26(f) meeting.

I will contact you via email at rsanders16@yahoo.com tomorrow,
9/14/17, concerning initial the disclosures, alternative dispute
resolution, discovery plan and joint status report.

Larnita Pette


--- Sep 15, 2017 ---
* Ralph Sanders  - 11:20:25 AM
 - Please email like u indicated here so i can mediate on it over the
weekend and then i can call u with responce next tuesday

* Me - 11:33:51 AM
 - Email sent yesterday. Follow-up voicemail left for you this
morning. I am prepared to hold the 26(f) meeting via telephone on
Tuesday, September 19, 2017 at 10:00 am. Does that time work for you?

* Ralph Sanders  - 11:44:54 AM
 - I think so but u might want to resend because i did not see an
email from u last night and i looked in spam too

* Ralph Sanders  - 11:48:14 AM
 - It is resanders16"

* Me — 11:55:35 AM
 - I forwarded the email to resanders16. I also left you a voicemail
this morning that contained the same information as the email
regarding the 26(f) meeting.

* Ralph Sanders — 12:43:25 PM
 - Please make sure u have the e    as in resanders because your
initial text says  rsanders and i did not see anythng from you in spam
either

* Me — 12:49:26 PM
 - Email forwarded to you about an hour ago. I just sent it again.

* Ralph Sanders  — 1:01:08 PM
 - Great   i hope to see it later


--- Sep 16, 2017 ---
* Ralph Sanders  — 10:09:09 AM
 - Still no email cousin

* Me — 10:13:55 AM
 - Send me an email to larnita.pette@gmail.com right now and I will
forward the email to you in a reply.

* Me — 10:21:02 AM
 - I am waiting to receive your email...

* Me — 10:36:16 AM
 - How soon will you send me an email...I'll be looking for it.


--- Sep 19, 2017 ---
* Me — 9:18:55 AM
 - I will call you today at 12:00 pm (noon) to conduct the Rule 26(f)
meeting. I will also send you a follow- email confirmation.

* Ralph Sanders  — 9:23:53 AM
 - Yes

# M Gmail

Larnita Pette <larnita.pette@gmail.com>

## Rule 26(f) Meeting for Adversary Complaint 8:17-ap-01068-MW
6 messages

**Larnita Pette** <larnita.pette@gmail.com>
To: rsanders16@yahoo.com

Thu, Sep 14, 2017 at 11:49 AM

Mr. Ralph Sanders,

Yesterday, September 13, 2017, I sent you a text to 714-262-8378 (the most recent cell number I have for you) regarding a Rule 26(f) Meeting. This is the follow-up email that I mentioned I would send you in the text message.

As detailed in the Summons you received for the adversary complaint filed on July 13, 2017 for nondischargeability of pending lawsuits pursuant to 11 U.S.C. 523 and/or 11 U.S.C. 727 in the Chapter 7 Bankruptcy case 8:17-BK-10265-MW, we are required to hold a Rule 26(f) Meeting.

The Rule 26(f) Meeting may be conducted in person or by telephone. I propose that this Rule 26(f) meeting be conducted by telephone. During this meeting, the court expects that, at a minimum, the parties should:

- Discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case;

- Make or arrange for the initial disclosures required by Rule 26(a)(1) ;

- Develop a discovery plan.

I will call you tomorrow morning, September 15, 2017, between 9:00 a.m. and 10:00 a.m. to set up a mutually agreeable time to meet and confer to schedule and conduct a telephonic Rule 26 (f) Meeting.

Larnita Pette
(707) 853-2049
larnita.pette@gmlai.com

---

**Larnita Pette** <larnita.pette@gmail.com>
To: resanders16@yahoo.com

Fri, Sep 15, 2017 at 11:51 AM

I'm forwarding the email that I sent to "rsanders". I also left you a voicemail this morning which contained the same information regarding the 26(f) meeting.

Larnita Pette
[Quoted text hidden]

---

**Larnita Pette** <larnita.pette@gmail.com>
To: ralph sanders <resanders16@yahoo.com>

Fri, Sep 15, 2017 at 12:50 PM

---------- Forwarded message ----------
From: **Larnita Pette** <larnita.pette@gmail.com>
[Quoted text hidden]

---

**ralph sanders** <resanders16@yahoo.com>

Sat, Sep 16, 2017 at 11:29 AM

Reply-To: ralph sanders <resanders16@yahoo.com>
To: Larnita Pette <larnita.pette@gmail.com>

Funny, when I entered your email address, the emails you sent me came up.  Can you tell me your plans for a possible settlement resolution now and hopefully I can have an answer to that Tuesday at noon.  That will be the best time for us to talk.
Sincerely,
Ralph E

[Quoted text hidden]

**Larnita Pette** <larnita.pette@gmail.com>                                      Sat, Sep 16, 2017 at 12:39 PM
To: ralph sanders <resanders16@yahoo.com>

I agree to conduct the Rule 26(f) Meeting on September 19, 2017 at 12 noon via telephone.


Larnita Pette
(707) 853-2049
larnita.pette@gmail.com

[Quoted text hidden]

**Larnita Pette** <larnita.pette@gmail.com>                                      Tue, Sep 19, 2017 at 9:31 AM
To: ralph sanders <resanders16@yahoo.com>

Ralph Sanders,

I'm sending you the email as a reminder of our agreement to conduct the Rule 26(f) Meeting, a requirement of the Adversarial proceedings, via telephone at 12:00 noon today, September 19, 2017.

I will call you at 12:00 noon.

Larnita Pette
(707) 853-2049
larnita.pette@gmail.com

[Quoted text hidden]

Case 8:17-ap-01068-MW   Doc 15   Filed 09/27/17   Entered 09/28/17 09:25:58   Desc
Main Document   Page 21 of 40
Case 8:17-ap-01068-MW   Doc 10   Filed 07/18/17   Entered 07/19/17 09:06:12   Desc
Main Document   Page 1 of 22
Case 8:17-ap-01068-MW   Doc 9-1   Filed 07/14/17   Entered 07/14/17 09:35:15   Desc
AP-Summons   Page 1 of 3

ORIGINAL

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Larnita Pette<br>2588 El Camino Real Ste F–195<br>Carlsbad, CA 92008<br><br>707-853-2049<br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY<br><br>**FILED**<br>**JUL 1 8 2017**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| In re:<br><br>Ralph E Sanders<br><br><br><br>                                                Debtor(s). | CASE NO.:  8:17-bk-10265-MW<br><br>CHAPTER:  7<br><br>―――――――<br>ADVERSARY NUMBER: 8:17-ap-01068-MW |
| Larnita Pette<br><br>                                          Plaintiff(s)<br>              Versus<br>Ralph E Sanders<br><br>                                          Defendant(s) | **ANOTHER<br>SUMMONS AND NOTICE OF STATUS<br>CONFERENCE IN ADVERSARY<br>PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **08/14/2017.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

       **Date:**           October 4, 2017
       **Time:**           09:00 AM
       **Hearing Judge:**  Mark S Wallace
       **Location:**     411 W Fourth St., Crtrm 6C, Santa Ana, CA 92701

―――――――――――――――――――――――――――――――

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Case 8:17-ap-01068-MW   Doc 15   Filed 09/27/17   Entered 09/28/17 09:25:58   Desc
Main Document   Page 22 of 40
Case 8:17-ap-01068-MW   Doc 10   Filed 07/18/17   Entered 07/19/17 09:06:12   Desc
Main Document   Page 22 of 22
Case 8:17-ap-01068-MW   Doc 9-1   Filed 07/14/17   Entered 07/14/17 09:35:15   Desc
AP-Summons   Page 3 of 3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

220 E. Connecticut, Vista, CA 92084

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

Amended Complaint for Nondischargeability of Pending Lawsuits Pursuant to 11 U.S.C. section 523(a)(6) and/or
11 U.S.C. section 727(a)(4)(A)(B)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (date) ___07/17/2017___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DEBTOR: Ralph E. Sanders, 1251 W. Bishop St., Santa Ana, CA 92703
CHAPTER 7 TRUSTEE: Weneta Kosmala, 3 MacArthur Place, Suite 760, Santa Ana, CA 92707

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

PERSONAL DELIVERY: Judge Mark Wallace served via Judge's Drop Box and United States Trustee served via USTP Office

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/17/17 | Kimberly Richardson | /s/ | |
|---------|---------------------|-----|---|
| Date | Printed Name | Signature | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016

**F 7004–1.SUMMONS.ADV.PROC**

# EXHIBIT 2

1  Daniel W. Abbott, Esq. (SBN 218334)
   Stephen D. Blea, Esq. (SBN 294339)
2  WITHAM MAHONEY & ABBOTT, LLP
   401 B Street, Suite 2220
3  San Diego, California 92101
   Telephone (619) 407-0505
4  E-Mail: abbott@wmalawfirm.com
           blea@wmalawfirm.com
5
6  Attorneys for Plaintiff Larnita Pette

**F I L E D**
Clerk of the Superior Court

**DEC 3 0 2015**

By: _____, Deputy

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

15 DEC 30  PM 3: 06

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

7
8                                                  DEC 30 '15 PM 12:21

9       SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

10                               CENTRAL DIVISION

11

12  LARNITA PETTE, as an interested person on      Case No. 37-2015-00015654-CU-PO-CTL
    behalf of BOBBYE RIVES (deceased); LARNITA
13  PETTE, as an individual,                       FIRST AMENDED COMPLAINT FOR:
                                                      (1) ELDER ABUSE – NEGLECT
14                                                    (2) WRONGFUL DEATH
                          Plaintiff,                  (3) INTENTIONAL INFLICTION OF
15                                                        EMOTIONAL DISTRESS,
                                                      (4) DEFAMATION – COUNT 1
16      vs.                                           (5) DEFAMATION – COUNT 2
                                                      (6) NEGLIGENCE – COUNT 1
17  BEVERLY MURRAY-CALCOTE; RALPH                    (7) NEGLIGENCE – COUNT 2
    SANDERS; and DOES 1 through 50, inclusive,       (8) TRESPASS TO PERSONAL
18                                                        PROPERTY
19                                                    (9) CONVERSION
                          Defendants.
20
21                                                  [Amount demanded exceeds $25,000]
22
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

_____
                    FIRST AMENDED COMPLAINT

1    Plaintiff LARNITA PETTE, alleges as follows:

2    **PRELIMINARY ALLEGATIONS**

3    1.    At all relevant times, LARNITA PETTE ("PLAINTIFF") was, and is now, an individual

4    residing in San Diego County, California.

5    2.    Plaintiff is informed and believes, and thereon alleges that at all relevant times, Defendant

6    BEVERLY MURRAY-CALCOTE ("MURRAY CALCOTE") was, and is now, an individual residing

7    in Los Angeles County, California.

8    3.    Plaintiff is informed and believes, and thereon alleges that at all relevant times, Defendant

9    RALPH SANDERS ("SANDERS") was, and is now, an individual residing in Orange County,

10    California.

11    4.    Bobbye Rives ("DECEDENT") was at all relevant times an individual residing in San

12    Diego County, California, and passed away on September 14, 2014.

13    5.    At all relevant times DECEDENT was a dependent adult over the age of 65 residing in

14    California, and was an elder within the meaning of Welfare & Institutions Code Section 15610.27.

15    6.    Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as

16    Does 1 through 50, inclusive, whether individual, corporate, or otherwise, and therefore sue said

17    Defendants by such fictitious names. Plaintiff will amend this complaint pursuant to Code of Civil

18    Procedure section 474 to allege their true names and capacities after such names and capacities have

19    been ascertained.

20    7.    This court is the proper court in which to bring this action because PLAINTIFF sustained

21    injury within its jurisdiction.

22    8.    PLAINTIFF brings this action on behalf of DECEDENT. As DECEDENT'S only child,

23    PLAINTIFF brings this action under the provisions of the Code of Civil Procedure Section 337.60, which

24    provides that PLAINTIFF may bring this action on behalf of DECEDENT'S heirs: "A cause of action

25    for the death of a person caused by the wrongful act or neglect of another may be asserted by . . . the

26    decedent's children." As an heir of DECEDENT, Plaintiff also has standing to bring this action pursuant

27    to Welfare & Institutions Code Section 15657, et seq.

28    ///

2

## GENERAL ALLEGATIONS

9.    Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1 through 8 inclusive, and incorporate the same herein by this reference as though set forth in full.

10.    DECEDENT was born on October 23, 1927, and was 86 years old at the time of her death. DECEDENT was a widow who lived alone in Encinitas, California in a single-family dwelling that she owned outright.

11.    PLAINTIFF is the only biological child of DECEDENT and lived with and provided caregiver services to DECEDENT up until July 22, 2014.

12.    As early as 2006, DECEDENT began exhibiting signs of cognitive impairment, whereby DECEDENT began struggling to comprehend simple details of her personal life, including her personal finances.

13.    As the years progressed, PLAINTIFF noticed DECEDENT'S cognitive deficiencies significantly worsened. In addition to being unable to comprehend the circumstances encompassing her day-to-day life, DECEDENT exhibited irrational bouts of aggression that culminated in DECEDENT physically assaulting other members of her family, including PLAINTIFF.

14.    On or about February 16, 2011, DECEDENT was detained after physically attacking PLAINTIFF and was held under 72-hour observation pursuant to Welfare & Institutions Code Section 5150. There was no rational explanation for DECEDENT'S conduct, and could only be explained by DECEDENT'S diminished cognitive state.

15.    According to the San Diego County Sheriff Department's report from that February 16, 2011 incident, the responding deputy described DECEDENT as "rambling sentences that didn't make sense . . . [and p]aramedics believe[d] she may be suffering from a medical disorder such as the onset of dementia. Due to [DECEDENT'S] behavior, I believed she was a danger to others and was unable to care for her own safety." Furthermore, the report states that as DECEDENT was being transported via ambulance, "[DECEDENT] attempted to bite deputies and paramedics." A true and correct copy of this San Diego County Sheriff Department's report is attached hereto as Exhibit 1.

16.    After these incidents, on or about November 30, 2011, both SANDERS and MURRAY-CALCOTE were granted extensive authority over DECEDENT'S future health care and financial

3

1  wellbeing. Specifically, on or about November 30, 2011, SANDERS and MURRAY-CALCOTE

2  (collectively, "DEFENDANTS") were (1) granted Durable Power of Attorney over DECEDENT; (2)

3  named as Co-Trustees of DECEDENT'S Trust; and (3) named as Co-Executors of DECEDENT'S will.

4  In addition, on or about November 30, 2011, MURRAY-CALCOTE was appointed as DECEDENT'S

5  Healthcare Agent pursuant to an Advance Health Care Directive.

6      17.    During this period, DECEDENT was 84 years old, suffering from dementia and was

7  unable to sufficiently care for her own wellbeing.  DEFENDANTS, through undue influence, took

8  advantage of DECEDENT'S impaired cognitive state to gain control of DECEDENT'S immediate

9  finances.  Furthermore, Plaintiff is informed and believes, and on that basis alleges, that both

10 DEFENDANTS manipulated DECEDENT to be named Co-Trustees of DECEDENT'S Trust and gain

11 control over the Trust's property.

12     18.    PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS,

13 pursuant to the DPA and Advance Healthcare Directive, had a legal, fiduciary duty to make decisions

14 that were in DECEDENT'S best interest.  Furthermore, PLAINTIFF is informed and believes, and on

15 that basis alleges, that DEFENDANTS failed to provide minimal caregiver services to DECEDENT after

16 July 22, 2014, when PLAINTIFF was no longer living with and providing the routine caregiver services

17 DECEDENT required to maintain her health and safety. After July 22, 2014, DECEDENT depended on

18 DEFENDANTS to provide DECEDENT a minimum standard of care and ensure DECEDENT'S living

19 conditions were maintained.

20     19.    Despite DECEDENT'S cognitive and physical impairments, SANDERS flatly refused to

21 acknowledge PLAINTIFF'S admonitions that DECEDENT could not live by herself.  While MURRAY-

22 CALCOTE did acknowledge that DECEDENT should not be living alone, neither SANDERS nor

23 MURRAY-CALCOTE took any affirmative steps to ensure DECEDENT received the assisted living

24 care she needed.

25     20.    PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS took

26 control over DECEDENT'S health care and were ultimately responsible for making decisions pertaining

27 to DECEDENT'S medical care after PLAINTIFF was removed from DECEDENT'S home on July 22,

28 2014 pursuant to a Temporary Protective Order.

4

21. PLAINTIFF, as the daughter of the DECEDENT, brings these causes of action as an interested person under Welfare & Institutions Code Section 15657.3 and Code of Civil Procedure Section 377.60, and thereby proceeds as an interested person to the claims of DECEDENT as stated herein.

### FIRST CAUSE OF ACTION

#### (Elder Abuse-Neglect)

#### (PLAINTIFF as interested person against DEFENDANTS)

22. Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1 through 21, inclusive, and incorporates the same herein by this reference as though set forth in full.

23. From July 22, 2014 until September 1, 2014, DECEDENT lived alone in her home.

24. At all relevant times, DECEDENT suffered from multiple physical and cognitive deficiencies and conditions that caused DECEDENT to be reliant on others to ensure her wellbeing and basic needs were met.

25. At all relevant times, DEFENDANTS were aware of DECEDENT's aforementioned deficiencies and conditions.

26. DEFENDANTS undertook steps to provide care for DECEDENT but failed to provide the minimal caregiver services the DECEDENT required to maintain her health and safety. Furthermore, DEFENDANTS both held Health and Financial Durable Power of Attorney over DECEDENT and took actions to assert authority over DECEDENT'S medical care and general wellbeing after DECEDENT was hospitalized on September 1, 2014 for dehydration and other medical issues.

27. DEFENDANTS failed to ensure that DECEDENT'S minimum basic needs were met. Despite knowing of DECEDENT'S cognitive and physical impairments, DEFENDANTS continued to allow DECEDENT to live by herself and failed to see that her food, shelter, hygiene and health needs were met, and failed to provide her adequate care custodial services.

28. DEFENDANTS knew that DECEDENT was elderly, and suffered from mental and physical frailties. On or about August 17, 2014, MURRAY-CALCOTE visited DECEDENT and discovered that DECEDENT'S refrigerator was broken and further discovered there was very little food in DECEDENT'S home. While thereafter MURRAY-CALCOTE delivered some groceries to

1  DECEDENT, MURRAY-CALCOTE failed to take any other steps to ensure DECEDENT'S health and

2  wellbeing, such as setting up wellness checks or periodically checking in on DECEDENT.

3        29.    On or about September 1, 2014, MURRAY-CALCOTE spoke with the DECEDENT on

4  the phone and knew that DECEDENT had been getting sick throughout the day, which could cause

5  dehydration and pose a serious risk to DECEDENT'S health.  Thereafter, DECEDENT was admitted to

6  the hospital suffering from dehydration among other medical issues, and was later admitted to a skilled

7  nursing facility, where DECEDENT subsequently passed away.

8        30.    As agents for DECEDENT, the DEFENDANTS had a fiduciary duty to act in

9  DECEDENT'S best interests, and DEFENDANTS' assumed responsibility for the care and custody of

10  DECEDENT.

11        31.    DECEDENT was at all times herein a dependent adult over the age of 65 residing in

12  California at the time of the abuse and therefore, DECEDENT was an elder within the meaning of

13  Welfare & Institutions Code Section 15610.27.

14        32.    Despite DEFENDANTS' duties owed to DECEDENT, DEFENDANTS failed to ensure

15  DECEDENT'S wellbeing and basic needs were met.  Specifically, DEFENDANTS failed to frequently

16  check in on DECEDENT, failed to see that DECEDENT'S food, shelter, hygiene and health needs were

17  met, and failed to provide DECEDENT adequate care custodial services that would protect DECEDENT

18  from health and safety hazards, including illness and dehydration.

19        33.    DEFENDANTS' neglectful care of DECEDENT was an actual and proximate cause of

20  DECEDENT becoming ill, hospitalized and subsequently passing away.

21        34.    DEFENDANTS' acts and omissions constitute neglect.

22        35.    As further direct and legal result, DECEDENT sustained damages in an amount

23  according to proof at trial.

24        36.    DEFENDANTS are jointly and severally liable for any damages awarded to PLAINTIFF.

25        37.    In intentionally engaging in the aforementioned neglectful acts and omissions,

26  DEFENDANTS acted with oppression, and malice, and despicable conduct, thereby justifying and

27  warranting an award of punitive damages, in an amount according to proof at trial.

28  ///

FIRST AMENDED COMPLAINT

**SECOND CAUSE OF ACTION**

**(Wrongful Death)**

**(PETTE as an interested person against DEFENDANTS)**

38.   PLAINTIFF repeats, repleads and realleges the allegations contained in paragraphs 1 through 37, inclusive, and incorporates the same herein by this reference as though set forth in full.

39.   PLAINTIFF brings this claim for relief based on DEFENDANTS' intentionally neglectful conduct in failing to provide a minimal standard of care to DECEDENT.

40.   As a direct and proximate result of DEFENDANTS' conduct alleged herein, DECEDENT died and PLAINTIFF, DECEDENT'S daughter, has been deprived of DECEDENT"s love, care, comfort, companionship, support and society. PLAINTIFF has standing to pursue this claim under Code of Civil Procedure Section 377.60(a), and has sustained and will continue to sustain damages in an amount to be determined according to proof.

41.   DEFENDANTS are jointly and severally liable for any damages awarded to PLAINTIFF.

42.   In intentionally engaging in the aforementioned acts and omissions, DEFENDANTS acted with oppression, and malice, and despicable conduct, thereby justifying and warranting an award of punitive damages, in an amount according to proof at trial.

**THIRD CAUSE OF ACTION**

**(Intentional Inflection of Emotional Distress)**

**(PETTE as an individual against DEFENDANTS)**

43.   Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1 through 42, inclusive, and incorporates the same herein by this reference as though set forth in full.

44.   DEFENDANTS, and each of them, knew of DECEDENT'S death but deliberately withheld from PLAINTIFF that DECEDENT had died.

45.   PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS notified PLAINTIFF'S relatives concerning DECEDENT'S death, but instructed those relatives to not inform PLAINTIFF about DECEDENT'S death on September 14, 2014.

///

///

7

46. PLAINTIFF learned of her mother's passing from neighbors who called to express their condolences around 8:00 am on September 15, 2014, and thereafter PLAINTIFF tried to contact DEFENDANTS to get details surrounding her mother's death.

47. On September 15, 2014, DECEDENT'S neighbor told PLAINTIFF that Eternal Hills Mortuary is where the DECEDENT'S body was taken. PLAINTIFF thereafter contacted the mortuary and spoke to employee David Wells, the individual in charge of coordinating DECEDENT'S burial arrangements. Mr. Wells informed PLAINTIFF that he had been instructed to not provide any information concerning DECEDENT, as the family wanted any information concerning DECEDENT kept private.

48. On or about September 26, 2014, DEFENDANTS held a private reception after DECEDENT'S services. PLAINTIFF was the only individual attending the services who was not invited to the reception. DEFENDANTS additionally instructed the invitees to not inform PLAINTIFF about the reception. During this reception, DEFENDANTS displayed and published a letter to the invitees that stated PLAINTIFF had no rights under DECEDENT'S will and trust and was further not permitted to enter DECEDENT'S house in connection with any funeral services.

49. The statements within this letter were false. This letter has exposed PLAINTIFF to hatred, contempt and ridicule due to the false statements that PLAINTIFF physically assaulted the DECEDENT, her own mother, and had her forcibly removed from her home and admitted against her will for a psychological evaluation.

50. DEFENDANTS knew that PLAINTIFF suffered serious emotional distress as a result the death of her mother, the DECEDENT.

51. DEFENDANTS engaged in the aforementioned conduct knowing PLAINTIFF was already in a state of extreme emotional distress and grieving, and DEFENDANTS knew or should have known that their conduct would cause PLAINTIFF further extreme emotional distress.

52. DEFENDANTS' conduct demonstrates an intentional and reckless disregard for PLAINTIFF, and an intent to cause her extreme emotional distress and pain.

53. Such intentional conduct was intended to, and did, cause PLAINTIFF extreme emotional distress.

8

54.    As a further direct and proximate result, PLAINTIFF suffered damages in an amount according to proof at trial.

55.    DEFENDANTS are jointly and severally liable for any damages awarded to PLAINTIFF.

56.    In intentionally engaging in the aforementioned acts, DEFENDANTS acted with oppression and malice, and despicable conduct, thereby justifying and warranting an award of punitive damages, in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION

### (Defamation – Count 1)

### (PETTE as an individual against DEFENDANTS)

57.    Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1 through 56, inclusive, and incorporate the same herein by this reference as though set forth in full.

58.    On or about September 26, 2014, DEFENDANTS published a written letter stating that PLAINTIFF had no rights under her mother's will and trust and was not permitted to enter her mother's house in connection with DECEDENT'S funeral services.  A true and correct copy of that letter is attached hereto as Exhibit 2.

59.    The statement referred to PLAINTIFF by name throughout, was made of and concerning PLAINTIFF, and was so understood by those who read the statement.

60.    The statement was seen and read on September 26, 2014 by those family and friends that attended the reception after DECEDENT'S visitation services.  The letter was further published to Scripps Memorial Hospital and the Eternal Hills Mortuary staff.

61.    The entire statement is false as it pertains to PLAINTIFF.

62.    The letter is libelous on its face and exposes plaintiff to hatred, contempt and ridicule due to the false statements made about PLAINTIFF concerning her relationship with her mother, and was intentionally disseminated at the reception to be read by relatives, neighbor, friends, hospital staff and mortuary staff.

63.    DEFENDANTS failed to use reasonable care to determine the truth or falsity of the defamatory statements.

FIRST AMENDED COMPLAINT

64.    As a proximate result of the above described publication, PLAINTIFF has suffered a loss of her reputation, which has exposed PLAINTIFF to shame and ridicule. This aforementioned conduct has damaged PLAINTIFF in an amount to be established by proof at trial.

65.    DEFENDANTS are jointly and severally liable for any damages awarded to PLAINTIFF.

## FIFTH CAUSE OF ACTION

### (Defamation – Count 2)

### (PETTE as an individual against DEFENDANTS)

66.    Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1 through 65, inclusive, and incorporate the same herein by this reference as though set forth in full.

67.    On or about November 21, 2012, Russell Griffith drafted and published a letter stating that PLAINTIFF had "physically assaulted" DECEDENT, and "had her physically removed from her home under protest and admitted against her will for a psychological evaluation." A true and correct copy of that letter is attached hereto as Exhibit 3.

68.    Thereafter, in or about July 24, 2014, Mr. Griffith's letter was republished and distributed by DEFENDANTS in support of the Temporary Protective Order filed with the San Diego County Court. Thereafter, in or about September 2014, Defendants further republished and redistributed Mr. Griffith's letter to hospital staff at Scripps Memorial Hospital and staff at Eternal Hills Mortuary.

69.    The contents of Mr. Griffith's November 21, 2012 letter were false. The letter accused PLAINTIFF of "physically assaulting" DECEDENT "physically remov[ing DECEDENT from her] home under protest and admitted against her will for a psychological evaluation." These allegations were false, as it pertains to PLAINTIFF.

70.    DEFENDANTS failed to use reasonable care to determine the truth or falsity of the defamatory statements.

71.    The letter exposes plaintiff to hatred, contempt and ridicule because it made false statements that PLAINTIFF had physically assaulted the DECEDENT, her own mother, and had her forcibly removed from her home and admitted against her will for a psychological evaluation.

///

///

72.    As a proximate result of the above described publication PLAINTIFF has suffered a loss of her reputation, shame and injury to her feelings all to her damage a total amount to be established by proof at trial.

73.    As a proximate result of the above described publication, PLAINTIFF has suffered a loss of her reputation, which has exposed PLAINTIFF to shame and ridicule.  This aforementioned conduct has damaged PLAINTIFF in an amount to be established by proof at trial.

## SIXTH CAUSE OF ACTION

### (Negligence – Count 1)

### (PETTE as an individual against DEFENDANTS)

74.    Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1 through 73, inclusive, and incorporate the same herein by this reference as though set forth in full.

75.    DEFENDANTS owed PLAINTIFF a duty to use reasonable care to not recklessly publish false information concerning sensitive and private details of PLAINTIFF'S personal life.

76.    DEFENDANTS breached that duty owed PLAINTIFF by publishing and disseminating the two aforementioned letters that included false and damaging allegations against PLAINTIFF.

77.    DEFENDANTS' tortious conduct was an actual and proximate cause of PLAINTIFF'S harm, including damage to PLAINTIFF'S reputation, and exposing PLAINTIFF to shame and ridicule in PLAINTIFF'S family and community.

78.    As a consequence of DEFENDANTS' tortious conduct, PLAINTIFF suffered damages in an amount according to proof at trial.

79.    DEFENDANTS are jointly and severally liable for any damages awarded to PLAINTIFF.

## SEVENTH CAUSE OF ACTION

### (Negligence – Count 2)

### (PETTE as an interested person against DEFENDANTS)

80.    Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1 through 79, inclusive, and incorporate the same herein by this reference as though set forth in full.

///

///

11

1    81.    From July 22, 2014 until September 1, 2014, DECEDENT lived alone in her home while

2    suffering from multiple physical and cognitive issues and conditions. Given DECEDENT'S fragile state,

3    DECEDENT was reliant on others to ensure her well-being and basic needs were met.

4    82.    DEFENDANTS undertook steps to provide care for DECEDENT but failed to provide

5    the minimal caregiver services the DECEDENT required to maintain her health and safety. Furthermore,

6    DEFENDANTS both held Durable Power of Attorney over DECEDENT'S health and financial affairs

7    and took actions to assert authority over DECEDENT'S medical care and general wellbeing after

8    DECEDENT was hospitalized on September 1, 2014 for dehydration and other medical issues.

9    83.    DEFENDANTS breached that assumed duty to DECEDENT by failing to ensure

10    DECEDENT'S wellbeing and basic needs were met, failing to regularly check in on DECEDENT,

11    failing to see that DECEDENT'S food, shelter, hygiene and health needs were met, and by failing to

12    provide DECEDENT adequate care custodial services, even after DECEDENT expressed to

13    DEFENDANTS that she was feeling ill. DECEDENT was only hospitalized after neighbors became

14    alarmed enough to call emergency services to assist DECEDENT.

15    84.    DEFENDANTS' tortious conduct was an actual and proximate cause of DECEDENT'S

16    damages, which ultimately culminated in DECEDENT'S rapid health deterioration, the need for

17    emergency medical intervention, and eventual death.

18    85.    DEFENDANTS are jointly and severally liable for any damages awarded to PLAINTIFF.

19                                **EIGHTH CAUSE OF ACTION**

20                                **(Trespass to Personal Property)**

21                          **(PETTE as individual against DEFENDANTS)**

22    86.    Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1 through

23    85, inclusive, and incorporate the same herein by this reference as though set forth in full.

24    87.    DEFENDANTS, as Co-Trustees of DECEDENT'S estate, had a duty to organize and

25    exercise authority over DECEDENT'S personal property. This duty, however, did not grant

26    DEFENDANTS any authority over PLAINTIFF'S own personal property within DECEDENT'S home.

27    88.    PLAINTIFF, having lived with DECEDENT for years, repeatedly informed

28    DEFENDANTS that PLAINTIFF had several items of varying sentimental and monetary value in

12

FIRST AMENDED COMPLAINT

1 | DECEDENT'S residence at 363 Cerro Street, Encinitas, CA ("Residence"). Furthermore, even after

2 | PLAINTIFF moved from DECEDENT'S home, PLAINTIFF'S mail was nevertheless sent to the

3 | Residence. DEFENDANTS had no authority to exercise authority over PLAINTIFF'S mail.

4 |      89.    PLAINTIFF had several pieces of personal property stored in a shed on the Residence,

5 | which PLAINTIFF had secured with a padlock. PLAINTIFF discovered on or about December 26, 2014

6 | that DEFENDANTS forcibly removed PLAINTIFF'S personal lock and intentionally removed personal

7 | items belonging to PLAINTIFF. During this same period, PLAINTIFF discovered that DEFENDANTS

8 | had intentionally intercepted and disposed of PLAINTIFF'S mail that had been sent to the Residence.

9 |      90.    PLAINTIFF did not consent to DEFENDANTS' taking of PLAINTIFF'S personal

10 | property, nor did PLAINTIFF consent to the interception and disposal of PLAINTIFF's mail.

11 |      91.    DEFENDANTS are jointly and severally liable for any damages awarded to PLAINTIFF.

12 |      92.    PLAINTIFF was harmed as a consequence of DEFENDANTS' intentional conduct, and

13 | such conduct was a substantial factor in causing that harm in an amount that will be shown according to

14 | proof at trial.

15 | **NINTH CAUSE OF ACTION**

16 | **(Conversion)**

17 | **(PETTE as individual against DEFENDANTS)**

18 |      93.    Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1 through

19 | 92, inclusive, and incorporate the same herein by this reference as though set forth in full.

20 |      94.    At all relevant times, PLAINTIFF owned and had a right to possess PLAINTIFF'S mail,

21 | personal property and documents that were left at the Residence.

22 |      95.    DEFENDANTS intentionally and substantially interfered with PLAINTIFF's mail,

23 | personal property and documents left at the Residence by taking possession of those items and refusing

24 | to return such items after PLAINTIFF made such demands.

25 |      96.    PLAINTIFF did not consent to DEFENDANTS' intentional interference with

26 | PLAINTIFF'S right to possess PLAINTIFF'S property left at the Residence.

27 | ///

28 | ///

FIRST AMENDED COMPLAINT

1      97.    PLAINTIFF was harmed as a consequence of DEFENDANTS' intentional conduct, and

2 such conduct was a substantial factor in causing that harm in an amount that will be shown according to

3 proof at trial.

4      98.    DEFENDANTS are jointly and severally liable for any damages awarded to PLAINTIFF.

5                          **PRAYER FOR RELIEF**

6 WHEREFORE, Plaintiff demands judgment as follows:

7      **On the First Cause of Action – (Elder Abuse – Neglect)**

8      1.    For general damages in an amount to be proven at trial;

9      2.    For consequential damages in an amount to be proven at trial;

10      3.    For punitive damages in an amount to be proven at trial;

11      **On the Second Cause of Action – (Wrongful Death)**

12      4.    For general damages in an amount to be proven at trial;

13      5.    For consequential damages in an amount to be proven at trial;

14      6.    For punitive damages in an amount to be proven at trial;

15      **On the Third Cause of Action – (Intentional Infliction of Emotional Distress)**

16      7.    For general damages in an amount to be proven at trial;

17      8.    For consequential damages in an amount to be proven at trial;

18      9.    For punitive damages in an amount to be proven at trial;

19      **On the Fourth Cause of Action – (Defamation – Count 1)**

20      10.    For general damages in an amount to be proven at trial;

21      11.    For consequential damages in an amount to be proven at trial;

22      12.    For punitive damages in an amount to be proven at trial;

23      **On the Fifth Cause of Action – (Defamation – Count 2)**

24      13.    For general damages in an amount to be proven at trial;

25      14.    For consequential damages in an amount to be proven at trial;

26      15.    For punitive damages in an amount to be proven at trial;

27      **On the Sixth Cause of Action – (Negligence – Count 1)**

28      16.    For general damages in an amount to be proven at trial;

FIRST AMENDED COMPLAINT

17.    For consequential damages in an amount to be proven at trial;

**On the Seventh Cause of Action – (Negligence – Count 2)**

18.    For general damages in an amount to be proven at trial;

19.    For consequential damages in an amount to be proven at trial;

**On the Eighth Cause of Action – (Trespass to Personal Property)**

20.    For general damages in an amount to be proven at trial;

21.    For consequential damages in an amount to be proven at trial;

**On the Ninth Cause of Action – (Conversion)**

22.    For general damages in an amount to be proven at trial;

23.    For consequential damages in an amount to be proven at trial;

24.    For punitive damages in an amount to be proven at trial;

**For All Causes of Action**

25.    For prejudgment interest on all damages;

26.    For costs of suit;

27.    For attorney fees as permitted by law; and

28.    For such other relief as the court deems just and proper.

Dated: December 21, 2015.                    WITHAM MAHONEY & ABBOTT, LLP

By: _____
        Daniel W. Abbott, Esq.
        Stephen D. Blea, Esq.
        Attorneys for Plaintiff Larnita Pette

15

# EXHIBIT 1