12.    Temporary, preliminary, and permanent injunctive and equitable relief, including a temporary restraining order, preliminary injunction, and permanent injunction enjoining further acts by BEVERLY MURRAY–CALCOTE from further acts as trustee of the Trust, is issued;

13.    A successor trustee of the Trust be appointed, as selected by the Trust beneficiaries;

14.    Appointment of an interim trustee of the Trust;

15.    For costs of suit; and

16.    For such other and further relief as the Court deems just and proper.

Dated: July 13, 2016            WITHAM MAHONEY & ABBOTT, LLP

By: _____
                Daniel W. Abbott, Esq.
                Stephen D. Blea, Esq.
                Attorneys for Larnita Ann Pette

PETITION TO REMOVE TRUSTEES, ET AL.

## VERIFICATION

I, Larnita Ann Pette, certify and declare that I have read the foregoing *"Petition for Order: (1) Removing Ralph Sanders & Beverly Murray–Calcote As Trustees; (2) Surcharging Ralph Sanders & Beverly Murray–Calcote; (3) Denying Trustee Compensation To Ralph Sanders & Beverly Murray–Calcote; (4) Instructing Co-Trustees To Produce Further Information & Accountings; (5) Instructing Co-Trustees To Distribute Assets Of The Trust; (6) Enjoining Ralph Sanders & Beverly Murray–Calcote From Further Acts As Trustees; (7) Prohibiting Use Of Trust Assets To Pay Legal Expenses To Oppose Petition; (8) Appointing Interim Trustee; and (9) Appointing Successor Trustee,"* and know its contents. The matters stated in the document described above are true of my own knowledge and belief except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed *July 13*, 2016, at *San Diego County*, California.

_____
Larnita Ann Pette

PETITION TO REMOVE TRUSTEES, ET AL.

1  Daniel W. Abbott, Esq., SBN 218334
   Stephen D. Blea, Esq., SBN 294339
2  WITHAM MAHONEY & ABBOTT, LLP
   401 B Street, Suite 2220
3  San Diego, California 92101
   Telephone (619) 407-0505
4  E-Mail: abbott@wmalawfirm.com

5  Attorneys for Larnita Ann Pette,
6  Petitioner

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **IN AND FOR THE COUNTY OF ORANGE**

10                     **CENTRAL JUSTICE CENTER**

11

12  In The Matter of:                 Case No. _____

13     THE BOBBYE J. RIVES TRUST      [ROA # _____]
       dated November 30, 2011
14                                    **NOTICE OF LODGMENT OF DOCUMENTS**
15                                    **IN SUPPORT OF LARNITA PETTE'S**
                                      **PETITION TO REMOVE RALPH SANDERS**
16                                    **AND BEVERLY MURRAY-CALCOTE AS**
                                      **TRUSTEES, ET AL.**

17                                    Date:      _____
18                                    Time:      _____
                                      Dept.:     _____
19                                    Judge:     _____

20

21         Petitioner, Larnita Ann Pette ("Petitioner"), as a beneficiary of The Bobbye J. Rives Trust dated

22  November 30, 2011 ("Trust"), hereby lodges the following documents in support of her *Petition for*

23  *Order (1) Removing RALPH SANDERS & BEVERLY MURRAY–CALCOTE As Trustees; (2)*

24  *Surcharging RALPH SANDERS & BEVERLY MURRAY–CALCOTE; (3) Denying Trustee*

25  *Compensation To RALPH SANDERS & BEVERLY MURRAY–CALCOTE; (4) Instructing Co-Trustees*

26  *To Produce Further Information & Accountings; (5) Instructing Co-Trustees to Distribute Assets of the*

27  *Trust; (6) Enjoining RALPH SANDERS & BEVERLY MURRAY–CALCOTE From Further Acts as*

28

                                              1
       NOTICE OF LODGMENT IN SUPPORT OF PETITION TO REMOVE TRUSTEES, ET AL.

*Trustees; (7) Prohibiting Use of Trust Assets to Pay Legal Expenses to Oppose Petition; (8) Appointing*

*an Interim Trustee; and (9) Appointing a Successor Trustee:*

| Exhibit | Document |
|---------|----------|
| 1 | The Bobbye J. Rives Trust, dated November 30, 2011 |
| 2 | Petitioner Larnita Pette's Letter to Co-Trustees Requesting Accounting, dated December 20, 2014 |
| 3 | Petitioner Larnita Pette's Letter to Russell Griffith, dated May 8, 2015 |
| 4 | Accounting of the Bobbye J. Rives Trust |
| 5 | Seller's Closing Escrow Statement |

Dated: July 13, 2016                    WITHAM MAHONEY & ABBOTT, LLP

                                        By: _____
                                            Daniel W. Abbott, Esq.
                                            Stephen D. Blea, Esq.
                                            Attorneys for Larnita Ann Pette

2

NOTICE OF LODGMENT IN SUPPORT OF PETITION TO REMOVE TRUSTEES, ET AL.

# EXHIBIT 1

# NOTIFICATION BY TRUSTEE

### (Probate Code §16061.7)

BOBBYE J. RIVES created the BOBBYE J. RIVES TRUST (the "Trust") in her capacity as Trustor on November 30, 2011.

On September 14, 2014,  BOBBYE J. RIVES passed away making the Trust irrevocable.

Pursuant to California Probate Code Section 16061.7, when the Trust became irrevocable, the Trustee is to provide you with the following Notification:

1.  The Name and Mailing address and telephone number of the Co-Trustees of the Trust are as follows:

    RALPH SANDERS                         BEVERLY MURRAY-CALCOTE
    2321 E. Fourth Street, Suite C109     PO Box 881354
    Santa Ana, CA 9705                    Los Angeles, CA 90009
    Tel: 714-262-8378                     Tel: 310-985-1501

2.  The address of the principal place of trust administration pursuant to Probate Code Section 17002 is as follows:

    5774 Rodeo Road
    Los Angeles, CA 90016

3.  You are entitled, upon presenting a reasonable request to the Trustee, to receive from the Trustee a true and complete copy of the "Terms of the Trust," as that term is defined in Probate Code '16060.5. However, for your convenience and without the necessity of further request, the Trustee is providing you a copy of the Trust and a copy of the Will of Bobbye  J. Rives also dated November 30, 2011.

4.  YOU MAY NOT BRING AN ACTION TO CONTEST THE TRUST MORE THAN 120 DAYS FROM THE DATE OF THIS NOTIFICATION IS SERVED ON YOU OR 60 DAYS FROM THE DATE ON WHICH A COPY OF THE TERMS OF THE TRUST IS MAILED OR PERSONALLY DELIVERED TO YOU DURING THE 120-DAY PERIOD, WHICHEVER IS LATER.

Dated: September 19, 2014

BEVERLY MURRAY-CALCOTE, Co-Trustee

# BOBBYE J. RIVES TRUST

I, BOBBYE J. RIVES, sometimes referred herein as the "Trustor", a resident of San Diego County, California, hereby create the BOBBYE J. RIVES TRUST, declaring:

## I. TRUST PROPERTY.

1.1. <u>Trust Estate</u>:   Property subject to this instrument listed in Schedule "A" shall be referred to as the "Trust Estate" and shall be held, administered, and distributed in accordance with this Trust (herein referred to from time to time as the "Instrument" and/or the "Trust").   The Trustor may from time to time add to or transfer additional property to the Trust Estate.

1.2. <u>Encumbrances on Trust Estate</u>:   The Trust Estate subject to this Instrument, as transferred and delivered to Trustee, is and shall be subject to any and all liens, liabilities, debts, mortgages, hypothecations, pledges and encumbrances of any kind which may be in existence at the time of such transfer.

1.3. <u>Trust Name</u>:   This Trust shall be referred to as the "BOBBYE J. RIVES TRUST, dated November 30, 2011".

## II. PURPOSE, TRUSTEE AND FAMILY DECLARATIONS.

2.1. <u>Purposes of Trust</u>. The primary purposes of this Trust are to provide for Trustor's care and maintenance during her life; facilitate management of the Trust property in the event of her incapacity; and to facilitate transfer of the Trust property on Trustor's death.

2.2. <u>Trustee</u>.  BOBBYE J. RIVES is the initial trustee of this Trust.   If she is unwilling or unable to serve as Trustee as provided

herein then RALPH SANDERS and BEVERLY MURAY-CALCOTE shall serve as successor Co-Trustees.  In the event either RALPH SANDERS or BEVERLY MURAY-CALCOTE are unable or unwilling to so serve, then the other shall as Successor Trustee.  The Trustor may remove or designate alternate acting or Successor Trustees from time to time.  Under no circumstances shall Trustor's daughter serve as a Successor Trustee.

2.3.  <u>Personal Information</u>.   The Trustor has one (1) child, namely LARNITA ANN PETTE (born June 25, 1949).  Trustor is not married as of the making of this Trust, her husband having predeceased her.

## III.   DISTRIBUTION OF INCOME AND PRINCIPAL DURING LIFETIME OF TRUSTOR.

3.1.  <u>Payments to Trustor</u>:   During the lifetime of the Trustor, the Trustee shall pay to or apply for the benefit of Trustor the net income of the Trust Estate in monthly or more frequent installments. If the Trustee considers the net income insufficient, the Trustee shall pay to or for the account of the Trustor as much of the principal as is necessary in the Trustee's discretion for the Trustor's proper health, education, support, maintenance, comfort, and welfare, in accordance with her accustomed manner of living at the date of this Instrument.

3.2.  <u>Distribution at Direction of Trustor</u>:   During the lifetime of the Trustor, the Trustor may at any time direct a Trustee in writing to pay single sums or periodic payments out of the Trust Estate to any other person or organization.

## IV.    DIVISION AND ADMINISTRATION OF TRUST ESTATE AT TRUSTOR'S DEATH.

4.1. <u>Payment of Final Expenses</u>:    Upon the death of the Trustor, the Trustee shall pay, as soon as practicable, out of income or principal of the assets of the Trust Estate any part or all of the expenses of last illness, burial and debts of the Trustor, and all inheritance or estate taxes payable by reason of the Trustor's death (herein "Final Expenses"). The Final Expenses shall be allocated pro-rata against the proceeds from the sale of the residence as set forth in Section 4.2.2 and the remainder of the Trust Estate as set forth in 4.2.3.    Further any expenses related to the Trustor's residence or cost of sale of the same shall be paid from the proceeds of the sale of the residence.

4.2. <u>Division of Trust Estate</u>: After the Trustee has provided for and paid the Final Expenses, or has substantially accounted for such Final Expenses and provided for their payment by way of setting aside that amount required therefor, the Trustee shall distribute the assets of the Trust Estate (including both principal and any and all accrued and undistributed income) as follows:

4.2.1.    <u>Gifts of Tangible Personal Property</u>:    The Trustor leaves any vehicle that she may own to her Goddaughter, SHELLY SHARP JONES provided she survives the Trustor.  In addition, the Trustor may leave a "Gift List" which identifies specific gifts of tangible personal property and their recipients. The Trustor may also mark certain items of tangible personal property with a name or other identifying feature which the Trustee is to presume that the particular item is to be given to the person so identified. As soon as practical, the Trustee shall deliver the specific items identified in the Gift List or marked with a name to the identified recipient thereof, provided that the items are a part of or become a

3

part of the Trust Estate at the time of Trustor's death.   Any and all non-identified items of tangible personal property of Trustor which would otherwise typically be located within or about the Trustor's personal residence shall be given to the Disabled American Veterans charitable organization for its use in helping needy disabled United States Veterans in the San Diego County, California region.

4.2.2.   Proceeds from Sale of Principal Residence: The Trustee shall sell the Trustor's principal residence and any remaining proceeds after the payment of all debts and liens and expenses related to the same shall be divided into equal shares and distributed between the following beneficiaries who survive Trustor and if they fail to survive her then the specific gift shall lapse and augment the share of the beneficiaries set forth below in this Section:

    4.2.2.1.   ANNA LEE RIVES;
    4.2.2.2.   MARY JOE PULLEEN;
    4.2.2.3.   FRANCES HAYES;
    4.2.2.4.   LARNITA ANN PETTE; and,
    4.2.2.5.   RALPH SANDERS.

In the event the Trustor's residence is sold prior to the Trustor's death, the Trustee shall segregate the proceeds from the sale in separate accounts.   The proceeds shall be used for the benefit of the Trustor as provided in Section 3.1 above.   However on the Trustor's death the balance of these funds shall be distributed to the beneficiaries in this Section in the same manner as set forth above.

4.2.3.   Remainder of the Trust Estate: The entire remainder of the Trust Estate shall be distributed to Trustor's niece, BEVERLY MURAY-CALCOTE, or equally between her issue should

she predecease the Trustor but have living issue. Should she have no living issue then the remainder shall be divided in the manner as set forth in Section 4.2.2 above.

4.2.2.   <u>No Surviving Remainder Beneficiary</u>:  If there are no surviving remainder beneficiaries, the remainder  shall be distributed to the heirs of BOBBYE RIVES, determined as though she died intestate in the state of her domicile, as of the date of her demise.

## V. <u>POWERS OF THE TRUSTEE</u>.

5.1. <u>Powers of Trustee</u>:  All acts of any Trustee shall be within the limitations of the provisions of Chapter 2, Part 4, Division 9 of the California Probate Code commencing with Section 16200.

## VI.  <u>POWERS TO DIRECT, AMEND AND REVOKE</u>.

6.1. <u>Power to Direct Trustee</u>:  There is hereby reserved to the Trustor, during her lifetime, the right to direct the Trustee.  The Trustee shall incur no liability to Trustor or to any beneficiary of this Trust in following any direction of the Trustor.

6.2. <u>Commencement of Powers and Duties of Management</u>: Upon the resignation, death or event causing the removal of the Trustor as Trustee,  the Successor Trustee shall have and exercise full powers and duties of management of the Trust Estate.

6.3. <u>Trust Revocation</u>:  During the lifetime of the Trustor, this Trust may be revoked in whole or in part with respect to any property contained herein, by an instrument in writing signed by Trustor and delivered to the Trustee.

5

6.4. <u>Trust Amendment</u>:   The Trustor may amend any of the terms of this instrument at any time during her lifetime by an instrument in writing signed by the Trustor and delivered to the Trustee.

## VII.   GENERAL PROVISIONS.

7.1. <u>Mandatory Termination</u>:   Unless sooner terminated in accordance with other provisions of this instrument, all Trusts created under this instrument shall terminate twenty-one (21) years after the death of the last survivor of the Trustor or of the Trustor's issue living on the date of the death of the Trustor.  The principal and undistributed income of a terminated Trust shall be distributed to the then income beneficiaries of that Trust in the same proportion that the beneficiaries are entitled to receive income when the Trust terminates.  If at the time of such termination the rights to income are not fixed by the terms of the Trust, distribution under this clause shall be made, by right of representation, to the persons who are entitled or authorized, in the Trustee's discretion, to receive Trust payments.

7.2. <u>Spendthrift Clause</u>:   No interest in the principal or income of any Trust created under this instrument shall be anticipated, assigned, encumbered, or subjected to creditor's claim or legal process before actual receipt by the beneficiary.

7.3. <u>Governing Law</u>:   The validity of this Trust and the construction of its beneficial provisions shall be governed by the laws of the State of California in force from time to time.  This Paragraph shall apply regardless of any change of residence of the Trustee or any beneficiary, or the appointment or substitution of a Trustee residing or doing business in another state.

7.4. <u>No Contest Clause</u>:   In the event any beneficiary under this Trust shall, singly or in conjunction with any other person or persons contest in any court the validity of this Trust or of the deceased Trustor's last Will and shall seek to obtain an adjudication in any proceeding in any court that this Trust or any of its provisions or that such Will or any of its provisions are void, or seek otherwise to void, nullify, or set aside this Trust or any of its provisions, then the right of that person to take any interest given to him or her by this Trust shall be determined as it would have been determined had the person predeceased the execution of this Declaration of Trust without surviving issue.

VIII.     <u>PROVISIONS RELATING TO TRUSTEE</u>.

8.1. <u>Filling Trustee Vacancy</u>:   In the event that no successor Trustee is appointed pursuant to Section 2.2 above within sixty (60) days following the resignation, death or removal of the Trustee, then the beneficiaries named in this Trust may select a Trustee to so serve.   In the event no Successor Trustee is appointed, then a professional fiduciary, a state or federally regulated financial institution or an appropriate individual shall be appointed by court order to so act.

8.2. <u>No Bond Required</u>:   No bond shall be required of any person named in this instrument as Trustee, or of any person appointed as the Trustee in the manner specified here, for the faithful performance of his or her duties as Trustee.

8.3. <u>Removal and Replacement of Trustor/Trustee</u>. A Trustee shall be removed and replaced as follows:

8.3.1.     Removal of Trustor-Trustee.   The Trustor acting as Trustee shall cease to be a Trustee or Co-Trustee of this

trust if the Trustor is substantially unable to manage the financial affairs of the Trust or to resist fraud or undue influence.  Removal under this paragraph may be established by one of the following methods:

A.   RALPH SANDERS and BEVERLY MURPHY together shall have the power to determine that the Trustor is unable to act as Trustee, by written declarations under penalty of perjury, should they determine that she is substantially unable to manage the financial affairs of the Trust or to resist fraud or undue influence.

B.   Two (2) physicians authorized to practice medicine in the State of California or any other place in which the Trustee resides and who are unrelated to the Trustee by blood or marriage, issue written declarations under penalty of perjury to the effect that the Trustee is substantially unable to manage the financial affairs of the Trust or to resist fraud or undue influence. A person who is relying on the physicians' declaration, without actual knowledge that its representations are incorrect, is not liable to any persons for so acting; or,

C.   Any interested person who in good faith reasonably believes that the Trustee meets the above standard for removal and who petitions the Court for a removal order is not liable to any Trust beneficiary or to the Trustee for bringing the petition.

Nothing in this paragraph precludes the removed Trustor/Trustee from seeking a court determination that the Trustor/Trustee has capacity, but the Successor Trustee is entitled to exercise all powers of the Trustee unless or until the Successor Trustee's powers are limited by court order.

8

the Trust Estate, the matter shall be resolved through binding arbitration with either the American Arbitration Association, Judicate West or such other mutually acceptable arbitrator. The Trust Estate shall pay all fees and costs of the arbitration.

8.6.2.     Each Co-Trustee shall have the power to delegate to the other all or any of his or her powers as Co-Trustee during temporary vacations, or other times as that Co-Trustee deems necessary and appropriate. The power of delegation shall be exercised by delivery of written notice from one Co-Trustee specifying the powers so delegated. The delegation of powers shall terminate when the individual Co-Trustee delivers to the other notice that the delegation has terminated or upon the expiration of a time period as may be set forth in the original notice.

8.6.3.     If an individual Co-Trustee cannot participate in Trust activities because of illness, disability, conflict of interest, or any other reason, the other individual Co-Trustee shall, during an incapacity, make all decisions regarding the Trust Estate as though he or she were the sole Trustee. In determining the nonparticipating individual trustee's illness or disability, the Co-Trustee may rely on a certificate or other written statement from two licensed physicians who have examined the non-participant individual Co-Trustee. Absent a certificate or statement, the Co-Trustee shall petition the Court having jurisdiction over this Trust for authority to proceed as sole Trustee, under authority of this clause. The Co-Trustee acting as sole Trustee shall have no liability to any beneficiary of the Trust or to the individual Trustee as a result of any action taken under this clause.

Only one set of the pages constituting this document has been executed by the Trustor herein, and shall be deemed the original, even though physically produced by the use of automatic

10

8.3.2. <u>Removal of Trustee under California Law</u>.   Any Trustee, including the Trustor or Successor Trustee, may be removed in accordance with California law.

8.4. <u>Accounting</u>:   The Trustee shall have no obligation to render an accounting during the life of the Trustor (including during any period of incapacity) unless requested by the Trustor. All other accountings shall be in accordance with California law.

8.5. <u>Compensation</u>:   The Trustor shall not receive any compensation for her services performed as a Trustee under this Agreement. All Successor Trustees shall receive a reasonable fee for their services performed during the lifetime of the Trustor in a sum not to exceed $1,250 for each six month period for a Co-Trustee and $2,500 for any individual Trustee serving alone. After the death of the Trustor, the Trustees identified herein shall not receive a fee in as much as the Trustor has elected to include them as a beneficiary of a portion of the Trust estate.   Notwithstanding the foregoing, in the event the beneficial share to a Trustee is less then a sum equal to a fee of $1,250 for each six month period for a Co-Trustee and $2,500 for any individual Trustee serving alone after the death of the Trustor, the Trustee shall be entitled to a sum that would equal this permitted fee.   All Trustees   shall also be reimbursed for all expenses related to the administration of this Trust.

8.6. <u>Special Provisions for Successor Co-Trustees</u>   The following provisions apply to the Successor Co-Trustees:

8.6.1.   The Successor Co-Trustees shall act jointly with one another in their capacity as Successor Co-Trustees.   If, after consultation with each other, the Co-Trustees cannot agree regarding any matters affecting the administration or distribution of

9

printing or copying machines, if such document bears the original signature of the Trustor herein.

Executed at Encinitas, California, this 30th day of November, 2011.

*[signature]*

BOBBYE J. RIVES, Trustee

I certify that I have read the foregoing BOBBYE J. RIVES TRUST, and that it correctly states the terms and conditions under which the Trust Estate is to be held, managed, and disposed of by the Trustee. I approve the Trust in all particulars and request that the Trustee execute it.

*[signature]*

BOBBYE J. RIVES, Trustor

STATE OF CALIFORNIA      )
                                          )   ss.
COUNTY OF SAN DIEGO  )

On November 30, 2011, before me, Cynthia G. Griffith, a notary public, personally appeared BOBBYE J. RIVES who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*[signature]*
(Signature)                                                      (Seal)

CYNTHIA G. GRIFFITH
Commission # 1948425
Notary Public - California
San Diego County
My Comm. Expires Aug 28, 2015

11

## SCHEDULE "A"

## <u>TRUST ESTATE</u>

## SEPARATE PROPERTY OF TRUSTOR:

1.   Trustor's personal property pursuant to that certain Assignment of Personal Property dated November 30, 2011.

2.   Trustor's real property located at 363 Cerro Street, Encinitas, CA  92024.

3.

4.

5.

6.

7.

8.

9.

10.

(This Schedule A may be amended from time to time without amending the Trust)

# EXHIBIT 2

Larnita Pette
2588 El Camino Real, Suite F, #195
Carlsbad, CA 92008

12/20/2014

Russell Griffith
Law Offices of Rochelle & Griffith
1991 Village Parkway, Suite 105
Encinitas, CA 92024

Ralph Sanders
2321 E. Fourth Street, Suite 109
Santa Ana, CA 92705

Beverly Murray-Calcote
P.O. Box 881354
Los Angeles, CA 90009

RE: Beneficiary request for a complete accounting of the assets of the Bobbye J. Rives Trust

Dear Mr. Griffith, Ms. Murray-Calcote and Mr. Sanders:

On the evening of December 18, 2014, I was informed that the residence at 363 Cerro Street, Encinitas, CA 92024 was sold.

As a beneficiary of my mother's trust, I am, by this letter, formally requesting a complete accounting of the assets of the Bobbye J. Rives Trust.

Sincerely,

Larnita Pette
Beneficiary of The Bobbye J. Rives Trust

# EXHIBIT 3



WITHAM MAHONEY & ABBOTT

May 8, 2015

Russell E. Griffith, Esq.
Rochelle & Griffith
1991 Village Parkway, Suite 105
Encinitas, California 92024

     Re:    *The Bobbye J. Rives Trust dated November 30, 2011*

Dear Mr. Griffith:

I have been engaged by Larnita Pette. As I understand it, Ms. Pette is a beneficiary of the Bobbye
J. Rives Trust dated November 30, 2011 ("Trust"), and you are counsel for co-trustees of the Trust,
Ralph Sanders and Beverly Murray-Calcote.

Ms. Pette requested an accounting in writing via letter to you dated December 20, 2014. In your
January 5, 2015 response letter, you indicated that your clients were in the process of
determining debts and claims, preparing tax returns, and inventorying assets. You also indicated
an accounting would be forthcoming. Over four months have passed, and Ms. Pette has received
nothing.

Accordingly, Ms. Pette hereby reiterates her request for an inventory of the current assets of the
trust including market value of each, and an accounting of all disbursements and distributions
since Ms. Rives' death. If such an inventory and accounting are not provided to my office on or
before close of business Wednesday May 20, Ms. Pette will petition the court for relief.

Ms. Pette further requests that no further trust monies be expended on the administration until
such inventory and accounting is provided, other than the minimal fees necessary to prepare the
inventory and accounting. Ms. Pette is concerned about undue depletion of the trust, and thus
desires to take whatever measures are necessary to see to it that they are preserved.

Please contact me to discuss the status of the administration.

Sincerely,

Daniel W. Abbott, Esq.
WITHAM MAHONEY & ABBOTT, LLP

CHARLES B. WITHAM    MATTHEW M. MAHONEY    DANIEL W. ABBOTT    TAYLER J. MARSHALL    401 B STREET, SUITE 2220, SAN DIEGO, CA 92101
witham@wmalawfirm.com    mahoney@wmalawfirm.com    abbott@wmalawfirm.com    marshall@wmalawfirm.com    Phone: (619) 407-0505 | Fax: (619) 872-0711

# EXHIBIT 4

**BOBBYE J. RIVES TRUST**
**SUMMARY OF ACCOUNT**
**09/14/2014 - 11/30/2015**

### *CHARGES:*

| | | |
|---|---|---:|
| Beginning Assets (Schedule "A") | $ | 664,839.73 |
| Receipts (Schedule "B") | $ | 6,738.05 |
| **Total Charges** | **$** | **671,577.78** |

### *CREDITS:*

| | | |
|---|---|---:|
| Disbursements (Schedule "C") | $ | 87,083.11 |
| Distributions to Beneficiaries (Schedule "D") | $ | 514,899.83 |
| Ending Assets (Schedule "E") | $ | 69,594.84 |
| **Total Credits** | **$** | **671,577.78** |

Page 1 of 8

## SCHEDULE "A"
## BOBBYE J. RIVES TRUST
### Beginning Assets as of 09/14/02014

| Description | | Fiduciary Acquisition value as of 09/14/2014 |
|---|---|---|
| **Personal Property** | | |
| John/Bobbye Rives Personal Account ******3663 | $ | 71,169.00 |
| Met Life Policy #******2372 | $ | 12,770.73 |
| Monies found in house | $ | 900.00 |
| **Real Property** | | |
| 363 Cerro Street, Encinitas, CA 92024 | $ | 580,000.00 |
| **Total Beginning Assets:** | $ | 664,839.73 |

**SCHEDULE "B"**
**BOBBYE J. RIVES TRUST**
Receipts

| Description | Date | Principal | Income | Amount |
|---|---|---|---|---|
| Interest Payment | 09/30/2014 | | $ 0.65 | $ 0.65 |
| Interest Payment | 09/30/2014 | | $ 3.63 | $ 3.63 |
| Loan from Beverly Calcote | 10/08/2014 | $ 1,000.00 | $ - | $ 1,000.00 |
| Interest Payment | 10/24/2014 | | $ 0.50 | $ 0.50 |
| Interest Payment | 10/24/2014 | | $ 2.79 | $ 2.79 |
| Interest Payment | 10/31/2014 | | $ 1.62 | $ 1.62 |
| Interest Payment | 10/31/2014 | | $ 0.10 | $ 0.10 |
| Interest Payment | 11/28/2014 | | $ 0.05 | $ 0.05 |
| Interest Payment | 11/28/2014 | | $ 6.46 | $ 6.46 |
| Funds from sale of 633 Cerros | 12/17/2014 | $ 538,295.07 | | |
| *See* Escrow closing statement, attached hereto | | | | |
| Transfer from 5651 | 12/27/2014 | $ 5,673.28 | $ - | $ 5,673.28 |
| Interest Payment | 12/31/2014 | | $ 0.02 | $ 0.02 |
| Interest Payment | 12/31/2014 | | $ 6.73 | $ 6.73 |
| Interest Payment | 12/31/2014 | | $ 2.19 | $ 2.19 |
| Interest Payment | 01/30/2015 | | $ 0.02 | $ 0.02 |
| Interest Payment | 01/30/2015 | | $ 5.42 | $ 5.42 |
| Interest Payment | 01/30/2015 | | $ 4.39 | $ 4.39 |
| MetLife Policy Payout | 02/04/2015 | $ 12,770.73 | | |
| Interest earned on policy | 02/04/2015 | | $ 7.80 | $ 7.80 |
| Interest Payment | 02/28/2015 | | $ 1.96 | $ 1.96 |
| Interest Payment | 02/28/2015 | | $ 3.85 | $ 3.85 |
| Interest Payment | 03/31/2015 | | $ 3.96 | $ 3.96 |
| Interest Payment | 04/30/2015 | | $ 2.21 | $ 2.21 |
| Interest Payment | 05/31/2015 | | $ 1.91 | $ 1.91 |
| Interest Payment | 06/30/2015 | | $ 1.76 | $ 1.76 |
| Interest Payment | 07/31/2015 | | $ 1.76 | $ 1.76 |
| Interest Payment | 08/31/2015 | | $ 1.65 | $ 1.65 |
| Interest Payment | 09/30/2015 | | $ 1.45 | $ 1.45 |
| Interest Payment | 10/30/2015 | | $ 1.18 | $ 1.18 |
| Interest Payment | 11/30/2015 | | $ 0.71 | $ 0.71 |

**Total Receipts:**  $  6,738.05

## SCHEDULE "C"
## BOBBYE J. RIVES TRUST
### Disbursements

| Payee | Description | Date | Amount |
|---|---|---|---|
| Shonita Duggins | Cleaning | 10/10/2014 | $ 66.00 |
| Olivehain | Water Service | 10/11/2014 | $ 116.98 |
| AT&T | Phone Service | 10/20/2014 | $ 126.31 |
| AAA Financial | Bobbye Rives Credit Card | 10/20/2014 | $ 262.00 |
| EDCO | Garbage Service | 10/22/2014 | $ 25.66 |
| SDG&E | Gas and Electric Service | 10/23/2014 | $ 195.26 |
| Cox Communications | Cable Service | 10/24/2014 | $ 50.00 |
| Outside Services | Miscellaneous | 10/24/2014 | $ 298.88 |
| AT&T | Phone Service | 10/27/2014 | $ 50.00 |
| Protection One | Home Security | 10/28/2014 | $ 120.05 |
| Beverly Calcote | Repay loan to start account | 11/03/2014 | $ 1,000.00 |
| Amador Gardening | Gardening Service | 11/04/2014 | $ 120.00 |
| Lock Smith | Change Locks | 11/04/2014 | $ 110.44 |
| SDG&E | Gas and Electric Service | 11/07/2014 | $ 187.75 |
| Protection One | Water Conditioning | 11/07/2014 | $ 120.05 |
| San Diego County Assessor | Property Taxes | 11/07/2014 | $ 597.40 |
| Beverly Calcote | Devine Creation - Obituary | 11/13/2014 | $ 150.00 |
| AAA Financial | Bobbye Rives Credit Card | 11/28/2014 | $ 120.00 |
| Rayne Water Conditioning | Water Conditioning | 12/10/2014 | $ 32.25 |
| Exxon Mobile | Bobbye Rives Credit Card | 12/15/2014 | $ 293.48 |
| Wells Fargo | Wire Transfer Fee | 12/17/2014 | $ 15.00 |
| Metro Escrow North | Escrow Fees for Sale of 363 Cerros | 12/17/2014 | $ 41,704.93 |
| Joseph Calcote | House Cleaning & readying property for sale | 12/23/2014 | $ 2,000.00 |
| Beverly Madison | Funeral Costs | 12/29/2014 | $ 5,084.81 |
| Beverly Calcote | Partial repayment of home expenses advanced from residue | 12/29/2014 | $ 5,673.28 |
| San Diego County Assessor | Property Taxes | 01/09/2015 | $ 597.40 |
| Rochelle Griffith | Attorney | 01/16/2015 | $ 4,482.50 |
| EDCO | Garbage Service | 01/22/2015 | $ 49.55 |
| Beverly Calcote - Trustee | Mileage Reimbursement (9/15/14-1/7/15) | 01/22/2015 | $ 5,728.80 |
| AT&T | Phone Service | 01/23/2015 | $ 84.33 |
| Olivehain | Water Service | 01/23/2015 | $ 71.52 |
| Cox Communications | Cable Service | 01/26/2015 | $ 92.37 |
| Rayne Water Conditioning | Water Conditioning | 01/26/2015 | $ 32.25 |
| Amador Gardening | Gardening Service | 01/27/2015 | $ 120.00 |
| Amador Gardening | Gardening Service | 01/27/2015 | $ 120.00 |
| Home Depot | Hauling Service | 01/27/2015 | $ 180.00 |

## SCHEDULE "C"
## BOBBYE J. RIVES TRUST
### Disbursements

| Payee | Description | Date | Amount |
|-------|-------------|------|--------|
| Home Depot | Hauling Service | 01/27/2015 | $ 255.00 |
| Ralph Sanders - Trustee | Mileage Reimbursement (9/15/14-12/1/15) | 02/03/2015 | $ 1,760.64 |
| AAA Financial | Bobbye Rives Credit Card | 02/09/2015 | $ 5,005.83 |
| Shred All | Paper Shredding | 02/13/2015 | $ 21.00 |
| Sheri Madison | Aunt "B's" Hair - for Bobbye Rives | 02/18/2015 | $ 95.00 |
| Beverly Calcote - Trustee | Mileage Reimbursement (2/1/15-2/28/15) | 03/23/2015 | $ 400.40 |
| Beverly Calcote - Trustee | Mileage Reimbursement (1/7/15-1/31/15) | 03/25/2015 | $ 400.40 |
| H&R Block | 2014 Income Tax Return for Rives | 04/15/2015 | $ 164.00 |
| IRS | 2014 Income Tax Payment | 04/17/2015 | $ 493.00 |
| Edward & Jacinta Kirkman | Oversight of home after death | 04/17/2015 | $ 1,000.00 |
| Beverly Calcote - Trustee | Mileage Reimbursement (3/1/15-3/30/15) | 04/20/2015 | $ 400.40 |
| Shred All | Paper Shredding | 04/21/2015 | $ 20.00 |
| Rochelle Griffith | Attorney | 05/28/2015 | $ 2,860.00 |
| Ralph Sanders - Trustee | Mileage Reimbursement (8/1/15-8/13/15) | 08/17/2015 | $ 1,090.93 |
| Beverly Calcote - Trustee | Mileage Reimbursement (7/1/15-7/30/15) | 08/20/2015 | $ 80.00 |
| Beverly Calcote - Trustee | Mileage Reimbursement (7/1/15-7/30/15) | 08/20/2015 | $ 80.00 |
| San Diego County Assessor | Property Taxes | 10/29/2015 | $ 1,377.26 |
| Albence & Associates | Trust Administration Retainer | 11/19/2015 | $ 1,500.00 |

**Total Disbursements:** $ 87,083.11

## SCHEDULE "D"
### BOBBYE J. RIVES TRUST
#### Distributions to Beneficiaries

| Payee | Description | Date | | Amount |
|-------|-------------|------|---|--------|
| Ralph Sanders | Distribution | 12/24/2014 | $ | 4,000.00 |
| Ralph Sanders | Distribution | 01/15/2015 | $ | 900.00 |
| Ralph Sanders | Distribution | 02/12/2015 | $ | 2,500.00 |
| Ralph Sanders | Distribution | 02/12/2015 | $ | 2,500.00 |
| Ralph Sanders | Distribution | 03/10/2015 | $ | 2,500.00 |
| Ralph Sanders | Distribution | 03/04/2015 | $ | 2,500.00 |
| Ralph Sanders | Distribution | 02/18/2015 | $ | 16,375.00 |
| Ralph Sanders | Distribution | 03/23/2015 | $ | 2,500.00 |
| Ralph Sanders | Distribution | 03/23/2015 | $ | 2,500.00 |
| Ralph Sanders | Distribution | 04/10/2015 | $ | 2,500.00 |
| Ralph Sanders | Distribution | 04/27/2015 | $ | 2,500.00 |
| Ralph Sanders | Distribution | 05/28/2015 | $ | 2,500.00 |
| Ralph Sanders | Distribution | 05/28/2015 | $ | 2,500.00 |
| Ralph Sanders | Distribution | 07/08/2015 | $ | 10,000.00 |
| Ralph Sanders | Distribution | 08/17/2015 | $ | 20,000.00 |
| Ralph Sanders | Distribution | 08/31/2015 | $ | 5,000.00 |
| Ralph Sanders | Distribution | 10/08/2015 | $ | 5,000.00 |
| Ralph Sanders | Distribution | 10/19/2015 | $ | 3,750.00 |
| | | **Ralph Sanders Subtotal:** | **$** | **90,025.00** |
| | | | | |
| Mary Pulleen | Distribution | 04/16/2015 | $ | 60,000.00 |
| Mary Pulleen | Distribution | 09/01/2015 | $ | 25,000.00 |
| | | **Mary Pulleen Subtotal:** | **$** | **85,000.00** |
| | | | | |
| Frances Rives Hayes | Distribution | 04/01/2015 | $ | 60,000.00 |
| Frances Rives Hayes | Distribution | 10/13/2015 | $ | 25,000.00 |
| | | **Frances Rives Hayes Subtotal:** | **$** | **85,000.00** |
| | | | | |
| Anna Rives | Distribution | 04/06/2015 | $ | 60,000.00 |
| Anna Rives | Distribution | 10/20/2015 | $ | 25,000.00 |
| | | **Anna Rives Subtotal:** | **$** | **85,000.00** |
| | | | | |
| Larnita Pette | Distribution | 03/31/2015 | $ | 60,000.00 |
| Larnita Pette | Distribution | 11/20/2015 | $ | 25,000.00 |
| | | **Larnita Pette Subtotal:** | **$** | **85,000.00** |

### SCHEDULE "D"
### BOBBYE J. RIVES TRUST
#### Distributions to Beneficiaries

| Payee | Description | Date | Amount |
|-------|-------------|------|--------|
| Beverly Calcote | Distribution | 02/12/2015 | $ 84,874.83 |
| | **Beverly Calcote Subtotal:** | | **$ 84,874.83** |
| | **Total Distributions to Beneficiaries:** | | **$ 514,899.83** |

### SCHEDULE "E"
### BOBBYE J. RIVES TRUST
#### Property on Hand at Close of Account as of 11/30/15

| Description | | Market Value | | Fiduciary Acquisition Value |
|---|---|---|---|---|
| Bobbye J Rives Trust Checking Account ******5651 | $ | 69,594.84 | $ | 69,594.84 |
| Total Ending Assets: | $ | 69,594.84 | $ | 69,594.84 |

# EXHIBIT 5



6005 Hidden Valley Road, Suite 200
Carlsbad, CA 92011
Tel: (760) 496-3934
Fax: (760) 683-6974

The Bobbye J. Rives Trust, dated November 30, 2011                        Date: December 17, 2014
P.O. Box 881354                                                          Escrow No.: **5068-TC**
Los Angeles, CA 90009

RE: Property Address:   363 Cerro Street, Encinitas, CA 92024

Dear **The Bobbye J. Rives Trust, dated November 30, 2011:**

We are pleased to inform you that the above referenced escrow was closed on **December 16, 2014** and we enclose
the following for your records:

> Funds wired in the amount of **$538,295.07** representing your proceeds.
> Final HUD-I and Closing Statement.

Any documents to which you are entitled will be forwarded to you directly from the appropriate governing party.

We hope this transaction has been handled to your satisfaction, and that we may be of service to you again should
you have the need for escrow services in the future.

Metro Escrow North County

Theresa Cook

TC

**METRO ESCROW NORTH COUNTY**
8005 Hidden Valley Road, Suite 200
Carlsbad CA 92011
Tel: (760) 496-3934 • Fax: (760) 683-6974

**SELLER'S CLOSING STATEMENT**
Final

| | |
|---|---|
| Escrow Number: 5068-TC | |
| Escrow Officer: Therese Cook | |

| | |
|---|---|
| Title Order Number: 4766837 | |
| Date: 12/17/2014 -11:06:32AM | |
| Closing Date: 12/16/2014 | |

Buyer/Borrower: Bruno Gherardi and Marie-Noelle Gherardi

Seller: The Bobbye J. Rives Trust, dated November 30, 2011

Property: 363 Cerro Street, Encinitas, CA 92024

| DESCRIPTION | CHARGES | CREDITS |
|---|---|---|
| TOTAL CONSIDERATION | | 580,000.00 |
| PRORATIONS/ADJUSTMENTS: | | |
| Property Tax @ 597.40 per 6 month(s) 12/16/2014 to 1/01/2015 | | 49.78 |
| Offset credit for Owners Policy | 1,602.00 | |
| Offset credit for Documentary Transfer Tax | 638.00 | |
| COMMISSION(S): | | |
| Listing Broker: Saxxon & Associates, Inc. | 20,300.00 | |
| Selling Broker: Keller Williams Carlsbad | 17,400.00 | |
| TITLE CHARGES | | |
| Wire/Express: First American Title | 14.71 | |
| ESCROW CHARGES TO: Metro Escrow North County | | |
| Escrow Fee | 1,700.00 | |
| Wire/Express | 50.00 | |
| Messenger Fee | 50.00 | |
| TAXES: | | |
| Property Tax to: San Diego County Tax Collector 1st Half 2014-2015 POC $597.40 | | |
| BALANCE DUE YOU | 538,295.07 | |
| TOTALS | 580,049.78 | 580,049.78 |

THIS IS A FINAL CLOSING STATEMENT

✿ OMB No. 2502-0265

**FINAL**
**A. SETTLEMENT STATEMENT (HUD-1)**

METRO ESCROW
North County
6005 Hidden Valley Road, Suite 200
Carlsbad, CA 92011
Tel: (760) 496-3934
Fax: (760) 496-3937

| B. | TYPE | OF | LOAN |
|---|---|---|---|
| 1. ☐ FHA | 2. ☐ RHS | 3. ☒ CONV. UNINS. | |
| 4. ☐ VA | 5. ☐ CONV. INS. | | |
| 6. FILE NUMBER: 5068-TC | | 7. LOAN NUMBER 3814110149 | |
| 8. MORTGAGE INS. CASE NO.: | | | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| | |
|---|---|
| D. NAME & ADDRESS OF BORROWER: | Bruno Gherardi and Marie-Noelle Gherardi 363 Cerro Street, Encinitas, CA 92024 |
| E. NAME & ADDRESS OF SELLER: | The Bobbyo J. Rives Trust, dated November 30, 2011 P.O. Box 881354, Los Angeles, CA 90009 |
| F. NAME & ADDRESS OF LENDER: | Plaza Home Mortgage, Inc. 4820 Eastgate Mall, Suite 110, San Diego, CA 92121 |
| G. PROPERTY LOCATION: | 363 Cerro Street, Encinitas, CA 92024 |
| H. SETTLEMENT AGENT: | Metro Escrow North County |
| PLACE OF SETTLEMENT: | 6005 Hidden Valley Road, Suite 200, Carlsbad, CA 92011 (760) 496-3934 |
| I. SETTLEMENT DATE: 12/16/2014 | DISBURSEMENT DATE: 12/17/2014 |

| J. Summary of Borrower's Transaction | | | K. Summary of Seller's Transaction | | |
|---|---|---|---|---|---|
| **100. Gross Amount Due From Borrower:** | | | **400. Gross Amount Due To Seller:** | | |
| 101. Contract sales price | | | 401. Contract sales price | | 580,000.00 |
| 102. Personal property | | | 402. Personal property | | |
| 103. Settlement charges to borrower: (line 1400) | | | 403. | | |
| 104. | | | 404. | | |
| 105. | | | 405. | | |
| | | | | | |
| | | | | | |
| | | | | | |
| **Adjustments For Items Paid By Seller In Advance:** | | | **Adjustments For Items Paid By Seller In Advance:** | | |
| 106. City/town taxes | to | | 406. City/town taxes | to | |
| 107. County taxes | to | | 407. County taxes | 12/16/14 to 01/01/15 | 49.78 |
| 108. Assessments | to | | 408. Assessments | to | |
| 109. | | | 409. | | |
| 110. | | | 410. | | |
| 111. | | | 411. | | |
| 112. | | | 412. | | |
| 113. | | | 413. | | |
| 114. | | | 414. | | |
| 115. | | | 415. | | |
| 116. | | | 416. | | |
| **120. Gross Amount Due From Borrower:** | | | **420. Gross Amount Due To Seller:** | | 580,049.78 |
| **200. Amounts Paid By Or In Behalf Of Borrower:** | | | **500. Reductions In Amount Due To Seller:** | | |
| 201. Deposit or earnest money | | | 501. Excess deposit (see instructions) | | |
| 202. Principal amount of new loan(s) | | | 502. Settlement charges to seller (line 1400) | | 39,514.71 |
| 203. Existing loan(s) taken subject to | | | 503. Existing loan(s) taken subject to | | |
| 204. | | | 504. Payoff 1st Mtg. Ln. | | |
| 205. | | | 505. Payoff 2nd Mtg. Ln. | | |
| 206. | | | 506. | | |
| 207. | | | 507. | | |
| 208. | | | 508. | | |
| 209. | | | 509. | | |
| | | | | | |
| **Adjustments For Items Unpaid By Seller:** | | | **Adjustments For Items Unpaid By Seller:** | | |
| 210. City/town taxes | to | | 510. City/town taxes | to | |
| 211. County taxes | to | | 511. County taxes | to | |
| 212. Assessments | to | | 512. Assessments | to | |
| 213. | | | 513. Offset credit for Owners Policy | | 1,602.00 |
| 214. | | | 514. Offset credit for Documentary Transfer Tax | | 638.00 |
| 215. | | | 515. | | |
| 216. | | | 516. | | |
| 217. | | | 517. | | |
| 218. | | | 518. | | |
| 219. | | | 519. | | |
| **220. Total Paid By/For Borrower:** | | | **520. Total Reductions In Amount Due Seller:** | | 41,754.71 |
| **300. Cash At Settlement From/To Borrower:** | | | **600. Cash At Settlement From/To Seller:** | | |
| 301. Gross amount due from borrower (line 120) | | | 601. Gross amount due to seller (line 420) | | 580,049.78 |
| 302. Less amount paid by/for borrower (line 220) | | | 602. Less reductions in amount due seller (line 520) | | 41,754.71 |
| **303. Cash (☐ FROM) (☐ TO) Borrower:** | | 0.00 | **603. Cash (☒ TO) (☐ FROM) Seller:** | | 538,295.07 |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.
BE ADVISED OF THE FOLLOWING: POCB -- Refers to Items Paid Outside Closing by Borrower; POCS -- Refers to Items Paid Outside Closing by Seller; POCL -- Refers to Items Paid Outside Closing by Lender; POCMB -- Refers to Items Paid Outside Closing by Mortgage Broker

Previous editions are obsolete     Page 1 of 3     HUD-1

| L. SETTLEMENT CHARGES Escrow: 5068-TC | | Paid From Borrower's Funds At Settlement | Paid From Seller's Funds At Settlement |
|---|---|---|---|
| 700. Total Real Estate Broker Fees | | | |
| Division of Commission (line 700) As Follows: | | | |
| 701. $ 20,300.00 to Saxton & Associates, Inc | | | |
| 702. $ 17,400.00 to Keller Williams Carlsbad | | | |
| 703. Commission paid at settlement | | | 37,700.00 |
| 704. | | | |
| 800. Items Payable In Connection With Loan: | | | |
| 801. Our origination charge | (from GFE #1) | | |
| 802. Your credit or charge (points) for the specific interest rate chosen | (from GFE #2) | | |
| 803. Your adjusted origination charges | (from GFE A) | | |
| 804. Appraisal fee to | (from GFE #3) | | |
| 805. Credit report to | (from GFE #3) | | |
| 806. Tax service to | (from GFE #3) | | |
| 807. Flood certification to | (from GFE #3) | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| 812. | | | |
| 813. | | | |
| 814. | | | |
| 815. | | | |
| 816. | | | |
| 817. | | | |
| 818. | | | |
| 819. | | | |
| 900. Items Required By Lender To Be Paid In Advance: | | | |
| 901. Daily interest charges from to @ $ /day (0 days) | (from GFE #10) | | |
| 902. Mortgage insurance premium for mo. to | (from GFE #3) | | |
| 903. Homeowner's insurance for yrs. to | (from GFE #11) | | |
| 904. Flood insurance premium for yrs. to | | | |
| 905. | | | |
| 906. | | | |
| 1000. Reserves Deposited With Lender: | | | |
| 1001. Initial deposit for your escrow account | (from GFE #9) | | |
| 1002. Homeowner's insurance 0 months @ $ 0.00 per month | | | |
| 1003. Mortgage insurance 0 months @ $ 0.00 per month | | | |
| 1004. City property taxes 0 months @ $ 0.00 per month | | | |
| 1005. County property taxes 0 months @ $ 0.00 per month | | | |
| 1006. Annual assessments 0 months @ $ 0.00 per month | | | |
| 1007. Flood insurance 0 months @ $ 0.00 per month | | | |
| 1008. 0 months @ $ 0.00 per month | | | |
| 1009. Aggregate Adjustment | | | |
| 1010. | | | |
| 1100. Title Charges | | | |
| 1101. Title services and lender's title insurance | (from GFE #4) | | |
| 1102. Settlement or closing fee to Metro Escrow North County | | | 1,700.00 |
| 1103. Owner's title insurance | (from GFE #5) | | |
| 1104. Lender's title insurance | | | |
| 1105. Lender's title policy limit $ | | | |
| 1106. Owner's title policy limit $ | | | |
| 1107. Agent's portion of the total title insurance premium | | | |
| 1108. Underwriter's portion of the total title insurance premium | | | |
| 1109. Wire/Escrow to First American Title | | | 14.71 |
| 1110. Wire/Escrow to Metro Escrow North County | | | 50.00 |
| 1111. Messenger Fee to Metro Escrow North County | | | 50.00 |
| 1112. | | | |
| 1113. | | | |
| 1114. | | | |
| 1200. Government Recording and Transfer Charges: | | | |
| 1201. Government recording charges | (from GFE #7) | | |
| 1202. Deed $ 0.00 Mortgage $ 0.00 Releases $ 0.00 | | | |
| 1203. Transfer taxes | (from GFE #8) | | |
| 1204. City/County tax/stamps Deed $ 0.00 Mortgage $ 0.00 | | | |
| 1205. State tax/stamps Deed $ 0.00 Mortgage $ 0.00 | | | |
| 1206. | | | |
| 1207. | | | |
| 1300. Additional Settlement Charges: | | | |
| 1301. Required services that you can shop for | (from GFE #6) | | |
| 1302. Property Tax to San Diego County Tax Collector POCS $597.40 | | | |
| 1303. | | | |
| 1304. | | | |
| 1305. | | | |
| 1306. | | | |
| 1307. | | | |
| 1400. Total Settlement Charges (Enter on line 103, Section J, and line 502, Section K) | | | 39,514.71 |

BE ADVISED OF THE FOLLOWING: POCS -- Refers to Items Paid Outside Closing by Borrower;  POCS -- Refers to Items Paid Outside Closing by Seller; POCL -- Refers to Items Paid Outside Closing by Lender; POCMB -- Refers to Items Paid Outside Closing by Mortgage Broker

**SELLER'S AND/OR BORROWER'S STATEMENT**          Escrow:   5068-TC

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrowers/Purchasers                                    Sellers

                                                        The Bobbye J. Rives Trust, dated
                                                        November 30, 2011

                                                        By:_____
                                                            Beverly Murray Calcote, Successor

                                                        Trustee

                                                        By:_____
                                                            Ralph Sanders, Successor Trustee

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent:_____          Date: _____
        Therese Cook, Metro Escrow North County

**WARNING:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

Daniel W. Abbott, Esq., SBN 218334
Stephen D. Blea, Esq., SBN 294339
WITHAM MAHONEY & ABBOTT, LLP
401 B Street, Suite 2220
San Diego, California 92101
Telephone (619) 407-0505
E-Mail: abbott@wmalawfirm.com

Attorneys for Larnita Ann Pette,
Petitioner

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ORANGE

## CENTRAL JUSTICE CENTER

| | |
|---|---|
| In The Matter of: | Case No. _____ |
| THE BOBBYE J. RIVES TRUST dated November 30, 2011 | [ROA # _____] |
| | **NOTICE OF LODGMENT OF DOCUMENTS IN SUPPORT OF LARNITA PETTE'S PETITION TO REMOVE RALPH SANDERS AND BEVERLY MURRAY-CALCOTE AS TRUSTEES, ET AL.** |
| | Date: _____ |
| | Time: _____ |
| | Dept.: _____ |
| | Judge: _____ |

Petitioner, Larnita Ann Pette ("Petitioner"), as a beneficiary of The Bobbye J. Rives Trust dated

November 30, 2011 ("Trust"), hereby lodges the following documents in support of her *Petition for*

*Order (1) Removing RALPH SANDERS & BEVERLY MURRAY–CALCOTE As Trustees; (2)*

*Surcharging RALPH SANDERS & BEVERLY MURRAY–CALCOTE; (3) Denying Trustee*

*Compensation To RALPH SANDERS & BEVERLY MURRAY–CALCOTE; (4) Instructing Co-Trustees*

*To Produce Further Information & Accountings; (5) Instructing Co-Trustees to Distribute Assets of the*

*Trust; (6) Enjoining RALPH SANDERS & BEVERLY MURRAY–CALCOTE From Further Acts as*

1

NOTICE OF LODGMENT IN SUPPORT OF PETITION TO REMOVE TRUSTEES, ET AL.

*Trustees; (7) Prohibiting Use of Trust Assets to Pay Legal Expenses to Oppose Petition; (8) Appointing*

*an Interim Trustee; and (9) Appointing a Successor Trustee:*

| Exhibit | Document |
|---------|----------|
| 1 | The Bobbye J. Rives Trust, dated November 30, 2011 |
| 2 | Petitioner Larnita Pette's Letter to Co-Trustees Requesting Accounting, dated December 20, 2014 |
| 3 | Petitioner Larnita Pette's Letter to Russell Griffith, dated May 8, 2015 |
| 4 | Accounting of the Bobbye J. Rives Trust |
| 5 | Seller's Closing Escrow Statement |

Dated: July 13, 2016                    WITHAM MAHONEY & ABBOTT, LLP

By: _____
                    Daniel W. Abbott, Esq.
                    Stephen D. Blea, Esq.
                    Attorneys for Larnita Ann Pette

2

# EXHIBIT 1