ORIGINAL

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| RALPH SANDERS<br>1251 W BISHOP ST<br>SANTA ANA, CA 92703<br><br><br><br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | **FILED**<br>**OCT 29 2018**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____Deputy Clerk |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - **SELECT DIVISION**

| In re:<br>RALPH SANDERS<br><br><br><br>Debtor(s). | CASE NO.:      8:17 AP-10265-MW<br><br>ADVERSARY NO.: 8:17-AP-04068-MW<br><br>CHAPTER:     7 |
|---|---|

| LARNITA PETTE<br><br>                                        Plaintiff(s).<br><br>                    vs.<br><br><br>RALPH SANDERS<br><br><br>                                        Defendant(s). | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]** |
| | DATE:<br>TIME:<br>COURTROOM:   JUDGE MARK WALLACE<br>ADDRESS:          411 W FOURTH ST.<br>                            SANTA ANA, CA 92701 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

## A. <u>PLEADINGS/SERVICE:</u>

1.  Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?    ☒ Yes    ☐ No

2.  Have all parties filed and served answers to the Claims Documents?    ☒ Yes    ☐ No

3.  Have all motions addressed to the Claims Documents been resolved?    ☒ Yes    ☐ No

4.  Have counsel met and conferred in compliance with LBR 7026-1?    ☐ Yes    ☒ No

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    Page 1                                    **F 7016-1.STATUS.REPORT**

5.  If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):

    DECLARATION (attachment 1)
    PLAINTIFFS MEET AND CONFER (attachment 2)
    PLAINTIFFS UNDIISPUTED FACTS (attachment 3)
    DEFENDANTS PRE TRIAL CONFERENCE MEET AND CONFER (attachment 4)

## B.  <u>READINESS FOR TRIAL</u>:

1.  When will you be ready for trial in this case?
        <u>Plaintiff</u>                  <u>Defendant</u>

                  4 MONTHS

2.  If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.
        <u>Plaintiff</u>                  <u>Defendant</u>

3.  When do you expect to complete <u>your</u> discovery efforts?
        <u>Plaintiff</u>                  <u>Defendant</u>

                  2 MONTHS

4.  What additional discovery do you require to prepare for trial?
        <u>Plaintiff</u>                  <u>Defendant</u>

## C.  <u>TRIAL TIME</u>:

1.  What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?
        <u>Plaintiff</u>                  <u>Defendant</u>

                  2 DAYS

2.  How many witnesses do you intend to call at trial (*including opposing parties*)?
        <u>Plaintiff</u>                  <u>Defendant</u>

                  5 WITNESSES

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3. How many exhibits do you anticipate using at trial?

|Plaintiff|Defendant|
|---|---|
| |18 EXHIBITS|

## D. PRETRIAL CONFERENCE:

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court. [See LBR 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

**Plaintiff**
Pretrial conference ☐ is ☐ is not requested
Reasons:

**Defendant**
Pretrial conference ☒ is ☐ is not requested
Reasons:
PLEASE SEE ATTACHMENT 6

**Plaintiff**
Pretrial conference should be set after:

(date) _____

**Defendant**
Pretrial conference should be set after:

(date) 11/14/2018

## E. SETTLEMENT:

1. What is the status of settlement efforts?
THE DEFENDANT BELIEVES THAT THE PLAINTIFF WOULD NOT LIKE TO SETTLE OR DISMISS THIS COMPLAINT.

2. Has this dispute been formally mediated?    ☐ Yes    ☒ No
If so, when?
PLEASE SEE ATTACHMENT 6

3. Do you want this matter sent to mediation at this time?

**Plaintiff**
☐ Yes    ☐ No

**Defendant**
☒ Yes    ☐ No

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                                    Page 3                          F 7016-1.STATUS.REPORT

F.  **FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below.  Failure to select either box below may be deemed consent.

Plaintiff | Defendant
--- | ---
☐ I do consent | ☒ I do consent
☐ I do not consent | ☐ I do not consent
to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding. | to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.

G.  **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

SUMMARY (attachment 6)
 NATURE OF CASE
 PLANTIFFS UNCLEAN HANDS

Respectfully submitted,

Date: _____

Date: 10-29-18

_____
Printed name of law firm

_____
Printed name of law firm

_____
Signature

_____
Signature

_____
Printed name

RALPH SANDERS
_____
Printed name

Attorney for: _____

Attorney for: _____

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                    Page 4                    **F 7016-1.STATUS.REPORT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **JOINT STATUS REPORT [LBR 7016-1(a)(2)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 10-29-18, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

JUDGE MARK WALLACE
6C 411 FOURTH ST
SANTA ANA, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10-29-2018 | CINDY FARMER | *Cindy Farmer* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Attachnent 1

DECLARATION

8/11/18

PLAINTIFF AND DEFENDANT AGREE TO MEET AND CONFER ON 10/20/18.

8/20/18

DEFENDANT CALLS THE PLAINTIFF WHO DOES NOT ANSWER OR CALL BACK STATING THAT HER EMAIL ON THE 11TH, "THIS EMAILS ATISFIES THE STATUE OBLIGATION TO MEET AND CONFER."

8/21/14

DEFENDANT EMAILS PRE TRIAL CONFERENCE TO THE PALINTIFF WHICH INCLUDES:

NATURE OF CASE, ADMITTED FACTS, UNLITIGATED FACTS, WITNESS LIST, EXIBITS LIST, SUMMARY.

8/24/18

PLAINIFF EMAILS TO THE DEFENDANT A PRETRIAL STIPULATION LIST WHICH DOES NOT MEET REQUIREMENTS;

- 3 WITNESSES ARE LISTED WITH NO PURPOSE OF THEIR TESTIMONY.
- TWO OF THE THREE WITNESS HAVE NO ADDRESS OR PHONE NUMBER LISTED.
- NO DISPUTED FACTS TO BE LITIGATED
- DEFENDANT DISPUTES THE PLAINTIFF'S UNDISCLOSED FACTS #'S 22,23,39,40,41, 42,47,48,49. ARE NOT RELATED TO THE DEFENDANTS BANKRUPTCY.   THESE ARE EVICTIONS FROM THE ROBBIE BOBBYE HOUSING PROGRAM THAT THE DEFENDANT MANAGES.
- NO LIST OF NUMBERED EXHIBITS.  EXHIBITS ARRIVE ON 10/28

PLAINTIFF HAS NOT OFFERED A JOINT STATUS REPORT TO THE DEFENDANT TO REVIEW 7 DAYS PRIOR TO THE FILING OF THE JOINT STATUS REPORT FILING DATE.  AS OF 10/28, THE PLAINTIFF HAS STILL NOT OFFERED A JOINT STATUS REPORT TO THE DEFENDANT TO REVIEW.

8/28/18

DEFENDANT SUBMITS A STATUS REPORT PRIOR TO 14 DAYS OF THE PRE TRIAL CONFERENCE.

M Gmail                                                  Larnita Pette <larnita.pette@gmail.com>

## Pretrial Conference - Meet and Confer
4 messages

---

**Larnita Pette** <larnita.pette@gmail.com>                        Wed, Oct 10, 2018 at 11:54 AM
To: ralph sanders <resanders16@yahoo.com>

Mr. Sanders,

Per the court's instructions, I would like to "Meet and Confer" with you regarding the pretrial conference and pretrial
stipulation.

Having the "Meet and Confer" via a telephone call on Friday, October 13, 2018, at a time that is convenient for you, works
best for me.

Let me know if this works for you.

Sincerely,

Larnita Pette
larnita.pette@gmail.com
(707) 853-2049

---

**Larnita Pette** <larnita.pette@gmail.com>                        Wed, Oct 10, 2018 at 1:35 PM
To: ralph sanders <resanders16@yahoo.com>

Correction for Meet and Confer date is <u>Friday, October 12, 2018</u>...
[Quoted text hidden]

---

**ralph sanders** <resanders16@yahoo.com>                          Wed, Oct 10, 2018 at 9:57 PM
Reply-To: ralph sanders <resanders16@yahoo.com>
To: Larnita Pette <larnita.pette@gmail.com>

Hello Ms Pette,
Sorry but not ready to talk  this Friday on less than two day notice.  I am preparing for cataract surgery this Monday the
15th.  Saturday the 20th is much better for me.
Sincerely,
Ralph E Sanders
[Quoted text hidden]

---

**Larnita Pette** <larnita.pette@gmail.com>                        Thu, Oct 11, 2018 at 11:17 AM
To: ralph sanders <resanders16@yahoo.com>

Mr. Sanders,

My purpose in talking to you tomorrow in a Meet and Confer conversation is for both of us to get a clear understanding of
our obligations to each other and the court in preparation for the upcoming November pretrial conference. I don't expect
the conversation to last more than 15 minutes, especially if we stick to a review of LBR 7016. However, those meet and
confer obligations can be accomplished with this email.

I am also working under certain scheduling constraints this month due to the fact that my cancer treatment requires
multiple doctors' appointments, follow-up diagnostic tests, infusion treatments and classes. Therefore, delaying the Meet
and Confer to October 20, 2018 is not practical for me nor within the timelines provided by the statute.

If you still feel that a conversation tomorrow will interfere with your preparation for your cataract surgery, this email
satisfies the statue obligation to Meet and Confer.

Based on your availability of October 20, 2018, my expectation is that on October 20, 2018 both of us should be prepared to state, exchange and finalize:

- Issues of Facts that remain to be litigated;

- Issues of Law that remain to be litigated;

- Exchange a list of and copies of exhibits intended to be offered at trial by each party;

- Exchange a list of witnesses to be called at trial, including witnesses addresses and a summary of their proposed testimony;

- Any anticipated motions.

The pretrial stipulation will be based on the outcome of our October 20, 2018 conversation.

If you have any questions, want to talk tomorrow, or at any time before October 20, 2018, send me an email. Again, this email constitutes our obligation to meet and confer. (LBR 7016.1)

Sincerely,

Larnita Pette
larnita.pette@gmail.com
**(707) 853-2049**

[Quoted text hidden]

ATTACHMENT 3

Pretrial Stipulations                                    10/23/18

| **Undisputed Facts** | **Evidence /Law/Exhibits** |
|---|---|
| 1. Defendant admits that this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. 1334, 11 U.S.C. 523(a)(b) and 11 U.S.C. 727(a)(4)(A)(B) | 1. 8:17-ap-01068, Docket # |
| 2. Defendant admits venue is proper in this judicial district pursuant to 28 U.S.C. sec 1409 | 2. 8:17-ap-01068, Docket # |
| 3. Defendant admihs that he filed for a Chapter 7 Bankruptcy Petition on January 25, 2017, Case No. 8:17-bk-10265-MW. Weneeta Kosmala was appointed as the Chapter 7 Trustee. US attorney Queenie Ng was assigned to the case on March 23, 2017. | 3. 8:17-ap-01068, Docket # |
| 4. On May 8, 2015, a lawsuit, 37-2015-0015654 was filed against the Defendant by the Plaintiff in the Superior Court of San Diego County. The lawsuit is stayed pending the outcome of the instant bankruptcy proceeding. | 4. 37-2015-0015654, ROA #1 |
| 5. On February 19, 2016, Judge Joan Lewis scheduled Trial Readiness Conference scheduled for 9/23/16, Jury Trial scheduled for 10/7/16 | 5. 37-2015-0015654, ROA #37-38 |
| 6. On February 23, 2016, the Defendant requested a Motion to Quash hearing which was scheduled for 3/3/2016. | 6. 37-2015-0015654, ROA #41 |
| 7. On February 23, 2016, a SLAPP/SLAPPback Motion hearing was scheduled by the defendant for 9/02/2016. | 7. 37-2015-0015654, ROA #42 |
| 8. On February 24, 2016, a Notice of Motion and Supporting Declarations was filed by Sanders, Ralph; Murray-Calcote, Beverly and all discovery was stayed pending the outcome of the motion. | 8. 37-2015-0015654, ROA #43 |

Pretrial Stipulations                                                    10/23/18

| | |
|---|---|
| 9. Defendant and Co-defendant file an Association of Attorney and declaration by Louis Ventura to litigate the SLAPP/SLAPPback motion | 9. Exhibit # |
| 10. On 3/3/2016 hearing The SLAPP/SLAPPback motion was continued to 5/13/16 by Judge Joan Lewis. | 10. 37-2015-0015654, ROA #55 |
| 11. On 5/13/16 the SLAPP/SLAPPback motion hearing continued pursuant to Court's motion to 5/20/16. | 11. 37-2015-0015654, ROA #111 |
| 12. On 5/20/16, Judge Joan Lewis voluntarily recused herself before issuing any ruling on the SLAPP/SLAPPback motion. | 12 |
| 13. On 5/23/16, the case was reassigned fron Judge Lewis to Judge Ronald Styn. | 13. 37-2015-0015654, ROA #120 |
| 14. On 5/23/16, a Civil caseManagement conference was scheduled for 7/1/16 with Judge Styn. | 14. 37-2015-0015654, ROA #121 |
| 15. On 5/25/16, a SLAP/SLAPPback Motion Hearing was scheduled for 8/26/16. | 15. Pursuant to CCP 425.16(g), the discovery stay was still in effect until the hearing. |
| 16. On 7/13/16, a Petition for Removal (Case No. 30-2016-00863391-PR-TR-CJC) was filed in the Orange County Superior Court probate division against the Defendant and Beverly Murray-Calcote for the actions as Co-Trustees of the Bobbye J. Rives Trust. | 16. 30-2016-00863391, ROA #1 |
| 17. On 8/25/16 Tentative Ruling for SLAPP/SLAPPback motion published. | 17. 37-2015-0015654, ROA #135 |
| 18. Defendants SLAPP/SLAPPback motion denied. | 18. 37-2015-0015654, ROA #144 |
| 19. On 8/26/16, Civil Jury Trial scheduled for 4/21/17. | 19. 37-2015-0015654, ROA #139 |

Pretrial Stipulations                                              10/23/18

20. On 8/26/16, Trial Readiness Conference          20. 37-2015-0015654, ROA #140-141
scheduled for 4/14/17.

21. On 11/17/16, Trust Petition Status              21. 30-2016-00863391, ROA #15, ROA #16 Exhibit
Conference continued to 1/12/17; Defendant          # (Minute Orders)
and Co-Trustee, Beverly Murrary-Calcote
ordered that "no further trust assets to be
expended until further hearing. That court order
remains in effect due to Bankruptcy stay.

22. On 12/22/16, Defendant filed a Temporary        22. Exhibit # , Page # , 30-2016-00893996
Protective Order (TPO) in the Orange County
Superior Court (Case No 30-2016-00893996) as
the House Manager of Robbie Bobbye Housing,
Inc. 1251 W. Bishop, Santa Ana, CA

23. On 12/30/16, Defendant filed another TPO        23. Exhibit # , Page # 30-2016-00895113
for harrassment re Robbie Bobbye Housing, Inc.,
741 W. Fourth Ave, La Habra, CA

24. Defendant filed for Chapter 7 Bankruptcy on     24. 8:17-bk-01065 docket entry #1
1/25/17. Case No. 8:17-bk-01065

25. On 2/17/17, Beverly Murray-Calcote filed for    25. 2:17-bk-11972 docket entry #1
Chapter 7 Bankruptcy. Case No. 2:17-bk-11972

26. 2/23/17 Status Conference Update, Minute        26. 30-2016-00863391, ROA #34 Exhibit # 2/23/17
Order "All current orders remain in effect".        Minute Order.
Defendant and Co-Trustee Beverly Murray-
Calcote made apperances.

27. Defendant's Initial 341(a) hearings held on     27. Exhibit # Audio and transcripts of 3/9/17 and
3/9/17 and 3/23/17.                                 3/23/17 341(a) hearings.

Pretrial Stipulations                                           10/23/18

28. Plaintiff reviewed Defendant's Backruptcy       28. Exhibit # , 3/15/17 email (with one
Petition and immediately noticed that                attachment) to Queenie K. Ng, U.S. Attorney.
significant discrepencies with the petition.
Plaintiff attended 3/9/17 initial 341(a) hearing
expecting to make a statement as a "creditor"
about the discrepencies. However, the hearing
was continued before the Plaintiff could speak.
Plaintiff then contacted the US Trustee's Office
directly to report Defendant's unreported
unreported income and status as a Co-Trustee
of the Bobbye J. Rives Trust.


29. On 3/28/17, Defendant filed a Notice of Stay   29. 30-2016-00863391, ROA #37 Exhibit #
of Proceedings.                                     (2/23/17 Minute Order)


30. Notice of Stay of Proceeding filed on           30. 37-2015-0015654, ROA #147
3/29/17 by Defendant r jected by Court


31. On 4/6/17 Notice of Stay of Proceedings         31. 37-2015-0015456, ROA #158
filed by co-defendant, Beverly Murray-Calcote.


32. On 4/6/17 Notice of Stay of Proceedings         32. 37-2015-0015456, ROA #160
filed by Defendant


33. On 4/12/17 Notice of Stay of Proceedings        33. 30-2016-00863391, ROA #38 & #39.
filed by Beverly Murray-Calcote


34. On 5/3/17, Defendant agreed to a                34. 8:17-bk-10265 Docket #16
stipulation  by the US Trustee to extend the
deadline for filing a motion to dismiss pursuant
to 11 USC 707(b) and/or adsversarycomplaint
objecting to the debtor's discharge pursuant to
11 USC 727


35. 5/4/17 Status Conference "All current orders    35. 30-2016-00863391, Exhibit #  5/4/17 Minute
remain in effect". Defendant and Co-Trustee,        Order.
Beverly Murray-Calcote made appearances.


36. On 5/8/17, Plaintiff filed an Adversary case    36. 8:17-ap-01068 Docket #1
8:17-ap-01068 against the Defendant.

Pretrial Stipulations                                                                10/23/18

37. On July 9, 2017, a North Carolina Warranty Deed was created by grantor, Beverly murray-Calcote , Individually, as Beneficary, and Co-Trustee of the Bobbye J. Rives Trust transferring real property assets to Mary Joe Pullin.

37. Exhibit #  30-2016-00863391 Minute Order issued on 11/17/16 stated "no further trust assets to be expended until further hearing" and repeated at subsequent status hearings updates. Bankruptcy stay has precluded any further hearings.

38. On 7/13/17, Plaintiff filed an amended adversary complaint.

38. 8:17-ap-01068, Docket #7

39. On 7/19/17, Defendant filed a TPO for harrassment re; Robbie Bobbye Housing, Inc.

39. Exhibit #  , Page #  , 30-2017-00932606

40. On 7/19/17, Defendant filed a TPO for Harrassment re Robbie Bobbye Housing, Inc.

40. Exhibit #  , Page #  , 30-2017-00932613

41. On 7/25/17, Defendant filed a TPO for Harrassment re Robbye Bobbye Housing, Inc.

41. Exhibit #  , Page #  , 30-2017-00933621

42. On 7/25/17, Defendant filed a TPO of Harrassment re Robbye Bobbye Housing, Inc.

42. Exhibit #  , Page #  , 30-2017-00932622

43. On 9/18/17, North Carolina General Warranty Deed recorded by the Register of Deeds in Durham County, NC

43. Exhibit #

44. On 9/21/17, Co-trustee Beverly Murray-Calcote filed a Resignation as Trustee

44. 30-2016-00863391, ROA #48

45. On 10/25/17, the Defendant filed a Resignation as co-trustee of the Bobbye J. Rives Trust in the Bankruptcy Court

45. 8:17-ap-01068, docket #21

46. On 9/22/17 Status Conference continued pursuant to Court's motion

46. 37-2015-0015654, ROA #165

47. On 2/16/18, Defendant filed a TPO for harassment re Robbye Bobbye Housing, Inc.

47. Exhibit #  , Page #  , 30-2018-00974021

48. On 2/16/18, Defendant filed a TPO for harrassment re Robbye Bobbye Housing, Inc.

48. Exhibit #  , Page #  , 30-2018-00974025

Pretrial Stipulations                                                                10/23/18

49. On 2/16/18, Defendant was the respondent        49. Exhibit # , Page # , 30-2018-00974081
in a TPO petition for harassment re Robbie
Bobbye Housing, Inc.

50. At 5/17/18 Status Conference, the Court         50. 30-2016-00863391, ROA #68
informed Defendant and Co-Trustee Beverly
Murray-Calcote, if Bankruptcy stay was lifted,
The petition to resign as Co-Trustee would be
considered

**Witnesses (In addition to Defendent's List)**     **Addresses**
                                                    Residence?
Beverly Murray-Calcote (310) 985-1501               5453 Shenandoah Ave., Los Angeles, CA 90056
                                                    Work?
                                                    Los Angeles Police Dept., South Traffic Division,
                                                    4125 S. Crenshaw Blvd., Los Angeles, CA 90008

Marissa Knight

Paul Gonzalez

**Motions**
Anticpiate filing Motions in Limine

ATTACHMENT 4
SENT TO PLAINTIFF

## THE FOLLOWING FACTS ARE ADMITTED AND REQUIRE NO PROOF

### Bobbye Rives death certificate

States that Bobbye J Rives death was caused by cardiac arrest due to coronary heart decease by Doctor Daniel Givens; not by wrongful death, negligence, or elder abuse by Defendant Ralph Sanders

### July 2014 Complaint Pette vs. Sanders (Unclean Hands)

Plaintiff admits on line 20 of her complaint vs defendant Ralph Sanders, (37-2015-000-1565-CU-PO-CTL) "....after the Plaintiff was removed from the home on July 22, 2014 pursuant to an Temporary Protective Order". The order was actually an EPO; Emergency Protective Order to remove Larnita Pette from the home of Bobbye J Rives and to protect Bobbye J Rives from Larnita Pette.

### San Diego County Sheriff's Department Follow-Up Report (Unclean Hands)

States Sheriff's contacted Judge Parker who issued an EPO (Emergency Protective Order) vs Larnita Pette to remove her from the home of Bobbye J Rives and to protect her from Larnita Pette.

### Order for Removal from Residence (Unclean Hands)

Judge Frederick A Mandabach orders San Diego County Sheriff to remove Larnita Ann Pette from Bobbye J Rives residence at 363 Cerro Street, Encinitas to protect her from Larnita Pette

### 2014 Temporary Restraining Order-Rives vs Pette (Unclean Hands)

Adult Protective worker Karen Dee assisted Bobbye J Rives in filing a restraining order vs Pette. Judge grants a temporary restraining order to protect Bobbye J Rives from Larnita Pette. APS worker Karen Dee was working with Bobbye J Rives on a permanent restraining order and a hearing was set for 8/15/14.

# THE FOLLOWING ISSUES OF FACT THAT REMAIN TO BE LITIGATED

## ELDER ABUSE

Insufficient for the following reasons:

I.   The cause of action fails to identify any fact creating a duty on Defendant Sanders as to provision of medical or custodial care.

II.  If Plaintiff's argumentative conclusions are true, they do not rise to the level of an actionable claim of Elder Abuse.

III. In order to establish a duty of care in a case sounding in the abuse of an elder; the Plaintiff must plead facts showing that the complained of conduct was committed by a person/ institution having the legal obligation to provide care for or the custody of the Defendant

## NEGLIENCE

Insufficient for the following reasons:

I.   Plaintiff does not set forth facts showing that Defendant Sanders had a legal duty to provide medical care or custodial services to Decedent.

II.  The complaint for Negligence is defective in that it fails to state facts sufficient to constitute causes of action against Defendant Sanders.

III. Plaintiff supports her conclusion a "power of attorney" had been granted to Defendant Sanders, However, there is no facts informing as to the scope of the power of attorney creates a duty to provide for physical or mental care akin to that of a custodial facility

## WRONGFUL DEATH

This cause of action is merely a vehicle for a family member to assert a legal claim against a defendant who caused a Decedent's death.  Plaintiff, in her representative capacity, cannot prosecute this claim to the extent it is predicted on Negligence and there is no factual basis for the claim of duty of care between Defendant Sanders and Decedent.  Deceased passed due to Cardiac Arrest due to Coronary Artery Decease, as stated on her death certificate.  The Plaintiff may not assert a wrongful death claim vs. The Defendant for the following reason:

Pursuant to California Civil Code 377.60:

Plaintiff is not an executioner of the estate, entitled to property by interstate succession or a personal representative of the Deceased.

**DEFAMATION OF CHARACTER**

Insufficient for the following reasons:

The Plaintiff's unclean hands including Encinitas Sheriff report of a physical altercation with Bobbye Rives resulting in an Emergency Protective Order being signed by Judge Parker and a granted restraining order signed by Judge Frederick A. Mandabach clearly illustrates that there is no defamation of character.  The letter produced by Estate Lawyer Russell Griffith in September 16, 2014 is factful and offers no defamation of character.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Insufficient for the following reasons:

Plaintiff does not set forth any facts showing how Defendant Ralph Sanders caused any emotional distress to Plaintiff Larnita Pette.

Quotations from a 'Perpetual Mother's Day Card and Obituary Tribute to My Mother' states that, 'We had our share of hurt feelings', 'I know sometimes you had to draw the line." 'I know we have our differences between us, and we may never see eye to eye," These are life-long feelings the Plaintiff has experienced between the Plaintiff Larnita Pette and the Deceased Bobbye J Rives and provides evidence from the Plaintiff's own words that the Infliction of Emotional Distress was part of their relationship with her mother Bobbye J Rives and not by the Defendant Ralph Sanders

**TRESPASS TO PERSONAL PROPERTY**

Insufficient for the following reasons:

Plaintiff Larnita was granted permission on July 24, 2014 by Judge Frederick A
Mandabach to remove her belongings from the home at 363 Cerro Street.
Plaintive asked the judge if she could remove her things from the home at 363
Cerro without Adult Protective Services nor the police being there. Judge
Mandabach denied the Plaintiff's request.  Plaintiff did not come until months
later with 3 helpers and her lawyer on October 12th and left some small boxes
abandon in a black shed until after the sell of the house kin mid-December.  There
was no attempt made by the Plaintiff to notify the Defendant, who lived in
Orange Couty, of a pick-up date and there never was a lock on the back gate.
Responding Party believes there was nothing of worth or value left behind in the
shed by the Plaintiff and there was no reason for her to leave things behind.

6

# Exhibits (with number reverence)

**PLAINTIFFS UNCLEAN HANDS**

The following exhibits show the Plaintiffs Unclean Hands

1-2014 LAWSUIT (PLAINTIFF ADMITS TRO VS HER ON LINE 20)

2-SAN DIEGO COUNTY SHERIFF'S FOLLOW-UP REPORT (SHERRIFF CALLS JUDGE FOR EPO)

3-ORDER FOR REMOVAL OF RESIDENCE (REMOVES PLAINTIFF FROM RIVES HOME)

T4-EMPORARY RESTRAINING ORDER (RESTRAINS PLAINTIFF FROM RIVES)

5-NOTICE OF COURT HEARING (8/15/14 HEARING FOR A PERMANENT RO)

**DECEDENTS HOSPITAL STAY**

6-SCRIPPS ENCINITAS MEDICAL RECORDS

a)  CONDITION AT ADMITANCE
b)  DECLARATION OF CUSTODIANOF RECORDS
c)  AUTHORIZATION FOR TREATMENT
d)  SOCIAL SERVICE/NURSE NOTES
e)  TRANSFER SUMMARY
f)  DISCHARGE SUMMARY

7-VILLA DE LAS CARLSBAD MEDICAL RECORDS

8-BOBBYE RIVES DEATH CERTIFICATE

**ELECTRONICALLY STORED**

9-KAREN DEE APS RECORDS (PLAINTIFFS UNCLEAN HANDS WITH DECEASED)

10-SENIOR LIVING EMAILS (SENIOR LIVING PROSPECTS FOR THE DECEASED)

11-GRADY VICKERS EMAILS (BANKRUPTCY PREPARER)

12-BANKRUPTCY AMENDED FINANCIALS STATEMENTS

13-USTP QUEENIE NG EMAILS (BK INSTRUCTIONS TO DEFENDANT)

14-EMAILS FROM ESTATE ATORNEY FOR BOBBYE RIVES (PETTE BEHAVIOR)

15-EMAILS FROM NEIGHBOR ED KIRKMAN (PETTE BEHAVIOR)

16-PINGFENG, DU, M.D (PETTE BEHAVIOR)

17-LARNITA PETTE (NOTES FROM PLAINTIFF IN REGARDS TO DECEASED)

18-DISTRIBUTION TO BENEFICIARES

**PRIMARY WITNESS LIST**

**Pingfeng Du, MD, PhD**

345 Saxony Rd, Ste. 202

Encinitas, CA 92024-2787

(760 203-6660)

Bobbye Rives Cardiologist

Knowledge of Bobbye Rives mental capabilities

Knowledge of Bobbye Rives relationship with daughter Larnita Pette.


**Ed Jacinta Kirkman**

**Bobbye Rives next door neighbor**

359 Cerro St.

Encinitas, CA 92024

(858 480 9013)

Knowledge of Bobbye Rives mental capabilities.

Knowledge of Bobbye Rives relationship with daughter Larnita Pette.


**Karen Dee (Adult Protective Services)**

1305 Union Plaza Court #200

Oceanside, CA 92054

760 754 5807

Advocate for Bobbye J Rives and helped her obtain a temporary restraining
order vs the Plaintiff

**Russell Griffith**

**Bobbye Rives Trust Lawyer**

1991 Village Parkway, Suite 105

Encinitas, CA 92024

(760 944 9901)

Knowledge of Bobbye Rives mental capabilities, relationship with daughter


**Daniel Given**

**Bobbye Rives doctor at Scripps Encinitas and Villa de Carlsbad**

10666 N Torrrey Pines Rd.

La Jolla, CA 92122

Knowledge of Bobbye Rives health prior to death.

Knowledge of relationship with daughter Larnita Pette.

**Attachment 5**

**DISCOVERY**

The Defendant feels that the Plaintiff was negligent in her responses and objections to the Defendants requests for Admissions number 87 thru 114 by answering every question with, "Asked and answered".  Only once did she give a reference number to an earlier admissions question.  The Defendant requests that these Admissions be answered in Good Faith.

The Defendant feels that the Plaintiff was negligent in her responses and objections to the Defendant requests for Production number24 thru 41 by answering every question with, "Asked and answered" without giving a reference number.  The Defendant requests that these requests for Production be answered in Good Faith.

The Plaintiff got very angry when Defendant reminded the Plaintiff during the status conference that "we are cousins".

The Plaintiff then was not truthful in stating the defendant was belligerent with the Plaintiff during the status conference.

**Attachment 6**

**MEDIATION**

Both parties were asked by Judge Wallace if we would like to mediate and both parties agreed to mediate.  The Plaintiff informed me on 8/29/2018 that she has informed Judge Wallace, "That I was not interested in mediating this complaint/case"; for the following reasons;

- Total cost of mediation
- The amount of time the actual mediation will take and
- the amount of preparation involved.

The Plaintiff did not reach out to any of the 8 Mediators that were provided by the Defendant to ask these questions even though their profiles and phone numbers were provided to her by the Defendant.

**MOTIONS**

Motions for Dismissal

Attachment 7

**PRETRIAL CONFERENCE SUMMARY**

Ralph E Sanders (Defendant)

1251 W Bishop St.

Santa Ana, CA 92703

Resanders16@yahoo.com

### Nature of the Case

The Plaintiff, Larnita Pette, has filed an Adversary complaint against the Defendant Ralph E  Sanders Bankruptcy Petition. Plaintiff requests judgment against Defendant follows:

1. A judgment against the defendant determining that the Defendant's willful and malicious conduct towards the Plaintiff resulted in the two pending lawsuits.  Therefore, the two pending lawsuits are not dischargeable in the bankruptcy case for judgment according to proof.

   LAWSUIT VS SANDERS (37-2015-000-15654-CU-PO-CTL)

   REMOVAL OF TRUSTEES30-(2016-00863391-PR-TR-CJC)

2. A judgment against Defendant determining that the Defendant knowingly and fraudulently, in or in connection with his Chapter 7 Bankruptcy case made a false oath and used a false claim regarding the Defendant's status as a beneficiary and Co-Trustee of the Trust and his liability for the pending lawsuits, is not dischargeable in his bankruptcy case and for judgement according to proof.

3. The Plaintiff is awarded its costs of suit incurred herein and for such other and further relief, as this Court deems proper.

There was no willful or malicious conduct by defendant Ralph Sanders towards the Plaintiff; In Fact; Willful and Malicious conduct had been conducted by the Plaintiff towards the Deceased and admitted in the

Plaintiff's 37-2015-000-15654-CU-PO-CTL complaint for Negligence, Elder Abuse, Wrongful Death, against the Deceased Bobbye J Rives and Intentional Infliction of Emotional Distress, Trespass to Personal Property, Defamation, etc. by the Defendant Ralph E Sanders against the Plaintiff Larnita Pette.   (May 8, 2015 in San Diego Superior Court).  The Defendant objects as the Death Certificate of the Deceased states that the deceased Bobbye J Rives passed from Cardiac Arrest due to Coronary Artery Decease after a three-week hospital stay; not from elder abuse, negligence, or wrongful death by the defendant Ralph Sanders.  These willful and malicious acts were actually conducted by the Plaintiff Larnita Pette towards Bobbye J Rives which constitutes 'Unclean Hands'

### July 2014 COMPLAINT PETTE VS SANDERS (Unclean Hands)

Plaintiff admits on line 20 of her complaint vs defendant Ralph Sanders, (37-2015-1565-CU-PO-CTL) "....after the Plaintiff was removed from the home on July 22,2014 pursuant to a Temporary Protective Order.  It was actually an Emergency Protective Order to immediately remove the Plaintiff Larnita Pette from the home of Bobbye J Rives and to protect Bobbye J Rives from Larnita Pette.

### SAN DIEGO COUNTY SHERIFF'S DEPARTMENT FOLLOW-UP REPORT (UNCLEAN HANDS)

States Sheriff's contacted Judge Parker who issued an EPO (Emergency Protective Order) vs Larnita Pette to remove the Plaintiff from the home of Bobbye J Rives and to protect her from Larnita Pette.

## Order for Removal from Residence (Unclean Hands)

Judge Frederick A Mandabach orders San Diego County Sheriff to remove Larnita Ann Pette from Bobbye J Rives residence at 363 Cerro Street, Encinitas to protect her from Larnita Pette.

## 2014 Temporary Restraining Order-Rives vs Pette (Unclean Hands)

Adult Protective Service worker Karen Dee assisted Bobbye J Rives in filing an restraining order vs Pette.  Judge grants a temporary restraining order to protect Bobbye J Rives from Larnita Pette.

 APS worker Karen Dee was working with Bobbye J Rives on a permanent restraining order and a hearing was set for 8/15/14

**Bobbye J Rives Death Certificate**

States that Bobbye J Rives death was caused by cardiac arrest due to coronary heart decease by Doctor Daniel Givens; not by wrongful death, negligence, or elder abuse  by Defendant Ralph Sanders as the Plaintiff states in lawsuit 37-2015-000-1565-CU-PO-CTL.


There was no Defamation as the Plaintiff admits on line 20 of her complaint, vs Ralph Sanders"...after the Plaintiff was removed from the Decedent's home on July 22, 2014 pursuant to a Temporary Protective Order" constitutes 'Unclean Hands'.  Estate Layer Russell Griffith published 2014 letter that offers no defamation of character.

"The Plaintiff then contacted the US Trustee's Office directly to report Defendant's unreported income and status as a Co-Trustee of the Bobbye J Rives Trust".  All of the Plaintiff's claims, in regards to the defendants Bankruptcy filing, have been fully investigated by USTP Queenie Ng and Trustee Wenetta Kosmala.  The Defendant's BK prepare was in and out of the hospital with Kidney problems while working on the Defendant's petition and passed away on May 21st,17; a little over two weeks after he filled the petition. The Defendant (when questioned) answered all of the questions the prepare left blank and USTP Queenie Ng instructed the Defendant to amend his BK petition.  Bankruptcy Trustee Wenetta Kosmala certifies that the estate of Ralph Sanders has been fully administered.

# EXHIBITS

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

F I L E D

Clerk of the Superior Court

MAY 0 8 2015

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BEVERLY MURRAY-CALCOTE; RALPH SANDERS; RUSSELL
GRIFFITH; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LARNITA PETTE, as an interested person on behalf of BOBBYE
RIVES (deceased); LARNITA PETTE, as an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SAN DIEGO SUPERIOR COURT<br>330 West Broadway<br>San Diego, CA 92101 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**37-2015-00015654-CU-PO-CTL** |

The name, address, and telephone number of plaintiffs attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel W. Abbott, Esq. (SBN 218334), WITHAM MAHONEY & ABBOTT, LLP
401 B Street, Suite 2220, San Diego, CA  92101  (619) 407-0505

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* **MAY 12 2015** | Clerk, by<br>*(Secretario)* B. Chandler | *MML* | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant. Russell Griffith
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 5-20-15

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1  Daniel W. Abbott, Esq. (SBN 218334)
   Monica A. Willian, Esq. (SBN 297623)
2  WITHAM MAHONEY & ABBOTT, LLP
   401 B Street, Suite 2220
3  San Diego, California  92101
   Telephone (619) 407-0505
4  E-Mail:  abbott@wmalawfirm.com

5  Attorneys for Plaintiff Larnita Pette

6

7

F I L E D
Clerk of the Superior Court

MAY 0 8 2015

'15 MAY 8 PM 3:54

8

9  SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

10                          CENTRAL DIVISION

11  LARNITA PETTE, as an interested person on        Case No. 37-2015-00015654-CU-PO-CTL
    behalf of BOBBYE RIVES (deceased); LARNITA
12  PETTE, as an individual,
13                                                    COMPLAINT FOR:
                                                        (1) NEGLIGENCE,
14                   Plaintiff,                          (2) ELDER ABUSE,
                                                        (3) WRONGFUL DEATH
15       vs.                                            (4) INTENTIONAL INFLICTION OF
                                                            EMOTIONAL DISTRESS,
16                                                      (5) TRESPASS TO PERSONAL
    BEVERLY MURRAY-CALCOTE; RALPH                          PROPERTY,
17  SANDERS; RUSSELL GRIFFITH; and DOES 1              (6) CONVERSION,
    through 100, inclusive,                            (7) POSSESSION OF PERSONAL
18                                                         PROPERTY – CLAIM AND
                                                           DELIVERY,
19                   Defendants.                        (8) DEFAMATION
20                                                      (9) DEFAMATION
                                                        (10) NEGLIGENCE
21
22                                                  [Amount demanded exceeds $25,000]

23

24

25       Plaintiff LARNITA PETTE, alleges as follows:

26              FACTS COMMON TO ALL CAUSES OF ACTION

27       1.      At all relevant times, LARNITA PETTE ("PLAINTIFF") was, and is now, an

28  individual residing in San Diego County, California.

COMPLAINT

2.      Plaintiff is informed and believes, and thereon alleges that at all relevant times, Defendant BEVERLY MURRAY-CALCOTE ("MURRAY CALCOTE") was, and is now, an individual residing in Los Angeles County, California.

3.      Plaintiff is informed and believes, and thereon alleges that at all relevant times, Defendant RALPH SANDERS ("SANDERS") was, and is now, an individual residing in Orange County, California.

4.      Plaintiff is informed and believes, and thereon alleges that at all relevant times, Defendant RUSSELL GRIFFITH ("GRIFFITH") was, and is now, an individual residing in San Diego County, California.

5.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 100, inclusive, whether individual, corporate, or otherwise, and therefore sue said Defendants by such fictitious names. Plaintiff will amend this complaint pursuant to Code of Civil Procedure section 474 to allege their true names and capacities after such names and capacities have been ascertained.

6.      Bobbye Rives ("DECEDENT") was at all relevant times an individual residing in San Diego County, California, and passed away on September 14, 2014.

7.      DECEDENT was at all times herein a dependent adult over the age of 65 residing in California at the time of the incidents in this complaint and therefore, DECEDENT was an elder within the meaning of Welf. & Inst.C. § 15610.27

8.      PLAINTIFF was at all times the only biological child of DECEDENT.

9.      On November 30, 2011, MURRAY-CALCOTE was granted power of attorney for Bobbye Rives.

10.     On November 30, 2011, SANDERS was granted power of attorney for Bobbye Rives.

11.     PLAINTIFF was prevented from having contact with DECEDENT starting on July 22, 2014.

12.     The individuals believed to be the successors in interest of DECEDENT are the DEFENDANTS in this case, and are alleged to have been negligent and committed elder abuse

2

COMPLAINT

of DECEDENT, resulting in her injury and death. PLAINTIFF, as the daughter of the
DECEDENT, brings these causes of action as an interested person under Welf. & Inst. Code §
15657.3 and CCP § 377.60, and thereby proceeds as an interested person to the claims of
DECEDENT as stated herein.

## FIRST CAUSE OF ACTION

### (Negligence)

**(PETTE as interested person against all defendants except GRIFFITH)**

13.    Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1
through 12, inclusive, and incorporate the same herein by this reference as though set forth in
full.

14.    From July 22, 2014 until September 1, 2014, DECEDENT lived alone in her home.

15.    At all relevant times, DECEDENT suffered from multiple physical and cognitive
issues and conditions that caused her to be reliant on others to ensure her well-being and basic
needs were met.

16.    At all relevant times, DEFENDANTS were aware of DECEDENT's
aforementioned issues and conditions.

17.    DEFENDANTS assumed the duty of ensuring DECEDENT'S well-being and
basic needs were met, including but not limited to regularly checking in on her, seeing that her
food, shelter, hygiene and health needs were met, and providing her care custodial services.

18.    As agents for DECEDENT, and in light of DEFENDANTS' assumed duties, the
DEFENDANTS owed a duty of ordinary care to DECEDENT, to use the degree of care and skill
that a reasonable prudent person would use.

19.    DEFENDANTS failed to ensure DECEDENT'S well-being and basic needs were
met, failed to check in on her, failed to see that her food, shelter, hygiene and health needs were
met, and failed to provide her adequate care custodial services, including failing to protect her
from health and safety hazards and failing to prevent dehydration.

3

COMPLAINT

1    20.    As a direct result of the failure of the DEFENDANTS to respond after speaking

2  with the DECEDENT, the DECEDENT'S medical condition deteriorated rapidly causing

3  emergency medical attention and eventually death.

4    21.    DEFENDANTS knew that DECEDENT was elderly, and suffered from mental

5  and physical disabilities. DEFENDANTS knew after speaking with the DECEDENT on the

6  phone that the DECEDENT had been getting sick throughout the day and that this could cause

7  dehydration and pose a serious risk to DECEDENT'S health. Nonetheless, DEFENDANTS

8  took no action to respond. On September 14, 2014 DECEDENT died from neglect as set forth

9  above.

10    22.    By the aforementioned acts and omissions, DEFENDANTS breached their duties

11  of care to the DECEDENT.

12    23.    As a direct and legal result of the aforementioned breaches of duty, DECEDENT

13  sustained injuries and ultimately death, in an amount according to proof.

14    24.    DEFENDANTS are jointly and severally liable for any damages awarded to

15  PLAINTIFF.

16    25.    In    intentionally    engaging    in    the    aforementioned    acts    and    omissions,

17  DEFENDANTS acted with oppression, and malice, and despicable conduct, thereby justifying

18  and warranting an award of punitive damages, in an amount according to proof at trial.

19                            **SECOND CAUSE OF ACTION**

20                            **(Elder Abuse-Neglect)**

21        **(PETTE as interested person against all defendants except GRIFFITH)**

22    26.    Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1

23  through 25, inclusive, and incorporate the same herein by this reference as though set forth in

24  full.

25    27.    DECEDENT was at all times herein a dependent adult over the age of 65 residing

26  in California at the time of the abuse and therefore, DECEDENT was an elder within the meaning

27  of Welf. & Inst.C. § 15610.27.

28

4

COMPLAINT

28.   DEFENDANTS knew that DECEDENT was elderly, and suffered from mental and physical disabilities.

29.   DEFENDANTS assumed the duty of ensuring DECEDENT'S well-being and basic needs were met, including but not limited to regularly checking in on her, seeing that her food, shelter, hygiene and health needs were met, and providing her care custodial services.

30.   DEFENDANTS assumed the duty to, and did undertake to, provide caregiver services to DECEDENT.

31.   As DECEDENT'S agent and caregivers, DEFENDANTS owed DECEDENT a duty of care to DECEDENT to provide care to the DECEDENT.

32.   DEFENDANTS failed to exercise the degree of care that a reasonable person in a like position would exercise.

33.   DEFENDANTS failed to ensure DECEDENT'S well-being and basic needs were met, failed to check in on her, failed to see that her food, shelter, hygiene and health needs were met, and failed to provide her adequate care custodial services, including failing to protect her from health and safety hazards and failing to prevent dehydration.

34.   As a direct result of the failure of the DEFENDANTS to respond after speaking with the DECEDENT, the DECEDENT'S medical condition deteriorated rapidly causing emergency medical attention and eventually death.

35.   DEFENDANTS knew that DECEDENT was elderly, and suffered from mental and physical disabilities. DEFENDANTS knew after speaking with the DECEDENT on the phone that the DECEDENT had been getting sick throughout the day and that this could cause dehydration and pose a serious risk to DECEDENT'S health. Nonetheless, DEFENDANTS took no action to respond. On September 14, 2014 DECEDENT died from neglect as set forth above.

36.   DEFENDANTS' reckless and negligent lack of care of DECEDENT was a proximate cause of PLAINTIFF'S mother's becoming ill, hospitalized and her subsequent death.

37.   The aforementioned acts and omissions constitute neglect.

5

1    38.    As further direct and legal result, DECEDENT sustained damages in an amount
2    according to proof at trial.

3    39.    DEFENDANTS are jointly and severally liable for any damages awarded to
4    PLAINTIFF.

5    40.    In intentionally engaging in the aforementioned acts and omissions,
6    DEFENDANTS acted with oppression, and malice, and despicable conduct, thereby justifying
7    and warranting an award of punitive damages, in an amount according to proof at trial.

8                              **THIRD CAUSE OF ACTION**
9                                  **(Wrongful Death)**
10   **(PETTE as individual and as interested person against all defendants except GRIFFITH)**

11   41.    PLAINTIFF repeats, repleads and realleges the allegations contained in
12   paragraphs 1 through 40, inclusive, and incorporate the same herein by this reference as though
13   set forth in full.

14   42.    PLAINTIFF brings this claim for relief based on DEFENDANTS' negligence and
15   elder abuse.

16   43.    As a direct and proximate result of DEFENDANTS' conduct alleged herein, the
17   wrongful death of DECEDENT occurred.

18   44.    DEFENDANTS are jointly and severally liable for any damages awarded to
19   PLAINTIFF.

20   45.    As a direct and proximate result of Defendants' negligence and elder abuse,
21   PLAINTIFF has been, and will be deprived of the love, care, society, affection, comfort, support,
22   companionship of PLAINTIFF'S mother the DECEDENT. PLAINTIFF has thereby sustained
23   and will continue to sustain damages in an amount to be determined according to proof.

24   46.    In intentionally engaging in the aforementioned acts and omissions,
25   DEFENDANTS acted with oppression, and malice, and despicable conduct, thereby justifying
26   and warranting an award of punitive damages, in an amount according to proof at trial.

27                            **FOURTH CAUSE OF ACTION**
28                      **(Intentional Inflection of Emotional Distress)**

6

COMPLAINT

**(PETTE as individual against all defendants except GRIFFITH)**

47.    Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1 through 46, inclusive, and incorporate the same herein by this reference as though set forth in full.

48.    DEFENDANTS, and each of them, knew of DECEDENT'S death but deliberately withheld from PLAINTIFF the fact that she had died.

49.    PLAINTIFF learned of her mother's death later, when her mother's neighbor called to offer PLAINTIFF condolences on her mother's death. By then, other relatives had already been informed of her death.

50.    Thereafter, DEFENDANTS, when asked by PLAINTIFF:

   a) Refused to inform PLAINTIFF when her mother died;

   b) Refused to tell PLAINTIFF where her mother died;

   c) Refused to tell PLAINTIFF where her mother's body was taken;

   d) Refused to tell PLAINTIFF which mortuary was conducting her mother's services;

   e) Refused to tell PLAINTIFF when the service would be held; and

   f) Refused to tell PLAINTIFF where her mother was to be interred.

51.    DEFENDANTS included a picture of DECEDENT and PLAINTIFF in the obituary program but deliberately cropped PLAINTIFF, DECEDENT's only child, out of the picture. DEFENDANTS deliberately excluded PLAINTIFF in any of the obituary program pictures.

52.    On or about September 26, 2014, DEFENDANTS published a letter stating that PLAINTIFF had no rights under her mother's will and trust and was not permitted to enter her mother's house in connection with funeral services.

53.    The statement referred to PLAINTIFF by name throughout, was made of and concerning PLAINTIFF, and was so understood by those who read the statement.

54.    The statement was seen and read on September 26, 2014 by those family and friends that attended the reception for DECEDENT'S visitation services.

55.    The entire statement is false as it pertains to PLAINTIFF.

7

COMPLAINT

56.    The statement exposes plaintiff to hatred, contempt and ridicule because it made false statements that PLAINTIFF had no rights under her mother's will and trust and was not permitted to enter her mother's house in connection with funeral services.

57.    On or about November 21, 2012, GRIFFITH published a letter stating that PLAINTIFF had "physically assaulted" DECEDENT, and "had her physically removed from her home under protest and admitted against her will for a psychological evaluation."

58.    The letter referred to PLAINTIFF by name throughout, was made of and concerning PLAINTIFF, and was so understood by those who read the statement.

59.    The statement was seen and read on multiple occasions from November 21, 2012 through July 24, 2014 by family, friends, neighbors, and county workers.

60.    The entire statement that "physically assaulted" DECEDENT, and "had her physically removed from her home under protest and admitted against her will for a psychological evaluation," is false as it pertains to PLAINTIFF.

61.    The letter exposes plaintiff to hatred, contempt and ridicule because it made false statements that PLAINTIFF had physically assaulted the DECEDENT, her own mother, and had her forcibly removed from her home and admitted against her will for a psychological evaluation.

62.    DEFENDANTS knew that PLAINTIFF suffered serious emotional distress as a result the death of her mother, the DECEDENT.

63.    DEFENDANTS engaged in the aforementioned conduct knowing PLAINTIFF was already in a state of extreme emotional distress and grieving, and DEFENDANTS knew or should have known that their conduct would cause PLAINTIFF further extreme emotional distress.

64.    DEFENDANTS' conduct demonstrates an intentional and reckless disregard for PLAINTIFF, and an intent to cause her extreme emotional distress and pain.

65.    Such intentional conduct was intended to, and did, cause PLAINTIFF extreme emotional distress.

66.    As a further direct and proximate result, PLAINTIFF suffered damages in an amount according to proof at trial.

8

COMPLAINT

67.   DEFENDANTS are jointly and severally liable for any damages awarded to PLAINTIFF.

68.   In intentionally engaging in the aforementioned acts, DEFENDANTS acted with oppression, and malice, and despicable conduct, thereby justifying and warranting an award of punitive damages, in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

### (Trespass to Personal Property)

### (PETTE as individual against all defendants except GRIFFITH)

69.   Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1 through 68, inclusive, and incorporate the same herein by this reference as though set forth in full.

70.   At all relevant times, PLAINTIFF owned and had a right to mail, personal property and documents that were left at DECEDENT'S residence 363 Cerro Street, Encinitas, CA ("Residence").

71.   By order of the court dated August 15, 2014, PLAINTIFF was granted access to her personal property located at the Residence.

72.   Thereafter, despite repeated requests to DEFENDANTS, PLAINTIFF was prohibited by DEFENDANTS from retrieving all of her personal property located at the Residence.

73.   On December 26, 2014, DEFENDANTS removed and broke PLAINTIFF'S personal lock used to secure PLAINTIFF'S personal property in a backyard storage shed at the Residence, and replaced it with a new lock for which PLAINTIFF did not have a key.

74.   Neither MURRAY-CALCOTE nor SANDERS had PLAINTIFF'S or the Residence owner's permission to break PLAINTIFF'S personal lock, enter the backyard storage shed, or to replace PLAINTIFF'S lock with another lock.

75.   DEFENDANTS removed PLAINTIFF'S personal property from the Residence.

76.   DEFENDANTS, through their willful and intentional conduct, substantially interfered with PLAINTIFF'S use and possession of her personal property.

9

COMPLAINT

77.  As a direct and proximate result of DEFENDANTS' actions, PLAINTIFF has suffered damages in an amount according to proof.

78.  DEFENDANTS are jointly and severally liable for any damages awarded to PLAINTIFF.

79.  In intentionally engaging in the aforementioned acts, DEFENDANTS acted with oppression, and malice, and despicable conduct, thereby justifying and warranting an award of punitive damages, in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

### (Conversion)

**(PETTE as individual against all defendants except GRIFFITH)**

80.  Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1 through 79, inclusive, and incorporate the same herein by this reference as though set forth in full.

81.  At all relevant times, PLAINTIFF owned and had a right to mail, personal property and documents that were left at the Residence.

82.  By order of the court dated August 15, 2014, PLAINTIFF was granted access to her personal property located at the Residence.

83.  Thereafter, despite repeated requests to DEFENDANTS, PLAINTIFF was prohibited by DEFENDANTS from retrieving all of her personal property located at the Residence.

84.  On December 26, 2014, DEFENDANTS removed and broke PLAINTIFF'S personal lock used to secure PLAINTIFF'S personal property in a backyard storage shed at the Residence, and replaced it with a new lock for which PLAINTIFF did not have a key.

85.  Neither MURRAY-CALCOTE nor SANDERS had PLAINTIFF'S or the Residence owner's permission to break PLAINTIFF'S personal lock, enter the backyard storage shed, or to replace PLAINTIFF'S lock with another lock.

86.  DEFENDANTS removed PLAINTIFF'S personal property from the Residence.

COMPLAINT

87.    DEFENDANTS intentionally and wrongfully exercised control over and converted PLAINTIFF'S personal property.

88.    DEFENDANTS have yet to return PLAINTIFF'S personal property to her or grant her access to her personal property, despite requests.

89.    DEFENDANTS are jointly and severally liable for any damages awarded to PLAINTIFF.

90.    As a direct and proximate result of DEFENDANTS' actions, PLAINTIFF has suffered damages in an amount according to proof.

91.    In intentionally engaging in the aforementioned acts, DEFENDANTS acted with oppression, and malice, and despicable conduct, thereby justifying and warranting an award of punitive damages, in an amount according to proof at trial.

### SEVENTH CAUSE OF ACTION

### (Possession of Personal Property - Claim and Delivery)

### (PETTE as individual against all defendants except GRIFFITH)

92.    Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1 through 91, inclusive, and incorporate the same herein by this reference as though set forth in full.

93.    At all relevant times, PLAINTIFF owned and had a right to mail, personal property and documents that were left at the Residence.

94.    By order of the court dated August 15, 2014, PLAINTIFF was granted access to her personal property located at the Residence.

95.    Thereafter, despite repeated requests to DEFENDANTS, PLAINTIFF was prohibited by DEFENDANTS from retrieving all of her personal property located at the Residence.

96.    On December 26, 2014, DEFENDANTS removed and broke PLAINTIFF'S personal lock used to secure PLAINTIFF'S personal property in a backyard storage shed at the Residence, and replaced it with a new lock for which PLAINTIFF did not have a key.

COMPLAINT

97.    Neither MURRAY-CALCOTE nor SANDERS had PLAINTIFF'S permission to break PLAINTIFF'S personal lock, enter the backyard storage shed, or to replace PLAINTIFF'S lock with another lock.

98.    DEFENDANTS removed PLAINTIFF'S personal property from the Residence.

99.    DEFENDANTS intentionally and wrongfully exercised control over and converted PLAINTIFF'S personal property.

100.    DEFENDANTS have yet to return PLAINTIFF'S personal property to her or grant her access to her personal property, despite requests.

101.    PLAINTIFF is entitled to repossession of her personal property.

102.    As a direct and proximate result of DEFENDANTS' actions, PLAINTIFF has suffered damages in an amount according to proof.

103.    DEFENDANTS are jointly and severally liable for any damages awarded to PLAINTIFF.

104.    In intentionally engaging in the aforementioned acts, DEFENDANTS acted with oppression, and malice, and despicable conduct, thereby justifying and warranting an award of punitive damages, in an amount according to proof at trial.

## EIGHTH CAUSE OF ACTION

### (Defamation)

### (PETTE as individual against all defendants)

105.    Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1 through 104, inclusive, and incorporate the same herein by this reference as though set forth in full.

106.    On or about September 26, 2014, DEFENDANTS published a written letter stating that PLAINTIFF had no rights under her mother's will and trust and was not permitted to enter her mother's house in connection with funeral services.

107.    The statement referred to PLAINTIFF by name throughout, was made of and concerning PLAINTIFF, and was so understood by those who read the statement.

12