108.   The statement was seen and read on September 26, 2014 by those family and friends that attended the reception for DECEDENT'S visitation services.

109.   The entire statement is false as it pertains to PLAINTIFF.

110.   The letter is libelous on its face.   It exposes plaintiff to hatred, contempt and ridicule because it made false statements about PLAINTIFF relative to her relationship with her mother that was intentionally disseminated at the reception to be read by distant relatives, neighbors and friends of her mother.

111.   DEFENDANTS failed to use reasonable care to determine the truth or falsity of the defamatory statements.

112.   As a proximate result of the above described publication PLAINTIFF has suffered a loss of her reputation, shame and injury to her feelings all to her damage a total amount to be established by proof at trial.

113.   DEFENDANTS are jointly and severally liable for any damages awarded to PLAINTIFF.

114.   The above described publication was not privileged because it was published by DEFENDANTS with malice toward PLAINTIFF and the desire to injure her.   DEFENDANTS acted with oppression, and malice, and despicable conduct, thereby justifying and warranting an award of punitive damages, in an amount according to proof at trial.

## NINTH CAUSE OF ACTION

### (Defamation)

### (PETTE as individual against all defendants)

115.   Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1 through 114, inclusive, and incorporate the same herein by this reference as though set forth in full.

116.   On or about November 21, 2012, GRIFFITH published a letter stating that PLAINTIFF had "physically assaulted" DECEDENT, and "had her physically removed from her home under protest and admitted against her will for a psychological evaluation."

13

COMPLAINT

117.   The letter referred to PLAINTIFF by name throughout, was made of and concerning PLAINTIFF, and was so understood by those who read the statement.

118.   The statement was seen and read on multiple occasions from November 21, 2012 through July 24, 2014 by family, friends, neighbors, and county workers.

119.   The statement in its entirety, that PLAINTIFF "physically assaulted" DECEDENT, and "had her physically removed from her home under protest and admitted against her will for a psychological evaluation," is false as it pertains to PLAINTIFF.

120.   DEFENDANTS failed to use reasonable care to determine the truth or falsity of the defamatory statements.

121.   The letter exposes plaintiff to hatred, contempt and ridicule because it made false statements that PLAINTIFF had physically assaulted the DECEDENT, her own mother, and had her forcibly removed from her home and admitted against her will for a psychological evaluation.

122.   As a proximate result of the above described publication PLAINTIFF has suffered a loss of her reputation, shame and injury to her feelings all to her damage a total amount to be established by proof at trial.

123.   DEFENDANTS are jointly and severally liable for any damages awarded to PLAINTIFF.

124.   The above described publication was not privileged because it was published by DEFENDANTS with malice toward PLAINTIFF and the desire to injure her.  DEFENDANTS acted with oppression, and malice, and despicable conduct, thereby justifying and warranting an award of punitive damages, in an amount according to proof at trial.

## TENTH CAUSE OF ACTION

### (Negligence)

### (PETTE as individual against all defendants)

125.   Plaintiff repeats, repleads and realleges the allegations contained in paragraphs 1 through 124, inclusive, and incorporate the same herein by this reference as though set forth in full.

14

COMPLAINT

126.   DEFENDANTS in negligently acting caused harm to the PLAINTIFF and put her in a worse position than she was prior to DEFENDANTS' action.

127.   DEFENDANTS owed PLAINTIFF a duty to use reasonable care in ordinary activities.

128.   DEFENDANTS breached this duty by failing to take reasonable care in publishing and disseminating letters that included false and damaging allegations against PLAINTIFF.

129.   It was reasonably foreseeable that publishing the letters would cause injuries to the PLAINTIFF.

130.   The letters and were the direct and proximate cause of the harm PLAINTIFF experienced, including a loss of her reputation, shame, and damage to her relationship with friends and family.

131.   DEFENDANTS are jointly and severally liable for any damages awarded to PLAINTIFF.

132.   As a further direct and proximate result, PLAINTIFF suffered damages in an amount according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

### **On the First Cause of Action**

1.     For general damages in an amount to be proven at trial;

2.     For consequential damages in an amount to be proven at trial;

3.     For punitive damages in an amount to be proven at trial;

### **On the Second Cause of Action**

1.     For general damages in an amount to be proven at trial;

2.     For consequential damages in an amount to be proven at trial;

3.     For punitive damages in an amount to be proven at trial;

### **On the Third Cause of Action**

15

1.    For general damages in an amount to be proven at trial;

2.    For consequential damages in an amount to be proven at trial;

3.    For punitive damages in an amount to be proven at trial;

**On the Fourth Cause of Action**

1.    For general damages in an amount to be proven at trial;

2.    For consequential damages in an amount to be proven at trial;

3.    For punitive damages in an amount to be proven at trial;

**On the Fifth Cause of Action**

1.    For general damages in an amount to be proven at trial;

2.    For consequential damages in an amount to be proven at trial;

3.    For punitive damages in an amount to be proven at trial;

**On the Sixth Cause of Action**

1.    For general damages in an amount to be proven at trial;

2.    For consequential damages in an amount to be proven at trial;

3.    For punitive damages in an amount to be proven at trial;

**On the Seventh Cause of Action**

1.    For possession of the personal property described above;

2.    For loss of use damages according to proof;

3.    For time, energy and costs incurred in pursuing recovery of the property described above according to proof;

4.    For punitive damages in an amount to be proven at trial;

**On the Eighth Cause of Action**

1.    For general damages in an amount to be proven at trial;

2.    For consequential damages in an amount to be proven at trial;

3.    For punitive damages in an amount to be proven at trial;

**On the Ninth Cause of Action**

1.    For general damages in an amount to be proven at trial;

2.    For consequential damages in an amount to be proven at trial;

16

3.      For punitive damages in an amount to be proven at trial;

**On the Tenth Cause of Action**

4.      For general damages in an amount to be proven at trial;

5.      For consequential damages in an amount to be proven at trial;

6.      For punitive damages in an amount to be proven at trial;

**For All Causes of Action**

1.      For prejudgment interest on all damages;

2.      For costs of suit;

3.      For attorney fees as permitted by law; and

4.      For such other relief as the court deems just and proper.

Dated: May 8, 2015,                          WITHAM MAHONEY & ABBOTT, LLP


                                             By: _____
                                                 Daniel Abbott, Esq.
                                                 Monica Willian, Esq.
                                             Attorneys for Larnita Pette

17

COMPLAINT

### San Diego County Sheriff's Department
### Follow-Up Report

| | | |
|---|---|---|
| | Case No. | **14135844** |
| CAD Event No.: **E1802137** | Case Disposition: **Active** | **3** |
| Primary Victim: **PETTE, LARNITA ANN** | Report No. **14135844.2** | Page 3 of 4 |

---

## PROPERTY

**Property Item #2.000 - Photo CD**

| Derivative No.: **0** | Property Category: | **1311 - Recording - Interview or Case related - Video/Photo CD, DVD, Tape, Film, Digital storage, Negative** | |
|---|---|---|---|
| Status: **ES - Evidence (Seized)** | Count: **1** | Value: | |
| Manufacturer: | Model: | | |
| Serial No.: | Model Year: | OAN: | |
| Color: | Caliber: | | |
| Body Style: | Recovered/ Seized Date: **07/22/2014** | | |
| Owner: | Disposition: | | |
| Evidence Tag: | Alert(s): | | |
| Drug Type: | Drug Quantity: | | |
| Search Warrant: | | | |
| Notes: | | | |

---

## REPORT NARRATIVE

**ORIGIN:**
On 07/15/2014, Deputy LAWRENCE, 4873, filed an Elder Abuse Report; 368(c) PC. The incident had occurred at 363 Cerro Street, Encinitas. Sheriff's case #14135844. At that time, Deputy LAWRENCE had requested PERT Clinician C. DAVIES, 6890, and I respond to conduct a mental health assessment. At that time, the criteria was not met to complete a 5150 W & I hold. Deputy LAWRENCE and Clinician DAVIES both completed a referral to Adult Protective Services. Clinician DAVIES also completed a referral to the Geriatric Specialist with Mental Health Systems.

On 07/22/2014, at about 1253 hours, I was dispatched to meet with an Adult Protective Services Worker at 363 Cerro Street, Encinitas.

**DEPUTY'S OBSERVATIONS AND ACTIONS:**
We arrived on scene at about 1301 hours. Upon arrival we met with APS worker Karen DEE. She was with Bobbye RIVES, 10/23/1927. RIVES owned the house. RIVES' daughter, Larnita PETTE, 06/25/1949, had moved into the house earlier in 2014. There was a history of the two not being able to get along with other and constantly arguing.

**STATEMENTS OF KAREN DEE:**
DEE was told by RIVES that PETTE bit RIVES on 07/14/2014. She showed DEE and small area of dried blood on her left forearm. DEE was concerned for the well being and safety of RIVES.

**STATEMENTS OF BOBBYE RIVES:**
RIVES said PETTE bit her about a week ago, prior to Detective LAWRENCE being at the house. PETTE had also bruised RIVES' left upper arm. She went to the doctor on 07/16/2014, to have blood drawn. The doctor had to draw from lower than the elbow because of bruising done by PETTE. She believed her daughter had mental problems and wanted her to get help. She did not want her in the home any longer.

as being released pursuant to California Penal Code (CPC) 13100-13300 subsequent distribution of information contained is restricted by CPC 13300

| Reporting Officer **SH2332 - NORMAN-HENDERSON, LEWIS** | Division / Organization **North Coastal Station NORTH COASTAL PATROL** | SAN DIEGO COUNTY SHERIFF'S DEPT. **EATON, RICHARD** |
|---|---|---|
| Report Date **7/22/2014 4:35:50 PM** | Detective Assigned **SH6978 - PROFFITT, MICHAEL** | Reviewed Date **07/23/2014 03:17:40** |

NetRMS_CASDCR.rtf v11-15-06 | Printed By SH3540 | Printed: November 2, 2017 - 10.29 PM

# San Diego County Sheriff's Department
## Follow-Up Report

| | | | |
|---|---|---|---|
| | | Case No. | **14135844** |
| CAD Event No.: | E1802137 | Case Disposition | **Active** |
| Primary Victim: | **PETTE, LARNITA ANN** | Report No. | **14135844.2** |

**4**

Page 4 of 4

**STATEMENT OF LARNITA PETTE:**
PETTE said she had not biten RIVES and this issue only came up when RIVES went to the doctor to get her blood drawn on 07/16/2014, after Detective LAWRENCE had been at the house.

**DEPUTY'S OBSERVATIONS AND ACTIONS continued:**
I told DEE that the alleged bite injury was not present on 07/15/2014. Neither Deputy LAWRENCE, Clinician DAVIES or I had seen any evidence of the injury. DEE believed the living environment was not safe for RIVES and it may continue to degrade. She requested an EPO be issued against PETTE.

I contacted the on-call Judge, Judge PARKER. She issued an Emergency Protective Order against PETTE. The order stipulated the standard conduct orders and a 100 yard exclusion from RIVES and the home. The was also an immediate order for PETTE to vacate the property.

I served PETTE with the order. I stood by for about 90 minutes until PETTE had removed a large amount of her property from the home.

When I asked to see RIVES injuries to her arm, she proceded to take her shirt off. I had DEE take digital photos of the injuries reported by RIVES. I transferred the digitalimages to the RMS Case file and onto a photo CD.

**EVIDENCE:** The following item was placed into evidence at the Sheriff's Encinitas Station:
2 - Photo CD with 8 digital images

**INJURIES:** RIVES complained of minor bruising to her left upper arm and a a bite to the left forearm. No medical attention was required.

**REFERENCES:**
Original case report #14135844

CONFIDENTIAL
This record has been recorded as being released pursuant to California Penal Code (CPC) 13100-13300 subsequent distribution of information contained is restricted by CPC 13300
SAN DIEGO COUNTY SHERIFF'S DEPT.

| Reporting Officer | Division / Organization | Reviewed By |
|---|---|---|
| **SH2332 - NORMAN-HENDERSON, LEWIS** | **North Coastal Station**<br>**NORTH COASTAL PATROL** | **EATON, RICHARD** |
| Report Date | Detective Assigned | Reviewed Date |
| **7/22/2014 4:35:50 PM** | **SH6978 - PROFFITT, MICHAEL** | **07/23/2014 03:17:40** |

| ...Y OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ...ye Jean Rives<br> ) Cerro Street<br> ncinitas, CA 92024 | |

TELEPHONE NO.:                    FAX NO.(Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): Self-Represented

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

☐ CENTRAL DIVISION, COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, MADGE BRADLEY, 1409 4TH AVE., SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
☒ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

PETITIONER(S)

Bobbye Jean Rives

RESPONDENT(S)

Lamita Ann Pette

| ORDER FOR REMOVAL FROM RESIDENCE | JUDGE/DEPT<br>N-21 |
|---|---|
| | CASE NUMBER<br>37-2014-00024600-CU-PT-NC |

FILED
Clerk of the Superior Court
JUL 24 2014
By: P. DELILLO, Deputy

TO:    **SAN DIEGO COUNTY SHERIFF**

**YOU ARE ORDERED** to remove (name of party to be removed):

Lamita Ann Pette

from the residence located at:  363 Cerro Street

in the city of  Encinitas                    , California.

**YOU ARE FURTHER ORDERED** to remain on the premises of said residence for a reasonable period in order to provide an opportunity for the removed party to take personal effects from those premises.

Date: _July 24, 2014_

_____
Judge/Commissioner of the Superior Court

**Frederick A. Mandabach**

---

## CLERK'S CERTIFICATE

The foregoing document, consisting of ____ page(s), is a full, true and correct copy of the ☒ original ☐ copy on file in this office.

Clerk of the Superior Court

Date:  JUL 2 4 2014                    by _____, Deputy
                                                        A. Wagoner

SDSC D-072 (Rev. 4/11)        ORDER FOR REMOVAL FROM RESIDENCE

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Bobbye Jean Rives
363 Cerro Street
Encinitas, CA 92024

TELEPHONE NO.:                          FAX NO.(Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): Self-Represented

**FOR COURT USE ONLY**

F I L E D
Clerk of the Superior Court

JUL 2 4 2014

By: P. DELILLO, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- ☐ CENTRAL DIVISION, COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, MADGE BRADLEY, 1409 4TH AVE., SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
- ☒ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

PETITIONER(S)
Bobbye Jean Rives

RESPONDENT(S)
Larnita Ann Pette

| | |
|---|---|
| JUDGE/DEPT N-21 | |
| CASE NUMBER 37-2014-00024600-CU-PT-NC | |

**ORDER FOR REMOVAL FROM RESIDENCE**

TO:    **SAN DIEGO COUNTY SHERIFF**

**YOU ARE ORDERED** to remove (name of party to be removed):

Larnita Ann Pette

from the residence located at:  363 Cerro Street

in the city of  Encinitas                                    , California.

**YOU ARE FURTHER ORDERED** to remain on the premises of said residence for a reasonable period in order to provide an opportunity for the removed party to take personal effects from those premises.

Date:  July 24, 2014

_Fr. Mandabach_
Judge/Commissioner of the Superior Court

**Frederick A. Mandabach**

---

**CLERK'S CERTIFICATE**

The foregoing document, consisting of _____ page(s), is a full, true and correct copy of the
☒ original ☐ copy on file in this office.

Clerk of the Superior Court

Date:    JUL 2 4 2014

by _____, Deputy
A. Wagoner

SDSC D-072 (Rev. 4/11)                    **ORDER FOR REMOVAL FROM RESIDENCE**

3

**EA-110**    **Temporary Restraining Order**

*Person in* ① *must complete items* ①, ② *and* ③ *only.*

① **Protected Elder or Dependent Adult**

  a.  Full Name:  Bobbye Jean Rives

    ☐  Person requesting protection for the elder or dependent adult, if
    different *(person named in item* ③ *of Form EA-100):*
      Full Name: _____

      Lawyer for person named above *(if any for this case):*
      Name: _____  State Bar No.: _____
      Firm Name: _____

  b.  Your Address *(If you have a lawyer, give your lawyer's information.
    If you do not have a lawyer and want to keep your home address
    private, you may give a different mailing address instead. You do not
    have to give telephone, fax, or e-mail.):*

    Address: 363 Cerro Street

    City: Encinitas    State: CA  Zip: 92024

    Telephone: 866·399·9050    Fax: _____
    E-Mail Address: _____  →then code: 760·436·2096

**Clerk stamps date here when form is filed.**

F I L E D
Clerk of the Superior Court

JUL 24 2014

By: P. DELILLO, Deputy

Fill in court name and street address:
Superior Court of California, County of

San Diego Superior Court
North County Division
325 South Melrose Drive
Vista, CA 92081-662

*Court fills in case number when form is filed.*

**Case Number:**
37-2014-00024600-CU-PT-NC

② **Restrained Person**

  Full Name:  Larnita Ann Pette

  Description:  Sex: ☐ M  ☒ F  Height: 5'3"  Weight: 160  Date of Birth: 06/25/49
    Hair Color: Brown    Eye Color: Brown    Age: 65    Race: Black
    Home Address *(if known):* 363 Cerro Street.
    City: Encinitas    State: CA    Zip: 92024
    Relationship to Protected Person: Daughter of Protected Person.

③ ☐ **Additional Protected Persons**

In addition to the elder or dependent adult named in ①, the following family or household members or
conservator of that person are protected by the orders indicated below:

| Full Name | Sex | Age | Household Member? | Relation to Protected Person |
|-----------|-----|-----|-------------------|------------------------------|
| _____ | ___ | ___ | ☐ Yes ☐ No | _____ |
| _____ | ___ | ___ | ☐ Yes ☐ No | _____ |

☐  *Check here if there are additional protected persons. List them on an attached sheet of paper and write
"Attachment 3—Additional Protected Persons" as a title. You may use Form MC-025, Attachment.*

④ **Expiration Date**    *The court will complete the rest of this form.*

*This Order expires at the end of the hearing scheduled for the date and time below:*    Dept. 21

  Date: 8-15-14    Time: 8:30    ☒ a.m.  ☐ p.m.

**This is a Court Order**

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2012, Mandatory Form
Code of Civil Procedure, § 527.9
Welfare & Institutions Code, § 15657.03
Approved by DOJ

**Temporary Restraining Order**
**(CLETS–TEA or TEF)**
**(Elder or Dependent Adult Abuse Prevention)**

EA-110, Page 1 of 5

→

4

**Case Number:**

37-2014-00024600-CU-PT-NC

## To the Person in ❷:

The court has issued the temporary orders checked as granted below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.

⑤ **Personal Conduct Orders**

☐ **Not Requested** ☐ **Denied Until the Hearing** ☑ **Granted as Follows:**

a. You must not do the following things to the elder or dependent adult named in ①

☐ and to the other protected persons listed in ③:

(1) ☑ Physically abuse, financially abuse, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, harass, destroy the personal property of, or disturb the peace of the person.

(2) ☑ Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.

(3) ☐ Take any action to obtain the person's address or location. If this item ③ is not checked, the court has found good cause not to make this order.

(4) ☐ Other (specify):

☐ Other personal conduct orders are attached at the end of this Order on Attachment 5a(4).

b. Peaceful written contact through a lawyer or a process server or any other person for service of legal papers related to a court case is allowed and does not violate this order. However, you may have your papers served by mail on the person in ① .

⑥ **Stay-Away Orders**

☐ **Not Requested** ☐ **Denied Until the Hearing** ☑ **Granted as Follows:**

a. You must stay at least __*100*__ yards away from (check all that apply):

(1) ☑ The elder or dependent adult in ①          (5) ☑ The vehicle of the elder or dependent adult

(2) ☐ Each person in ③                              (6) ☐ Other (specify): _____

(3) ☑ The home of the elder or                    _____
dependent adult                                       _____

(4) ☐ The job or workplace of the elder           _____
or dependent adult                                    _____

b. This stay-away order does not prevent you from going to or from your home or place of employment.

⑦ **Move-Out Order**

☐ **Not Requested** ☐ **Denied Until the Hearing** ☑ **Granted as Follows:**

You must immediately move out from and not return to (address):

__363 CERRO ST., ENCINATAS, CA 92024__

and must take only the personal clothing and belongings you need until the hearing.

## This is a Court Order.

4

Case Number:
37-2014-00024600-CU-PT-NC

**⑧ No Guns or Other Firearms and Ammunition**

☐ Not Issued *(financial abuse only)*    ☑ **Granted as Follows:**

*This order must be granted unless only financial abuse is alleged.*

a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

b. You must:

(1) Sell to a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms in your immediate possession or control. This must be done within 24 hours of being served with this Order.

(2) File a receipt with the court within 48 hours of receiving this Order that proves that your guns or other firearms have been turned in or sold. *(You may use Form EA-800, Proof of Firearms Turned In or Sold, for the receipt.)*

c. ☐ The court has received information that you own or possess a firearm.

**⑨ Financial Abuse**

This case ☑ **does not** ☐ does   involve **solely financial abuse** unaccompanied by force, threat, harassment, intimidation, or any other form of abuse.

**⑩ Other Orders**

☑ **Not Requested**  ☐ **Denied Until the Hearing**  ☐ **Granted as Follows** *(specify):*

_____
_____
_____
_____
_____
_____

☐ Additional orders are attached at the end of this Order on Attachment 10.

**To the Person in ❶:**

**⑪ Mandatory Entry of Order Into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Orders System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a. ☐ The clerk will enter this Order and its proof-of-service form into CLETS.

b. ☐ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CLETS.

c. ☐ By the close of business on the date that this Order is made, the person in ❶ or his or her lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agencies listed below to enter into CLETS:

Name of Law Enforcement Agency          Address *(City, State, Zip)*
San Diego Sheriff                              325 So. Melrose Dr.
                                                      Vista, CA 92081

☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 11.

**This is a Court Order.**

**Temporary Restraining Order (CLETS–TEA or TEF)**
(Elder or Dependent Adult Abuse Prevention)
EA-110, Page 3 of 5

4

Case Number:

37-2014-00024600-CU-PT-NC

(12) **No Fee to Serve (Notify) Restrained Person**

If the sheriff or marshal serves this Order, he or she will do it for free.

(13) Number of pages attached to this Order, if any: _____

Date: *July 24, 2014*

*Judicial Officer*

**Frederick A. Mandabach**

## Warnings and Notices to the Restrained Person in ❷:

### Possession of Guns or Firearms

If the court grants the orders in item (8), you cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, or ammunition while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control as stated in item (8). The court will require you to prove that you did so.

### Notice Regarding Nonappearance at Hearing and Service of Order

If you have been personally served with this Temporary Restraining Order and Form EA-109, *Notice of Court Hearing*, but you do not appear at the hearing either in person or by a lawyer, and a restraining order that does not differ from this order except for the expiration date is issued at the hearing, a copy of the order will be served on you by mail at the address in item (2).

If this address is not correct or you wish to verify that the Temporary Restraining Order was converted into a restraining order at the hearing without substantive change, or to find out the duration of the order, contact the clerk of the court.

### After You Have Been Served With a Restraining Order

- Obey all the orders.
- Read Form EA-120-INFO, *How Can I Respond to a Request for Orders to Elder or Dependent Adult Abuse?*, to learn how to respond to this Order.
- If you want to respond, fill out Form EA-120, *Response to Request for Elder or Dependent Adult Abuse Restraining Orders*, and file it with the court clerk. You do not have to pay any fee to file your response.
- You must have Form EA-120 served on the person in (1) (the person asking the court for protection of the elder or dependent adult or the elder or dependent adult if no other person is named in that item), or that person's attorney, by mail. You cannot do this yourself. The person who does the mailing should complete and sign Form EA-250, *Proof of Service of Response by Mail*. File the completed proof of service with the court clerk before the hearing date or bring it with you to the hearing.
- In addition to the response, you may file and have declarations served signed by you and other persons who have personal knowledge of the facts. You may use Form MC-030, *Declaration*, for this purpose. It is available from the clerk's office at the court shown on page 1 of this form or at *www.courts.ca.gov/forms*. If you do not know how to prepare a declaration, you should see a lawyer.
- Whether or not you file a response, you should attend the hearing. If you have any witnesses, they must also go to the hearing.
- At the hearing, the judge can make restraining orders against you that last for up to five years. Tell the judge why you disagree with the orders requested.

## This is a Court Order.

4

Case Number:

37-2014-00024500-CU-PT-NC

## Instructions for Law Enforcement

### Enforcing the Restraining Order

This order is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Restraining and Protective Orders System (CARPOS). If the law enforcement agency has not received proof of service on the restrained person, the agency must advise the restrained person of the terms of the order and then must enforce it. Violations of this order are subject to criminal penalties.

### Start Date and End Date of Orders

This Order *starts* on the date next to the judge's signature on page 4. The order *ends* on the expiration date in item ④ on page 1.

### Arrest Required If Order Is Violated

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6. Agencies are encouraged to enter violation messages into CARPOS.

### Notice/Proof of Service

The law enforcement agency must first determine if the restrained person had notice of the orders. Consider the restrained person "served" (noticed) if (Pen. Code, § 836(c)(2)):

• The officer sees a copy of the Proof of Service or confirms that the Proof of Service is on file; *or*
• The restrained person was informed of the order by an officer.

An officer can obtain information about the contents of the order and proof of service in CARPOS. If proof of service on the restrained person cannot be verified, the agency must advise the restrained person of the terms of the order and then enforce it.

### If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, this order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, § 13710(b).)

### Conflicting Orders

A protective order issued in a criminal case on Form CR-161 takes precedence in enforcement over any conflicting civil court order. (Pen. Code, § 136.2(e)(2).) Any nonconflicting terms of the civil restraining order remain in full force. An *Emergency Protective Order* (Form EPO-001) that is in effect between the same parties and is more restrictive than other restraining orders takes precedence over all other restraining orders. (Pen. Code, § 136.2.)

*(Clerk will fill out this part)*



### —Clerk's Certificate—

I certify that this *Temporary Restraining Order* is a true and correct copy of the original on file in the court.

Date:  JUL 2 4 2014  Clerk, by _____ A. Wagoner _____, Deputy

**This is a Court Order.**

4

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Bobbye Jean Rives<br>363 Cerro Street<br>Encinitas, CA 92024<br>TELEPHONE NO.:                    FAX NO.(Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Self-Represented | **F I L E D**<br>Clerk of the Superior Court<br>**JUL 2 4 2014**<br>By: P. DELILLO, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- ☐ CENTRAL DIVISION, COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, MADGE BRADLEY, 1409 4TH AVE., SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
- ☑ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

| | |
|---|---|
| PETITIONER(S)<br>Bobbye Jean Rives | |
| RESPONDENT(S)<br>Lamita Ann Pette | JUDGE/DEPT<br>N-21 |
| **ORDER FOR REMOVAL FROM RESIDENCE** | CASE NUMBER<br>37-2014-00024600-CU-PT-NC |

TO:   **SAN DIEGO COUNTY SHERIFF**

**YOU ARE ORDERED** to remove (name of party to be removed):

Lamita Ann Pette

from the residence located at:   363 Cerro Street

in the city of  Encinitas                           , California.

**YOU ARE FURTHER ORDERED** to remain on the premises of said residence for a reasonable period in order to provide an opportunity for the removed party to take personal effects from those premises.

Date:  July 24, 2014

_____
Judge/Commissioner of the Superior Court

**Frederick A. Mandabach**

---

**CLERK'S CERTIFICATE**

The foregoing document, consisting of _____ page(s), is a full, true and correct copy of the ☑ original ☐ copy on file in this office.

Clerk of the Superior Court

Date:  JUL 2 4 2014  _____   by _____ Deputy

A. Wagoner

**ORDER FOR REMOVAL FROM RESIDENCE**

SDSC D-072 (Rev. 4/11)

**EA-100**

## Request for Elder or Dependent Adult Abuse Restraining Orders

Read *Can an Elder or Dependent Adult Abuse Restraining Order Help Me? (Form EA-100-INFO) before completing this form. Also fill out Confidential CLETS Information (Form CLETS-001), with as much information as you know.*

Clerk stamps date here when form is filed.

FILED
NORTH COUNTY DIVISION

2014 JUL 24   AM 8: 31

CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

**① Elder or Dependent Adult in Need of Protection**

Full Name: Bobbye Jean Rives

Sex: ☐ M   ☒ F   Age: 87

Fill in court name and street address:

Superior Court of California, County of

San Diego Superior Court
North County Division
325 South Melrose Drive
Vista, CA 92081-662~

**② Person From Whom Protection Is Sought**

Full Name: Larnita Ann Pette

Address (if known): 363 Cerro Street.

City: ~Carlsbad~ Encinitas   State: CA   Zip: 92024

Court fills in case number when form is filed.

Case Number:

37-2014-00024500-CU-PT-NC

**③ Person Requesting Order**

Who is asking the court for protection? (Check a, b, or c):

a. ☒ The elder or dependent adult named in ①.

b. ☐ Name: _____

conservator of the   ☐ person   ☐ estate   ☐ person and estate

of the person named in ①, appointed by (name of court): _____

Case No.: _____

c. ☐ Other (name): _____

*(Show this person's legal authority to make this request on an attached sheet of paper. Write "Attachment 3c —Information About Person Requesting Protective Order" for a title. You may use Form MC-025, Attachment.)*

**④ Contact Information**

Contact information for the person asking the court for protection:

a.   Your Lawyer *(if you have one for this case):*

Name: _____ State Bar No: _____

Firm Name: _____

b.   Your Address *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer and you want to keep your home address private, you may give a different mailing address instead. The person in ① does not have to give telephone, fax, or e-mail.):*

Address: _____

City: _____ State: _____ Zip: _____

Telephone: _____ Fax: _____

E-Mail Address: _____

**This is not a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2012, Mandatory Form
Welfare & Institutions Code, § 15657.03
Code of Civil Procedure, § 527.9

**Request for Elder or Dependent Adult Abuse
Restraining Orders**
**(Elder or Dependent Adult Abuse Prevention)**

EA-100, Page 1 of 7

→

4

Case Number:

37-2014-00024800-CU-PT-NC

**(5) Description of Protected Person**

Describe the person named in (1). *(Check a or b):*

a. ☒ Is age 65 or older and a resident of California.

b. ☐ Is a resident of California and an adult under age 65. This person has physical or mental limitations that
restrict his or her ability to carry out normal activities or to protect his or her rights. *(Briefly describe
limitations on the attached sheet of paper or Form MC-025. Write "Attachment 5—Description of
Protected Person" for a title.)*

**(6) Additional Protected Persons**

a. Are you asking for protection for any other family or household members or for the conservator of the elder or
dependent adult listed in (1)?  ☐ Yes  ☐ No  *If yes, list them:*

| Full Name | Sex | Age | Lives with you? | How are they related to you? |
|-----------|-----|-----|-----------------|------------------------------|
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |

☐ *Check here if there are more persons.  Provide the above information for each one on the attached sheet
of paper or MC-025.  Write "Attachment 6a—Additional Protected Persons" for a title.*

b. Why do these people need protection? *(Explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet
of paper or Form MC-025 and write "Attachment 6b—Why Others Need Protection" for a title.*

_____

**(7) Relationship of Parties**

How does the person in (1) know the person in (2)? *(Explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet
of paper or Form MC-025 and write "Attachment 7—Relationship of Parties" for a title.*

Person ① is the mother of Person ②

**(8) Venue**

Why are you filing in this county? *(check all that apply):*

a. ☒ The person in (2) lives in this county.

b. ☒ The person in (1) was abused by the person in (2) in this county.

c. ☐ Other *(specify):* _____

**This is not a Court Order.**

**Request for Elder or Dependent Adult Abuse
Restraining Orders**
(Elder or Dependent Adult Abuse Prevention)

EA-100, Page 2 of 7

→

4

Case Number:

~~37-2014-00024600~~-CU-PT-NC

**⑨ Other Court Cases**

a. Has the person in ① or any of the persons named in ⑥ been involved in another court case with the person in ②? ☒ No ☐ Yes *(If yes, specify the kind of each case and indicate where and when each was filed:)*

| | Kind of Case | Filed in *(County/State)* | Year Filed | Case Number *(if known)* |
|---|---|---|---|---|
| (1) ☐ | Elder or Dependent Adult Abuse | | | |
| (2) ☐ | Civil Harassment | | | |
| (3) ☐ | Domestic Violence | | | |
| (4) ☐ | Divorce, Nullity, Legal Separation | | | |
| (5) ☐ | Paternity, Parentage, Child Custody | | | |
| (6) ☐ | Eviction | | | |
| (7) ☐ | Guardianship | | | |
| (8) ☐ | Workplace Violence | | | |
| (9) ☐ | Small Claims | | | |
| (10) ☐ | Criminal | | | |
| (11) ☐ | Other *(specify):* | | | |

b. Are there now any protective or restraining orders in effect relating to the person in ① or any of the persons named in ⑥ ~~and the person in ②~~? ☐ No ☐ Yes *If yes, attach a copy if you have one.*

**⑩ Description of Abuse**

a. Abuse means either:

(1) Physical abuse, neglect, financial abuse, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering; or

(2) The withholding by a caretaker of goods or services that are necessary to avoid physical harm or mental suffering.

b. Tell the court about the last time the person in ② abused the person in ①.

(1) When did it happen? *(provide date or estimated date):* <u>Assaults began 2/16/2011, Most recently 7.13.1</u>

(2) Who else was there? <u>No</u>. _____

_____

(3) Describe what happened below.

☒ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or Form MC-025 and write "Attachment 1-b(3)—Describe Abuse" for a title.*

<u>Person ① woke at 9:00pm, went to garage for a snack, Person ① Found a device she had not seen before (Person ②'s cell phone-iPhone) So Person ① put it in her pocket. Person ② Grabbed person ① on her left arm and held her captive in the garage until 4:30am.</u>

(4) Was the abuse solely **financial abuse** unaccompanied by force, threat, harassment, intimidation, or any other form of abuse?

☐ Yes, only financial abuse. ☒ No, the abuse included other forms of abuse described above.

**This is not a Court Order.**

4

Case Number:

37-2014-00024600-CU-PT-NC

(5) Did the person in ② use or threaten to use a gun or any other weapon?

☒ Yes ☐ No   *(If yes, explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or Form MC-025 and write "Attachment 10b(5)—Use of Weapons" for a title.*

_____

_____

_____

(6) Was the person in ① harmed or injured as a result of the acts of abuse described above?

☒ Yes ☐ No   *(If yes, explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or Form MC-025 and write "Attachment 10b(6)—Harm or Injury" for a title.*

On 7·13·14   Person ① was physically pinned and restrained. Person ① was bruised and was bit by person ② on person ①'s Left arm.

_____

(7) Did the police come? ☒ Yes ☐ No

If yes, did they give the person in ① or the person in ② an Emergency Protective Order?   ☒ Yes ☐ No

~~If yes:~~  The order protects *(check all that apply):*

a. ☒ The person in ①   b. ☐ The person in ②   c. ☐ The persons in ⑥

*Attach a copy of the order if you have one.*

c. Is the person in ② a care custodian who deprived the person in ① of (kept from him or her, did not allow him or her to have or receive, or did not provide him or her with) goods or services that the person needed to avoid physical harm or mental suffering?

☒ Yes ☐ No   *(If yes, describe below what the person was deprived of and how that affected him or her):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or Form MC-025 and write "Attachment 10c—Deprivation by Care Custodian" for a title.*

Person ② kept person ① pinned in the garage from 9:30pm to 4:30am. Person ① asked to get up so she could eat, but person ② would pull person ① away from the doors. and not allow her to eat.

d. Has the person in ② abused the person in ① at other times?

☒ Yes ☐ No   *(If yes, describe prior incidents and provide dates below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or Form MC-025 and write "Attachment 10d—Previous Abuse" for a title.*

_____

_____

_____

_____

_____

_____

**This is not a Court Order.**

**Request for Elder or Dependent Adult Abuse
Restraining Orders**
(Elder or Dependent Adult Abuse Prevention)

cf

Case Number:

37-2014-00024600-CU-PT-NC

## Check the orders you want ☑

**(11)** ☑ **Personal Conduct Orders**

I ask the court to order the person in (2) **not** to do the following things to the person in (1) or to anyone to be protected listed in (6):

a. ☑ Physically abuse, financially abuse, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, harass, destroy the personal property of, or disturb the peace of the person.

b. ☑ Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means.

c. ☐ Other *(specify):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or Form MC-025 and write "Attachment 11c—Other Personal Conduct Orders," for a title.*

_____

_____

_____

*The person in (2) will be ordered not to take any action to get the addresses or locations of any protected person unless the court finds good cause not to make the order.*

**(12)** ☑ **Stay-Away Orders**

a. I ask the court to order the person in (2) to stay at least ___100___ yards away from *(Check all that apply):*

(1) ☑ The elder or dependent adult in (1)

(2) ☐ The persons in (6)

(3) ☑ The home of the elder or dependent adult

(4) ☐ The job or workplace of the elder or dependent adult

(5) ☑ The vehicle of the elder or dependent adult

(6) ☐ Other *(specify):* _____

_____

_____

b. If the court orders the person in (2) to stay away from all the places listed above, will he or she still be able to get to his or her home, school, or job?   ☑ Yes  ☐ No  *(If no, explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or Form MC-025 and write "Attachment 12b—Stay-Away Orders," for a title.*

_____

_____

_____

_____

**This is not a Court Order.**

Case Number:

37-2014-~~00024600~~-CU-PT-~~NC~~

⑬ ☒ **Move-Out Order**

· I ask the court to order the person in ② to move out from and not return to the residence at *(address):*

363 Cerro Street, Encinitas, CA 92024

· The person in ① will suffer physical or emotional harm if the person in ② does not leave the residence. The person in ② is not named in the title or lease of the residence, either alone or with others beside the person in ①.

☒ I ask for this move-out order right away to last until the hearing, because:

   a. The person in ② assaulted or threatened the person in ①; and
   b. The person in ① has the right to live at the above residence *(Explain below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or Form MC-025 and write "Attachment 13—My Right to Residence," for a title.*

Person ① owns the home and has lived there for 40 years.

⑭ **Guns or Other Firearms and Ammunition**

· Does the person in ② own or possess any guns or other firearms?   ☐ Yes   ☐ No   ☒ I don't know

· *Unless the abuse is only financial, if the judge grants a protective order, the person in ② will be prohibited from owning, possessing, purchasing, receiving, or attempting to purchase or receive a gun, other firearm, and ammunition while the protective order is in effect. The person in ② will also be ordered to turn in to law enforcement or sell to a gun dealer any guns or firearms within his or her immediate possession or control.*

⑮ **Immediate Orders**

· Do you want the court to make any of these orders now that will last until the hearing without notice to the person in ②?  ☐ Yes  ☒ No   *(If you answered yes, explain why below):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or Form MC-025 and write "Attachment 15—Immediate Orders" for a title.*

⑯ ☐ **Request to Give Less Than Five Days' Notice**

*You must have your papers personally served on the person in ② at least five days before the hearing, unless the court orders a shorter time for service. (Form EA-200-INFO explains What Is "Proof of Personal Service"? Form EA-200, Proof of Personal Service, may be used to show the court that the papers have been served.)*

If you want there to be fewer than five days between service and the hearing, explain why below:

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or Form MC-025 and write "Attachment 16—Request to Give Less Than Five-Days Notice" for a title.*

**This is not a Court Order.**

**Request for Elder or Dependent Adult Abuse
Restraining Orders
(Elder or Dependent Adult Abuse Prevention)**

Case Number:

37-2014-00024600-CU-PT-NC

(17) **No Fee to Serve Orders** *If you want the sheriff or marshal to serve (notify) the person in* (2) *about the orders for free, ask the court clerk what you need to do.*

(18) ☐ **Lawyer's Fees and Costs**
I ask the court to order payment of my:    a. ☐ Lawyer's fees  b. ☐ Court costs
The amounts requested are:

| Item | Amount | Item | Amount |
|---|---|---|---|
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |

☐ *Check here if there are more items. Put the items and amounts on the attached sheet of paper or Form MC-025 and write "Attachment 18—Lawyer's Fees and Costs" for a title.*

(19) ☐ **Additional Orders Requested**

I ask the court to make the following additional orders *(specify):*

☐ *Check here if there is not enough space for your answer. Put your complete answer on the attached sheet of paper or Form MC-025 and write "Attachment 19—Additional Orders Requested," for a title.*

_____

_____

_____

_____

(20) Number of pages attached to this form, if any: _____

Date: _____

_____          ►_____
*Lawyer's name (if any)*                                    *Lawyer's signature*

I declare under penalty of perjury under the laws of the State of California that the information above and on all attachments is true and correct.

Date: **7.28.2014**

*Bobbye J. Rives*          *Bobbye J. Rives*
_____          _____
*Name of person filing this request*                   *Signature of person filing this request*

**This is not a Court Order.**

Revised January 1, 2012          **Request for Elder or Dependent Adult Abuse**          EA-100, Page 7 of 7
**Restraining Orders**
**(Elder or Dependent Adult Abuse Prevention)**

## Attachment 1-b(3) - Describe Abuse

Person ① was bitten by Person ② and pinned down on a sofa. ~~cords~~ Person ① asked repeatedly to be let go to get something to eat, but person ② would not allow person ①. Person ① tried to escape but person ② would block the doors and pull Person ① away. Person ① tried to defend herself with her right hand and hit at person ②. Person ① bit person ② after person ② bit her. (SD sheriff's case#: 14135844)

Person ② brought a knife upstairs and mumbled something to person ① after person ① exited the bathroom from a shower. The person is hard of hearing and does not know why person ② would possibly threaten her that day. This event took place between 7·13·14 and 7·19·14.

"Attachment 10-d-Previous Abuse"   9·15·

There is a long history from 2006 to present of Person ② stealing money and property of person① Person ② would impersonate Person ① to take bank ~~Person~~ Promotions under the person ① Name.

Person ② is trying to get person ① conserved and tells people/ Person ①'s doctors that she has dementia in order to control the estate of person ①. (see supplementa letter).

Person ① is fearful of Person ②.

See back for additional example. —

4

| **EA-109** | Notice of Court Hearing |
|---|---|

**Clerk stamps date here when form is filed.**

F I L E D
Clerk of the Superior Court

JUL 24 2014

By: P. DELILLO, Deputy

### ① Elder or Dependent Adult in Need of Protection

a. Full Name: **Bobbye Jean Rives**

☐ Person requesting protection for the elder or dependent adult, if different *(person named in item ③ of Form EA-100)*:

Full Name: _____

Lawyer for person named above *(if any for this case)*:

Name: _____ State Bar No.: _____

Firm Name: _____

b. Address for person named above *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer, give information for the person requesting the order. If you want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or e-mail.)*:

Address: **363 Cerro St.**

City: **Encinitas** State: **CA** Zip: **92024**

Telephone: **866·399·9050** Fax: _____
**code: 760·436·2096#**

E-Mail Address: _____

**Fill in court name and street address:**

Superior Court of California, County of

San Diego Superior Court
North County Division
325 South Melrose Drive
Vista, CA 92081-662~

**Court fills in case number when form is filed.**

Case Number:

37-2014-00024600-CU-PT-NC

### ② Person You Want Protection From

Full Name: **Larnita Ann Pette**

*The court will complete the rest of this form.*

### ③ Notice of Hearing

**A court hearing is scheduled on the request for restraining orders against the person in ② :**

| | | Name and address of court if different from above: |
|---|---|---|
| **Hearing Date** → | Date: **8-15-14** Time: **8:30 a.m.** | _____ |
| | Dept.: **21** Room: _____ | _____ |

### ④ Temporary Restraining Orders *(Any orders granted are on Form EA-110, served with this notice.)*

a. Temporary Restraining Orders for personal conduct and stay-away orders as requested in Form EA-100, *Request for Elder on Dependent Adult Abuse Restraining Orders* are *(check only one box below)*:

(1) ☑ All **GRANTED** until the court hearing.

(2) ☐ All **DENIED** until the court hearing. *(Specify reasons for denial in b, below.)*

(3) ☐ Partly **GRANTED** and partly **DENIED** until the court hearing. *(Specify reasons for denial in b, below.)*

Judicial Council of California, www.courts.ca.gov
New January 1, 2012, Mandatory Form
Welfare and Institutions Code, § 15657.03
Approved by DOJ

**Notice of Court Hearing**
(Elder or Dependent Adult Abuse Prevention)

EA-109, Page 1 of 3

- For information about service, read Form EA-200-INFO, *What Is "Proof of Personal Service"?*
- If you are unable to serve the person in ② in time, you may ask for more time to serve the documents. Use Form EA-115, *Request to Continue Court Hearing and to Reissue Temporary Restraining Order.*

**To the Person in ①:**

- The court cannot make the restraining orders after the court hearing unless the person in ② has been personally given (served) a copy of your request and any temporary orders. To show that the person in ② has been served, the person who served the forms must fill out a proof of service form, Form EA-200, *Proof of Personal Service,* may be used.

Date: _July 24, 2014_

_signature_                               Frederick A. Mandabach

_Judicial Officer_

⑤ **Service of Documents by the Person in ①**

At least ☑ five  ☐ **_____** days before the hearing, someone age 18 or older—not you or anyone to be protected—must personally **give** (serve) a court file-stamped copy of this Form EA-109, *Notice of Court Hearing,* to the person in ② along with a copy of all the forms indicated below:

a. ☐ EA-100, *Request for Elder or Dependent Adult Abuse Restraining Orders* (file-stamped)

b. ☑ EA-110, *Temporary Restraining Order* (file-stamped) **IF GRANTED**

c. ☐ EA-120, *Response to Request for Elder or Dependent Adult Abuse Restraining Orders* (blank form)

d. ☐ EA-250, *Proof of Service of Response by Mail* (blank form)

e. ☐ EA-120-INFO, *How Can I Respond to a Request for Dependent Adult Abuse Restraining Orders?*

f. ☐ *Other (specify):*

---

④ **Temporary Restraining Orders (continued)**

b. Reasons for denial of some or all of those personal conduct and stay away orders as requested in Form EA-100, *Request for Elder or Dependent Adult Abuse Restraining Orders,* are:

  (1) ☐ The facts as stated in Form EA-100 do not sufficiently show reasonable proof of a past act or acts of abuse of the elder or dependent adult by the person in ②.

  (2) ☐ *Other (specify):* ☐ As set forth on Attachment 4b.

_____

_____

_____

_____

_____

_____

_____

_____

**Case Number:**
37-2014-00024600-CU-PT-NC

Case Number:

37-2014-00024680-CU-PT-NC

## To the Person in ②:

- If you want to respond to the request for orders in writing, file Form EA-120, *Response to Request for Elder or Dependent Adult Abuse Restraining Orders,* and have someone age 18 or older—**not you or anyone to be protected**—mail it to the person in ①.
- The person who mailed the form must fill out a proof of service form. Form EA-250, *Proof of Service of Response by Mail,* may be used. File the completed form with the court before the hearing and bring a copy with you to the court hearing.
- Whether or not you respond in writing, go to the hearing if you want the judge to hear from you before making an order. You may tell the judge why you agree or disagree with the orders requested.
- You may bring witnesses and other evidence.
- At the hearing, the judge may make restraining orders against you that could last up to five years and may order you to sell or turn in any firearms that you own or possess.



**Request for Accommodations**

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons with Disabilities and Response* (Form MC-410). (Civ. Code, § 54.8.)

*(Clerk will fill out this part.)*

—Clerk's Certificate—

I certify that this *Notice of Court Hearing* is a true and correct copy of the original on file in the court.

JUL 2 4 2014

Date: _____

Clerk, by _____, Deputy
A. Wagoner

**Notice of Court Hearing**
**(Elder or Dependent Adult Abuse Prevention)**

EA-109, Page 3 of 3



# FAQs
(frequently asked questions)

about

## *"Clostridium Difficile"*

**What is Clostridium difficile infection?**

*Clostridium difficile* [pronounced Klo-STRID-ee-um dif-uh-SEEL], also known as "*C. diff*" [See-dif], is a germ that can cause diarrhea. Most cases of *C. diff* infection occur in patients taking antibiotics. The most common symptoms of a *C. diff* infection include:

- Watery diarrhea
- Fever
- Loss of appetite
- Nausea
- Belly pain and tenderness



310
985
1501

**Who is more likely to get C. diff infection?**

The elderly and people with certain medical problems have the greatest chance of getting *C. diff*. *C. diff* spores can live outside the human body for a very long time and may be found on things in the environment such as bed linens, bed rails, bathroom fixtures, and medical equipment. *C. diff* infection can spread from person-to-person on contaminated equipment and on the hands of doctors, nurses, other healthcare providers and visitors.

**Can C. diff infection be treated?**

, there are antibiotics that can be used to treat *C. diff*. In some severe cases, a person might have to have surgery to remove the infected part of the intestines. This surgery is needed in only 1 or 2 out of every 100 persons with *C. diff*.

**What are some typical things that hospitals are doing to prevent C. diff infection?**

To prevent *C. diff*. infections, doctors, nurses, and other healthcare providers:

- Clean their hands with soap and water or an alcohol-based hand rub before and after caring for every patient. This can prevent *C. diff* and other germs from being passed from one patient to another on their hands.
- Carefully clean hospital rooms and medical equipment that have been used for patients with *C. diff*.
- Use Contact Precautions to prevent *C. diff* from spreading to other patients. Contact Precautions mean:
  - Whenever possible, patients with *C. diff* will have a single room or share a room only with someone else who also has *C. diff*.
  - Healthcare providers will put on gloves and wear a gown over their clothing while taking care of patients with *C. diff*.
  - Visitors may also be asked to wear a gown and gloves.
  - When leaving the room, hospital providers and visitors remove their gown and gloves and clean their hands.

- Patients on Contact Precautions are asked to stay in their hospital rooms as much as possible. They should not go to common areas, such as the gift shop or cafeteria. They can go to other areas of the hospital for treatments and tests.
- Only give patients antibiotics when it is necessary.

**What can I do to help prevent C. diff infections?**

- Make sure that all doctors, nurses, and other healthcare providers clean their hands with soap and water or an alcohol-based hand rub before and after caring for you.

> If you do not see your providers clean their hands, please ask them to do so.

- Only take antibiotics as prescribed by your doctor.
- Be sure to clean your own hands often, especially after using the bathroom and before eating.

**Can my friends and family get C. diff when they visit me?**

*C. diff* infection usually does not occur in persons who are not taking antibiotics. Visitors are not likely to get *C. diff*. Still, to make it safer for visitors, they should:

- Clean their hands before they enter your room and as they leave your room
- Ask ~~~~~~~~~ ctive gowns and gloves wh

**When I go home from the hospital, what should I do?**

Once ~~~~~~~~~~~~~~~~~~~~~~~ rou-
tine. ~~~~~~~~~~~~~~~~~~~~~~ before
you g ~~~~~~~~~~~~~~~~~~~~ ch less
likely ~~~~~~~~~~~~~~~~~~~ wer the
chan ~~~~~~~~~~~~~~~~~~~ g it to
othe

- If y ~~~~~~~~~~~~~~~~~~~ edicine
  ex ~~~~~~~~~~~~~~~~~~~ o not take
  ha
- W ~~~~~~~~~~~~~~~~~~~~~ throom
  ar
- Pe ~~~~~~~~~~~~~~~~~~~~ n as well.
- If ~~~~~~~~~~~~~~~~~~~~ our doctor
  im~~~~~~~~~.
- Your doctor may give you additional instructions.

*If you have questions, please ask your doctor or nurse*






**THIS DOC INFO IS FOR PTS NEPHEW**

# DECLARATION OF CUSTODIAN OF RECORDS

### I am the duly authorized Custodian of Records for

#### SCRIPPS MEMORIAL HOSPITAL - ENCINITAS

### Regarding

#### BOBBYE J. RIVES

### FOR DATES OF: AS PER ATTACHMENT 3

**1.  CERTIFICATION OF RECORDS COPIED   (Please initial appropriate lines)**

I am a duly authorized Custodian of Records or other qualified witness for the above-named facility.  As such, I have the authority to certify these records.  The photocopied records submitted herewith are true copies of all the records described in the Deposition Subpoena for Business Records and/or Authorization.  To the best of my knowledge, all such records were prepared or compiled by the personnel of the above-named facility in the ordinary course of business at or near the time of the acts, conditions, or events recorded. No documents have been withheld in order to avoid their being photocopied.  If we have only part of the records described in the Deposition Subpoena for Business Records and/or Authorization, such records as are available are provided.

| √ CERTIFICATION OF RECORDS COPIED | _____ ELECTRONIC RECORDS | _____ BILLING RECORDS | _____ X-RAYS |
|---|---|---|---|

**2.  CERTIFICATION OF NO RECORDS   (Please initial appropriate lines)**

After a thorough search has been made for the documents described in the Deposition Subpoena for Business Records and/or Authorization, no records were found.

| _____ CERTIFICATION OF NO RECORDS | _____ NO ELECTRONIC RECORDS | X NO BILLING RECORDS | X NO X-RAYS |
|---|---|---|---|

X  OTHER: _Medical Records Dept only_

**REASON(S) FOR NON-COMPLIANCE   (Please initial appropriate lines)**

_____ Records requested have been destroyed. Number of years facility keeps records: _____

_____ Records do not exist for the dates requested.

_____ Records exist, but cannot be located by this office. Explanation: _____

_____

_____ Doctor retired or sold practice.

_____ Records are in storage.

_____ Records are located at: _____

_____ Other: _____

**I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on _____ at   ENCINITAS  CA  92024_____**

Print Name _____See Attached_____
          Custodian of Records

Signature _____

Witnessed_____

**KNOX PHOTOCOPY SERVICE declares under penalty of perjury that the copies provided are true and complete copies of those released to KNOX PHOTOCOPY SERVICE for reproduction.**

Signed: _____     Date _8/21/2015_
   Agent for KNOX PHOTOCOPY SERVICE

927345-00-02

**PHOTOCOPY SERVICE** 2250 FOURTH AVENUE, SAN DIEGO CA 92101
Ph: 619-233-9700        Fax: 619-685-4290

SAN DIEGO Photocopy Registration #4

## Scripps Mercy Hospital

4077 Fifth Avenue, San Diego, CA 92103-2180

**DEPARTMENT OF MENTAL HEALTH**

**NOTICE OF A PATIENT ADMISSION**

RIVES, BOBBYE J
MRN: 200251338  DOB: 10/23/1927  F/83
02/16/11         ACCT: 916209018
CABREJOS, CLAUDIO MD

SCRIPPS MERCY HOSPITAL, SAN DIEGO

### NOTIFICATION OF A PATIENT ADMISSION

The hospital is required by law to tell your next of kin or any other person you designate that you have been admitted to the hospital for in-patient psychiatric care. You can however, instruct the hospital not to disclose this information.

**(A) AUTHORIZATION OF INFORMATION RELEASE**

*Pt giving general consent to talk to APS - staff  B.J.R.*

Information to be released to:

Name: _Dr Baxter-Jones - 858-829-9090_

Address: _Rev. Brenda Sharp - 510-459-8749_

_Ralph Sander - 714-262-8378_

Phone Number: _APS Kathleen Wolinsky - 760-754-5952_

Relationship to you: _____

Witness _____

Patient's Signature _Bobbye J. Rives_

Accompanied to Hospital: ☐ Yes  ☒ No

Date: _2-17-2011_

☐ I will notify this person myself. _____

**(B) WITHHOLD OF INFORMATION**

I have not identified any person that the hospital may inform that I have been admitted to the hospital. I do not want this information disclosed to my next of kin or any other designated person.

_Hollis Dixon, RN_   **Hollis Dixon, RN**

Witness

_refused to sgn_

Patient's Signature

Date: _2/16/11  2045_

**(C) NEXT OF KIN NOTIFICATION ATTEMPTS**

Dates of Attempts:  1)_____  2)_____  3)_____  4)_____  5)_____

Date Next of Kin Notified (if not done on admission): _____

Reason if not notified: _____

**(D) RESTRAINT OR SECLUSION NOTIFICATION**

In the event that restraint or seclusion is necessary we will attempt to notify family/significant other as requested:

☒ No, I do not wish anyone notified.          ☐ Yes, I wish the following to be notified:

Name: _____  Relationship: _____

Telephone number(s): _____

Patient Signature: _refused to sgn_         Date: _2/16/11  2045_



*1ADM*

350-6340-060 (Rev. 11/19/03) HAB (P65)

GC



**Scripps**

Scripps Mercy Hospital
4077 Fifth Avenue, San Diego, CA 92103-2180

RIVES, BOBBYE J
MRN: 200215338   DOB: 10/23/1927   F/83
02/19/11          ACCT: 916209018
CABREJOS, CLAUDIO MD

SCRIPPS MERCY HOSPITAL, SAN DIEGO

## REQUEST FOR VOLUNTARY ADMISSION AND AUTHORIZATION FOR TREATMENT

I hereby request admission to the Behavioral Health Unit of Scripps Mercy Hospital, and consent to such care and treatment as is ordered by my attending physician or his/her associates. If my request is granted, I agree to conform to all rules and regulations of the Behavioral Health Unit.

As a voluntary patient, I have the right to be discharged, even against medical advice. Once I have made a firm decision to leave, I will allow the nurse taking care of me sufficient time (one hour) to phone my attending physician for a discharge order. If my doctor or an associate cannot be located, the Medical Director will be contacted to give a discharge order. My wishes to leave will be respected, so long as I do not pose an imminent risk of harm to myself or identifiable other people, and can demonstrate the ability to provide for myself.

Sometimes contraband, such as street drugs or weapons, may be brought into the Behavioral Health Unit, and pose a serious danger to others, as well as to the person bringing such items. It may, therefore, be necessary to inspect my clothing, my possessions, and my hospital room for such items. I hereby consent to any such inspections of my clothing, my possessions, and/or my hospital room, which may be made by a qualified hospital employee authorized to make such inspections, and release the Hospital and its employees from any liability or other responsibility for the consequences of such inspection. Any such inspection will only be carried out in my presence.

I understand that it may be the desire of my attending physician to permit the maximum amount of freedom of action commensurate with my condition and my treatment plan. This freedom of action may lead to possible self-injury. I hereby release the Hospital, its employees and agents, as well as my attending physician or his/her associates, from any and all responsibility, in case such freedom leads to injury.

Patient's Signature: _Bobbye J. Rives_

Responsible Party's Signature (if applicable): _____

Witness: _____   Karrie Colvin, RN

Date: _February 19_, 20 _11_          Time: _9:37_

---

## Certification of Attending Physician

I hereby certify that I am the attending physician of the above-named patient, that I have examined the patient with reference to mental condition. Based on this examination, it is my opinion that the patient was mentally competent at the time of the examination to make this application for voluntary admission. This certification does not present a warranty to the Hospital.

_____ M.D.

Date: _Cabrejos M_, 20 _____

_2-19-11_


*1CNT*

350-6340-1292 (4/15/03) HAB

**Scripps Mercy Hospital**
**San Diego**

**MULTIDISCIPLINARY RECORD OF CARE**
**BEHAVIORAL HEALTH INPATIENT**

RIVES, BOBBYE J
MRN: 200251338   DOB: 10/23/1927   F/83
02/18/11          ACCT: 916209018
CABREJOS, CLAUDIO  MD

SCRIPPS MERCY HOSPITAL, SAN DIEGO

Date  2/19/11

| MENTAL STATUS | AM | PM | NOC | Specify As Needed |
|---|---|---|---|---|
| Appearance, Dress, Hygiene | | | | Hospital Gown |
| | ✓ | | | Neat / Clean |
| | | | | Unkempt |
| | | | | Soiled |
| | | | | Revealing |
| | | | | Bizarre |
| Behavior / Body Language | | | | Calm |
| | | | | Agitated |
| | | | | Motor Retardation |
| | ✓ | | | Restless |
| | | | | Manic |
| | | | | Other |
| Eye Contact | | ✓ | | Maintains |
| | | | | Avoids |
| | | | | Stares |
| Affect and Verbal Expression | | | | Appropriate |
| | | | | Sad |
| | | | | Blunt / Flat |
| | ✓ | | | Labile |
| | | | | Odd |
| | | | | Tearful |
| | | | | Congruent / Incongruent |
| | | | | Grimacing |
| | | | | Cooperative |
| Interaction, Attitude | | | | Uncooperative |
| | ✓ | | | Friendly |
| | | | | Withdrawn |
| | | | | Guarded |
| | | | | Threatening |
| | | | | Hostile |
| Speech | | | | Clear |
| | ✓ | | | Loud |
| | | | | Mute / Silent |
| | | | | Mumbling |
| | | | | Pressured |
| | | | | Slurred |
| | | ✓ | | Soft |
| Mood | | ✓ | | Anxious |
| | | ✓ | | Depressed |
| | | | | Frightened |
| | | | | Angry |
| | | | | Irritable |
| | | | | Elated |
| Thought Content  Describe - Yes | N | | | Suicidal Ideation   Y   N |
| | N | | | Homicidal Ideation   Y   N |
| | N | | | Hallucinations   Y   N |
| | N | | | Delusions   Y   N |
| | N | | | Obsessive   Y   N |
| | N | | | Paranoia   Y   N |
| Thought Process | | | | Organized |
| | | | | Loose associations |
| | | | | Flight of ideas |
| | | | | Tangential / Circumstantial |
| | | | | Racing |
| | | | | Blocking |
| | | | | Intrusive |
| Orientation, Level of Consciousness, & Memory | ✓ | | | Oriented x 3   Y   N |
| | ✓ | | | Alert |
| | | | | Confused |
| | | | | Stuporous |
| | | | | Recall - Recent |
| | | | | Recall - Remote |
| Insight & Judgement | ✓ | | | Understands Goals |
| | | | | Lack of Judgement |
| Other | | | | Other |
| | | | | Other |

**CHART ONLY THOSE THAT APPLY**

| AM | PM | NOC | |
|---|---|---|---|
| ☐ | ☐ | ☐ | Suicidal ideation |
| ☐ | ☐ | ☐ | Homicidal ideation |
| ☐ | ☐ | ☐ | Gravely disabled |
| ☐ | ☐ | ☐ | Severe psychosis |
| ☐ | ☐ | ☐ | Violent or threatening behavior |
| ☐ | ☐ | ☐ | Absent without leave (AWOL) risk |
| ☐ | ☑ | ☐ | Seclusion or restraint |
| ☑ | ☐ | ☐ | Legal  72° HOLD / VOL |
| ☐ | ☐ | | (Nursing Special Observation every 15 minute) checks  NSO |
| ☐ | ☐ | ☐ | 1:1 Observation |
| ☐ | ☐ | | Post ECT monitoring |
| ☐ | | | Fall risk |
| ☐ | ☐ | ☐ | Non-ambulatory |
| ☐ | ☐ | ☐ | Compromised ADLs(see box below) |
| ☐ | ☐ | ☐ | Detox with vital signs every 4 hours or less |
| ☐ | ☑ | ☐ | Seizure precautions |
| ☑ | | | Dependent on staff to set behavioral limits |
| ☑ | | | Unable to focus or participate in groups |
| ☐ | ☐ | ☐ | Requires frequent prompting to participate |
| ☐ | ☐ | ☐ | Requires frequent reality orientation |
| ☐ | ☐ | ☐ | Requesting PRN medications > 2 x each shift |
| ☑ | ☐ | | Pain assessment (4 or above (see flowsheet)) |
| ☐ | ☐ | | Discharge Planning requires assistance in obtaining referrals, unable to contact referrals independently |
| ☑ | ☐ | ☐ | Self-directed regarding needs |
| ☑ | | | Substantial progress towards goals |
| ☑ | | | Participates in group activities |
| ☑ | | | Independent Activities of Daily Living and meals |
| ☐ | ☐ | ☐ | Independent passes off unit (Section A) |
| ☐ | ☐ | ☐ | Awaiting / preparing for discharge |

**NEEDS ASSISTANCE WITH:**

| | | |
|---|---|---|
| ☐ Bathing | ☐ Dressing | ☐ Nutrition |
| ☐ Oral Care | ☐ Room Hygiene | ☐ Elimination daily |
| ☐ Skin Care | ☐ Ambulation | ☐ _____ |



*3NN*

SD-350-6340-1643 (Rev. 7/20/06)

6C

## TEACHING SUMMARY

**1. SUPPORT SYSTEMS (Programs / Services required to minimize future confinement and receive the treatment in the least restrictive setting)- SPECIFY**

a. Family / Significant Other _____ *Yes, friend Rosita*
b. Support Systems _____
c. Groups _____
d. Addictive Behavior _____

**2. SAFETY/ SERIOUS RED FLAG SYMPTOMS**

a. Mental _____ *none*
b. Physical _____ *none*

**3. COPING MECHANISMS (Patient's Own Words)**

*none*

**4. GOALS REACHED DURING HOSPITALIZATION OR PARTIAL HOSPITALIZATION (Patient's Own Words)**

*to go home*

**5. AFTER CARE REFERRALS**

☐ Community Resource Brochure Provided
☒ Suicide is Preventable Brochure

_____ PHONE _____
_____ PHONE _____
_____ PHONE _____
_____ PHONE _____

## SIGNATURES

I am taking all personal belongings, medications, dentures, eyeglasses, jewelry, etc. home with me. ☒ YES ☐ NO

Explain _____

I have been given prescriptions ☐ YES ☒ NO  Explain _____

I have been given education / information about my medicines, follow-up appointments and the nature of my illness including relapse and suicide prevention.

Other printed materials provided include: _____

```
RIVES, BOBBYE J
N: 200251338  DOB: 10/23/1927  F/83
i#11        ACCT: 916209018
CABREJOS, CLAUDIO  MD
SCRIPPS MERCY HOSPITAL, SAN DIEGO
```

Explain _____

I have had opportunity to ask questions and understand the instructions given to me and received a copy of this form
☒ YES  ☐ NO

*Bobbye X. Rives*          2/19/11
Signature of Patient          Date

_____   _____
Signature of Dependent Caregiver (if applicable)   Date

*Melissa Helm RN*          2/19/11
Signature of R.N. Providing Instructions  Date

6C

**Scripps Mercy Hospital**

4077 Fifth Avenue
San Diego, CA 92103-2180

**Psychiatric Progress Note**

RIVES, BOBBYE J
MRN: 200251338   DOB: 10/23/1927  F/83
02/18/11   ACCT: 916209018
CABREJOS, CLAUDIO MD
SCRIPPS MERCY HOSPITAL, SAN DIEGO

PATIENT INFORMATION

---

Legal Status: Voluntary, 5150, 14 day, Conservatorship

Medications: _____

☐ Medication dose changed
I have discussed the risks, benefits, alternatives and possible complications of treatment with
_____. The patient gave informed consent for this medication.

Side Effects: ☐ None ☐ nausea ☐ constipation ☐ headache ☐ tremor ☐ rash
☐ Other: _____

Vital Signs: Blood Pressure: _____   Heart Rate: _____   Temperature: _____   Respirations: _____

Interval history: _____

General Appearance: Appropriately dressed, disheveled, malodorous

Musculoskeletal: normal, tremor, psychomotor activation, psychomotor retardation, Tardive Dyskinesia

**Mental Status:**

☐ Speech: ☐ WNL ☐ childlike ☐ decreased prosody ☐ soft ☐ loud ☐ pressured ☐ mute
☐ non-spontaneous

☐ Language: ☐ articulate ☐ anomia ☐ perseveration ☐ impaired repetition

☐ Thought Process: ☐ linear ☐ coherent ☐ tangential ☐ circumstantial ☐ word salad
☐ disorganized

☐ Associations: ☐ appropriate ☐ loose ☐ concrete

☐ Thought Content: ☐ normal ☐ paucity of content ☐ paranoid ideation ☐ Auditory Hallucination
☐ Visual Hallucination ☐ thought broadcasting ☐ ideas of reference
☐ delusions: _____

☐ Suicidal Ideation: Yes / No ; Homicidal ideation: Yes / No

☐ Judgment / Insight: ☐ appropriate ☐ impaired ☐ poor ☐ limited impulse control

☐ Orientation: Alert and oriented times ___ 3

☐ Fund of Knowledge: ☐ appropriate ☐ limited

☐ Recent / remote memory: ☐ appropriate ☐ fair ☐ poor ☐ impaired

☐ Attention span/concentration: ☐ appropriate ☐ fair ☐ impaired ☐ easily distracted

☐ Mood /affect: ☐ euthymic ☐ improving ☐ anxious ☐ dysphoric ☐ flat ☐ restricted ☐ labile
☐ euphoric ☐ expansive ☐ irritable

Psychotherapy: _____

Diagnosis: _____

Medical Decision Making: _____

---

Physician Signature _____   Date _____   Time _____

CLAUDIO CABREJOS, MD

*1PN*

PSYCHIATRIC PROGRESS NOTE
6340-9212 (Rev. 04/11/06) HAB (PMD)

**Status**

**PLH** <Phosey@hbattorneys.com>                                   11/13/15 at 11:43 AM
To resanders16@yahoo.com
CC JMS

It was good talking with you earlier today. I want to confirm that we will be sending the letter related to the amended demurrer in the hope that they will narrow the scope of their allegations. We will then wait for their discover responses before working on a Motion for Summary Judgment which is an attack on the sufficiency of their factual evidence. This will require Plaintiff to start spending money and bring pressure for her to settle. As to settlement, you have authorized us to send a CCP 998 offer to compromise in the amount of $1,001.00. We will prepare and serve that promptly.

Next, in recognition of the anticipated costs that defending this case will require, I have agreed to discuss a payment plan with you. Prior to finalizing the amounts to be paid, we will send you an updated billing invoice. This will enable you to see what we have been charging over the past few months. This will be a loose indicator of what you can expect in the next 3-4 months. On that point, I have suggested that you discuss seeking the advice of a bankruptcy attorney. While I am confident that we can and should be able to win this case, in the eventuality that we loss or the costs of defense exhaust your ability to pay, you should have an understanding of what your options are or will be.

As always, please give me a call if you have any questions.

Patrick L. Hosey
Hosey & Bahrambeygui
Attorneys at Law, LLP
225 Broadway, Suite 1460
San Diego, CA 92101
O)619 231 0500
C) 619 339 8000
www.hbattorneys.com

*********************Confidentiality Notice*************************

The information contained in this e-mail message is information protected by attorney-client and/or attorney-work product privileges. It is intended for use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail or telephone and delete the original message.

↩ Reply    ↩ Reply to All    → Forward    ••• More

Click to Reply, Reply All or Forward

# Scripps

☐ Scripps Mercy Hospital Chula Vista    ☐ Scripps Memorial Hospital La

☐ Scripps Memorial Hospital Encinitas    ☐ Scripps Mercy Hospital

**TRANSFER CERTIFICATION AND CONSENT**

RIVES, BOBBYE J
MRN:200251338    DOB:10/23/1927    F/83
02/16/11    MET    ACCT:101185045
ANDREE STEVEN RONALD MD
SCRIPPS MEMORIAL HOSPITAL, ENCINITAS

## Patient Request for Transfer/Consent to Transfer

I request/consent to be transferred to the receiving facility indicated above for the following reason(s):

☑ Specialty services not currently available at this facility

☐ Continuity of care

☐ The physician has determined that my or my child's condition is stable. I want the cost of further treatment to be covered by my health plan. My health plan has agreed to cover the cost of treatment at the receiving facility, but denied payment for services at this facility.

☐ Other (NONE if not checked) _____

I acknowledge I or my child have the right to receive an emergency medical screening exam by a physician or other qualified personnel, without regard of ability to pay, prior to any transfer. I acknowledge that I or my child have received medical screening and evaluation by a physician or qualified personnel.

I have reviewed the information above and request/consent to be transferred to the receiving facility. I have been informed of the risks, benefits, and reasons for transfer. I have also been informed that the transferring hospital is required to stabilize my or my child's emergency condition unless I request to be discharged/transferred to another facility or unless the physician certifies that the medical benefits reasonably expected at the receiving facility outweigh the risks of transfer.

_____5150 hold_____    _____
Patient    Patient's Parent, Guardian, or Legal Representative

_____M Pashd_____    _____
Witness    Relationship to Patient

### Transfer Criteria Worksheet

Vital Signs Upon Transfer: Time: 1753  B/P 130/11  Pulse 76  Resp 18

Records accompanying the patient: ☑ Copies made for ED chart  ☑ Transfer documents

☐ Doctor's dictation or written note and addendums completed and signed by MD
☐ Completed nurse's notes (including registration)
☐ Lab results:  ☐ CBC  ☐ Chem 7  ☐ Tox Screen
☐ No lab work done

☑ Copy of Belongings Checklist
☑ EKG  ☐ N/A
☐ X-Ray  ☐ N/A
☐ ETOH  ☐ Other _____

Psychiatric Patient Transfer: ☑ Bio-Psych assessment sheet  ☑ Original 72 Hour Hold (if applicable)  ☐ Copy of Patient Advisement (if applicable)

**The following requirements must be met prior to transfer:**

☑ The receiving facility has available space and qualified personnel for the treatment of the patient

☑ The receiving facility has agreed to accept transfer and to provide appropriate medical treatment

☑ The receiving physician has agreed to accept transfer and to provide appropriate medical treatment

☑ All appropriate medical records of the examination and treatment or the patient will be provided by the transferring facility

☑ The patient will be transferred by qualified personnel and transportation equipment, as required, including the use of necessary and medically appropriate life support measures

☑ The nurse has obtained patient signature on Patient Transfer Acknowledgment

☑ Family/friends notified of transfer  ☐ N/A

☐ Report called to __Hollice__ , RN by __Priva land__ @ __1705__ (time).
RM # ___BHA___

☐ Time and date of transfer _____  2/16/11    M Pashd
Time    Date    Signature of RN

6C

# Scripps Mercy Hospital

4077 Fifth Avenue
San Diego, CA 92103-2180

**Psychiatric Progress Note**

RIVES, BOBBYE J
MRN: 200251338  DOB: 10/23/1927  F/83
02/16/11        ACCT: 916209018
CABREJOS, CLAUDIO  MD

SCRIPPS MERCY HOSPITAL, SAN DIEGO
PATIENT INFORMATION

**Legal Status:** Voluntary, 5150, 14 day, Conservatorship
**Medications:** _Abilify_ (?)

☐ Medication dose changed
I have discussed the risks, benefits, alternatives and possible complications of treatment with _____ The patient gave informed consent for this medication.
**Side Effects:** ☐ None ☐ nausea ☐ constipation ☐ headache ☐ tremor ☐ rash
☐ Other:_____
**Vital Signs:** Blood Pressure:_____ Heart Rate:_____ Temperature:_____ Respirations:_____
**Interval history:** _Appears calm, cooperative with pleasant_

**General Appearance:** Appropriately dressed, disheveled, malodorous
**Musculoskeletal:** normal, tremor, psychomotor activation, psychomotor retardation, Tardive Dyskinesia
**Mental Status:**
☐ **Speech:** ☐ WNL ☐ childlike ☐ decreased prosody ☐ soft ☐ loud ☐ pressured ☐ mute _hearing difficulty_
   ☐ non-spontaneous
☐ **Language:** ☑ articulate ☐ anomia ☐ perseveration ☐ impaired repetition
☐ **Thought Process:** ☑ linear ☐ coherent ☐ tangential ☐ circumstantial ☐ word salad
   ☐ disorganized
☐ **Associations:** ☐ appropriate ☐ loose ☐ concrete _?"my daughter did this to me"_
☐ **Thought Content:** ☐ normal ☐ paucity of content ☑ paranoid ideation ☐ Auditory Hallucination
   ☐ Visual Hallucination ☐ thought broadcasting ☐ ideas of reference
   ☐ delusions:_____
☐ **Suicidal Ideation:** Yes / No   Homicidal ideation: Yes / No
☐ **Judgment / Insight:** ☐ appropriate ☐ impaired ☐ poor ☐ limited impulse control
☐ **Orientation:** Alert and oriented times ___3___
☐ **Fund of Knowledge:** ☑ appropriate ☐ limited
☐ **Recent / remote memory:** ☐ appropriate ☑ fair ☐ poor ☐ impaired
☐ **Attention span/concentration:** ☐ appropriate ☐ fair ☐ impaired ☐ easily distracted
☐ **Mood /affect:** ☐ euthymic ☐ improving ☑ anxious ☐ dysphoric ☐ flat ☐ restricted ☐ labile
   ☐ euphoric ☐ expansive ☐ irritable

**Psychotherapy** _Supp - Cognit 45', nervous lady_
**Diagnosis:** _Anxiety NOS_
**Medical Decision Making:** _Social worker to ✓ APS Status -_

Physician Signature _____
CLAUDIO CABREJOS, MD

Date _2-17-11_
Time _0845 45'_

**PSYCHIATRIC PROGRESS NOTE**
6340-9212 (Rev. 04/11/08) HAB (PMD)

# Scripps Mercy Hospital

4077 Fifth Avenue
San Diego, CA 92103-2180

**Psychiatric Progress Note**

RIVES, BOBBYE J
MRN: 200251338   DOB: 10/23/1927   F/83
02/18/11                ACCT: 916209018
CABREJOS, CLAUDIO MD
SCRIPPS MERCY HOSPITAL, SAN DIEGO

PATIENT INFORMATION

---

Legal Status: Voluntary, 5150, 14 day, Conservatorship
Medications:

☐ Medication dose changed
I have discussed the risks, benefits, alternatives and possible complications of treatment with
_____. The patient gave informed consent for this medication.
Side Effects: ☐ None ☐ nausea ☐ constipation ☐ headache ☐ tremor ☐ rash
☐ Other:_____
Vital Signs: Blood Pressure:_____ Heart Rate:_____ Temperature:_____ Respirations:_____
Interval history: _____ CMM, pleasant
cooperative

General Appearance: Appropriately dressed, disheveled, malodorous
Musculoskeletal: normal, tremor, psychomotor activation, psychomotor retardation, Tardive Dyskinesia
Mental Status:
- ☐ Speech: ☐ WNL ☐ childlike ☐ decreased prosody ☐ soft ☐ loud ☐ pressured ☐ mute
  ☐ non-spontaneous
- ☐ Language: ☐ articulate ☐ anomia ☐ perseveration ☐ impaired repetition
- ☐ Thought Process: ☐ linear ☐ coherent ☐ tangential ☐ circumstantial ☐ word salad
  ☐ disorganized
- ☐ Associations: ☐ appropriate ☐ loose ☐ concrete
- ☐ Thought Content: ☐ normal ☐ paucity of content. ☐ paranoid ideation ☐ Auditory Hallucination
  ☐ Visual Hallucination ☐ thought broadcasting ☐ ideas of reference
  ☐ delusions:_____
- ☐ Suicidal Ideation: Yes / No / Homicidal ideation: Yes / No
- ☐ Judgment / Insight: ☐ appropriate ☐ impaired ☐ poor ☐ limited impulse control
- ☐ Orientation: Alert and oriented times ___3___
- ☐ Fund of Knowledge: ☐ appropriate ☐ limited
- ☐ Recent / remote memory: ☐ appropriate ☐ fair ☐ poor ☐ impaired
- ☐ Attention span/concentration: ☐ appropriate ☐ fair ☐ impaired ☐ easily distracted
- ☐ Mood /affect: ☐ euthymic ☐ improving ☐ anxious ☐ dysphoric ☐ flat ☐ restricted ☐ labile
  ☐ euphoric ☐ expansive ☐ irritable

Psychotherapy: Supportive, ventilation
Diagnosis: Anxiety NOS
Medical Decision Making: will P/L 24-48 hrs if continues to improve

CLAUDIO CABREJOS, MD

_____          2-18-11          20'
Physician Signature                    Date              Time



*1PN*

PSYCHIATRIC PROGRESS NOTE
6340-8212 (Rev. 04/11/08) HAB (PMD)

6C

Scripps Encinitas

TRANSFER SUMMARY

PATIENT: RIVES, BOBBYE J
MR#: 000200251338        ACCT#: 000102074264
DATE OF ADMISSION: 09/01/2014      DATE OF TRANSFER: 09/05/2014

PRIMARY CARE PHYSICIAN:
Dr. Noli Cava in San Diego.

OUTPATIENT CARDIOLOGIST:
Dr. Pingfeng Du.

CHIEF COMPLAINT:
Weakness and abdominal pain.

DISCHARGE DIAGNOSIS(ES):
1. Clostridium difficile colitis with associated
leukocytosis-now improving.
2. Acute on chronic kidney disease.
3. Hypertension.
4. Coronary artery disease.
5. L2 and T9 compression fractures-conservative management was
recommended.

HISTORY OF PRESENT ILLNESS:
For full details, please refer to September 1, 2014, admission
history and physical dictated by Dr. Kim. Briefly, this is an
86-year-old woman with hearing loss, presenting with weakness and
abdominal pain. She has also been having some diarrhea prior to
admission.

HOSPITAL COURSE:
The patient was initially admitted and found to be tachycardic
with leukocytosis of 26.4 initially. She also had some acute on
chronic renal failure with a creatinine of 1.6 which improved
with IV fluids. She was initially started on IV antibiotics for
concern for possible diverticulitis. However, a CT of the
abdomen and pelvis as well as ultrasound of the abdomen did not
show any evidence of diverticulitis or other obvious infection.
She remained tachycardic, and therefore a lung V/Q scan was also
ordered, which was low probability for any pulmonary embolism.
Her C. difficile did come back positive, and she was started on
oral Flagyl. Overall, her condition improved, and her white
blood cell count went down to 11.7 on day of discharge. The
patient also had evidence of compression fractures of L2 with
mild retropulsion and 50% height loss as well as T9 compression
fracture without retropulsion. I discussed this with the
Orthopedic Spine surgeon on call, who recommended no
interventions given the fact that the patient did not have any
pain and recommended outpatient followup with possible brace
placement if she develops pain.

LABORATORY RESULTS:
Labs on day of discharge included white blood cell count of 11.7,
hemoglobin 12.4, hematocrit 37.7, platelets 349. Sodium 141,
potassium 4.0, chloride 108, bicarb 26, glucose 175, BUN 12,
creatinine 0.9.

DIAGNOSTIC RESULTS:
Please refer to the electronic medical record for full list of
diagnostic studies and results.

DISCHARGE INSTRUCTIONS:
1.  Cardiac diabetic diet.
2.  Activity-C. difficile precautions.

MEDICATIONS UPON DISCHARGE:
1.  Flagyl 500 mg p.o. q.8 hours x12 days.
2.  Metoprolol extended release 37.5 mg p.o. q.p.m.-of note this
was increased from previous dose of 25 mg p.o. daily.
3.  Norvasc 10 mg p.o. daily.
4.  Atorvastatin 40 mg every other day.
5.  Lasix 20 mg p.o. daily-this should be restarted in three
days.
6.  Glipizide ER 5 mg p.o. b.i.d.
7.  Invokana 100 mg p.o. daily.
8.  Istalol 0.5% eyedrops at bedtime.
9.  Januvia 50 mg p.o. daily.
10.  Lumigan 0.01% eyedrops at bedtime.
11.  Pantoprazole 40 mg p.o. daily.
12.  Prednisolone 1% eyedrops to each eye daily.
13.  Simbrinza 1% to 0.2% eye drops.
14.  Tradjenta 5 mg p.o. daily.
15.  Welchol 625 mg.
16.  Zetia 10 mg.
17.  Aspirin 81 mg p.o. daily.

FOLLOWUP PLAN:
The patient is being discharged to the Las Villas De Carlsbad
Skilled Nursing Facility today under the care Dr. Given.  She
should have a repeat CBC and basic metabolic panel checked in
three days.  She will need to follow up with her primary care
physician in one week as well as with her outpatient cardiologist
in two to three weeks.  The patient should also follow up with
Dr. Jamieson Glenn of Orthopedic Spine Surgery Clinic in seven to
ten days.  If she develops back pain, consideration could be made
for placing her in a TLSO brace.

DISCHARGE CONDITION:
Stable.

The patient was seen and examined on day of discharge.  Time
spent arranging discharge and followup is greater than 30
minutes.

DICTATED BY: ARDESHIR ADI DABESTANI, MD

AD:Spheris77732 C: 09/06/14 13:41  CONFIRMATION #: 522724
D: 09/06/14 13:03 T: 09/06/14 13:41 DOCUMENT: 201409060990242200

6E