

Larnita Pette
2588 El Camino Real, Suite F-195
Carlsbad, California 92008

Email: larnita.pette@gmail.com

Plaintiff: Pro Se

FILED
MAR - 6 2019
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re Ralph E. Sanders,<br>Debtor | BK. No.: 8:17-bk-10265 MW<br>Chapter 7<br>Adv. No.: 8:17-ap-01068 MW |
| Larnita Pette,<br>Plaintiff,<br>v.<br>Ralph E. Sanders,<br>Defendant. | **MOTION TO EXCLUDE EVIDENCE**<br><br>**DATE: MARCH 20, 2019**<br>**TIME: 9:00 a.m.**<br>**PLACE: Courtroom 6C**<br>**Ronald Raegan Federal Building**<br>**411 West Fourth Street**<br>**Santa Ana, CA 92701** |

Larnita Pette, plaintiff in this adversary proceeding ("Plaintiff") brings this Motion to Exclude Evidence presented during the Pre-Trial Stipulation by Ralph Sanders ("Defendant") and filed as Docket #34.

Motions to Exclude are filed to prevent the introduction of improper evidence. While exchanging evidence and witness lists preparing the pre-trial stipulation, Plaintiff became aware that most of the exhibits and evidence the Defendant filed with the court on October 29, 2018, a total of 189 exhibits, were improper, irrelevant and inadmissible. (Docket #29). Since that filing the Defendant has updated

Therefore, Plaintiff is filing this motion to exclude:

1. All evidence regarding a petition for a temporary restraining order filed by Bobbye J. Rives against Plaintiff since it is totally irrelevant to what Defendant did or did not do in filing his Chapter 7 Bankruptcy petition or whether or not Defendant's bankruptcy petition should be dismissed or discharged.
2. All Adult Protective Services ("APS") reports which contain hearsay in the form of opinions from the Defendant, but which are also irrelevant regarding what the Defendant did or did not do in filing his Chapter 7 Bankruptcy petition or whether or not Defendant's bankruptcy should be dismissed or discharged. (FRE 401, 802)
3. Medical reports (including hospital and nursing home records), doctor, staff statements regarding Bobbye J. Rives are irrelevant as to what the Defendant did or did not do in filing for bankruptcy protection or whether or not Defendant's bankruptcy petition should be dismissed or discharged. (FRE 401, 802).

4. All declarations and case files regarding any issues in the SDCSC case as these documents are irrelevant to what Defendant did or did not do in filing his chapter 7 bankruptcy and whether or not his bankruptcy petition should be dismissed or discharged. (FRE 401, 802)

## DISCUSSION

Defendant apparently does not understand the parameters of the motions before the judge. He is attempting to have the court hear the civil and probate cases which are pending during the bankruptcy stay. Defendant is attempting to introduce large numbers of irrelevant documents which is a waste of this court's time and the civil and probate courts' time which are waiting to conclude these cases. (Exhibit 1), (Docket #29 Status Report pp 28-40, Pt. 2, pp 1-40, Pt. 3, pp. 1-40, Pt 4, pp 1-27, Pt 5, pp 15-29).

It appears that the Defendant is trying to prejudice the court against the Plaintiff with this evidence.

> "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (FRE 403)

## CONCLUSION

The majority Defendant's exhibits filed with the court on October 29, 2018 relate to the Defendant's defense in both the SDCSC civil case and the OCSC probate cases in which he is a defendant.

Therefore, the Plaintiff is requesting that the court exclude these exhibits at this time to allow that only appropriate evidence be heard in the trial of this adversary case. The only issue before the court is whether the Defendant's (which is focused on whether or not the Defendant's) Chapter 7 Bankruptcy is dismissed or discharged.

Dated this day of March 5th, 2019.

Larnita Pette

Larnita Pette, Pro Se

# EXHIBIT 1

ATTACHMENT 4
SENT TO PLAINTIFF

# THE FOLLOWING FACTS ARE ADMITTED AND REQUIRE NO PROOF

**Bobbye Rives death certificate**

States that Bobbye J Rives death was caused by cardiac arrest due to coronary heart decease by Doctor Daniel Givens; not by wrongful death, negligence, or elder abuse by Defendant Ralph Sanders

**July 2014 Complaint Pette vs. Sanders (Unclean Hands)**

Plaintiff admits on line 20 of her complaint vs defendant Ralph Sanders, (37-2015-000-1565-CU-PO-CTL) "....after the Plaintiff was removed from the home on July 22, 2014 pursuant to an Temporary Protective Order". The order was actually an EPO; Emergency Protective Order to remove Larnita Pette from the home of Bobbye J Rives and to protect Bobbye J Rives from Larnita Pette.

**San Diego County Sheriff's Department Follow-Up Report (Unclean Hands)**

States Sheriff's contacted Judge Parker who issued an EPO (Emergency Protective Order) vs Larnita Pette to remove her from the home of Bobbye J Rives and to protect her from Larnita Pette.

**Order for Removal from Residence (Unclean Hands)**

Judge Frederick A Mandabach orders San Diego County Sheriff to remove Larnita Ann Pette from Bobbye J Rives residence at 363 Cerro Street, Encinitas to protect her from Larnita Pette

**2014 Temporary Restraining Order-Rives vs Pette (Unclean Hands)**

Adult Protective worker Karen Dee assisted Bobbye J Rives in filing a restraining order vs Pette. Judge grants a temporary restraining order to protect Bobbye J Rives from Larnita Pette. APS worker Karen Dee was working with Bobbye J Rives on a permanent restraining order and a hearing was set for 8/15/14.

## THE FOLLOWING ISSUES OF FACT THAT REMAIN TO BE LITIGATED

**ELDER ABUSE**

Insufficient for the following reasons:

I. The cause of action fails to identify any fact creating a duty on Defendant Sanders as to provision of medical or custodial care.

II. If Plaintiff's argumentative conclusions are true, they do not rise to the level of an actionable claim of Elder Abuse.

III. In order to establish a duty of care in a case sounding in the abuse of an elder; the Plaintiff must plead facts showing that the complained of conduct was committed by a person/ institution having the legal obligation to provide care for or the custody of the Defendant

**NEGLIENCE**

Insufficient for the following reasons:

I. Plaintiff does not set forth facts showing that Defendant Sanders had a legal duty to provide medical care or custodial services to Decedent.

II. The complaint for Negligence is defective in that it fails to state facts sufficient to constitute causes of action against Defendant Sanders.

III. Plaintiff supports her conclusion a "power of attorney" had been granted to Defendant Sanders, However, there is no facts informing as to the scope of the power of attorney creates a duty to provide for physical or mental care akin to that of a custodial facility

**WRONGFUL DEATH**

This cause of action is merely a vehicle for a family member to assert a legal claim against a defendant who caused a Decedent's death. Plaintiff, in her representative capacity, cannot prosecute this claim to the extent it is predicted on Negligence and there is no factual basis for the claim of duty of care between Defendant Sanders and Decedent. Deceased passed due to Cardiac Arrest due to Coronary Artery Decease, as stated on her death certificate. The Plaintiff may not assert a wrongful death claim vs. The Defendant for the following reason:

Pursuant to California Civil Code 377.60:

Plaintiff is not an executioner of the estate, entitled to property by interstate succession or a personal representative of the Deceased.

**DEFAMATION OF CHARACTER**

Insufficient for the following reasons:

The Plaintiff's unclean hands including Encinitas Sheriff report of a physical altercation with Bobbye Rives resulting in an Emergency Protective Order being signed by Judge Parker and a granted restraining order signed by Judge Frederick A. Mandabach clearly illustrates that there is no defamation of character. The letter produced by Estate Lawyer Russell Griffith in September 16, 2014 is factful and offers no defamation of character.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Insufficient for the following reasons:

Plaintiff does not set forth any facts showing how Defendant Ralph Sanders caused any emotional distress to Plaintiff Larnita Pette.

Quotations from a 'Perpetual Mother's Day Card and Obituary Tribute to My Mother' states that, 'We had our share of hurt feelings', 'I know sometimes you had to draw the line." 'I know we have our differences between us, and we may never see eye to eye," These are life-long feelings the Plaintiff has experienced between the Plaintiff Larnita Pette and the Deceased Bobbye J Rives and provides evidence from the Plaintiff's own words that the Infliction of Emotional Distress was part of their relationship with her mother Bobbye J Rives and not by the Defendant Ralph Sanders

Case 8:17-ap-01068-MW Doc 29 Filed 10/29/18 Entered 10/31/18 10:19:14 Desc Main Document Page 9 of 18

**TRESPASS TO PERSONAL PROPERTY**

Insufficient for the following reasons:

Plaintiff Larnita was granted permission on July 24, 2014 by Judge Frederick A Mandabach to remove her belongings from the home at 363 Cerro Street. Plaintive asked the judge if she could remove her things from the home at 363 Cerro without Adult Protective Services nor the police being there. Judge Mandabach denied the Plaintiff's request. Plaintiff did not come until months later with 3 helpers and her lawyer on October 12th and left some small boxes abandon in a black shed until after the sell of the house kin mid-December. There was no attempt made by the Plaintiff to notify the Defendant, who lived in Orange Couty, of a pick-up date and there never was a lock on the back gate. Responding Party believes there was nothing of worth or value left behind in the shed by the Plaintiff and there was no reason for her to leave things behind.

Case 8:17-ap-01068-MW Doc 29 Filed 10/29/18 Entered 10/31/18 10:19:14 Desc Main Document Page 19 of 48

# Exhibits (with number reverence)

**PLAINTIFFS UNCLEAN HANDS**

The following exhibits show the Plaintiffs Unclean Hands

1-2014 LAWSUIT (PLAINTIFF ADMITS TRO VS HER ON LINE 20)

2-SAN DIEGO COUNTY SHERIFF'S FOLLOW-UP REPORT (SHERRIFF CALLS JUDGE FOR EPO)

3-ORDER FOR REMOVAL OF RESIDENCE (REMOVES PLAINTIFF FROM RIVES HOME)

T4-EMPORARY RESTRAINING ORDER (RESTRAINS PLAINTIFF FROM RIVES)

5-NOTICE OF COURT HEARING (8/15/14 HEARING FOR A PERMANENT RO)

**DECEDENTS HOSPITAL STAY**

6-SCRIPPS ENCINITAS MEDICAL RECORDS

a) CONDITION AT ADMITANCE
b) DECLARATION OF CUSTODIANOF RECORDS
c) AUTHORIZATION FOR TREATMENT
d) SOCIAL SERVICE/NURSE NOTES
e) TRANSFER SUMMARY
f) DISCHARGE SUMMARY

7-VILLA DE LAS CARLSBAD MEDICAL RECORDS

8-BOBBYE RIVES DEATH CERTIFICATE

**ELECTRONICALLY STORED**

9-KAREN DEE APS RECORDS (PLAINTIFFS UNCLEAN HANDS WITH DECEASED)

10-SENIOR LIVING EMAILS (SENIOR LIVING PROSPECTS FOR THE DECEASED)

11-GRADY VICKERS EMAILS (BANKRUPTCY PREPARER)

12-BANKRUPTCY AMENDED FINANCIALS STATEMENTS

13-USTP QUEENIE NG EMAILS (BK INSTRUCTIONS TO DEFENDANT)

14-EMAILS FROM ESTATE ATORNEY FOR BOBBYE RIVES (PETTE BEHAVIOR)

15-EMAILS FROM NEIGHBOR ED KIRKMAN (PETTE BEHAVIOR)

16-PINGFENG, DU, M.D (PETTE BEHAVIOR)

17-LARNITA PETTE (NOTES FROM PLAINTIFF IN REGARDS TO DECEASED)

18-DISTRIBUTION TO BENEFICIARES

Case 8:17-ap-01068-MW Doc 29 Filed 10/29/18 Entered 10/31/18 10:15:14 Desc Main Document Page 20 of 40

**PRIMARY WITNESS LIST**

**Pingfeng Du, MD, PhD**

345 Saxony Rd, Ste. 202

Encinitas, CA 92024-2787

(760 203-6660)

Bobbye Rives Cardiologist

Knowledge of Bobbye Rives mental capabilities

Knowledge of Bobbye Rives relationship with daughter Larnita Pette.

**Ed Jacinta Kirkman**

**Bobbye Rives next door neighbor**

359 Cerro St.

Encinitas, CA 92024

(858 480 9013)

Knowledge of Bobbye Rives mental capabilities.

Knowledge of Bobbye Rives relationship with daughter Larnita Pette.

**Karen Dee (Adult Protective Services)**

1305 Union Plaza Court #200

Oceanside, CA 92054

760 754 5807

Advocate for Bobbye J Rives and helped her obtain a temporary restraining order vs the Plaintiff

Case 8:17-ap-01068-MW Doc 29 Filed 10/29/18 Entered 10/31/18 10:15:14 Desc Main Document Page 12 of 18

**Russell Griffith**

**Bobbye Rives Trust Lawyer**

1991 Village Parkway, Suite 105

Encinitas, CA 92024

(760 944 9901)

Knowledge of Bobbye Rives mental capabilities, relationship with daughter

**Daniel Given**

**Bobbye Rives doctor at Scripps Encinitas and Villa de Carlsbad**

10666 N Torrrey Pines Rd.

La Jolla, CA 92122

Knowledge of Bobbye Rives health prior to death.

Knowledge of relationship with daughter Larnita Pette.

**Attachment 5**

**DISCOVERY**

The Defendant feels that the Plaintiff was negligent in her responses and objections to the Defendants requests for Admissions number 87 thru 114 by answering every question with, "Asked and answered". Only once did she give a reference number to an earlier admissions question. The Defendant requests that these Admissions be answered in Good Faith.

The Defendant feels that the Plaintiff was negligent in her responses and objections to the Defendant requests for Production number24 thru 41 by answering every question with, "Asked and answered" without giving a reference number. The Defendant requests that these requests for Production be answered in Good Faith.

The Plaintiff got very angry when Defendant reminded the Plaintiff during the status conference that “we are cousins”.

The Plaintiff then was not truthful in stating the defendant was belligerent with the Plaintiff during the status conference.

**Attachment 6**

**MEDIATION**

Both parties were asked by Judge Wallace if we would like to mediate and both parties agreed to mediate. The Plaintiff informed me on 8/29/2018 that she has informed Judge Wallace, "That I was not interested in mediating this complaint/case"; for the following reasons;

- Total cost of mediation
- The amount of time the actual mediation will take and
- the amount of preparation involved.

The Plaintiff did not reach out to any of the 8 Mediators that were provided by the Defendant to ask these questions even though their profiles and phone numbers were provided to her by the Defendant.

**MOTIONS**

Motions for Dismissal

Attachment 7

**PRETRIAL CONFERENCE SUMMARY**

Ralph E Sanders (Defendant)

1251 W Bishop St.

Santa Ana, CA 92703

Resanders16@yahoo.com

**Nature of the Case**

The Plaintiff, Larnita Pette, has filed an Adversary complaint against the Defendant Ralph E Sanders Bankruptcy Petition. Plaintiff requests judgment against Defendant follows:

1. A judgment against the defendant determining that the Defendant's willful and malicious conduct towards the Plaintiff resulted in the two pending lawsuits. Therefore, the two pending lawsuits are not dischargeable in the bankruptcy case for judgment according to proof.

   LAWSUIT VS SANDERS (37-2015-000-15654-CU-PO-CTL)

   REMOVAL OF TRUSTEES30-(2016-00863391-PR-TR-CJC)

2. A judgment against Defendant determining that the Defendant knowingly and fraudulently, in or in connection with his Chapter 7 Bankruptcy case made a false oath and used a false claim regarding the Defendant's status as a beneficiary and Co-Trustee of the Trust and his liability for the pending lawsuits, is not dischargeable in his bankruptcy case and for judgement according to proof.
3. The Plaintiff is awarded its costs of suit incurred herein and for such other and further relief, as this Court deems proper.

There was no willful or malicious conduct by defendant Ralph Sanders towards the Plaintiff; In Fact; Willful and Malicious conduct had been conducted by the Plaintiff towards the Deceased and admitted in the

Plaintiff's 37-2015-000-15654-CU-PO-CTL complaint for Negligence, Elder Abuse, Wrongful Death, against the Deceased Bobbye J Rives and Intentional Infliction of Emotional Distress, Trespass to Personal Property, Defamation, etc. by the Defendant Ralph E Sanders against the Plaintiff Larnita Pette. (May 8, 2015 in San Diego Superior Court). The Defendant objects as the Death Certificate of the Deceased states that the deceased Bobbye J Rives passed from Cardiac Arrest due to Coronary Artery Decease after a three-week hospital stay; not from elder abuse, negligence, or wrongful death by the defendant Ralph Sanders. These willful and malicious acts were actually conducted by the Plaintiff Larnita Pette towards Bobbye J Rives which constitutes 'Unclean Hands'

**July 2014 COMPLAINT PETTE VS SANDERS (Unclean Hands)**

Plaintiff admits on line 20 of her complaint vs defendant Ralph Sanders, (37-2015-1565-CU-PO-CTL) "....after the Plaintiff was removed from the home on July 22,2014 pursuant to a Temporary Protective Order. It was actually an Emergency Protective Order to immediately remove the Plaintiff Larnita Pette from the home of Bobbye J Rives and to protect Bobbye J Rives from Larnita Pette.

**SAN DIEGO COUNTY SHERIFF'S DEPARTMENT FOLLOW-UP REPORT (UNCLEAN HANDS)**

States Sheriff's contacted Judge Parker who issued an EPO (Emergency Protective Order) vs Larnita Pette to remove the Plaintiff from the home of Bobbye J Rives and to protect her from Larnita Pette.

## Order for Removal from Residence (Unclean Hands)

Judge Frederick A Mandabach orders San Diego County Sheriff to remove Larnita Ann Pette from Bobbye J Rives residence at 363 Cerro Street, Encinitas to protect her from Larnita Pette.

## 2014 Temporary Restraining Order-Rives vs Pette (Unclean Hands)

Adult Protective Service worker Karen Dee assisted Bobbye J Rives in filing an restraining order vs Pette. Judge grants a temporary restraining order to protect Bobbye J Rives from Larnita Pette.

APS worker Karen Dee was working with Bobbye J Rives on a permanent restraining order and a hearing was set for 8/15/14

**Bobbye J Rives Death Certificate**

States that Bobbye J Rives death was caused by cardiac arrest due to coronary heart decease by Doctor Daniel Givens; not by wrongful death, negligence, or elder abuse by Defendant Ralph Sanders as the Plaintiff states in lawsuit 37-2015-000-1565-CU-PO-CTL.

There was no Defamation as the Plaintiff admits on line 20 of her complaint, vs Ralph Sanders"...after the Plaintiff was removed from the Decedent's home on July 22, 2014 pursuant to a Temporary Protective Order" constitutes 'Unclean Hands'. Estate Layer Russell Griffith published 2014 letter that offers no defamation of character.

"The Plaintiff then contacted the US Trustee's Office directly to report Defendant's unreported income and status as a Co-Trustee of the Bobbye J Rives Trust". All of the Plaintiff's claims, in regards to the defendants Bankruptcy filing, have been fully investigated by USTP Queenie Ng and Trustee Wenetta Kosmala. The Defendant's BK prepare was in and out of the hospital with Kidney problems while working on the Defendant's petition and passed away on May 21st,17; a little over two weeks after he filled the petition. The Defendant (when questioned) answered all of the questions the prepare left blank and USTP Queenie Ng instructed the Defendant to amend his BK petition. Bankruptcy Trustee Wenetta Kosmala certifies that the estate of Ralph Sanders has been fully administered.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

111 Taylor, Unit E, Vista, CA 92084

A true and correct copy of the foregoing document described as Motion To Exclude will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ________________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On ________________, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge's Copy - Hon. Mark S. Wallace, 411 W. Fourth St, Santa Ana CA

Debtor: Ralph Sanders, 1250 W. Bishop, Santa Ana 92703

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ________________, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | Kimberly Thatcher | [signature] |
|---|---|---|
| Date | Type Name | Signature |