

Interrogatory No. 16 requests that Mr. Sanders state the name of any individual who can corroborate or attest to Mr. Sanders' response to Interrogatory No. 15. Because Mr. Sanders' response to Interrogatory No. 15 is insufficient and requires additional consideration, Mr. Sanders' response to Interrogatory No. 16 will similarly need to be revised.

Interrogatory No. 17, while it admittedly could have been clearer, is requesting whether Mr. Sanders assisted Bobbye J. Rives in any way with paying Ms. Rives' bills or other financial obligations. If Mr. Sanders did provide any financial assistance to Ms. Rives, the interrogatory seeks all information that would substantiate that fact. With that clarification, we request that Mr. Sanders revise his response to Interrogatory No. 17.

Interrogatory No. 18 requests that Mr. Sanders state the name of any individual who can corroborate or attest to Mr. Sanders' response to Interrogatory No. 17. Because Mr. Sanders' response to Interrogatory No. 17 is insufficient and requires additional consideration, Mr. Sanders' response to Interrogatory No. 18 will similarly need to be revised.

To clarify, Interrogatory No. 19 is asking whether Mr. Sanders ever communicated to Ms. Pette that Bobbye J. Rives had died. If Mr. Sanders did communicate Ms. Rives' death to Ms. Pette, the interrogatory seeks all information that would substantiate that fact. With that clarification, we request that Mr. Sanders please revise his response to Interrogatory No. 19.

Interrogatory No. 20 requests that Mr. Sanders state the name of any individual who can corroborate or attest to Mr. Sanders' response to Interrogatory No. 19. Because Mr. Sanders' response to Interrogatory No. 19 is insufficient and requires additional consideration, Mr. Sanders' response to Interrogatory No. 20 will similarly need to be revised.

Interrogatory No. 21, to clarify, is asking whether Bobbye J. Rives ever promised Mr. Sanders or Mr. Sanders' family gifts, money, or personal property in the time period between January 1, 2011 and September 15, 2014. If such promises were made to Mr. Sanders or his family, the interrogatory seeks all information that would substantiate that fact. With that clarification, we request that Mr. Sanders revise his response to Interrogatory No. 21.

Interrogatory No. 22 requests that Mr. Sanders state the name of any individual who can corroborate or attest to Mr. Sanders' response to Interrogatory No. 21. Because Mr. Sanders' response to Interrogatory No. 21 is insufficient and requires additional consideration, Mr. Sanders' response to Interrogatory No. 22 will similarly need to be revised.

**MA**

WITHAM MAHONEY & ABBOTT

Interrogatory No. 23 requests that Mr. Sanders list all accounts, including the account numbers, held by Bobby J. Rives from January 1, 2011 to September 15, 2014. Mr. Sanders, however, asserts that Ms. Pette is only "entitled to some of the requested information," and refuses to provide any responsive information unless a protective order is in place and the interrogatory's scope is narrowed. Ms. Pette's main contention with this response is that it requires Ms. Pette to guess how to narrow its request in a manner that would appease Mr. Sanders, as Mr. Sanders' response provides no insight. What information is Ms. Pette entitled to, but Mr. Sanders refuses to turn over absent narrowing? What information is Mr. Sanders refusing to turn over in any event?

## Responses to Form Interrogatories

### Form Interrogatory Nos. 2.11 – 2.13 12.6, 13.1, 14.1, 14.2, 16.1 – 16.4 – Refusal to Answer on Grounds of Ambiguity of "Incident"

Mr. Sanders provides the same objections, and on such grounds refuses to answer, to Form Interrogatories Nos. 2.11, 2.12, 2.13, 12.3, 12.6, 13.1, 14.1, 14.2, 16.1, 16.2, 16.3, and 16.4. Essentially, Mr. Sanders refuses to provide a response to any of these fourteen (14) interrogatories based on the ambiguity of the word "incident," in the context of the multiple theories/causes in Ms. Pette's Complaint. Both the nature of Form Interrogatories and the Code of Civil Procedure require your client to make a good faith effort to give the interrogatories a reasonable interpretation under the facts and nature of the case, and thereafter provide a responsive answer to the best of his ability. Wholesale objection to these Form Interrogatories is inappropriate. Regardless of the causes of action asserted in Ms. Pette's Complaint, the focal point of this case centers on Ms. Pette's Elder Abuse claim, whereby Ms. Pette alleges Mr. Sanders engaged in abusive conduct against Bobbye J. Rives in the time period between January 1, 2011 and September 15, 2014. This is the specific "incident" referred to for the purpose of these 14 Form Interrogatories. Based on this additional insight into the information sought by those interrogatories, we request that Mr. Sanders revise his responses accordingly.

### Form Interrogatory 17.1 – Failure to Fully Respond

Form Interrogatory 17.1(c) requires that Mr. Sanders state the "names, addresses, and telephone numbers" of all persons who have knowledge of the facts detailed in Form Interrogatory 17.1(b). Mr. Sanders's response, however, does not provide addresses or telephone numbers for any individual listed. We request that Mr. Sanders supplement his response to comply with the interrogatory's request.

Form Interrogatory 17.1(d) suffers from the same deficiency as 17.1(c). Form Interrogatory 17.1(d) requires Mr. Sanders identify all documents supporting his response to Form Interrogatory

CHARLES B. WITHAM     MATTHEW M. MAHONEY     DANIEL W. ABBOTT     TAYLER J. MARSHALL     STEPHEN D. BLEA     401 B STREET, SUITE 2220, SAN DIEGO CA 92101
witham@wmalawfirm.com   mahoney@wmalawfirm.com   abbott@wmalawfirm.com   marshall@wmalawfirm.com   blea@wmalawfirm.com     Phone (619) 407-0595 | Fax (619) 872-0711



17.1, and to also "state the name, address, and telephone number of the person who has each document." Again, Mr. Sanders failed to provide any names, addresses or telephone numbers of individuals possessing the documents identified.

Please supplement the responses to Form Interrogatory 17.1.

## Responses to Requests for Production

### A Privilege Log Must Be Provided

Mr. Sanders objects to Requests for Production Nos. 4, 9, 10, 11, 15, 16, 17, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, and 37 based on the attorney work-product doctrine, the attorney-client privilege, or both. Mr. Sanders, however, has not provided a privilege log with either his written responses or the document production itself. Please provide a sufficiently detailed privilege log listing each document withheld on the basis of privilege, the specific privilege being asserted, and all requisite identifying information in order to allow Ms. Pette to evaluate the privilege claimed.

### Production of "Available" Documents

Several of Mr. Sanders's production responses state he will provide "available" documents that are responsive to Ms. Pette's discovery requests. Based on this language, it is unclear whether Mr. Sanders is narrowing his document production beyond the boundaries permitted by the Code. Specifically, Mr. Sanders is required to produce all documents in his "possession, custody, or control." Code of Civ. Pro. § 2031.220. The case law concerning discovery responses is very clear that one "cannot plead ignorance to information which can be obtained from sources under his control." (Deyo v. Kilbourne (1978) 84 Cal. App. 3d 771, 782.) While Mr. Sanders may not have actual possession of the requested documents, he nevertheless has **control** over such documents if they are being held by his lawyer (Smith v. Superior Court (1961) 189 Cal. App. 2d 6), family members (Jones v. Superior Court (1981) 119 Cal. App. 3d 534, 552), experts (Sigerseth v. Superior Court (1972) 23 Cal. App. 3d 427, 433), insurers (Clark v. Superior Court (1960) 177 Cal. App 2d 577), or agents (Gordon v. Superior Court (1984) 161 Cal. App. 3d 151.)

Given the above stated parameters, please confirm whether Mr. Sanders has produced all documents within his "possession, custody, or control." In the event additional documents exist within Mr. Sanders's "possession, custody, or control," we ask that such responsive documents be produced.

### General Refusal to Produce Requested Documents

Mr. Sanders objected to producing any responsive documents to Request Nos. 4, 9, 10, 13, 14, 19, 20, 22, and 25 - 37. The merits of his objections are discussed below.



WITHAM MAHONEY & ABBOTT

Request No. 4 seeks communications between Mr. Sanders and Russell Griffith from January 1, 2011 to present. Mr. Sanders objected to this request and refused to produce any responsive documents on grounds of vagueness, ambiguity, and the attorney-client privilege. As requested above, it the requested documents are not being withheld on grounds of the attorney-client privilege, we ask you provide a sufficiently detailed privilege log listing those withheld documents that would otherwise be responsive to Request No. 4. Regarding the vagueness and ambiguity objections, these objections are unfounded, as the request is abundantly clear.

Request No. 9 seeks any and all documents in Mr. Sanders's possession that relate in any way to Ms. Pette. Mr. Sanders objected to this request and refused to produce any responsive documents on grounds of vagueness, ambiguity, overbreadth and the attorney work product privilege. To clarify, the documents sought are those that "relate to" Ms. Pette, which, as defined in Section I(4) of Ms. Pette's Requests for Production, encompasses documents that reference, refer to, include, and/or identify Ms. Pette. There is nothing vague or ambiguous about this, nor is it overbroad. Rather, it falls squarely within the scope of discoverable documentation in this case. Thus, if Mr. Sanders possesses any documents that reference or identify Ms. Pette, we request that Mr. Sanders produce such responsive documents. If Mr. Sanders is withholding such documents under a claim of attorney work product, please provide a sufficiently detailed privilege log listing those withheld documents.

Request No. 10 seeks any and all documents in Mr. Sanders's possession that relate in any way to Bobbye J. Rives. Mr. Sanders objected to this request and refused to produce any responsive documents on grounds of vagueness, ambiguity, overbreadth and the attorney work product privilege. To clarify, the documents sought are those that "relate to" Ms. Rives, which, as defined in Section I(4) of Ms. Pette's Requests for Production, encompasses documents that reference, refer to, include, and/or identify Ms. Rives. There is nothing vague or ambiguous about this, nor is it overbroad. Rather, it falls squarely within the scope of discoverable documentation in this case. Thus, if Mr. Sanders possesses any documents that reference or identify Ms. Pette, we request that Mr. Sanders produce such responsive documents. If Mr. Sanders is withholding such documents under a claim of attorney work product, please provide a sufficiently detailed privilege log listing those withheld documents.

Request No. 13 seeks a letter shown to Ed Kirkman, the contents of which expressed that Ralph Mr. Sanders had made decisions on behalf of Bobbye J. Rives. Mr. Sanders refused to respond to the request, claiming the request is "vague and ambiguous." Again, there is nothing vague or ambiguous about this request. It is simply seeking a letter that conveys the message that Mr. Sanders made decisions for and on behalf of Bobby J. Rives. Mr. Sanders is required to state, to the best of his ability, whether the demanded documents are in his possession, custody or control.

CHARLES B. WITHAM            MATTHEW M. MAHONEY            DANIEL W. ABBOTT            TAYLER J. MARSHALL            STEPHEN D. BLEA            401 B STREET, SUITE 2220, SAN DIEGO CA 92101
witham@wmalawfirm.com        mahoney@wmalawfirm.com        abbott@wmalawfirm.com        marshall@wmalawfirm.com        blea@wmalawfirm.com        Phone (619) 407-0505 | Fax (619) 872-0711

**MA**

WITHAM MAHONEY & ABBOTT

To simply refuse to respond is not an appropriate response under the Code. Please revise your answer to Request No. 13 to provide an appropriate response, reflecting whether the document(s) sought are, or are not, in Mr. Sanders' possession.

Request No. 14 requests the letters shown to those who attended Bobbye J. Rives' memorial services on September 26, 2014. Mr. Sanders objected to this request and refused to produce any responsive documents on grounds of vagueness, ambiguity, overbreadth. Mr. Sanders is required to state, to the best of his ability, whether the demanded documents are in his possession, custody or control. To simply refuse to respond is not an appropriate response under the Code. Moreover, there is nothing vague or ambiguous about the request. And it seeks information directly relevant to the claims in the causes of action in the complaint, thus it is not overbroad. Therefore, please revise your answer to Request No. 14 so as to provide an appropriate response, reflecting whether the document(s) sought are in fact in Mr. Sanders' possession.

Request No. 19 requests any and all documents naming Mr. Sanders as a representative, in any capacity, for Bobbye J. Rives. Specially, if Mr. Sanders operated as an attorney in fact, a proxy, or agent for Ms. Rives' health care matters, Request No. 19 seeks those documents. Mr. Sanders objected to this request and refused to produce any responsive documents on grounds of vagueness, ambiguity, overbreadth. Mr. Sanders is required to state, to the best of his ability, whether the demanded documents are in his possession, custody or control. To simply refuse to respond is not an appropriate response under the Code. Please revise your answer to Request No. 19 so as to provide an appropriate response, reflecting whether the document(s) sought are in fact in Mr. Sanders' possession.

Request No. 20 requests any and all documents naming Mr. Sanders as an agent, in any capacity, for Bobbye J. Rives. Mr. Sanders objected to this request and refused to produce any responsive documents on grounds of vagueness, ambiguity, overbreadth. There is nothing vague or ambiguous about this Request, nor is it overbroad. Rather, it falls squarely within the scope of discoverable documentation in this case. Ultimately, either Mr. Sanders is, or is not, in possession of documents responsive to this request, and Ms. Pette is entitled to an appropriate answer. Please revise your answer to Request No. 20 so as to provide an appropriate response, reflecting whether the document(s) sought are in fact in Mr. Sanders' possession.

Request No. 22 requests any and all documents that Mr. Sanders signed on behalf of Bobbye J. Rives, in any capacity. Specifically, if Mr. Sanders signed **any** document on Ms. Rives' behalf, Request No. 22 seeks those documents. Mr. Sanders objected to this request and refused to produce any responsive documents on grounds of vagueness, ambiguity, overbreadth. There is nothing vague or ambiguous about this Request, nor is it overbroad. Again, the documents sought by the



WITHAM MAHONEY & ABBOTT

Request fall squarely within the scope of discoverable documentation in this case. Mr. Sanders is required to state, to the best of his ability, whether the demanded documents are in his possession, custody or control. To simply refuse to respond is not an appropriate response under the Code. Please revise your answer to Request No. 22 so as to provide an appropriate response, reflecting whether the document(s) sought are in fact in Mr. Sanders' possession.

Request Nos. 25 through 37 each request that Mr. Sanders provide all documents that support his responses to the Interrogatories served on Mr. Sanders. Again, Mr. Sanders objected to these twelve production demands on grounds of vagueness, ambiguity, and overbreadth, and on such grounds refused to produce **any** documents. Either Mr. Sanders does, or does not possess documents responsive to these requests, and Ms. Pette is entitled to an appropriate answer. As mentioned above, the Code requires that Mr. Sanders state, to the best of his ability, whether the demanded documents are in his possession, custody or control. To simply refuse to respond is inappropriate. These are standard interrogatories in civil litigation. Please revise your answers to Request Nos. 25 through 37 so as to provide an appropriate response, reflecting whether the document(s) sought are in fact in Mr. Sanders' possession.

Please confirm whether: (1) Mr. Sanders will be supplementing the aforementioned discovery responses to address the defects raised; and (2) You will be producing a privilege log for any allegedly privileged documents. Based on our email correspondence on December 9, 2015, your client agrees to provide supplemental responses by January 8, 2016, and my client's motion to compel deadline is extended to February 8, 2015. Furthermore, I request that we receive a response to this meet and confer letter by Wednesday, December 16, 2015, to determine whether supplemental responses will in fact be provided.

I suggest we have a call to discuss these matters. As this is a priority for me, I will endeavor to make myself available.

Sincerely,

Daniel W. Abbott
WITHAM MAHONEY & ABBOTT, LLP

CHARLES B. WITHAM        MATTHEW M. MAHONEY        DANIEL W. ABBOTT        TAYLER J. MARSHALL        STEPHEN D. BLEA        401 B STREET, SUITE 2220, SAN DIEGO CA 92101
witham@wmalawfirm.com    mahoney@wmalawfirm.com    abbott@wmalawfirm.com    marshall@wmalawfirm.com    blea@wmalawfirm.com    Phone: (619) 407-0505 | Fax: (619) 877-6711

# SUPERIOR COURT OF CALIFORNIA
# County of SAN DIEGO

**Register of Actions Notice**

| | | | |
|---|---|---|---|
| Case Number: | 37-2015-00015654-CU-PO-CTL | Filing Date: | 05/08/2015 |
| Case Title: | PETTE vs. MURRAY-CALCOTE[IMAGED] | Case Age: | 699 days |
| Case Status: | All Proceedings Stayed | Location: | Central |
| Case Category: | Civil - Unlimited | Judicial Officer: | Ronald L. Styn |
| Case Type: | PI/PD/WD - Other | Department: | C-74 |

## Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 04/26/2019 | 10:30 AM | C-74 | Status Conference (Civil) |

## Participants

| Name | Role | Representation |
|---|---|---|
| MURRAY-CALCOTE, BEVERLY | Defendant | |
| PETTE, LARNITA | Plaintiff | Abbott, Daniel W |
| SANDERS, RALPH | Defendant | |

## Representation

| Name | Address | Phone Number |
|---|---|---|
| ABBOTT, DANIEL W | WITHAM MAHONEY & ABBOTT LLP 401 B Street 2220 San Diego CA 92101 | (619) 407-0505 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 05/08/2015 | Complaint filed by PETTE, LARNITA. Refers to: MURRAY-CALCOTE, BEVERLY; SANDERS, RALPH; GRIFFITH, RUSSELL | PETTE, LARNITA (Plaintiff) |
| 2 | 05/08/2015 | Original Summons filed by PETTE, LARNITA. Refers to: MURRAY-CALCOTE, BEVERLY; SANDERS, RALPH; GRIFFITH, RUSSELL | PETTE, LARNITA (Plaintiff) |
| 3 | 05/08/2015 | Civil Case Cover Sheet filed by PETTE, LARNITA. Refers to: MURRAY-CALCOTE, BEVERLY; SANDERS, RALPH; GRIFFITH, RUSSELL | PETTE, LARNITA (Plaintiff) |
| 4 | 05/12/2015 | Summons issued. | |
| 5 | 05/08/2015 | Case assigned to Judicial Officer Lewis, Joan. | |
| 6 | 05/12/2015 | Civil Case Management Conference scheduled for 10/16/2015 at 10:30:00 AM at Central in C-65 Joan M. Lewis. | |
| 7 | 05/12/2015 | Case initiation form printed. | |
| 8 | 06/24/2015 | Request for Dismissal without Prejudice - Party filed by PETTE, LARNITA. Refers to: GRIFFITH, RUSSELL | PETTE, LARNITA (Plaintiff) |
| 9 | 06/24/2015 | Complaint dismissed  without prejudice as to GRIFFITH, RUSSELL  . | |
| 10 | 07/17/2015 | Demurrer / Motion to Strike scheduled for 02/19/2016 at 08:30:00 AM at Central in C-65 Joan M. Lewis. | |
| 11 | 07/14/2015 | Answer filed by MURRAY-CALCOTE, BEVERLY. Refers to: PETTE, LARNITA | MURRAY-CALCOTE, BEVERLY (Defendant) |
| 12 | 07/30/2015 | Demurrer / Motion to Strike scheduled for 02/19/2016 at 08:30:00 AM at Central in C-65 Joan M. Lewis. | |
| 13 | 08/03/2015 | Motion to Strike (AND SUPPORTING DOCUMENTS) filed by SANDERS, RALPH. | SANDERS, RALPH (Defendant) |
| 14 | 08/03/2015 | Demurrer (AND SUPPORTING DOCUMENTS) filed by SANDERS, RALPH. | SANDERS, RALPH (Defendant) |

San Diego Superior Court    Case: 37-2015-00015854-CU-PO-CTL    PETTE vs. MURRAY-CALCOTE[IMAGED]

| | | | |
|---|---|---|---|
| 15 | 09/03/2015 | The Civil Case Management Conference was rescheduled to 10/23/2015 at 11:15:00 AM in C-65 before Joan M. Lewis at Central. | |
| 16 | 09/03/2015 | Civil Case Management Conference scheduled for 10/23/2015 at 11:15:00 AM at Central in C-65 Joan M. Lewis. | |
| 17 | 09/15/2015 | The Civil Case Management Conference was rescheduled to 10/29/2015 at 11:15:00 AM in C-65 before Joan M. Lewis at Central. | |
| 18 | 09/15/2015 | Civil Case Management Conference scheduled for 10/29/2015 at 11:15:00 AM at Central in C-65 Joan M. Lewis. | |
| 19 | 10/08/2015 | Case Management Statement filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 20 | 10/08/2015 | Proof of Service filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 21 | 10/13/2015 | Case Management Statement filed by SANDERS, RALPH. | SANDERS, RALPH (Defendant) |
| 22 | 10/14/2015 | Case Management Statement filed by MURRAY-CALCOTE, BEVERLY. | MURRAY-CALCOTE, BEVERLY (Defendant) |
| 25 | 10/29/2015 | Civil Case Management Conference continued pursuant to party's motion to 02/19/2016 at 08:30AM before Judge Joan M. Lewis. | |
| 26 | 10/29/2015 | Minutes finalized for Civil Case Management Conference heard 10/29/2015 11:15:00 AM. | |
| 27 | 12/01/2015 | Stipulation - Other - Fee Due (and Order to release Adult Protective Servies Records) filed by PETTE, LARNITA; SANDERS, RALPH; MURRAY-CALCOTE, BEVERLY. | PETTE, LARNITA (Plaintiff); SANDERS, RALPH (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant) |
| 28 | 12/28/2015 | Summary Judgment / Summary Adjudication (Civil) scheduled for 09/02/2016 at 08:30:00 AM at Central in C-65 Joan M. Lewis. | |
| 29 | 12/30/2015 | Amended Complaint (1st Amended) filed by PETTE, LARNITA. Refers to: MURRAY-CALCOTE, BEVERLY; SANDERS, RALPH | PETTE, LARNITA (Plaintiff) |
| 30 | 01/25/2016 | Proof of Service by Mail (Served answer to Attorney Daniel W. Abbott, Attorney Stephen D. Blea and Attorney Patrick L. Hosey) filed by MURRAY-CALCOTE, BEVERLY. | MURRAY-CALCOTE, BEVERLY (Defendant) |
| 31 | 01/20/2016 | Answer filed by MURRAY-CALCOTE, BEVERLY. | MURRAY-CALCOTE, BEVERLY (Defendant) |
| 32 | 01/21/2016 | Answer filed by SANDERS, RALPH. | SANDERS, RALPH (Defendant) |
| 33 | 02/16/2016 | Demurrer / Motion to Strike scheduled for 02/19/2016 at 08:30:00 AM at Central in C-65 Joan M. Lewis was vacated. | |
| 34 | 02/16/2016 | Demurrer / Motion to Strike scheduled for 02/19/2016 at 08:30:00 AM at Central in C-65 Joan M. Lewis was vacated. | |
| 37 | 02/19/2016 | Trial Readiness Conference (Civil) scheduled for 09/23/2016 at 10:00AM before Judge Joan M. Lewis. | |
| 38 | 02/19/2016 | Civil Jury Trial scheduled for 10/07/2016 at 09:45AM before Judge Joan M. Lewis. | |
| 39 | 02/19/2016 | Jury demanded by both sides. | |
| 40 | 02/19/2016 | Minutes finalized for Civil Case Management Conference heard 02/19/2016 08:30:00 AM. | |
| 41 | 02/23/2016 | Motion to Quash (Civil) scheduled for 03/03/2016 at 08:30:00 AM at Central in C-65 Joan M. Lewis. | |
| 42 | 02/23/2016 | SLAPP / SLAPPback Motion Hearing scheduled for 09/02/2016 at 08:30:00 AM at Central in C-65 Joan M. Lewis. | |
| 43 | 02/24/2016 | Notice of Motion and Supporting Declarations (Deft Anti Slapp Motion to Strike Causes of Action) filed by SANDERS, RALPH; MURRAY-CALCOTE, BEVERLY. | SANDERS, RALPH (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant) |

Case 8:17-ap-01068-MW   Doc 38-1   Filed 03/06/19   Entered 03/08/19 11:59:22   Desc
Part 2 of 4   Page 9 of 40

San Diego Superior Court   Case 37-2015-00015654-CU-PO-CTL   PETTE vs. MURRAY-CALCOTE[IMAGED]

| 44 | 03/02/2016 | Ex Parte Application - Other and Supporting Documents (Def Murray-Calcotes Notice of Joinder to Def Sanders Ex Parte Application for Order re Leave to File Amended Answer to Plaintiffs First Amended Complaint) filed by MURRAY-CALCOTE, BEVERLY. | MURRAY-CALCOTE, BEVERLY (Defendant) |
| 45 | 03/02/2016 | Proof of Service (of Notice of Joinder to Ex Parte and Supporting Documents) filed by MURRAY-CALCOTE, BEVERLY. | MURRAY-CALCOTE, BEVERLY (Defendant) |
| 46 | 03/02/2016 | Declaration - Other (in Support of Def Murray-Calcotes Notice of Joinder) filed by MURRAY-CALCOTE, BEVERLY. | MURRAY-CALCOTE, BEVERLY (Defendant) |
| 47 | 03/02/2016 | Declaration - Other (Declaration of Notice to Opposing Counsel) filed by MURRAY-CALCOTE, BEVERLY. | MURRAY-CALCOTE, BEVERLY (Defendant) |
| 48 | 03/02/2016 | Order - Other ([Proposed] Order re Joinder to Ex Parte Application) submitted by MURRAY-CALCOTE, BEVERLY received but not filed on 03/02/2016. | MURRAY-CALCOTE, BEVERLY (Defendant) |
| 49 | 03/01/2016 | Ex Parte Application - Other and Supporting Documents filed by SANDERS, RALPH. | SANDERS, RALPH (Defendant) |
| 50 | 03/02/2016 | Opposition - Other (to Ex Parte application) filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 54 | 03/03/2016 | Motion Hearing (Civil) scheduled for 03/18/2016 at 08:30AM before Judge Joan M. Lewis. | |
| 55 | 03/03/2016 | SLAPP / SLAPPback Motion Hearing continued pursuant to party's motion to 05/13/2016 at 08:30AM before Judge Joan M. Lewis. | |
| 56 | 03/03/2016 | Minutes finalized for Ex Parte heard 03/03/2016 08:30:00 AM. | |
| 57 | 03/03/2016 | Settlement Conference (Civil) scheduled for 04/22/2016 at 01:30:00 PM at Central in C-66 Joel M. Pressman. | |
| 58 | 03/01/2016 | Association of Attorney filed by SANDERS, RALPH; MURRAY-CALCOTE, BEVERLY. | SANDERS, RALPH (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant) |
| 59 | 03/01/2016 | Proof of Service (Re: Anti-Slapp Motion to Strike) filed by SANDERS, RALPH; MURRAY-CALCOTE, BEVERLY. | SANDERS, RALPH (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant) |
| 60 | 03/07/2016 | Motion for Leave to Amend (Joint Motion for Leave to file Amended Answers) filed by MURRAY-CALCOTE, BEVERLY; MURRAY-CALCOTE, BEVERLY; MURRAY-CALCOTE, BEVERLY; SANDERS, RALPH; SANDERS, RALPH. | MURRAY-CALCOTE, BEVERLY (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant); SANDERS, RALPH (Defendant); SANDERS, RALPH (Defendant) |
| 61 | 03/07/2016 | Memorandum of Points and Authorities filed by MURRAY-CALCOTE, BEVERLY; MURRAY-CALCOTE, BEVERLY; MURRAY-CALCOTE, BEVERLY; SANDERS, RALPH; SANDERS, RALPH. | MURRAY-CALCOTE, BEVERLY (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant); SANDERS, RALPH (Defendant); SANDERS, RALPH (Defendant) |
| 62 | 03/07/2016 | Declaration - Other (Declaration of Patrick L. Hosey in Support) filed by MURRAY-CALCOTE, BEVERLY; MURRAY-CALCOTE, BEVERLY; MURRAY-CALCOTE, BEVERLY; SANDERS, RALPH; SANDERS, RALPH. | MURRAY-CALCOTE, BEVERLY (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant); SANDERS, RALPH (Defendant); SANDERS, RALPH (Defendant) |

San Diego Superior Court    Case 37-2015-00015654-CU-PO-CTL    Title PETTE vs. MURRAY-CALCOTE[IMAGED]

| 63 | 03/07/2016 | Order - Other (Proposed Order) submitted by MURRAY-CALCOTE, BEVERLY; MURRAY-CALCOTE, BEVERLY; MURRAY-CALCOTE, BEVERLY; SANDERS, RALPH; SANDERS, RALPH received but not filed on 03/07/2016. | MURRAY-CALCOTE, BEVERLY (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant); SANDERS, RALPH (Defendant); SANDERS, RALPH (Defendant) |
|----|------------|---|---|
| 64 | 03/07/2016 | Proof of Service filed by MURRAY-CALCOTE, BEVERLY; MURRAY-CALCOTE, BEVERLY; MURRAY-CALCOTE, BEVERLY; SANDERS, RALPH; SANDERS, RALPH. | MURRAY-CALCOTE, BEVERLY (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant); SANDERS, RALPH (Defendant); SANDERS, RALPH (Defendant) |
| 65 | 03/11/2016 | Opposition - Other (to Defendant's Motion for Leave to File Amended Answers) filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 66 | 03/11/2016 | Declaration - Other (of Stephen D Blea in Support of Opposition) filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 67 | 03/11/2016 | Proof of Service (of Opposition and Supporting Declaration) filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 68 | 03/16/2016 | Reply to Opposition of Noticed Motion and Supporting Declarations (to Joint Motion for Leave to File Amended Answers) filed by MURRAY-CALCOTE, BEVERLY; MURRAY-CALCOTE, BEVERLY; MURRAY-CALCOTE, BEVERLY; SANDERS, RALPH; SANDERS, RALPH. | MURRAY-CALCOTE, BEVERLY (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant); SANDERS, RALPH (Defendant); SANDERS, RALPH (Defendant) |
| 69 | 03/16/2016 | Declaration - Other (of Lucas A Woodward) filed by MURRAY-CALCOTE, BEVERLY; MURRAY-CALCOTE, BEVERLY; MURRAY-CALCOTE, BEVERLY; SANDERS, RALPH; SANDERS, RALPH. | MURRAY-CALCOTE, BEVERLY (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant); SANDERS, RALPH (Defendant); SANDERS, RALPH (Defendant) |
| 70 | 03/16/2016 | Proof of Service filed by MURRAY-CALCOTE, BEVERLY; MURRAY-CALCOTE, BEVERLY; MURRAY-CALCOTE, BEVERLY; SANDERS, RALPH; SANDERS, RALPH. | MURRAY-CALCOTE, BEVERLY (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant); SANDERS, RALPH (Defendant); SANDERS, RALPH (Defendant) |
| 71 | 03/17/2016 | Settlement Conference (Civil) scheduled for 03/23/2016 at 09:00:00 AM at Central in C-33 Jay M. Bloom. | |
| 72 | 03/17/2016 | Tentative Ruling for Motion Hearing (Civil) published. | |
| 73 | 03/18/2016 | Settlement Conference (Civil) scheduled for 03/23/2016 at 09:00:00 AM at Central in C-33 Jay M. Bloom was vacated. | |
| 74 | 03/18/2016 | Minutes finalized for Motion Hearing (Civil) heard 03/18/2016 08:30:00 AM. | |
| 75 | 03/22/2016 | Notice of Jury Fee Deposit filed by PETTE, LARNITA. | |
| 76 | 03/25/2016 | Amended Answer (1st) filed by SANDERS, RALPH. Refers to: PETTE, LARNITA | SANDERS, RALPH (Defendant) |
| 77 | 03/25/2016 | Amended Answer (1st) filed by SANDERS, RALPH. Refers to: PETTE, LARNITA | MURRAY-CALCOTE, BEVERLY (Defendant) |
| 78 | 03/25/2016 | Proof of Service by Mail (Amendment to 1st Answer) filed by SANDERS, RALPH; MURRAY-CALCOTE, BEVERLY. | SANDERS, RALPH (Defendant); MURRAY-CALCOTE, BEVERLY (Defendant) |

San Diego Superior Court    Case 37-2015-00015654-CU-PO-CTL    Title PETTE vs. MURRAY-CALCOTE[IMAGED]

| 79 | 03/31/2016 | Settlement Conference (Civil) scheduled for 04/22/2016 at 01:30:00 PM at Central in C-66 Joel M. Pressman was vacated. | |
|----|------------|---|---|
| 80 | 04/01/2016 | Settlement Conference (Civil) scheduled for 07/01/2016 at 01:30:00 PM at Central in C-74 Kevin A. Enright. | |
| 81 | 04/04/2016 | Settlement Conference (Civil) scheduled for 04/22/2016 at 01:30:00 PM at Central in C-33 Jay M. Bloom. | |
| 82 | 04/06/2016 | The Settlement Conference (Civil) was rescheduled to 04/22/2016 at 09:00:00 AM in C-33 before Jay M. Bloom at Central. | |
| 83 | 04/06/2016 | Settlement Conference (Civil) scheduled for 04/22/2016 at 09:00:00 AM at Central in C-33 Jay M. Bloom. | |
| 84 | 04/15/2016 | The Settlement Conference (Civil) was rescheduled to 05/06/2016 at 01:30:00 PM in C-33 before Jay M. Bloom at Central. | |
| 85 | 04/15/2016 | Settlement Conference (Civil) scheduled for 05/06/2016 at 01:30:00 PM at Central in C-33 Jay M. Bloom. | |
| 86 | 04/21/2016 | Settlement Conference (Civil) scheduled for 05/06/2016 at 01:30:00 PM at Central in C-33 Jay M. Bloom was vacated. | |
| 87 | 04/21/2016 | Settlement Conference (Civil) scheduled for 05/03/2016 at 01:30:00 PM at Central in C-33 Jay M. Bloom. | |
| 88 | 04/22/2016 | Settlement Conference (Civil) scheduled for 05/03/2016 at 01:30:00 PM at Central in C-33 Jay M. Bloom was vacated. | |
| 89 | 04/22/2016 | Settlement Conference (Civil) scheduled for 05/05/2016 at 01:30:00 PM at Central in C-33 Jay M. Bloom. | |
| 90 | 05/02/2016 | Opposition - Other filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 91 | 05/02/2016 | Request for Judicial Notice filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 92 | 05/02/2016 | Notice of Lodgment filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 93 | 05/02/2016 | Declaration - Other filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 94 | 05/02/2016 | Proof of Service filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 95 | 05/02/2016 | Declaration - Other filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 96 | 05/03/2016 | The Settlement Conference (Civil) was rescheduled to 05/05/2016 at 01:00:00 PM in C-33 before Jay M. Bloom at Central. | |
| 97 | 05/03/2016 | Settlement Conference (Civil) scheduled for 05/05/2016 at 01:00:00 PM at Central in C-33 Jay M. Bloom. | |
| 98 | 05/03/2016 | Notice of Errata filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 99 | 05/03/2016 | Proof of Service filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 100 | 05/05/2016 | Minutes finalized for Settlement Conference (Civil) heard 05/05/2016 01:00:00 PM. | |
| 101 | 05/06/2016 | Memorandum of Points and Authorities filed by MURRAY-CALCOTE, BEVERLY; SANDERS, RALPH. | MURRAY-CALCOTE, BEVERLY (Defendant); SANDERS, RALPH (Defendant) |
| 102 | 05/09/2016 | Memorandum of Points and Authorities (in Support of Anti-Slapp Motion) filed by MURRAY-CALCOTE, BEVERLY; SANDERS, RALPH. | MURRAY-CALCOTE, BEVERLY (Defendant); SANDERS, RALPH (Defendant) |
| 103 | 05/09/2016 | Declaration - Other (of Luis E Ventura) filed by MURRAY-CALCOTE, BEVERLY; SANDERS, RALPH. | MURRAY-CALCOTE, BEVERLY (Defendant); SANDERS, RALPH (Defendant) |
| 104 | 05/09/2016 | Proof of Service filed by MURRAY-CALCOTE, BEVERLY; SANDERS, RALPH. | MURRAY-CALCOTE, BEVERLY (Defendant); SANDERS, RALPH (Defendant) |
| 105 | 05/11/2016 | Settlement Conference (Civil) scheduled for 07/01/2016 at 01:30:00 PM at Central in C-74 Kevin A. Enright was vacated. | |
| 106 | 05/11/2016 | Objections filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 107 | 05/11/2016 | Proof of Service filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |

| # | Date | Description | Party |
|---|---|---|---|
| 138 | 08/26/2016 | Pursuant to California Rules of Court 3.714, the Court, after having met and conferred with counsel, categorizes this case as one that will be disposed of within 12 months. | |
| 135 | 08/25/2016 | Tentative Ruling for SLAPP / SLAPPback Motion Hearing published. | |
| 134 | 07/27/2016 | Substitution of Attorney filed by SANDERS, RALPH. | SANDERS, RALPH (Defendant) |
| 133 | 07/25/2016 | Substitution of Attorney submitted by SANDERS, RALPH rejected on 07/25/2016. | SANDERS, RALPH (Defendant) |
| 132 | 07/01/2016 | Notice of Rescheduled Hearing SD generated. | |
| 131 | 07/01/2016 | Minutes finalized for Civil Case Management Conference heard 07/01/2016 10:30:00 AM. | |
| 130 | 07/01/2016 | Civil Case Management Conference continued pursuant to Court's motion to 08/26/2016 at 08:30AM before Judge Ronald L. Styn. | |
| 127 | 06/30/2016 | Proof of Service (case management statement) filed by MURRAY-CALCOTE, BEVERLY. | MURRAY-CALCOTE, BEVERLY (Defendant) |
| 126 | 06/29/2016 | Notice - Other (of rescheduling of defendants anti-slapp motion to strike causes of action) filed by SANDERS, RALPH. | SANDERS, RALPH (Defendant) |
| 125 | 06/27/2016 | Case Management Statement filed by MURRAY-CALCOTE, BEVERLY. | MURRAY-CALCOTE, BEVERLY (Defendant) |
| 124 | 06/16/2016 | Proof of Service filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 123 | 06/16/2016 | Case Management Statement filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 122 | 05/25/2016 | SLAPP / SLAPPback Motion Hearing scheduled for 08/26/2016 at 08:30:00 AM at Central in C-62 Ronald L. Styn. | |
| 121 | 05/23/2016 | Civil Case Management Conference scheduled for 07/01/2016 at 10:30:00 AM at Central in C-62 Ronald L. Styn. | |
| 120 | 05/23/2016 | Case reassigned from Judge Lewis, Joan M. to Ronald Styn effective 05/23/2016 | |
| 119 | 05/20/2016 | Appointment of Official Reporter Pro Tempore (TRACI WHEELER) filed by The Superior Court of San Diego. | |
| 117 | 05/23/2016 | Summary Judgment / Summary Adjudication (Civil) scheduled for 09/02/2016 at 08:30:00 AM at Central in C-65 Joan M. Lewis was vacated. | |
| 116 | 05/23/2016 | Trial Readiness Conference (Civil) scheduled for 09/23/2016 at 10:00:00 AM at Central in C-65 Joan M. Lewis was vacated. | |
| 115 | 05/23/2016 | Civil Jury Trial scheduled for 10/07/2016 at 09:45:00 AM at Central in C-65 Joan M. Lewis was vacated. | |
| 114 | 05/20/2016 | Minutes finalized for SLAPP / SLAPPback Motion Hearing heard 05/20/2016 08:30:00 AM. | |
| 113 | 05/19/2016 | Tentative Ruling for SLAPP / SLAPPback Motion Hearing published. | |
| 112 | 05/13/2016 | Minutes finalized for SLAPP / SLAPPback Motion Hearing heard 05/13/2016 08:30:00 AM. | |
| 111 | 05/13/2016 | SLAPP / SLAPPback Motion Hearing continued pursuant to Court's motion to 05/20/2016 at 08:30AM before Judge Joan M. Lewis. | |
| 110 | 05/13/2016 | SLAPP / SLAPPback Motion Hearing scheduled for 05/20/2016 at 08:30:00 AM at Central in C-65 Joan M. Lewis at Central. | |
| 109 | 05/13/2016 | The SLAPP / SLAPPback Motion Hearing was rescheduled to 05/20/2016 at 08:30:00 AM in C-65 before Joan M. Lewis | |
| 108 | 05/11/2016 | Tentative Ruling for SLAPP / SLAPPback Motion Hearing published. | |

| # | Date | Description | Party |
|---|---|---|---|
| 180 | 07/20/2018 | Status Conference (Civil) continued pursuant to Court's motion to 01/04/2019 at 10:30AM before Judge Ronald L. Styn. | |
| 177 | 04/06/2018 | Notice of Rescheduled Hearing SD generated. | |
| 176 | 04/06/2018 | Minutes finalized for Status Conference (Civil) heard 04/06/2018 10:30:00 AM. | |
| 175 | 04/06/2018 | Status Conference (Civil) continued pursuant to Court's motion to 07/20/2018 at 10:30AM before Judge Ronald L. Styn. | |
| 172 | 03/08/2018 | Proof of Service (Notice of Continued Status Conference Hearing) filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 171 | 03/08/2018 | Notice - Other (Of Continued Status Conference Hearing) filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 170 | 01/26/2018 | Minutes finalized for Status Conference (Civil) heard 01/26/2018 10:30:00 AM. | |
| 169 | 01/26/2018 | Status Conference (Civil) continued pursuant to Court's motion to 04/06/2018 at 10:30AM before Judge Ronald L. Styn. | |
| 166 | 09/22/2017 | Notice of Rescheduled Hearing SD generated. | |
| 165 | 09/22/2017 | Minutes finalized for Status Conference (Civil) heard 09/22/2017 10:30:00 AM. | |
| 164 | 09/22/2017 | Status Conference (Civil) continued pursuant to Court's motion to 01/26/2018 at 10:30AM before Judge Ronald L. Styn. | |
| 161 | 05/16/2017 | Returned Mail (NOTICE OF STATUS CONFERENCE) filed by MURRAY-CALCOTE, BEVERLY. | MURRAY-CALCOTE, BEVERLY (Defendant) |
| 160 | 04/06/2017 | Notice of Stay of Proceedings (Participant) filed by SANDERS, RALPH. | SANDERS, RALPH (Defendant) |
| 159 | 04/06/2017 | Substitution of Attorney filed by SANDERS, RALPH. | SANDERS, RALPH (Defendant) |
| 158 | 04/06/2017 | Notice of Stay of Proceedings (Participant) filed by MURRAY-CALCOTE, BEVERLY. | MURRAY-CALCOTE, BEVERLY (Defendant) |
| 157 | 04/06/2017 | Notice of Hearing SD generated. | |
| 156 | 04/06/2017 | Minutes finalized for Ex Parte heard 04/06/2017 08:30:00 AM. | |
| 155 | 04/06/2017 | Status Conference (Civil) scheduled for 09/22/2017 at 10:30AM before Judge Ronald L. Styn. | |
| 154 | 04/06/2017 | Trial Readiness Conference (Civil) set for 04/14/17 at 9:30 AM vacated. | |
| 153 | 04/06/2017 | Civil Jury Trial set for 04/21/17 at 9:30 AM vacated. | |
| 149 | 04/05/2017 | Ex Parte Application - Other and Supporting Documents filed by PETTE, LARNITA. | PETTE, LARNITA (Plaintiff) |
| 148 | 04/03/2017 | Ex Parte scheduled for 04/06/2017 at 08:30:00 AM at Central in C-62 Ronald L. Styn. | |
| 147 | 03/29/2017 | Notice of Stay of Proceedings - Case submitted by SANDERS, RALPH rejected on 03/29/2017. | SANDERS, RALPH (Defendant) |
| 146 | 10/17/2016 | Substitution of Attorney filed by SANDERS, RALPH. | SANDERS, RALPH (Defendant) |
| 145 | 10/11/2016 | Substitution of Attorney filed by MURRAY-CALCOTE, BEVERLY. | MURRAY-CALCOTE, BEVERLY (Defendant) |
| 144 | 08/26/2016 | Minutes finalized for SLAPP / SLAPPback Motion Hearing heard 08/26/2016 08:30:00 AM. | |
| 143 | 08/26/2016 | Notice of Hearing SD generated. | |
| 142 | 08/26/2016 | Notice of Hearing SD generated. | |
| 141 | 08/26/2016 | Minutes finalized for Civil Case Management Conference heard 08/26/2016 08:30:00 AM. | |
| 140 | 08/26/2016 | Trial Readiness Conference (Civil) scheduled for 04/14/2017 at 09:30AM before Judge Ronald L. Styn. | |
| 139 | 08/26/2016 | Civil Jury Trial scheduled for 04/21/2017 at 09:30AM before Judge Ronald L. Styn. | |

| 181 | 07/20/2018 | Minutes finalized for Status Conference (Civil) heard 07/20/2018 10:30:00 AM. |
| 182 | 07/20/2018 | Notice of Rescheduled Hearing SD generated. |
| 185 | 01/04/2019 | Status Conference (Civil) continued pursuant to Court's motion to 04/26/2019 at 10:30AM before Judge Ronald L. Styn. |
| 186 | 01/04/2019 | Minutes finalized for Status Conference (Civil) heard 01/04/2019 10:30:00 AM. |
| 187 | 01/04/2019 | Notice of Rescheduled Hearing SD generated. |

30-2016-0086339-1-PR-TR-CJC RIVES - TRUST 07/13/2016 PROBATE TRUST TRUST PROCEEDINGS

## Participants

Results 1 - 3 of 3

| | | | |
|---|---|---|---|
| LARNITA A PETTIE | PETITIONER | 07/14/2016 | WITHAM MAHONEY & ABBOTT, LLP |
| RALPH SANDERS | OBJECTOR | 01/03/2017 | |
| BEVERLY M CALCOTE | OBJECTOR | 01/04/2017 | |

## Hearings

Results 1 - 1 of 1

| | | | |
|---|---|---|---|
| (P) TRUST PETITION | 03/21/2019 | 09:00 | C06 |

## Register of Actions

Results 1 - 71 of 71

Need a document printed? 🖨

| | |
|---|---|
| 12/06/2018 | (P) TRUST PETITION SCHEDULED FOR 03/21/2019 AT 09:00:00 AM IN C06 AT CENTRAL JUSTICE CENTER. |
| 12/12/2018 | MINUTES FINALIZED FOR (P) TRUST PETITION 12/06/2018 09:00:00 AM. |
| 12/06/2018 | (P) TRUST PETITION CONTINUED TO 03/21/2019 AT 09:00 AM IN THIS DEPARTMENT. |
| 06/08/2018 | MINUTES FINALIZED FOR NUNC PRO TUNC MINUTES 06/08/2018 08:44:00 AM. |
| 06/08/2018 | MINUTE ORDER DATED 5/17/2018 CORRECTED NUNC PRO TUNC. |
| 05/17/2018 | (P) TRUST PETITION SCHEDULED FOR 12/06/2018 AT 09:00:00 AM IN C06 AT CENTRAL JUSTICE CENTER. |
| 05/17/2018 | (P) TRUST PETITION CONTINUED TO 12/06/2018 AT 09:00 AM IN THIS DEPARTMENT. |
| 05/30/2018 | MINUTES FINALIZED FOR (P) TRUST PETITION 05/17/2018 09:00:00 AM. |
| 05/10/2018 | E-FILING TRANSACTION 3668961 RECEIVED ON 05/09/2018 07:31:16 PM. |
| 05/09/2018 | STATUS REPORT FILED BY PETTIE, LARNITA ANN ON 05/09/2018 |
| PETTIE, LARNITA ANN ON 05/09/2018 | |
| 05/09/2018 | PROOF OF SERVICE FILED BY PETTIE, LARNITA ANN ON 05/09/2018 |
| PETTIE, LARNITA ANN ON 05/09/2018 | |
| 04/19/2018 | E-FILING TRANSACTION 2661558 RECEIVED ON 04/17/2018 02:06:43 PM. |
| 04/17/2018 | NOTICE OF CONTINUANCE FILED BY PETTIE, LARNITA ANN ON 04/17/2018 |
| PETTIE, LARNITA ANN ON 04/17/2018 | |
| 04/17/2018 | PROOF OF SERVICE FILED BY PETTIE, LARNITA ANN ON 04/17/2018 |
| PETTIE, LARNITA ANN ON 04/17/2018 | |
| 01/18/2018 | E-FILING TRANSACTION 2631434 RECEIVED ON 01/18/2018 12:26:21 PM. |
| 01/18/2018 | NOTICE - OTHER FILED BY PETTIE, LARNITA ANN ON 01/18/2018 |
| PETTIE, LARNITA ANN ON 01/18/2018 | |
| 01/04/2018 | (P) TRUST PETITION SCHEDULED FOR 05/17/2018 AT 09:00:00 AM IN C06 AT CENTRAL JUSTICE CENTER. |
| 01/08/2018 | MINUTES FINALIZED FOR (P) TRUST PETITION 01/04/2018 09:00:00 AM. |
| 01/10/2018 | (P) TRUST PETITION CONTINUED TO 05/17/2018 AT 09:00 AM IN THIS DEPARTMENT. |
| 11/02/2017 | (P) TRUST PETITION CONTINUED TO 01/04/2018 AT 09:00 AM IN THIS DEPARTMENT. |
| 11/03/2017 | MINUTES FINALIZED FOR (P) TRUST PETITION 11/02/2017 09:00:00 AM. |
| 11/02/2017 | (P) TRUST PETITION SCHEDULED FOR 01/04/2018 AT 09:00:00 AM IN C06 AT CENTRAL JUSTICE CENTER. |
| 10/30/2017 | STATEMENT - OTHER (REMOVAL) OF CO-TRUSTEES OF BOBBYE RIVES ESTATE) FILED BY SANDERS, RALPH ON |
| SANDERS, RALPH ON 10/30/2017 | |
| 09/21/2017 | NOTICE - OTHER (RESIGNATION AS TRUSTEE) FILED BY CALCOTE, BEVERLY M. ON 09/21/2017 |
| CALCOTE, BEVERLY M. ON 09/21/2017 | |
| 05/04/2017 | E-FILING TRANSACTION 2552379 RECEIVED ON 05/04/2017 02:46:12 PM. |
| 05/04/2017 | NOTICE OF HEARING FILED BY PETTIE, LARNITA ANN ON 05/04/2017 |
| PETTIE, LARNITA ANN ON 05/04/2017 | |

| Date | Description | Party |
|---|---|---|
| 08/18/2016 | NOTICE OF HEARING WITH PROOF OF MAILING FILED BY PETTE, LARNITA ANN ON 08/18/2016 | PETTE, LARNITA ANN ON 08/18/2016 |
| 08/18/2016 | NOTICE OF HEARING WITH PROOF OF MAILING FILED BY PETTE, LARNITA ANN ON 08/18/2016 | PETTE, LARNITA ANN ON 08/18/2016 |
| 08/18/2016 | E-FILING TRANSACTION 1338632 RECEIVED ON 08/18/2016 03:27 PM. | |
| 08/18/2016 | E-FILING TRANSACTION 344787 RECEIVED ON 08/18/2016 03:26 PM. | |
| 08/18/2016 | E-FILING TRANSACTION 2486893 RECEIVED ON 08/18/2016 03:10:53 PM. | |
| 11/17/2016 | (P) TRUST PETITION CONTINUED TO 01/12/2017 AT 09:00 AM IN THIS DEPARTMENT. | |
| 11/17/2016 | TRUST PETITION SCHEDULED FOR 01/12/2017 AT 09:00:00 AM IN C06 AT CENTRAL JUSTICE CENTER. | |
| 11/17/2016 | MINUTES FINALIZED FOR (P) TRUST PETITION 11/17/2016 09:00:00 AM: | |
| 11/28/2016 | PROOF OF SERVICE - MAILING FILED BY PETTE, LARNITA ANN ON 11/28/2016 | PETTE, LARNITA ANN ON 11/28/2016 |
| 11/28/2016 | NOTICE OF CONTINUANCE FILED BY PETTE, LARNITA ANN ON 11/28/2016 | PETTE, LARNITA ANN ON 11/28/2016 |
| 11/28/2016 | E-FILING TRANSACTION 3483795 RECEIVED ON 11/28/2016 03:51:31 PM. | |
| 01/03/2017 | REQUEST TO WAIVE COURT FEES FILED BY CALCOTE, BEVERLY M. ON 01/03/2017 | CALCOTE, BEVERLY M. ON 01/03/2017 |
| 01/03/2017 | OBJECTION - AFTER 8/18/03 FILED BY CALCOTE, BEVERLY M. ON 01/03/2017 | CALCOTE, BEVERLY M. ON 01/03/2017 |
| 01/03/2017 | OBJECTION - AFTER 8/18/03 FILED BY SANDERS, RALPH ON 01/03/2017 | SANDERS, RALPH ON 01/03/2017 |
| 01/03/2017 | REQUEST TO WAIVE COURT FEES FILED BY SANDERS, RALPH ON 01/03/2017 | SANDERS, RALPH ON 01/03/2017 |
| 01/05/2017 | ORDER ON COURT FEE WAIVER (SUPERIOR COURT) FILED BY SANDERS, RALPH ON 01/05/2017 | SANDERS, RALPH ON 01/05/2017 |
| 01/05/2017 | SANDERS, RALPH REQUEST TO WAIVE COURT FEES GRANTED IN WHOLE ON 01/05/2017. | |
| 01/05/2017 | ORDER ON COURT FEE WAIVER (SUPERIOR COURT) FILED BY CALCOTE, BEVERLY M. ON 01/05/2017 | CALCOTE, BEVERLY M. ON 01/05/2017 |
| 01/05/2017 | CALCOTE, BEVERLY M. REQUEST TO WAIVE COURT FEES GRANTED IN WHOLE ON 01/05/2017. | |
| 01/11/2017 | MINUTES FINALIZED FOR (P) TRUST PETITION 01/12/2017 09:00:00 AM: | |
| 01/12/2017 | (P) TRUST PETITION CONTINUED TO 02/23/2017 AT 09:00 AM IN THIS DEPARTMENT. | |
| 01/12/2017 | TRUST PETITION SCHEDULED FOR 02/23/2017 AT 09:00:00 AM IN C06 AT CENTRAL JUSTICE CENTER. | |
| 01/12/2017 | OBJECTION FILED BY CALCOTE, BEVERLY M. ON 01/12/2017 | CALCOTE, BEVERLY M. ON 01/12/2017 |
| 01/13/2017 | RESPONSE FILED BY SANDERS, RALPH ON 01/13/2017 | SANDERS, RALPH ON 01/13/2017 |
| 02/24/2017 | MINUTES FINALIZED FOR (P) TRUST PETITION 02/23/2017 09:00:00 AM: | |
| 02/23/2017 | (P) TRUST PETITION CONTINUED TO 05/04/2017 AT 09:00:00 AM IN THIS DEPARTMENT. | |
| 02/23/2017 | TRUST PETITION SCHEDULED FOR 05/04/2017 AT 09:00:00 AM IN C06 AT CENTRAL JUSTICE CENTER. | |
| 03/27/2017 | STATEMENT - OTHER (NOTICE OF STAY OF PROCEEDINGS) FILED BY SANDERS, RALPH ON 03/27/2017 | SANDERS, RALPH ON 03/27/2017 |
| 03/28/2017 | NOTICE - OTHER (NOTICE OF STAY OF PROCEEDINGS) FILED BY SANDERS, RALPH ON 03/28/2017 | SANDERS, RALPH ON 03/28/2017 |
| 04/12/2017 | NOTICE - OTHER (NOTICE OF STAY OF PROCEEDINGS) FILED BY CALCOTE, BEVERLY M. ON 04/12/2017 | CALCOTE, BEVERLY M. ON 04/12/2017 |
| 04/12/2017 | NOTICE - OTHER (NOTICE OF STAY OF PROCEEDINGS) FILED BY CALCOTE, BEVERLY M. ON 04/12/2017 | CALCOTE, BEVERLY M. ON 04/12/2017 |
| 05/01/2017 | NOTICE OF HEARING WITH PROOF OF MAILING FILED BY PETTE, LARNITA ANN ON 05/01/2017 | PETTE, LARNITA ANN ON 05/01/2017 |
| 05/01/2017 | E-FILING TRANSACTION 2551027 RECEIVED ON 05/01/2017 09:58:37 AM. | |
| 05/04/2017 | TRUST PETITION SCHEDULED FOR 11/02/2017 AT 09:00:00 AM IN C06 AT CENTRAL JUSTICE CENTER. | |
| 05/04/2017 | MINUTES FINALIZED FOR (P) TRUST PETITION 05/04/2017 09:00:00 AM: | |
| 05/04/2017 | (P) TRUST PETITION CONTINUED TO 11/02/2017 AT 09:00 AM IN THIS DEPARTMENT PURSUANT TO PARTY'S MOTION. | |
| 05/04/2017 | PROOF OF SERVICE FILED BY PETTE, LARNITA ANN ON 05/04/2017 | PETTE, LARNITA ANN ON 05/04/2017 |

| | | |
|---|---|---|
| NOTICE OF HEARING WITH PROOF OF MAILING FILED BY PETTE, LARNITA ANN ON 08/18/2016 | 08/18/2016 | PETTE, LARNITA ANN ON 08/18/2016 |
| E-FILING TRANSACTION 3438103 RECEIVED ON 07/22/2016 11:57:46 AM. | 07/22/2016 | |
| NOTICE OF HEARING WITH PROOF OF MAILING FILED BY PETTE, LARNITA ANN ON 07/22/2016 | 07/22/2016 | PETTE, LARNITA ANN ON 07/22/2016 |
| (P) TRUST PETITION SCHEDULED FOR 11/17/2016 AT 09:00:00 AM IN C06 AT CENTRAL JUSTICE CENTER. | 07/14/2016 | |
| PAYMENT RECEIVED BY ONELEGAL FOR 199 - INTERNAL AFFAIRS IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 11998551 AND RECEIPT NUMBER 11822634. | 07/14/2016 | |
| E-FILING TRANSACTION 2477688 RECEIVED ON 07/13/2016 04:59:52 PM. | 07/14/2016 | |
| NOTICE OF LODGING FILED BY PETTE, LARNITA ANN ON 07/13/2016 | 07/13/2016 | PETTE, LARNITA ANN ON 07/13/2016 |
| TRUST PETITION FILED BY PETTE, LARNITA ANN ON 07/13/2016 | 07/13/2016 | PETTE, LARNITA ANN ON 07/13/2016 |

# EXHIBIT 2



**U.S. Department of Justice**

*United States Trustee, Region 16*
*Central District of California*

2017 JAN 23   12: 08

*Regional Website:  www.justice.gov/ust/r16*

## Section 341(a) Meeting of Creditors
## Audio Recording Request

---

*Please read this form carefully and answer fully all sections.  Failure to provide accurate and complete information will cause a delay in responding to your request.*

*There is no charge for copies of recordings.  However, you must provide (a) a blank factory sealed CD-R disc and (2) either a preaddressed, prepaid envelope in which to ship the CDs OR indicate that you will have the CDs picked up when they are ready.*

*Processing will take approximately 3 to 7 working days.  ORDERS NOT PICKED UP WITHIN 30 DAYS WILL BE DESTROYED.*

---

TO:   Office of the United State Trustee, Region 16 (mail or deliver to the office where the subject
      bankruptcy was filed.)

☐  Los Angeles District Office, 915 Wilshire Blvd, Suite 1850, Los Angeles, CA 90017-3650
☑  Santa Ana District Office, 411 W. Fourth Street, Suite 7160, Santa Ana, CA 92701-8000
☐  Riverside District Office, 3801 University Ave., Suite 720, Riverside, CA 92501-3200
☐  Woodland Hills District Office (includes meetings held in Woodland Hills and Santa Barbara)
    915 Wilshire Blvd, Suite 1850, Los Angeles, CA 90017-3650

ASAP

## INFORMATION REGARDING YOU:
Name:  LARNITA PETTE
Street Address, City and State  2588 El Camino Real, STE F-195
Telephone number:   Home   N/A   Work   N/A   Cell  707-853-2049
Email Address:   larnita.pette@gmail.com

## INFORMATION REGARDING THE BANKRUPTCY CASE:  (*Complete a separate request for each individual case; however, you can request multiple meeting dates for each case on one request.*)

Case Name:  RALPH E. SANDERS
Case Number:  8:17-bk-10265-MW  Chapter:  7  Trustee:  Weneta Kosmala
Meeting Date(s):  3/9/17 & 3/23/17

☑  I have provided  10  blank, *factory sealed* CD-R discs.  I understand that any unused CD-R discs
   will be returned.
☐  I have provided a prepaid, preaddressed envelope to return the CD-R discs.
☐  Please call me when the order is ready and I will arrange to have the CD-R discs picked-up.

*Revised 03/10/2017*



I certify that the foregoing documents were transcribed by Verbal Ink based on the audio files submitted by Larnita Pette which were provided on April 16th, 2018. The provided files were:

| Run-Time | Billable Minutes | File Title |
|---|---|---|
| 0:40:34 | 41 | (Sanders BK 341 Hearing 3.23.17) L97408043 |
| 0:08:27 | 3 | L97408028 |

* These transcripts were completed to the best of our ability.

*No words from the speaker in the recording have been changed or paraphrased.

* All employees of Verbal Ink are bound by a non-disclosure agreement.

* The "L97408028" audio file was only transcribed from 0:06:34 – to the end of the file.

_____

Alec Wetherington

Account Executive

Verbal Ink

04/20/18

Date

11835 W. Olympic Blvd., Suite 1020E Los Angeles, CA 90064 877-267-0990 www.verbalink.com

*Weneeta Kosmala:*   Is the Social Security number on your notice of commencement accurate?

*Ralph Sanders:*   Yes.

*Weneeta Kosmala:*   I have your driver's license, Social Security card, everything agrees. Have you read the bankruptcy information sheet provided by the United States Trustee?

*Ralph Sanders:*   Yes.

*Weneeta Kosmala:*   Did you sign the petition schedule of statements that it documents you filed with the court?

*Ralph Sanders:*   Yes.

*Weneeta Kosmala:*   Did you read them before you signed them?

*Ralph Sanders:*   Yes.

*Weneeta Kosmala:*   Is the signature your own?

*Ralph Sanders:*   Yes.

*Weneeta Kosmala:*   Are you personally familiar with the information in the documents?

*Ralph Sanders:*   Yes.

*Weneeta Kosmala:*   Best of your knowledge, are the documents correct?

*Ralph Sanders:*   Yes.

*Weneeta Kosmala:*   Any errors or omissions?

*Ralph Sanders:*   No.

*Weneeta Kosmala:*   Have you scheduled all of your assets?

*Ralph Sanders:*   Yes.

*Weneeta Kosmala:*   All of your creditors?

*Ralph Sanders:*   Yes.

| | |
|---|---|
| *Weneeta Kosmala:* | Have you previously filed for bankruptcy? |
| *Ralph Sanders:* | No. |
| *Weneeta Kosmala:* | What is the name of your current employer? |
| *Ralph Sanders:* | RB Housing. |
| *Weneeta Kosmala:* | Are you working for RB Housing or are you only on Social Security? |
| *Ralph Sanders:* | Uh, Social Security. I'm just a house manager. I don't get a salary. |
| *Weneeta Kosmala:* | But they pay for your rent? |
| *Ralph Sanders:* | Yes. |
| *Weneeta Kosmala:* | Okay. All right. And, sir, do you have a domestic support obligation? |
| *Ralph Sanders:* | No. |
| *Weneeta Kosmala:* | You paid Grady Vickers $200 for this bankruptcy? |
| *Ralph Sanders:* | Yes. |
| *Weneeta Kosmala:* | Okay. And you paid the filing fee? |
| *Ralph Sanders:* | Yes. |
| *Weneeta Kosmala:* | All right, sir. So, again, continued to March the 23rd. Um, sir, would you write down a telephone number where we can reach you, please, on this yellow sheet of paper? Thank you very much. |
| *Ralph Sanders:* | Any spot? |
| *Weneeta Kosmala:* | Any spot you would like, sir. Thank you, sir. |
| *Ralph Sanders:* | Mm-hmm. |
| *[End of Audio]* | |

*Weneeta Kosmala:*     Ralph Sanders?

*Ralph Sanders:*     Yes.

*Weneeta Kosmala:*     Okay. Sir, if you'd like to come forward please. Sir, would you raise your right hand please?

*Ralph Sanders:*     Yes.

*Weneeta Kosmala:*     Do you solemnly swear to tell the truth, the whole truth, and nothing but the truth?

*Ralph Sanders:*     Yes.

*Weneeta Kosmala:*     Thank you. Your name, sir?

*Ralph Sanders:*     Ralph Sanders.

*Weneeta Kosmala:*     And speak loudly, if you would, please, sir.

*Ralph Sanders:*     Ralph, Ralph Sanders.

*Weneeta Kosmala:*     Perfect. Thank you. May I have –

*Ralph Sanders:*     Yes.

*Weneeta Kosmala:*     – your documents? Thank you. Sir, you were going to provide me with your 2015 tax returns.

*Ralph Sanders:*     Yes.

*Weneeta Kosmala:*     And, sir, I believe you have an extra copy with you. The, the –

*Ralph Sanders:*     Yes.

*Weneeta Kosmala:*     – 2015 tax returns that you provided to me. Um, is this a true and correct copy of your last filed tax returns?

*Ralph Sanders:*     Yes.

*Weneeta Kosmala:*     Okay. And, sir, your 2015 tax returns reflect a total of wages of $20,858.

*Ralph Sanders:*     Yes.

*Weneeta Kosmala:*    What was the source of that? And you want to speak loudly, sir, please.

*Ralph Sanders:*    Uh, that was a job.

*Weneeta Kosmala:*    What kind of a job, sir?

*Ralph Sanders:*    Uh, working for a nonprofit.

*Weneeta Kosmala:*    What nonprofit, sir?

*Ralph Sanders:*    Um, uh, Mer-, that was, uh, Mercy House.

*Weneeta Kosmala:*    I'm sorry?

*Ralph Sanders:*    Mercy House Living Centers.

*Weneeta Kosmala:*    And, sir, have you had any other, um, h-, have you filed any tax return after this 2015 tax return?

*Ralph Sanders:*    Uh, not quite yet this, for this year.

*Weneeta Kosmala:*    And what was your gross income for 2016, sir?

*Ralph Sanders:*    2016.

*Weneeta Kosmala:*    Yes.

*Ralph Sanders:*    It was not much at all.

*Weneeta Kosmala:*    Okay. Less than the 20,858?

*Ralph Sanders:*    Yeah. Yes. Yes. Yes.

*Weneeta Kosmala:*    Okay. And, sir, do I have your authorization to provide a copy of the, your 2015 tax return that you gave to me to the office of the United States Trustee?

*Ralph Sanders:*    Yes.

*Weneeta Kosmala:*    Okay, so I'm doing just that. Um, sir, your driver's license matches the one that you gave me before and your Social Security number, your Social Security ma-, card matches as well.

*Ralph Sanders:*    Uh.

*Weneeta Kosmala:*    So I'm returning those cards back to you. Thank you. Sir, you also provided me with, um, bank statements for Chase.

*Ralph Sanders:*    Yes.

*Weneeta Kosmala:*    Um, for the time period of October 2016 through February 24th, 2017. Sir, um, this bank account is kind of negative and pretty much stays –

*Ralph Sanders:*    For a while, for a while it was.

*Weneeta Kosmala:*    – negative.

*Ralph Sanders:*    Yeah.

*Weneeta Kosmala:*    So, so do you have any other bank account?

*Ralph Sanders:*    No.

*Weneeta Kosmala:*    No other bank account?

*Ralph Sanders:*    No.

*Weneeta Kosmala:*    Okay. And you have no other source of income, sir?

*Ralph Sanders:*    Uh, just, uh, Social Security started.

*Weneeta Kosmala:*    When did Social Security start?

*Ralph Sanders:*    On the 15th of this month, so I got the first check.

*Weneeta Kosmala:*    And prior to that?

*Ralph Sanders:*    No.

*Weneeta Kosmala:*    15th of this month was M-, March 15th?

*Ralph Sanders:*    Yes.

*Weneeta Kosmala:*    Okay. So, sir, the, the Chase bank statements that you provided to me, these are bank statements for all of your accounts?

*Ralph Sanders:*    Yes.

*Weneeta Kosmala:*    Okay. Sir, prior to October 25th, 27th, 2016, did you have another bank account?

*Ralph Sanders:*        No.

*Weneeta Kosmala:*        Okay. Have you always banked with Chase?

*Ralph Sanders:*        Uh, well, uh, in the past Bank of America.

*Weneeta Kosmala:*        Okay. When were you with Bank of America?

*Ralph Sanders:*        Uh, it's been about three years.

*Weneeta Kosmala:*        So during the course of the last three years your only bank account was this Chase bank account for which you gave me the bank statements starting October 27th, 2016?

*Ralph Sanders:*        Yes.

*Weneeta Kosmala:*        Your only account.

*Ralph Sanders:*        Yes.

*Weneeta Kosmala:*        All right. And, sir, what is your relationship to Bobby Rives?

*Ralph Sanders:*        Oh, it's my aunt.

*Weneeta Kosmala:*        That was your aunt?

*Ralph Sanders:*        Yes.

*Weneeta Kosmala:*        Okay. And did you inherit anything from your aunt?

*Ralph Sanders:*        Yes.

*Weneeta Kosmala:*        What did you inherit from your aunt?

*Ralph Sanders:*        *[Coughs]* Uh, we, I got one fifth of the sale of the house.

*Weneeta Kosmala:*        One fifth of the sale of what house, sir?

*Ralph Sanders:*        Uh, her residence.

*Weneeta Kosmala:*        And what was the address of that house, sir?

*Ralph Sanders:*        363 Cerro, C-E-R-R-O, Street, in Encinitas.

*Weneeta Kosmala:*        And when was that property, uh, sold, sir?

*Ralph Sanders:*       Uh, that was about December of 2015.

*Weneeta Kosmala:*   And how much did you receive, sir?

*Ralph Sanders:*       I think it was about 90,000.

*Weneeta Kosmala:*   Where did you put that, sir?

*Ralph Sanders:*       Uh, mostly for lawyers because, um, the plaintiff's mother, uh, filed two lawsuits against me and another cousin.

*Weneeta Kosmala:*   But so you, you actually received 90,000.

*Ralph Sanders:*       Yes.

*Weneeta Kosmala:*   Okay.

*Ralph Sanders:*       So most of it went to lawyer fees.

*Weneeta Kosmala:*   Right. But when –

*Ralph Sanders:*       A- –

*Weneeta Kosmala:*   – you got that $90,000, sir, did you put that into your Bank of America –

*Ralph Sanders:*       Oh, no.

*Weneeta Kosmala:*   – account or into the Chase account?

*Ralph Sanders:*       No, I just, uh, started paying lawyers and I sa-, uh, saved some for other debts. I paid off a lot of debts and –

*Weneeta Kosmala:*   Well, but, sir, you didn't get a suitcase of cash, right?

*Ralph Sanders:*       No.

*Weneeta Kosmala:*   How, how did you get that $90,000?

*Ralph Sanders:*       Oh, uh, uh, uh, small disbursements.

*Weneeta Kosmala:*   Okay.

*Ralph Sanders:*       So I, I –

*Weneeta Kosmala:*    In what form, sir? Were they checks? Were they cash?

*Ralph Sanders:*    Check.

*Weneeta Kosmala:*    Checks. Okay.

*Ralph Sanders:*    Yeah.

*Weneeta Kosmala:*    So those checks, did you deposit those checks anywhere, sir?

*Ralph Sanders:*    No, I just cashed them at Wells Fargo.

*Weneeta Kosmala:*    So you cashed all the checks.

*Ralph Sanders:*    Yeah.

*Weneeta Kosmala:*    Okay. And do you have copies of them?

*Ralph Sanders:*    No. But, uh, I can get copies, yes, from the, uh –

*Weneeta Kosmala:*    Okay. So you can get copies –

*Ralph Sanders:*    Yeah.

*Weneeta Kosmala:*    – of the, all of the checks for that $90,000, sir?

*Ralph Sanders:*    Yes.

*Weneeta Kosmala:*    And how many attorneys did you have, sir?

*Ralph Sanders:*    Two.

*Weneeta Kosmala:*    And what was it, what were their names?

*Ralph Sanders:*    Patrick Hosey, H-O-S-E-Y.

*Weneeta Kosmala:*    Uh-huh.

*Ralph Sanders:*    And Luis, L-U-I-S, Ventura.

*Weneeta Kosmala:*    Why did you have two attorneys, sir?

*Ralph Sanders:*    Uh, because I had two, uh, lawsuits filed against me.

*Weneeta Kosmala:*    C- –

| | |
|---|---|
| *Ralph Sanders:* | And one, uh, one of the lawyers, uh, h-, you know, took on a different part of the case. Yeah. |
| *Weneeta Kosmala:* | Okay. |
| *Ralph Sanders:* | And the first lawyer recommended. |
| *Weneeta Kosmala:* | Okay. So, sir, what was your relationship to the trust? |
| *Ralph Sanders:* | Uh, the trustor – |
| *Weneeta Kosmala:* | Mm-hmm. |
| *Ralph Sanders:* | – picked m-, myself and another cousin to be the trustees. |
| *Weneeta Kosmala:* | Okay. So you were one of the co-trustees of the trust? |
| *Ralph Sanders:* | Yes. |
| *Weneeta Kosmala:* | And a beneficiary. |
| *Ralph Sanders:* | Yes. |
| *Weneeta Kosmala:* | As a co-trustee of the trust, were you in charge of any of the monies in the trust? |
| *Ralph Sanders:* | No, I wasn't, uh, I didn't do the accounting. The other, um, trustee wrote the checks and did the accounting. |
| *Weneeta Kosmala:* | Did you have any signature authority over the trust bank account? |
| *Ralph Sanders:* | I don't think, no. |
| *Weneeta Kosmala:* | So what was your involvement? What, what did you contribute? |
| *Ralph Sanders:* | Uh, basically helping to clean out the house, um, organizing papers, going through papers with the other trustees, getting stuff for the, um, estate attorney, uh, getting all, uh, getting all the information that she, my aunt had about t-, 30 or 40 years of boxes of, you know, her bank statements and everything, so we had to go through all that. And, uh, and then supporting, uh, the other trustee. |
| *Weneeta Kosmala:* | Did your aunt own any other property or was the property at 363 Cerro, Encinitas the only asset she had? |

*Ralph Sanders:*    I think she owned another property in Atlanta and the other trustor is trying, trustee is trying to resolve that, uh, with the, uh, with three of her husband's sisters. She's trying to dissolve that with them to close the, uh, trust.

*Weneeta Kosmala:*    So was that property in Atlanta part of the trust as well?

*Ralph Sanders:*    Yes.

*Weneeta Kosmala:*    And it still, it still is part of the trust?

*Ralph Sanders:*    Y-, yeah, uh-huh.

*Weneeta Kosmala:*    Okay. Do you have a copy of that trust?

*Ralph Sanders:*    Oh, no.

*Weneeta Kosmala:*    Okay. Who would have a copy of the trust?

*Ralph Sanders:*    Uh, oh, I do at home but –

*Weneeta Kosmala:*    Okay. All right.

*Ralph Sanders:*    – but not with me, yes.

*Weneeta Kosmala:*    Okay. All right. And there's one trust?

*Ralph Sanders:*    Yes.

*Weneeta Kosmala:*    Okay.

*Ralph Sanders:*    I believe so, yes.

*Weneeta Kosmala:*    And, sir you indicated that there was litigation.

*Ralph Sanders:*    Yes.

*Weneeta Kosmala:*    Could you give me the gist of what the problem was? Was the problem that w-, as far as your actions as a trustee, or was the problem as far as your actions or the, the fact that you were a beneficiary?

*Ralph Sanders:*    Uh, well, that's probably part of it that somebody wasn't happy that I was beneficiary. But, um, uh, can you ask me the question again? I'm sorry.

| | |
|---|---|
| *Weneeta Kosmala:* | What was the litigation about? |
| *Ralph Sanders:* | Oh, okay. Um, my aunt died of a heart attack due to cardiac arrest, uh, but her daughter has charged me and another cousin with wrongful death and elder abuse. And also, uh, tried to remove us as trustees. Those are both still going on. |
| *Weneeta Kosmala:* | Now, you indicated originally that it was you and another trustee and that the other trustee, and that the other trustee did the accounting and all the checks. What was the name of that other trustee? |
| *Ralph Sanders:* | Beverly – |
| *Weneeta Kosmala:* | Uh-huh. |
| *Ralph Sanders:* | – Calcote, C-A-L-C-O-T-E. |
| *Weneeta Kosmala:* | C-A-L-C-O-T-E? |
| *Ralph Sanders:* | Mm-hmm. |
| *Weneeta Kosmala:* | Okay. And are you still the trustee of the trust? |
| *Ralph Sanders:* | Yes, as of this moment, but they're trying to fight that to remove us. |
| *Weneeta Kosmala:* | And Beverly Calcote, same. |
| *Ralph Sanders:* | Yes. |
| *Weneeta Kosmala:* | Okay. Now the, the property as I understand it, 363 Cerro in Encinitas, was sold in December of 2015. |
| *Ralph Sanders:* | Mm-hmm. |
| *Weneeta Kosmala:* | Right? |
| *Ralph Sanders:* | Yes. |
| *Weneeta Kosmala:* | Okay. And is it fair to say that the, the money from the sale of that property was distributed to the beneficiaries of the trust? |
| *Ralph Sanders:* | Yes. |
| *Weneeta Kosmala:* | So when did the trust bank account to down to zero? |

*Ralph Sanders:*    Uh, there's, I believe there's still 31,000 there.

*Weneeta Kosmala:*    And do you know why it's there?

*Ralph Sanders:*    Uh, we've been held up from, um, continuing with the trust.

*Weneeta Kosmala:*    Does Beverly Calcote have her own counsel?

*Ralph Sanders:*    Yes. Uh, at this time I don't believe so.

*Weneeta Kosmala:*    But –

*Ralph Sanders:*    I don't think she has any counsel at this time, but we did have the same attorney, yes.

*Weneeta Kosmala:*    Okay. And who was that?

*Ralph Sanders:*    Patrick Hosey.

*Weneeta Kosmala:*    Okay.

*Ralph Sanders:*    And Luis Ventura.

*Weneeta Kosmala:*    And who paid them their attorneys' fees?

*Ralph Sanders:*    We did.

*Weneeta Kosmala:*    You shared the, the cost?

*Ralph Sanders:*    Yes. No, well, she had her own separate cost that she had to pay and I had –

*Weneeta Kosmala:*    Okay.

*Ralph Sanders:*    – my own separate.

*Weneeta Kosmala:*    Is it fair to say that you and – uh, well, let's back, let me back up. What did the elder abuse charges stem from, what allegation?

*Ralph Sanders:*    Uh, it's made up.

*Weneeta Kosmala:*    But w-, was the concern that you were living with your aunt and not taking –

*Ralph Sanders:*    Uh, no.

| | |
|---|---|
| *Weneeta Kosmala:* | – good care of her or – |
| *Ralph Sanders:* | Uh, well, the other party *[clears throat]* was, um, the person that filed this against was taken from the home by Adult Protective Services for the second time. |
| *Weneeta Kosmala:* | Okay. |
| *Ralph Sanders:* | And then, uh, I guess it's her belief that after she was taken from the home from Adult Protective Services that we were, um, responsible for whatever happened to her aunt after she left, to her mom after she left. But the fact of the matter is the mom was in the hospital for three weeks and, uh, her death certificate said she passed from a heart attack due to cardiac arrest. |
| *Weneeta Kosmala:* | And, sir, the property at 363 Cerro in Encinitas, how much was that property sold for? |
| *Ralph Sanders:* | I think 580,000 would be the – |
| *Weneeta Kosmala:* | All right. You say that you have a one fifth interest in the trust. |
| *Ralph Sanders:* | Mm-hmm. |
| *Weneeta Kosmala:* | Is, is that, that's a yes? |
| *Ralph Sanders:* | Yes. |
| *Weneeta Kosmala:* | Okay. |
| *Ralph Sanders:* | I'm sorry. |
| *Weneeta Kosmala:* | Uh, that's okay. Is it fair to say that Beverly Calcote also has a one fifth interest in the, the trust? |
| *Ralph Sanders:* | Uh, no, she was supposed to get other funds. I think what was left from her, from her savings and things like that. |
| *Weneeta Kosmala:* | So who else has an interest in the trust? |
| *Ralph Sanders:* | Larnita Pette, her daughter, and three sisters of her, uh, husband. You need their names? Uh – |
| *Weneeta Kosmala:* | Yes, please. |

| | |
|---|---|
| *Ralph Sanders:* | – that's, um, *[coughs]* _____, uh, there's a Hays, last name Hays. |
| *Weneeta Kosmala:* | Mm-hmm. |
| *Ralph Sanders:* | Uh, Anne Reeves. |
| *Weneeta Kosmala:* | Mm-hmm. |
| *Ralph Sanders:* | And, uh, what's the last one's name? I can't think of the name of the last sister. |
| *Weneeta Kosmala:* | Oh. Does Patrick Hosey still represent you? |
| *Ralph Sanders:* | No. |
| *Weneeta Kosmala:* | When did he stop representing you? |
| *Ralph Sanders:* | Uh, he became ill, um, I would have to say probably about maybe March or so of last year. I, I'm just estimating. |
| *Weneeta Kosmala:* | Okay. And since March of 2016 have you paid him any monies? |
| *Ralph Sanders:* | Uh, probably once more. I think the last payment I made him was 8,000 something. Yep. |
| *Weneeta Kosmala:* | And I assume he gave you a bill? |
| *Ralph Sanders:* | Yes. |
| *Weneeta Kosmala:* | Okay. And you have the paperwork that shows your payments to him? |
| *Ralph Sanders:* | Yes. |
| *Weneeta Kosmala:* | So you have the paperwork that shows the monies that you received from the trust and you have the paperwork and the bills for the monies that you paid to your counsel. |
| *Ralph Sanders:* | Yes. |
| *Weneeta Kosmala:* | Okay. And how about Luis Ventura? Does Luis Ventura still represent you? |
| *Ralph Sanders:* | Uh, no. Advisor. |
| *Weneeta Kosmala:* | Uh – |

| | |
|---|---|
| *Ralph Sanders:* | But not represent. |
| *Weneeta Kosmala:* | And when is the last time that Luis Ventura provided any services to you? |
| *Ralph Sanders:* | Uh, I would have to say he filed a SLAPP motion about, I'd say about March, roughly. |
| *Weneeta Kosmala:* | 2016? |
| *Ralph Sanders:* | Yes. |
| *Weneeta Kosmala:* | So that's kind of similar to what you said about Patrick Hosey, right? |
| *Ralph Sanders:* | Yes, mm-hmm. |
| *Weneeta Kosmala:* | Yes? |
| *Ralph Sanders:* | Patrick was probably a little bit earlier. He was a little bit earlier than – |
| *Weneeta Kosmala:* | Okay. |
| *Ralph Sanders:* | – these but – |
| *Weneeta Kosmala:* | What is the status of the litigation? |
| *Ralph Sanders:* | Uh, they're still ongoing. |
| *Weneeta Kosmala:* | Okay. And what is it that they're trying to accomplish, sir? |
| *Ralph Sanders:* | Uh, that's a hard question. The mom died of, um, uh, uh, basically sh-, uh, she wants all the money. Uh, she wants, uh, sh-, I, I guess she probably upset that she wasn't picked as a trustee and, um, she wanted s-, all of her mother's money. Uh, so it's an attempt from her to, um, to do that. |
| *Weneeta Kosmala:* | So are the three sisters also defendants? |
| *Ralph Sanders:* | Uh, no. |
| *Weneeta Kosmala:* | And – |
| *Ralph Sanders:* | Just Beverly and I. |

**Weneeta Kosmala:** Okay. But Beverly didn't –

**Ralph Sanders:** The two, the two trustees are the defendants.

**Weneeta Kosmala:** Okay. But Beverly didn't receive anything from the house, right?

**Ralph Sanders:** No, she rece-, not from the sale of the house but she received, uh, my aunt's other assets like her bank account and things like that.

**Weneeta Kosmala:** And how much did Beverly receive?

**Ralph Sanders:** Um, I'm not p-, I couldn't tell you exactly but I would think about 80,000.

**Weneeta Kosmala:** And how much did the three sisters and Larnita Pette, that was equal? Everybody got 90,000?

**Ralph Sanders:** I think they received 85,000. They're, they're still owed 5,000 each.

**Weneeta Kosmala:** Okay. All right. And there are no other assets of the trust other than the Atlanta property, correct?

**Ralph Sanders:** I don't believe so.

**Weneeta Kosmala:** Okay.

**Ralph Sanders:** Yeah.

**Weneeta Kosmala:** All right. And was there a, a reason expressed as to why you would not be entitled to receive the $90,000?

**Ralph Sanders:** Um, uh, the, uh, daughter just doesn't want us to have it. And so like I said she's trying to say that we're at fault for her mom's death.

**Weneeta Kosmala:** Sir, do you have any portion of that $90,000 left?

**Ralph Sanders:** Oh, no.

**Weneeta Kosmala:** Okay. And am I understanding correctly that all of that $90,000 went to Mr. Hosey and Mr. Ventura?

**Ralph Sanders:** Oh, no. No. I took a vacation and paid off many debts. That's why, um, um, my bills are not much these days, thank goodness,

|                    |                                                                                          |
| ------------------ | ---------------------------------------------------------------------------------------- |
|                    | because I don't have any money, but I, I paid off everything that I could.               |
| *Weneeta Kosmala:* | Okay, and you, when you say you take, took a vacation, where'd you go, sir?               |
| *Ralph Sanders:*   | Uh, I have, uh, grandchildren in Michigan and Minnesota.                                 |
| *Weneeta Kosmala:* | Did you give money to anyone?                                                            |
| *Ralph Sanders:*   | Oh, well, you know, gifts and n-, nothing extravagant.                                   |
| *Weneeta Kosmala:* | Okay.                                                                                    |
| *Ralph Sanders:*   | But we, we went on a few trips and went to a lot of amusement parks and things.          |
| *Weneeta Kosmala:* | All right, sir, but you have written documentation that accounts for that entire $90,000. Correct, sir? |
| *Ralph Sanders:*   | Uh, yes.                                                                                 |
| *Weneeta Kosmala:* | Okay. All right. And when you were doing these trips you were paying everything in cash? |
| *Ralph Sanders:*   | Pretty much. Well, I had a deb-, I would use a debit card –                              |
| *Weneeta Kosmala:* | Was it –                                                                                 |
| *Ralph Sanders:*   | – that I no longer have. *[Laughs]*                                                      |
| *Weneeta Kosmala:* | That debit card, was it through your Chase bank account or through something else?       |
| *Ralph Sanders:*   | No. It was, uh, it was something else. Check cashing.                                    |
| *Weneeta Kosmala:* | And what, what agency was that through?                                                  |
| *Ralph Sanders:*   | Uh, Continental Currency.                                                                |
| *Weneeta Kosmala:* | Did you maintain a balance at Continental Currency?                                      |
| *Ralph Sanders:*   | No.                                                                                      |
| *Weneeta Kosmala:* | When you say it's a debit card –                                                         |

| | |
|---|---|
| *Ralph Sanders:* | I don't, I don't think so. |
| *Weneeta Kosmala:* | – debit cards usually – |
| *Ralph Sanders:* | Oh, well, the, yeah – |
| *Weneeta Kosmala:* | Yeah. |
| *Ralph Sanders:* | – that would have a balance. Yeah. Yeah. |
| *Weneeta Kosmala:* | Okay. When did you close your Continental Currency account? |
| *Ralph Sanders:* | Probably – it's been a long time. Probably about a year at least. |
| *Weneeta Kosmala:* | Okay. Well, so between – |
| *Ralph Sanders:* | I, I would have to check – |
| *Weneeta Kosmala:* | Right. |
| *Ralph Sanders:* | – exactly though. |
| *Weneeta Kosmala:* | Between December of 2015 and March of 2016 you spent $90,000? |
| *Ralph Sanders:* | Yes. |
| *Weneeta Kosmala:* | How much of that, uh, went to the attorneys? |
| *Ralph Sanders:* | About 35 to 40,000. |
| *Weneeta Kosmala:* | Did you receive any more monies from the trust other than the $90,000 from the sale of the house? |
| *Ralph Sanders:* | No. |
| *Weneeta Kosmala:* | Okay. And the other 50 some-odd thousand, that went for your trip and payments of bills? |
| *Ralph Sanders:* | Yes, many bills. I was thinking about filing bankruptcy then. *[Laughs]* |
| *Weneeta Kosmala:* | What made you file for bankruptcy now? |

| | |
|---|---|
| *Ralph Sanders:* | Uh, because, um, uh, of course the 90,000 is gone. I haven't had a job, um, paying job in a year and a half. *[Coughs]* And, um, I still owe the lawyers money, and she still has these lawsuits going. |
| *Weneeta Kosmala:* | Do you have any counterclaims? |
| *Ralph Sanders:* | Uh, we have one written up, yes. |
| *Weneeta Kosmala:* | And what is that? |
| *Ralph Sanders:* | It's, it's for, um, I mean we haven't filed but the – |
| *Weneeta Kosmala:* | Okay. |
| *Ralph Sanders:* | – attorney wrote it up. It's, it's a, a cross complaint, uh, because everything that she's written is not true. |
| *Weneeta Kosmala:* | And what is that cross complaint seeking? |
| *Ralph Sanders:* | Uh, I don't think it's, I don't know what it's really asking because I haven't filed it or anything. It's so busy trying to deal with these other two things, you know. |
| *Weneeta Kosmala:* | Who, who wrote it up? |
| *Ralph Sanders:* | Patrick Hosey. |
| *Weneeta Kosmala:* | So he wrote it up a year ago and you haven't filed it yet? |
| *Ralph Sanders:* | Uh, no, 'cause I don't have the money to file it and we're still, these other two litigations. So the hope is that, uh, he told me to hold onto it. When this is over, then maybe you can file that. |
| *Weneeta Kosmala:* | Okay. So what I would like, sir – |
| *Ralph Sanders:* | Yes. |
| *Weneeta Kosmala:* | – is I'd like a copy of the Bobby J. Rives trust. |
| *Ralph Sanders:* | Okay. |
| *Weneeta Kosmala:* | And an accounting for all monies that you received from it, including copies of all the checks, please. I would like, please, sir – |
| *Ralph Sanders:* | Yes. |

*Weneeta Kosmala:* – all, all statements for Continental Currency and for, um, Chase for the time period of January 1, 2015 through present, please. I would like, sir, a, um, I would like all documents regarding the disposition of all of the money you received, and purpose. Disposition and purpose of all monies received. Now, sir, where do you currently reside?

*Ralph Sanders:* 1251 West Bishop. Yeah.

*Weneeta Kosmala:* Who owns that property?

*Ralph Sanders:* Uh, Quan Chau. Quan, Q-U-A-N –

*Weneeta Kosmala:* Q-U-A-N-. Uh-huh.

*Ralph Sanders:* Chau, C-H-A-U.

*Weneeta Kosmala:* Okay. And what is your relationship with Quan Chau?

*Ralph Sanders:* He's, um, my relationship with him?

*Weneeta Kosmala:* I'm sorry? Yes.

*Ralph Sanders:* I don't really have a relationship with him. He's just the owner of the house.

*Weneeta Kosmala:* Okay. So what is your agreement with him as far as your occupation of the property?

*Ralph Sanders:* Uh, I have agreement with actually RB Housing as the, uh, house manager.

*Weneeta Kosmala:* Who resides in the house that you are managing?

*Ralph Sanders:* *[Coughs]* Uh, he has some senior ci-, citizens living there.

*Weneeta Kosmala:* So who has senior citizens living where?

*Ralph Sanders:* Uh, RB Housing has senior li-, seniors living in the home that I make sure they're okay.

*Weneeta Kosmala:* And, sir, RB Housing is who?

*Ralph Sanders:* It's a nonprofit.

*Weneeta Kosmala:* Is that the same thing as Mercy –