ORIGINAL

FILED

MAR 12 2019

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

**RALPH E. SANDERS**
**1251 W. Bishop**
**Santa Ana, CA 92703**
**Telephone: (714) 262-8378**

Debtor/Defendant, in pro se

# UNITED STATES BANKRUPTY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

IN RE:

RALPH E. SANDERS,

     Debtor,

_____

LARNITA PETTE,

     Plaintiff,

vs.

RALPH SANDERS,

     Defendant.

 

Case No.  8:17-bk-10265-MW

Chapter 7

Adv. No. 8:17-AP-01068-MW

Honorable Mark S. Wallace

**DECLARATION OF DEFENDANT,**
**RALPH SANDERS, REGARDING**
**FAILURE OF PLAINTIFF TO**
**COMPLY WITH LBR 7016-1(C)**

**DATE:  March 20, 2019**
**TIME:  10:00 a.m.**
**DEPT:  6135/6C**

## DECLARATION OF RALPH SANDERS

    I, RALPH SANDERS, submit the following declaration regarding the plaintiff's (Larnita Pette) ("Plaintiff") to comply with LBR 7016-1(c).

– 1 –
**UNILATERAL PRE-TRIAL STIPULATION FOR CLAIMS FOR RELIEF FILED BY**
**DEFENDANT RALPH SANDERS**

I, RALPH SANDERS, do hereby declare and say:

1.      The following facts are true of my own personal knowledge and if called as a witness, I would and could testify competently thereto.

2.      I am the defendant in an adversary proceeding initiated by my cousin, Larnita Pette, in this bankruptcy proceeding.

3.      The court set a date of March 20, 2019, for a hearing on the pre-trial stipulation.

4.      Pursuant to LBR 7016-1(c), plaintiff has the duty to prepare and sign a proposed pre-trial stipulation that is complete in all respects except for other party's list of exhibits and witnesses.

5.      LBR 7016-1(c) also states that the plaintiff must serve the proposed pre-trial stipulation in such manner so that it will actually be received by the office of counsel for all other parties or the parties if not represented by counsel not later than 4:00 p.m. on the 7th day prior to the last day for filing or lodging of the proposed pre-trial stipulation. That would require plaintiff to have provided me with her pre-trial stipulation no later than February 27, 2019.

6.      I did not receive anything from plaintiff on or before February 27, 2019. Although we had been communicating by email over the last 20 - 30 days.

7.      I did receive the proposed pre-trial stipulation from plaintiff by mail on March 4, 2019.

**- 2 -**

**UNILATERAL PRE-TRIAL STIPULATION FOR CLAIMS FOR RELIEF FILED BY
DEFENDANT RALPH SANDERS**

8.    Plaintiff did not seek my input as required and was late in providing the document.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed this _12_ day of March 2019.


**RALPH SANDERS**, Declarant

**UNILATERAL PRE-TRIAL STIPULATION FOR CLAIMS FOR RELIEF FILED BY DEFENDANT RALPH SANDERS**

larnita.pette@gmail.com
(707) 853-2049

,

On Mon, Feb 4, 2019 at 12:31 PM Larnita Pette <larnita.pette@gmail.com> wrote:
Mr. Sanders,

Following the guidelines Judge Wallace outlined at the November 14, 2018 pretrial conference, I'm
contacting you to continue the pretrial preparation and stipulation process.

Have you had the opportunity to to review the statute LBR 7016-1 to get a better understanding of
the pretrial process and pretrial stipulation filing requirements? Judge Wallace suggested using the
services of the Bankruptcy self-help clinic. I want to avoid any confusion about what is expected
from each of us moving forward.

Sincerely,

Larnita Pette
larnita.pette@gmail.com
(707) 853-2049

---

**ralph sanders** <resanders16@yahoo.com>                    Sat, Mar 9, 2019 at 10:20 AM
Reply-To: ralph sanders <resanders16@yahoo.com>
To: Gregory Bosse <greg@lawbosse.com>

[Quoted text hidden]

**ralph sanders** <resanders16@yahoo.com>                    Sun, Mar 10, 2019 at 3:41 PM
Reply-To: ralph sanders <resanders16@yahoo.com>
To: Gregory Bosse <greg@lawbosse.com>

[Quoted text hidden]



**Gregory Bosse <greg@lawbosse.com>**

# Fw: Continued Pre-trial conference preparation (Pretrial Stipulation)

3 messages

**ralph sanders** <resanders16@yahoo.com>                    Mon, Feb 18, 2019 at 11:55 AM
Reply-To: ralph sanders <resanders16@yahoo.com>
To: Gregory Bosse <greg@lawbosse.com>

On Friday, February 15, 2019 10:22 AM, ralph sanders <resanders16@yahoo.com> wrote:

Hello Ms, Pette,
You know more about Beverly than I do.  I have no idea were she lives but I did notice that you have an address and phone
number for her listed on your Pre trial stipulation.
Defendant disputes the Plaintiff's undisclosed facts numbers 22, 23, 39, 40, 41, 42, 47, 48, 49 are not related to the
Defendants Bankruptcy. These are evictions from the Robbie Bobbye Housing Program that the Defendant's manages.  The
Defendant asks that these are deleted from your Undisputed Facts.
Please double check; The Defendant's Witness list was included in the joint status conference that was filed late last year.
Blessings,
Ralph E

On Monday, February 11, 2019 3:58 PM, Larnita Pette <larnita.pette@gmail.com> wrote:

Mr. Sanders,

I have not gotten a response from you to the email that I sent a week ago.Therefore, I assume that
you understand what is expected of each of us in preparation for the upcoming pretrial conference.

I am proceeding with my preparation of the pretrial stipulation. I will use the information and
documents that you provided to me and that you filed with the court prior to the November 14, 2018
pretrial conference. If you have any more documents that you feel are relevant let me know via
email.

- I will need the addresses, telephone numbers, any other contact information, and what the
  expected testimony for your witnesses will be.

- I listed Beverly Murray-Calcote as a witness. I know that she has sold her house in Lancaster,
  CA. I contacted her, via email, in September 2018 asking for her to update her residence and
  work address. She did not respond to my email. Do you have Ms. Murray-Calcote's updated
  contact information?

I will be working on a draft pretrial stipulation this week. It would be helpful if you could provide the
additional information by Friday, February 15th.

Sincerely,

Larnita Pette



**Gregory Bosse <greg@lawbosse.com>**

---

## Fw: stipulation
3 messages

---

**ralph sanders <resanders16@yahoo.com>**                    Sat, Mar 9, 2019 at 10:22 AM
Reply-To: ralph sanders <resanders16@yahoo.com>
To: Gregory Bosse <greg@lawbosse.com>


On Monday, February 18, 2019 1:55 PM, Larnita Pette <larnita.pette@gmail.com> wrote:


Mr. Sanders,

I've attached a sample format for the Pretrial Stipulation and Order that I plan to use as a guideline
for the stipulation that I'm preparing for our case.

If you object to this format, please state your objections so that we can resolve any differences or
misunderstandings immediately.

If you have any questions about the pretrial stipulation process and procedure, please contact the
Bankruptcy Self Help Clinic as Judge Wallace suggested at the last hearing in November, 2018.



Sincerely,

Larnita Pette
larnita.pette@gmail.com
(707) 853-2049


On Sat, Feb 16, 2019 at 10:57 PM ralph sanders <resanders16@yahoo.com> wrote:
  Hello Ms Pette,
  I understand what you are saying on a concise summary for each witness and will improve for you.

  Can you please forward a copy of the pre trial order stipulation requirements you are using?
  Thank You,
  Ralph E


---

📄 **VZ_Model PTS Sample.pdf**
   689K

---

**ralph sanders <resanders16@yahoo.com>**                    Sun, Mar 10, 2019 at 3:46 PM
Reply-To: ralph sanders <resanders16@yahoo.com>

*UPDATED December 2018 …. This is a model Pre-Trial stipulation. Please prepare and file*

*all stipulations in this format. Please note: Any text in italics is for instructional purposes only*

*and should NOT be included in the Pre-Trial Stipulation.*

|Atorney Information – Name, Bar No.

Address, Phone, Fax, Email Address|

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION**

In re DAVE DILL,                                    Bk. No. 2:10-bk-00000-VZ

    Debtor                                           Chapter

----------------------------------------                    Adv. No. 2:10-ap--00000-VZ

JOAN JONES,                                        **PRE-TRIAL STIPULATION FOR**
                                                  **CLAIMS FOR RELIEF**
    Plaintiff(s),

    v.                                            DATE:
                                                  TIME:
DAVID DILL,                                        PLACE:  Courtroom 1368
                                                          Roybal Federal Building
    Defendant(s).                                 255 E. Temple St.
                                                          Los Angeles, CA 90012

**PRE-TRIAL STIPULATION**

_____, plaintiff in this adversary proceeding ("Plaintiff") and _____,

defendant in this adversary proceeding ("Defendant") SUBMIT THE FOLLOWING PRE-

TRIAL STIPULATION through their respective counsels pursuant to Local Bankruptcy Rule

7016-1(b)(2).

-1-

**I. UNDERLYING ISSUES OF FACT COMMON TO ALL CLAIMS FOR RELIEF**

    A.  Defendant filed a petition for relief under Chapter 7 on December 31, 20[xx] (the "petition date").

        Not Contested:  *See I.J below for an example of the format for an issue that is contested.*

    B.  Plaintiff commenced this adversary proceeding by filing a complaint on January 31, 20[xx].

        Not Contested

    C.  Prior to the petition date, on October 1, 20[xx], Plaintiff and Defendant entered into an oral agreement pursuant to which Plaintiff loaned Defendant $10,000 for Defendant to purchase a car.

        Not Contested

    D.  Defendant was to make monthly payments of $500 beginning on November 1, 20[xx] until the loan was repaid.

        Not Contested

    E.  The loan was to bear simple interest of 5%.

        Not Contested

    F.  In connection with the loan, D signed a security agreement which provided that the car purchased by Defendant with the loaned funds was to be collateral for the loan.

        Not Contested

    G.  Prior to making the loan, Plaintiff asked Defendant what his annual income was.

        Not Contested

    H.  Defendant told Plaintiff his annual income was $34,000.

        Not Contested

    I.  Defendant's tax return for 20[xx] reflects Defendant's income for that year was $20,000.

        Not Contested

    J.  Defendant failed to make any payments on the loan.

1             Contested

2          Plaintiff:  After receiving the $10,000 loan, Defendant failed to make any payments on

3 the  loan and to date has not made any payments to reduce the balance of the loan which

4 currently remains $10,000.  The payments made by Defendant to Plaintiff in 11/1/20[xx] and

5 12/1/20[xx] were for Defendant's portion of the rent.

6          Evidence:

7              Testimony of Joan Jones

8              Exhibit 1: Canceled Check dated 10/1/20[xx]

9          Defendant:  A month after receiving the $10,000 loan, Defendant began making monthly

10 payments of $500 for two months and repaid $1,000 to Plaintiff.  Plaintiff then told Defendant to

11 "forget" the amount he owed Plaintiff, that it was a gift.

12          Evidence:

13              Testimony of Dave Dill

14              Exhibit A: Canceled Check dated 11/ 1/20[xx]; Exhibit B: Canceled Check dated

15                 12/1/20[xx]

16        K.  Plaintiff demanded Defendant either make the payments due on the loan or turn over

17 the car.

18              Not Contested

19        L.  Defendant to date has not made any payments on the loan and has not turned over the

20 car to Plaintiff.

21              Not Contested

22        M.  Defendant sold the car to a third party.

23              Not Contested

24        N.  Plaintiff and Defendant have been friends for approximately ten years, and lovers for

25 the past five.

26              Not Contested

27

28

**II. CLAIMS FOR RELIEF**

    A. First Claim: The debt should not be discharged because the debt was for money which was obtained by actual fraud. (523(a)(2)(A))

        1. ELEMENTS OF THE CLAIM

    a. Defendant represented that his annual income was $34,000 (the "representation").

        Not contested

    b. Defendant knew the representation was false when made.

        Contested

        Plaintiff: The Defendant lied about his income to convince Plaintiff to make the loan. Defendant's tax return for 20[xx] reflects that he made only $20,000 that year.

        Evidence:

            Testimony of Joan Jones

            Exhibit 1: Canceled check dated 10/1/20[xx]

        Defendant: Defendant is self employed and he based his statement of annual income on what he made the year prior to 20[xx]. Defendant's business suffered in 20[xx] because Defendant developed a serious illness and there were many days that Defendant could not work which caused him to lose clients.

        Evidence:

            Testimony of Dave Dill

            Testimony of Dr. Joe

            Exhibit C: Tax Return for year prior to 20[xx]

    c. Defendant made the representation with the intent to deceive.

        Contested

        Plaintiff: Defendant knew that his annual income for 20[xx] was not going to be anywhere near $34,000 when he made the representation to Plaintiff.

        Evidence:

            Testimony of Dave Dill

1               Exhibit 2: 20[xx] Cash Flow Statement of Dave Dill Co.

2          Defendant: Defendant believed that his health would be better than it

3 turned out to be in 20[xx] and believed that his income would be approximately

4 $34,000 for that year.

5         Evidence:

6             Testimony of Dave Dill

7    d. Plaintiff justifiably relied on the representation.

8           Not Contested

9    e. Plaintiff was injured.

10           Not Contested

11    f. The Defendant's conduct was the proximate cause of the injury.

12           Not Contested

13    B. Second Claim: The debt should not be discharged because the debt was obtained

14 by fraud or defalcation while the Defendant was acting in a fiduciary capacity. (523(a)(4))

15          1. ELEMENTS OF THE CLAIM

16        a. Defendant owed a fiduciary duty to Plaintiff.

17        Contested

18        Plaintiff: The Defendant and Plaintiff have been friends and lovers for

19 many years. Their relationship is based upon trust. It was reasonable for Plaintiff

20 to believe that the loan would be repaid.

21         Evidence:

22           Testimony of Joan Jones

23          Testimony of Annie Applegate

24      Defendant: Recently, the relationship between Defendant and Plaintiff

25 has been very strained. At the time Plaintiff filed his bankruptcy petition, he was

26 in the process of moving out of Plaintiff's house, and ending their relationship.

27 On numerous occasions prior to the petition date, Plaintiff accused Defendant of

28 seeing other women. Plaintiff would call work to see if Defendant had left for the

1   day and be outraged if Defendant didn't come straight home.  Defendant

2   frequently stated that she "didn't trust Defendant as far as she could throw him."

3   Evidence:

4   Testimony of Dave Dill

5   Testimony of Sally Smith

6   b.  Defendant breached the fiduciary duty.

7   Contested

8   Plaintiff: Plaintiff believed that based upon the loving and trusting

9   relationship between Plaintiff and Defendant, the Defendant would repay the debt.

10   Evidence:

11   Testimony of Joan Jones

12   Testimony of Annie Applegate

13   Defendant: Defendant didn't breach any fiduciary duty as Plaintiff knew

14   that the relationship was ending.  Plaintiff knew that Defendant was moving into

15   his own apartment, and that he was interested in pursuing other relationships.

16   Plaintiff loaned Defendant the money hoping that Defendant would feel obligated

17   to her and thus would not end their relationship.

18   Evidence:

19   Testimony of Dave Dill

20   c.  Plaintiff was injured.

21   Not Contested

22   d.  Defendant's breach was the proximate cause of Plaintiff's injury.

23   Not Contested

24   C.  Third Claim:  The debt should not be discharged because the debt was obtained by

25   willfully and maliciously injuring another.  (523(a)(6))

26   1. ELEMENTS OF THE CLAIM

27   a.  By selling the car that was security for the loan, Defendant converted it.

28   Not Contested

1    b.  Defendant knew or reasonably should have known that his actions would

2    cause injury to Plaintiff.

3        Contested

4            Plaintiff:  The Defendant knows that Plaintiff's salary is very low.

5    He also knows that the $10,000 was over one-half of Plaintiff's life

6    savings.

7            Evidence:

8                Testimony of Joan Jones

9            Defendant: Defendant had absolutely no reason to believe that

10   Plaintiff would be injured if he didn't repay the loan.  He thought she was

11   extremely wealthy.  She was constantly buying expensive clothing,

12   jewelry, and furniture.  Her most recent purchase was a $100,000 Porsche.

13            Evidence:

14                Testimony of Dave Dill

15                Testimony of Sally Smith

16    c.  Defendant's act caused Plaintiff's injury.

17        Not Contested

18    d.  Defendant's action was the proximate cause of Plaintiff's injury.

19        Not Contested

20

21   **III.  REMEDIES**

22        A.  Money Damages

23    1.  By reason of Defendant's actions, Plaintiff has been damaged in the sum of $10,000

24    plus 5% simple interest from and including October 1, 20[xx].

25        Contested

26            Plaintiff: Defendant has paid no portion of the $10,000 loaned to him by

27    Plaintiff on October 1, 20[xx] which was to bear simple interest from that date

28    until the loan was paid in full.

1               Evidence

2                 Testimony of Joan Jones

3                 Exhibit 1: Canceled check dated 10/1/20[xx]

4               Defendant: Defendant made two months of payments and the Plaintiff told

5   Defendant to consider the balance owed a gift and as such Defendant owes

6   nothing to Plaintiff.  Even if Defendant owed any amount to Plaintiff, it would be

7   no more than $9,000 as Defendant paid $1,000 on toward the $10,000 loan.

8               Evidence:

9                 Testimony of Dave Dill

10               Exhibit A: Canceled Check dated 11/ 1/20[xx]; Exhibit B:

11               Canceled Check dated 12/1/20[xx]

12

13  **IV. AFFIRMATIVE DEFENSES**

14      A. FIRST AFFIRMATIVE DEFENSE: Any amount claimed as owing by Plaintiff is

15  subject to set-off.

16         1. Elements of the Affirmative Defense:

17          a.  Plaintiff owes Defendant $6,972.89 by reason of charges made by

18  Plaintiff on Defendant's credit card.

19           Contested

20          Defendant: On September 23, 20[xx], Plaintiff charged $6,972.89 on

21  Defendant's credit card to purchase a plasma television.  Defendant did not

22  authorize Plaintiff to make the charges which Defendant considers an extravagant

23  frivolity.

24              Evidence:

25                Testimony of Dave Dill

26                Exhibit D:  Declaration of Grandmother

27          Plaintiff: Defendant allowed Plaintiff to charge the plasma television on

28  Defendant's credit card in satisfaction of amounts Defendant owed Plaintiff by

1   reason of Defendant owing Plaintiff four months rent and having broken

2   Plaintiff's big screen television which the plasma television was purchased to

3   replace.

4                 Evidence:

5                       Testimony of Joan Jones

6                       Testimony of Annie Applegate

7             b. Defendant has made demand for the payment of the $6,972.89, but

8   Plaintiff has failed and refused and continues to fail and refuse to pay that sum.

9                 Not Contested

10        B. SECOND AFFIRMATIVE DEFENSE: Plaintiff waived the right to collect on the

11  debt.

12            1. Elements of the Affirmative Defense:

13            a. Plaintiff intentionally relinquished the right to be paid by forgiving the balance

14  on the loan as a gift to Defendant.

15                 Contested

16            Defendant: Defendant made two months of payments on 11/1/20[xx] and

17  12/1/20[xx] when Plaintiff told Defendant to consider the balance owed ($9,000)

18  a birthday gift; therefore, Defendant owes nothing to Plaintiff.

19                 Evidence:

20                       Testimony of Dave Dill

21            Plaintiff: Since Defendant was having financial difficulties, Plaintiff

22  agreed that as a gift, Defendant did not have to make any further payments on the

23  loan for as long as Defendant was living with Plaintiff. Defendant has since

24  moved out of the residence that Plaintiff and Defendant had shared, so the balance

25  owing on the loan is due and payable.

26                 Evidence:

27                       Testimony of Joan Jones

28            b. Plaintiff knew she had the right to be paid on the loan.

Not Contested

      c. Plaintiff was aware of the facts and circumstances involving the debt and that Defendant had an obligation to pay the debt.

Not Contested

## V. EXHIBITS TO BE OFFERED BY EACH PARTY AND OBJECTIONS TO EXHIBITS

    A. PLAINTIFF'S EXHIBITS:  Plaintiff's exhibits are attached to this order as Appendix 1.  Defendant stipulates to the admission and authenticity of the exhibits listed in Appendix 1.

    B. DEFENDANT'S EXHIBITS:  Defendant's exhibits are listed in and attached to Appendix 2 of this order. Defendant stipulates to the admission and authenticity of the exhibits listed in Appendix 2 [and contests the admissibility of the exhibits listed in the concurrently filed "Motion to Exclude Evidence."]  *Include the language in brackets ONLY if there are objections to the admission of exhibits.*

    If there is a dispute as to the authenticity or admissibility of either party's exhibits, the objecting party shall file and serve concurrently with this pre-trial stipulation any motion to exclude evidence with a supporting memorandum of points and authorities.  Any response to the motion shall be filed and served two court days prior to the pre-trial conference.  All objections to the admission of exhibits shall be resolved at the pre-trial conference.  The failure to so object to the admission of exhibits listed on Appendices 1 and 2 may be deemed a waiver of any objection.

## VI. WITNESSES TO BE OFFERED BY EACH PARTY

    A. Plaintiff:

    A list of the only witnesses Plaintiff shall call to testify at trial, a summary of their intended testimony, and an estimate of the length of direct and cross-examination is attached to this order as Appendix 3.

    B. Defendant:

A list of the only witnesses Plaintiff shall call to testify at trial, a summary of their intended testimony, and an estimate of the length of direct and cross-examination is attached to this order as Appendix 4.

## VII. REBUTTAL TESTIMONY

Plaintiff, who has the burden of establishing each element of its claim(s) for relief, will be the first to introduce evidence to prove the facts necessary to enable Plaintiff to recover. When Plaintiff rests, Defendant may then present evidence to contravene any of Plaintiff's claims or in support of any affirmative defenses which the Defendant has included in this pre-trial stipulation. After the close of Defendant's case, Plaintiff may present rebuttal testimony only to counter evidence previously submitted by Defendant on issues not raised in Plaintiff's original presentation of its case.

## STIPULATION

The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this stipulation shall supersede the pleadings and govern the course of trial in this adversary proceeding, unless modified to prevent manifest injustice.

IT IS SO STIPULATED.

**Signature of Plaintiff or Attorney for Plaintiff:**

_____          _____
Date                    Type Name                  Signature

IT IS SO STIPULATED.

**Signature of Defendant or Attorney for Defendant:**

_____          _____
Date                    Type Name                  Signature

APPENDIX 1

Plaintiff OFFERS:

      Exhibit #1:  Canceled Check dated 10/1/20[xx]

      Exhibit 2: 20[xx] Cash Flow Statement of Dave Dill Co.

          Defendant stipulates to Plaintiff's Exhibits 1 and 2.

APPENDIX 2

DEFENDANT OFFERS:

      Exhibit A: Canceled Check dated 11/ 1/20[xx]

      Exhibit B: Canceled Check dated 12/1/20[xx]

      Exhibit C: Tax Return for year prior to 20[xx]

      Exhibit D: Grandmother's declaration dated 9/30/20[xx]

          Plaintiff  stipulates to Defendant's Exhibits A-C, but objects to Defendant's

Exhibit D.  *(See Model for motion to exclude evidence.)*

APPENDIX 3

PLAINTIFF'S WITNESS

    1.  Joan Jones - Will testify that:

        A.  The Plaintiff has a sterling reputation for truthfulness in the community.

        B.  The Plaintiff and Defendant have a loving, trusting relationship.

        C.  The Plaintiff is not a wealthy woman.

          Estimated Direct:  30 minutes

          Estimated Cross-examination:  45 minutes

    2.  Annie Applegate - Will testify that:

        A.  She introduced Plaintiff and Defendant.

        B.  The Plaintiff and the Defendant appeared to have a good relationship.

        B.  She saw the Defendant break Plaintiff's television.

          Estimated Direct:  15 minutes

          Estimated Cross-examination:  30 minutes

APPENDIX 4

DEFENDANT'S WITNESSES

    1. Dave Dill - Will testify:

        A. That the Defendant has a good reputation in the community.

        B. The Defendant is not a person who would mislead someone, and if he did, it would not have been intentional.

        C. Plaintiff and Defendant fought on many occasions during the months prior to the end of their relationship.

        D. Plaintiff and Defendant did not have a loving, trusting relationship.

        Estimated Direct:  30 minutes

        Estimated Cross-examination:  45 minutes

    2. Sally Smith - Will testify:

        A. She is a business associate of the Defendant's.

        B. Plaintiff has frequently called Defendant at work.  If the Defendant was not available, the Plaintiff would scream obscenities into the phone, and slam down the receiver.

        C. She helped the Defendant locate an apartment.

        D. She has frequently seen the Plaintiff wear expensive designer clothing and jewelry.

        Estimated Direct:  45 minutes

        Estimated Cross-examination:  1 hour

    3. Dr. Joe: will testify:

        A. In 20[ex]Defendant developed a serious illness which was severe enough to prevent him from being able to work for many days.

        Estimated Direct: 30 minutes

        Estimated Cross-examination:  1 hour

MOTION TO EXCLUDE EVIDENCE *(to be filed as a separate document)*

AND RESPONSE

A.    Plaintiff moves to exclude Defendant's Exhibit D as inadmissible for any purpose based upon the following:

      1. Lack of Personal Knowledge–declarant has no psychological training in sociopathic personality disorder. (FRE 602)

      2. It is opinion testimony by a lay witness requiring specialized knowledge–see above. (FRE 701-703)

      3. Character evidence not admissible to prove conduct–that plaintiff is "vexatious and always troublesome." (FRE 404)

      4. It is hearsay. (FRE 801-802, 804)

B.    Defendant's response to the above motion is:

      1. Declarant has personal knowledge of plaintiff's prior behavior and characterization via lay diagnosis is merely hyperbole. (FRE 602)

      2. Scientific knowledge of DSM not necessary to form opinion regarding plaintiff and events leading to this case. (FRE 701-702)

      3. Character evidence is offered as proof of plaintiff's plan to entrap debtor rather than action in conformity therewith. (FRE 404(b))

      4. Exception to hearsay available, declarant is deceased and declaration was taken under oath. (FRE 804(b)(1-2))

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as **PRE-TRIAL STIPULATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On *Fill in Date Document is Filed,* I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On *Fill in Date Document is Filed,* I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *Fill in Date Document is Filed,* I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____     _____     _____
*Date*                          *Type Name*                     *Signature*



Continued Pre-trial conference preparation (Pretrial Stipulation) (5)

Under the statute covering the pretrial stipulation and order process (LBR 7016-1(b)(2)(E)). Both parties are required to state.

(F). "The parties have exchanged a list of witnesses to be called at trial." The parties must exchange a list of names and addresses of witnesses, including expert witnesses, to be called at trial other than those contemplated to be used for impeachment or rebuttal. The lists of witnesses must be attached to the pretrial stipulation together with a concise summary of the subject of their proposed testimony.

The witness list that you provided last year did not include the "addresses" and "a concise summary of the subject matter of their proposed testimony" of your witnesses. I'm asking you to provide that information now so that it can be included with the pretrial stipulation that I'm preparing. My request is in compliance with the statute.

The Robbie Bubbye Housing, Inc. evidence I presented to you were not "evictions", eviction notices, or eviction orders. The documents were Requests for Temporary Restraining Orders filed by you for "harassment" and "responses" to your requests for restraining orders (TPO). I know that you difference between an "eviction" and a TPO. Following the procedure detailed in LBR 7016-1, you will have the opportunity to dispute the relevance of this evidence to your bankruptcy when it is presented within the context of the pretrial stipulation document. The document that I emailed to you last year, that you immediately filed with the court, was a tough draft that was simply a list of the evidence that included points of agreement or disagreement. I never intended the document to be complete and ready to be filed with the court. This is why I hope that you have reviewed the pretrial stipulation requirements so that there is no confusion about what to expect from me and what our obligations are to the court.

Also, I'm asking you to confirm that the contact information I have for Ms. Murray-Calcote are her current addresses for the purposes of the pretrial stipulation. The reason I asked you to confirm this information is because, as co-trustees of the Bobbye J. Rives Trust (which has not closed), both of you are required to maintain contact with each other for the administration of the Trust and to provide an annual accounting to the beneficiaries of the Trust. In spite of the 2017 bankruptcies both of you have filed, the first and last accounting was provided to the beneficiaries in 2015.

As a heads up, the next status hearing for the probate case is March 21, 2019. My attorney will be giving notice to you and Ms. Murray-Calcote. Both of you are required to appear. Both of you are also required to file a report with the court prior to your appearance.

Sincerely,

Larnita Pette
larnita.pette@gmail.com

(207) 833-2049

*[handwritten]* SO PLAINTIFF HAD ME LOOKING AT A STIPULATION FROM LAST YEAR.

SHE HAS NOT SENT A CURRENT STIPULATION AND FINALLY RECEIVED FROM HER ON SAT

*[handwritten]* 3/10/19

8,000+ FREE MOVIES
VUDU

Please double check because the witness list provided does list phone number for each witness; however, I will provide a more concise summary for you

Robbie Bobbye Housing uses the 'Orange County Transitional Housing Misconduct Restraining Order' to remove clients from the property or evict. the TPO is the first step. It is semular to the TPO that your mother Bobbye Rives filed against you to start the process of obtaining a Permanent Restraining Order. You have mentioned Paul Gonzalez and Marissa Knight which is a perfect example. The Order was not harassment vs me; but 6 other clients in the home vs. Paul and Marissa for violence or threats of violence and harassment, destruction of property, and unlawful use or sale of controlled substance. It is my job as representative of Robbie Bobbye Housing to file the complaint. Robbie Bobbye included $1700 in past due rents. A permanent move out or eviction was negotiated. The same with Dorvin.

The following Pretrial Stipulations are listed by the Plaintiff as Undisputed Facts. The Defendant disputes the following numbers as not being undisputed facts and were not listed or mentioned in the Plaintiff's Adversary Petition towards the defendant and have nothing to do with the Defendants BK Petition: 22 23 39 40 41 42 47 48 49 are disputed facts by the Defendant. Even though they are not facts at all, the Plaintiff cannot list them as undisputed facts but as disputed facts if you like.

I can verify that 310 985 1501 is the phone number for Beverly; however, she lives in Lancaster and I have never been to her home. I am not aware of her losing her home; but 5453 Shenandoah Ave is where we would do Trustee work. Beverly did mention to me that you said hello to each other at Papa's funeral the last time I talked to her in December. Why did you not ask her these questions then Ms. Pette?

Defendant

Ralph E Sanders                                    2/19/19