**RALPH E. SANDERS**
1251 W. Bishop
Santa Ana, CA 92703
Telephone: (714) 262-8378

Debtor/Defendant, in pro se



FILED
MAR 15 2019
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:       Deputy Clerk

# UNITED STATES BANKRUPTY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>RALPH E. SANDERS,<br><br>Debtor,<br><br>—————————————<br><br>LARNITA PETTE,<br><br>Plaintiff,<br><br>vs.<br><br>RALPH SANDERS,<br><br>Defendant. | Case No. 8:17-bk-10265-MW<br><br>Chapter 7<br><br>Adv. No. 8:17-AP-04068-MW<br><br>Honorable Mark S. Wallace<br><br>**OPPOSITION TO MOTION TO EXCLUDE EVIDENCE FILED BY PLAINTIFF**<br><br>DATE: March 20, 2019<br>TIME: 10:00 a.m.<br>DEPT: 6135/6C |

Defendant, RALPH E. SANDERS ("Defendant") in this adversary proceeding files this Opposition to Plaintiff's Motion To Exclude Evidence.

-1-
**OPPOSITION TO MOTION TO EXCLUDE EVIDENCE FILED BY PLAINTIFF**

I.

**PLAINTIFF HAS BEEN AWARE OF THE 189 EXHIBITS (DOCKET NO. 29 AND DOCKET NO 34) SINCE OCTOBER 29, 2018, AS THEY WERE PROVIDED TO HER OVER FOUR (4) MONTHS AGO TO BRING THIS MOTION TO EXCLUDE EVIDENCE IS IMPROPER AT THIS TIME**

Plaintiff filed her motion to exclude evidence on March 6, 2019, requesting that:

1. "All evidence regarding a petition for temporary restraining order filed by Bobbye J. Rives against plaintiff since it is totally irrelevant to what defendant did or did not do in filing his chapter 7 bankruptcy petition or whether or not defendant's bankruptcy petition should be dismissed or discharged".

2. "All adult protective services ("APS") reports which contain hearsay in the form of opinions from the defendant, which are also irrelevant regarding what the defendant did or did not do in filing his chapter 7 bankruptcy petition or whether or not defendant's bankruptcy petition should be dismissed or discharged. (FRE401, 802)".

3. "Medical reports (including hospital and nursing home records), doctor, staff statements regarding Bobby J. Rives are irrelevant as to what the defendant did or did not do in filing for bankruptcy protection or whether or not defendant's bankruptcy petition should be dismissed or discharged. (FRE401, 802)".

4. "All declarations and case files regarding any issues in the SDSC case as these documents are irrelevant to what defendant did or did not do in filing his chapter 7

bankruptcy and whether or not his bankruptcy petition should be dismissed or discharged, (FRE401, 802)".

## II.

## DISCUSSION

Defendant intends to introduce the exhibits objected to in the adversary proceeding in response to any production or attempt to produce exhibits by the plaintiff wherein any of the documents that defendant intends to submit are relevant thereto. For the court to make a decision as to whether or not evidence is relevant at this point of the litigation is not proper. Plaintiff should have filed a motion in limine to exclude the evidence. Plaintiff has not given any specifics as to the documents themselves which total over 190 documents. There is no specific objection to any specific document, and defendant should be able to produce those documents if the court finds at the trial of this matter that those documents are relevant.

## III.

## CONCLUSION

The Motion to Exclude Evidence should not be granted at this time.

THEREFORE, the defendant request that the court deny the plaintiff's motion to exclude evidence.

Respectfully Submitted,

DATED: March 15, 2019

**RALPH SANDERS**
Defendant, in pro per

- 3 -
**OPPOSITION TO MOTION TO EXCLUDE EVIDENCE FILED BY PLAINTIFF**

| In re:<br>RALPH E. SANDERS                      Debtor(s). | CHAPTER: 7<br>CASE NUMBER: 8:17-bk-10265-MW<br><br>Adv. No. 8:17-AP-04068-MW |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My address is:

A true and correct copy of the foregoing document entitled **OPPOSITION TO MOTION TO EXCLUDE EVIDENCE FILED BY PLAINTIFF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On 15, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

LARNITA PETTE
2588 EL CAMINO REAL STE F-195
CARLSBAD, CA 92008

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

March 15, 2019        Rick Davitt        /s/ Rick Davitt
Date                  Printed Name       Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 9013-3.1.PROOF.SERVICE