**RALPH E. SANDERS**
1251 W. Bishop
Santa Ana, CA 92703
Telephone: (714) 262-8378

Debtor/Defendant, in pro se

FILED
MAR 15 2019
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>RALPH E. SANDERS,<br><br>   Debtor,<br><br>―――――――――――――<br><br>LARNITA PETTE,<br><br>   Plaintiff,<br><br>vs.<br><br>RALPH SANDERS,<br><br>   Defendant. | Case No. 8:17-bk-10265-MW<br><br>Chapter 7<br><br>Adv. No. 8:17-AP-04068-MW<br><br>Honorable Mark S. Wallace<br><br>**UNILATERAL PRE-TRIAL STIPULATION FOR CLAIMS FOR RELIEF FILED BY DEFENDANT RALPH SANDERS**<br><br>DATE: March 20, 2019<br>TIME: 10:00 a.m.<br>DEPT: 6135/6C |

Defendant, RALPH SANDERS ("Defendant") in this adversary proceeding submits the following Unilateral Pre-Trial Stipulation pursuant to Local Bankruptcy Rule 7016-1(b)(2).

-1-
**UNILATERAL PRE-TRIAL STIPULATION FOR CLAIMS FOR RELIEF FILED BY DEFENDANT RALPH SANDERS**

I. **UNDERLYING ISSUES OF FACT COMMON TO ALL CLAIMS FOR RELIEF**

A. Defendant (Ralph Sanders) filed a petition for relief under Chapter 7 on January 25, 2017 (the "petition date").

Not Contested.

B. Plaintiff (LARNITA PETTE) ("Plaintiff") commenced this adversary proceeding by filing a Complaint on May 8, 2017.

Not Contested.

C. Defendant appeared at the first 341(a) hearing on March 9, 2017.

Not Contested.

D. Defendant appeared at the second 341(a) hearing on March 23, 2017.

Not Contested.

E. A bankruptcy preparer named Grady Vickers (now deceased) prepared the original bankruptcy petition for chapter 7 for the benefit of defendant Ralph E. Sanders.

Not Contested.

F. Defendant had received his portion of one-fifth (1/5) of the trust of his aunt, Bobbye J. Rives, and two (2) years prior to the filing of his chapter 7 bankruptcy, he had received approximately $98,600.00 as his one-fifth (1/5) share of the corpus of the estate of

The Bobbye J. Rives Trust, (the "Trust") i.e., his aunt's trust. This payment from the Trust was not originally included in the chapter 7 petition filed by defendant.

Not Contested.

G. The chapter 7 trustee at the third 341(a) hearing asked defendant if he had received any monies from any source during the last two (2) years, and he stated "yes" that he had received the monies from his aunt's trust. Defendant was instructed by the chapter 7 trustee to amend his chapter 7 petition to indicate that those monies.

Not Contested.

H. On April 25, 2017, defendant amended his chapter 7 bankruptcy petition to include the monies he received from his aunt's trust.

Not Contested.

## II. CLAIMS FOR RELIEF

A. First Claim: The alleged debt should not be discharged because the debtor engaged in willful and malicious conduct that resulted in damages to plaintiff. (523(a)(6))

1. ELEMENTS OF THE CLAIM

a. That plaintiff was damaged as a result of willful and malicious conduct by defendant.

Contested.

Defendant: Plaintiff seems to be referring to the fact that the initial chapter 7 bankruptcy petition filed by defendant did not have information regarding approximately

-3-
**UNILATERAL PRE-TRIAL STIPULATION FOR CLAIMS FOR RELIEF FILED BY DEFENDANT RALPH SANDERS**

$98,600.00 paid to defendant from the trust of his aunt Bobbye J. Rives. This oversight was corrected with a filing of an amended Schedule A/B form and an amended Statement of Financial Affairs, both of which showed the receipt in 2015 (defendant's bankruptcy was filed in 2017) and was listed in the two (2) amended documents referred to above.

Evidence:

Testimony of defendant Ralph Sanders

Testimony of the chapter 7 trustee Weneta Kosmala

Exhibit A: Chapter 7 Bankruptcy Petition filed by defendant

Exhibit B: Amended Statement of Financial Affairs

Exhibit C: Amended Form Schedule A/B

B. Second Claim: The debtor should not be granted a discharge because he knowingly and fraudulently in or in connection with the case (a) made a false oath or account (b) presented or used a false claim (11 USC 727(a)(4)(a)(b))

2. ELEMENTS OF THE CLAIM

a. Defendant knowingly and fraudulently in or in connection with the case made a false oath or account

b. Presented or used a false claim.

Contested.

Defendant: Defendant/debtor filed his initial chapter 7 bankruptcy petition in 2017, and did not indicate that he had received approximately $98,600.00 from the estate of is deceased aunt, Bobbye J. Rives, in 2015. He did not do this knowingly and fraudulently.

-4-
**UNILATERAL PRE-TRIAL STIPULATION FOR CLAIMS FOR RELIEF FILED BY DEFENDANT RALPH SANDERS**

When the chapter 7 trustee asked him whether he had received any monies from his deceased aunt's estate, he responded "yes." He then filed an Amended Schedule A/B and an Amended Statement of Financial Affairs showing the receipt of the $98,600.00 from his deceased aunt's estate in 2015.

Evidence:

    Testimony of defendant Ralph Sanders

    Testimony of the chapter 7 trustee Weneta Kosmala

    Exhibit A: Chapter 7 Bankruptcy Petition filed by defendant

    Exhibit B: Amended Statement of Financial Affairs (showing the receipt in 2015 of approximately $98,600.00 from his deceased aunt's estate)

    Exhibit C: Amended Form Schedule A/B (showing the receipt of approximately $98,600.00 from the estate of his deceased aunt in 2015).

## III. AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE: Defendant owes no debt or monies to plaintiff and did not engage in any willful or malicious conduct that resulted in damages to plaintiff.

    Evidence:
1. Testimony of Ralph Sanders
2. Tape of both 341(a) hearings in defendant's bankruptcy case
3. Testimony of Weneta Kosmala
4. Testimony of Beverly Murray Calcote

SECOND CLAIM: Defendant did not knowingly and fraudulently, in connection with his chapter 7 bankruptcy case, make a false oath on account or present a false claim.

-5-
**UNILATERAL PRE-TRIAL STIPULATION FOR CLAIMS FOR RELIEF FILED BY DEFENDANT RALPH SANDERS**

        Contested.

    A bankruptcy preparer, Grady Vickers (passed away shortly after the second 341(a) hearing) prepared the chapter 7 bankruptcy petition for defendant. After the second 341(a) hearing conducted by Trustee, Weneta Kosmala, and a question was asked of defendant at that second 341(a) hearing whether he had received any monies from a trust, he answered truthfully "yes" and was requested by the U.S. Trustee to file an amended Schedule A/B and an amended Statement of Financial Affairs to list the $98,600.00 he received from the trust of his aunt, Bobbye Rives in 2015.

    Evidence:    Testimony of trustee Weneta Kosmala

                  Defendant's Amended Statement of Financial Affairs

                  Defendant's Amended Schedule A/B

## IV. EXHIBITS TO BE OFFERED BY EACH PARTY AND OBJECTIONS TO EXHIBITS

    A. PLAINTIFF'S EXHIBITS. As filed by plaintiff on March 6, 2019.

    B. DEFENDANT'S EXHIBITS. Defendant's exhibits are listed in and attached to Appendix 2 of this order. Defendant stipulates to the admission and authenticity of exhibits listed in Appendix 2.

## V. WITNESSES TO BE OFFERED BY EACH PARTY

    A. Plaintiff:

1. Testimony of Beverly Murray Calcote
2. Testimony of Paul Gonzalez
3. Testimony of Marrissa Knight

B. Defendant.

1. Testimony of Russell Griffith
2. Testimony of Weneta Kosmala
3. Testimony of Ed Kirkman
4. Testimony of Jacinta Kirkman
5. Testimony of Karen Dee
6. Testimony of Daniel Given, M.D.
7. Testimony of Dr. Pingfeng Du, M.D.

A list of the witnesses defendant intends to call to testify at trial, a summary of their intended testimony, and an estimate of the length of direct and cross-examination is attached to this order as Appendix 4.

Respectfully Submitted,

DATED: March 15, 2019

*[signature]*

**RALPH SANDERS**
Defendant, in pro per

**UNILATERAL PRE-TRIAL STIPULATION FOR CLAIMS FOR RELIEF FILED BY DEFENDANT RALPH SANDERS**

# APPENDIX 1

Plaintiff OFFERS:

        None

# APPENDIX 2

Defendant OFFERS:

    Exhibit A: Chapter 7 Bankruptcy Petition filed by defendant

    Exhibit B: Amended Statement of Financial Affairs (showing the receipt in 2015 of approximately $98,600.00 from his deceased aunt's estate)

    Exhibit C: Amended Form Schedule A/B (showing the receipt of approximately $98,600.00 from the estate of his deceased aunt in 2015).

# APPENDIX 3

Plaintiff's WITNESS:

1. Testimony of Russell Griffith

2. Testimony of Weneta Kosmala

3. Testimony of Ed Kirkman

4. Testimony of Jacinta Kirkman

5. Testimony of Karen Dee

6. Testimony of Daniel Given, M.D.

7. Testimony of Dr. Pingfeng Du, M.D.

# APPENDIX 4

Defendant's WITNESS:

1. RALPH SANDERS - Will testify:

   A. That he did not engage in willful and malicious conduct that resulted in damages to plaintiff.

   B. That he did not knowingly and fraudulently in or in connection with the case made a false oath or account or present or used a false claim.

   C. That when the chapter 7 trustee asked him whether he had received any monies from his deceased aunt's estate, he responded "yes"

   D. That he filed an Amended Schedule A/B showing receipt of the $98,600.00 from his deceased aunt, Bobbye Rives' estate in 2015.

   E. That he filed an Amended Statement of Financial Affairs showing receipt of the $98,600.00 from his deceased aunt, Bobbye Rives' estate in 2015.


2. WENETA KOSMALA - Will testify that:

   A. That when she asked defendant whether he had received any monies from his deceased aunt's estate, he responded "yes"

   D. That defendant filed an Amended Schedule A/B showing receipt of the $98,600.00 from his deceased aunt, Bobbye Rives' estate in 2015.

   E. That defendant filed an Amended Statement of Financial Affairs showing receipt of the $98,600.00 from his deceased aunt, Bobbye Rives' estate in 2015.

| In re:<br>RALPH E. SANDERS<br><br>Debtor(s). | CHAPTER: 7<br>CASE NUMBER: 8:17-bk-10265-MW<br>Adv. No. 8:17-AP-04068-MW |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My address is:

A true and correct copy of the foregoing document entitled **UNILATERAL PRE-TRIAL STIPULATION FOR CLAIMS FOR RELIEF FILED BY DEFENDANT RALPH SANDERS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 15, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

LARNITA PETTE
2588 EL CAMINO REAL STE F-195
CARLSBAD, CA 92008

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

March 15, 2019    Gregg Lolio    GP Lolio
Date              Printed Name   Signature

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                             9013-3.1.PROOF.SERVICE