Larnita Pette
2588 El Camino Real, Suite F-195
Carlsbad, California 92008
(707) 853-2049
Email: larnita.pette@gmail.com

Plaintiff: Pro Se

FILED
APR 15 2019
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re Ralph E. Sanders,<br><br>              Debtor | BK. No.: 8:17-bk-10265 MW<br><br>Chapter 7 |
| Larnita Pette,<br><br>              Plaintiff,<br><br>     v.<br><br>Ralph E. Sanders,<br><br>              Defendant. | Adv. No.: 8:17-ap-01068 MW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR SHORTENED TIME TO HAVE MOTION HEARD.**<br><br>DATE:    To Be Determined<br>TIME:    To Be Determined<br>PLACE:  Courtroom 6C<br>           Ronald Reagan Federal Building<br>           411 West Fourth Street<br>           Santa Ana, CA 92701 |

## MEMORANDUM OF POINTS AND AUTHORITIES

1

## I. Introduction

On April 5, 2018, a Notice of Motion and Motion for Judgment on The Pleadings; Memorandum of Points and Authorities filed by defendant Ralph E Sanders. A hearing on the Motion is scheduled on May 8, 2019 at 9:00 a.m.

The defendant did not attend the pretrial conference held on March 20, 2018 and to this date has not offered the Plaintiff any reason for his absence at the hearing. However, the Court, stated that if the defendant did not appear for the pretrial hearing and was represented by an attorney, the court would strike his answer and enter a default, but because the defendant was a pro se, unrepresented party, the court did not exercise that option.

The defendant signed the motion and pleadings filed on April 5, 2019, but it is obvious that the motion and pleadings, when compared to other declarations and documents filed by the defendant, were written by an attorney. (Docket # 49)

Due to the importance of the May 8, 2019 motion hearing, the Plaintiff requests that the court grant this ex parte application and motion hearing prior to the May 8, 2019 motion hearing for Judgment on the Pleadings, and order the defendant to:

1. File a sworn affidavit with the court prior to the May 8, 2019 hearing disclosing whether he received legal assistance from an attorney in filing any pleadings in this case. Identify the pleadings, declarations and motions written by the attorney.

2. Reveal the identity of the person who assisted him with the defendant's briefs, declarations and motions. Detail any additional legal services provided by the attorney for this case.

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR SHORTENED TIME TO HAVE MOTION HEARD

3. Require that the person who assisted by writing and researching the defendant in preparing the "Motion for Judgment on the Pleadings" to appear at the hearing on May 8, 2019 and/or re-file the pleadings with his signature on them.

## II. Factual and Procedural History

1. On April 23, 2018, the Defendant filed a Declaration with the Court in preparation for a pretrial hearing scheduled for April 25, 2018 (Docket #24).

2. On April 24, 2018, the Plaintiff received a Proof of Service ("POF") in the mail with the return address of the Law Office of Gregory Bosse, an experienced bankruptcy attorney on the envelope. The POF was signed by an office employee. (Exhibit 1)

3. On April 30, 2018, the Plaintiff mailed a letter to Gregory Bosse, Esq. stating that, based on previous declarations and documents filed by the defendant, it was apparent that his office prepared the defendant's April 23, 2018 Declaration. Plaintiff asked that Mr. Bosse to:

> "Kindly clarify your representation of Mr. Sanders in this instant case by (1) filing a substation of attorney or appearance of counsel form with the court, or (2) detailing the limited services that have and would be provided by you on behalf of Mr. Sanders in this adversary case." (Exhibit 2)

4. On May 7, 2018, Mr. Bosse responded via email stating that:

> "I assisted Mr. Sanders in preparing his Declaration when I learned of the Pre-trial Conference that was scheduled in the above case.
>
> I have no intention of filing a Substitution of Attorney in regard to Sanders at this time. Nor am I required to detail any services I am providing to Mr. Sanders." (Exhibit 3)

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR SHORTENED TIME TO HAVE MOTION HEARD

Plaintiff believes that the following briefs, pleadings and motions were also "ghostwritten" by Mr. Bosse, an experienced bankruptcy attorney, or someone with significant legal experience.

1. March 12, 2019 - Declaration by the defendant. Attachments to the Declaration show that in email correspondence the Defendant and Mr. Bosse were sharing emails written between the Plaintiff and Defendant in a manner that indicates Mr. Bosse was providing advice and strategy that went beyond simply "ghostwriting" briefs, motions and pleadings (Docket #39, Exhibit #4)

2. March 15, 2019 - Defendant's Motion to Exclude Testimony of Paul Gonzalez and Marissa Knight. (Docket #40)

3. March 15, 2019 - Motion to Exclude Evidence filed by Plaintiff (Docket #42)

4. March 15, 2019 - Unilateral Pre-Trial Stipulation for Claims for Relief (Docket #43)

5. March 20, 2019 - Pre-trial conference. Defendant did not appear. The court explicitly stated that if the defendant had been represented by an attorney and did not appear at the pretrial conference, the court would have dismissed his answer and entered a default. However, due to the defendants, pro se status, the court would grant more latitude to the defendant. (Docket #45)

6. March 28, 2019 - Defendant emailed Plaintiff, without offering any explanation for not appearing at the pretrial conference, and stated:

   "I am writing you today under Bankruptcy rules to inform you that I plan to file a Motion for Summary Judgment." (Exhibit #4)

7. April 5, 2019 – Defendant filed a Motion for Judgment on the Pleadings; Memorandum of Points and Authorities which contain legal analysis, legal

4

research and legal opinion indicative of someone with extensive legal experience.

(Docket #49)

8. April 5, 2019 – Motion hearing set for May 8, 2019.

## III. Argument

There has been much discussion on "ghostwriting" and unbundled legal services. The *In re Mungo* 305 B.R. 762, 767-70 (Bankr.D.S.C.2003) provided a definition of "Ghostwriting" that has been cited in many court opinions

> "Ghost-writing is best described as when a member of the bar represents a pro se litigant informally or otherwise, and prepares pleadings, motions, or briefs for the pro se litigant which the assisting lawyer does not sign, and thus escapes the professional, ethical, and substantive obligations imposed on members of the bar." *In re Mungo*, 305 B.R. 762, 767-70 (Bankr.D.S.C.2003).

> "...*Ricotta v. Cal.*, 4 F.Supp.2d. at 987 ("Attorneys cross the line . . . when they gather and anonymously present legal arguments, with the actual or constructive knowledge that the work will be presented in some similar form in a motion before the Court . . . The Court believes that this assistance is more than informal advice to a friend or family and amounts to unprofessional conduct.").

### A. Disclosure

In this case, Mr. Bosse, an experienced Bankruptcy attorney, admits in his May 7, 2018 response to the Plaintiff's April 30, 2018 letter that "I assisted Mr. Sanders in preparing his Declaration when I learned of the Pre-Trial Conference that was scheduled in the above case. (Exhibits #

> "Attorneys cross the line, however, when they gather and anonymously present legal arguments, with the actual or constructive knowledge that the work will be presented in some similar form in a motion before the Court. With such participation the attorney guides the course of litigation while standing in the shadows of the Courthouse door".

*Ricotta v. Cal.*, 4 F.Supp.2d. at 987

In this case, Mr. Bosse and Mr. Sanders shared the Plaintiffs emails to the Defendant emails on February 18, 2019. Apparently, the defendant was keeping Mr. Bosse updated on the case proceedings. This information would only be useful to Mr. Bosse if he was providing strategic legal advice to the defendant. The Plaintiff considers that this exchange between the defendant and Mr. Bosse indicates the existence of a traditional client/attorney relationship, and a unique relationship defined by "limited services". (Docket #39, pages 4-5).

On March 6, 2019, the Plaintiff filed her Pre-Trial Stipulation with the court. (Docket #38)

In a March 9, 2019, the Defendant and Mr. Bosse, in another exchange of the plaintiffs' emails with the Defendant, the sample stipulation format the Plaintiff gave to the defendant as a guide for his stipulation, was used by the defendant's "ghostwriter" in the Unilateral Pretrial Stipulation for Claims that the defendant filed on March 15, 2019. (Docket #43).

**B. Ghostwriting by a licensed attorney for pro se litigants and legal accountability**

1. Ghostwriting briefs by licensed attorneys on behalf of pro se litigants raise issues of potential professional misconduct. The ghostwriting attorney who drafts pleadings that the litigant sign are not being candid with the Court or the other litigant.

2. Ghostwriting briefs by licensed attorneys on behalf of pro se litigants shield the attorney from the legal consequences of frivolous filings.

3. Ghostwriting briefs by licensed attorneys raise issues of basic fairness since the courts give pro se litigants more latitude than litigants who are represented by counsel.

*Chriswell v. BIG SCORE ENTERTAINMENT, LLC*, No. 11 C 00861 (N.D. Ill. Jan. 28, 2013).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR SHORTENED TIME TO HAVE MOTION HEARD

provides a summary of the issues surrounding the practice of ghostwriting.

> The Court has its own suspicions that Chriswell enlisted the help of a lawyer or someone with legal knowledge to draft her response. Chriswell's brief contains robust legal analysis and argument that is indicative of a licensed attorney's work. This Court cautions the parties that the practice of attorneys "ghost-writing" briefs on behalf of pro se litigants raises serious issues of professional misconduct, and has been condemned by several other courts. See, e.g., *Ricotta v. California*, 4 F. Supp. 2d 961, 987 (S.D. Cal. 1998) ("Attorneys cross the line . . . when they gather and anonymously present legal arguments, with the actual or constructive knowledge that the work will be presented in some similar form in a motion before the Court. With such participation the attorney guides the course of litigation while standing in the shadows of the Courthouse door."). This is because such conduct circumvents the requirements of Federal Rule of Civil Procedure 11, which obligates members of the bar to sign all documents submitted to the court, and to personally represent that there are grounds to support the assertions made in each filing. *Johnson v. Bd. of County Comm'rs for Cnty. of Fremont*, 868 F. Supp. 1226, 1231-32 (D. Colo. 1994). Ghost-written briefs also raise issues of fundamental fairness. Federal courts are generally required to give pro se litigants greater latitude than litigants who are represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, it would be patently unfair for a pro se litigant to benefit from the less stringent standard applied to pro se litigants if, in fact, she is receiving substantial behind-the-scenes assistance from counsel. *Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1078 (E.D. Va. 1997). *Chriswell v. BIG SCORE ENTERTAINMENT, LLC*, No. 11 C 00861 (N.D. Ill. Jan. 28, 2013).

## C. Federal Rule of Civil Procedure 11 ("FRCP 11")

In *Cordova v. Melass, et al*, the court agreed with defendant Hallmark that Federal Rule of Civil Procedure 11(a) "requires a pleading to be signed by an attorney of record or by a party personally if proceeding pro se. Hallmark is also correct that, pursuant to Rule 11 (b), the signing of a presentment to a court of any pleading constitutes certification that the factual contentions are supported – including that the signer is the appropriate signer." *Cordova v. MELASS*, No. CV 16-184 JCH/WPL (D.N.M. Aug. 15, 2016).

*In re Mungo*, 305 B.R. 769 (Bankr. D.S.C. 2003) opinion on FRCP 11

*Fed.R.Civ.P. 11* requires an attorney to sign all documents submitted to the court and to personally represent that there are grounds to support the assertions made in each filing in the

7

course of that attorney's representation of a client. Ghost-writing frustrates the application of these rules by shielding the attorney who drafted pleadings for pro se litigants in a cloak of anonymity. An obvious result of the anonymity afforded ghost-writing attorneys is that they cannot be policed pursuant to the applicable ethical, professional, and substantive rules enforced by the Court and members of the bar since no other party to the existing litigation is aware of the ghost-writing attorney's existence. *See Barnett,* 2001 WL 433413 at *3; *Duran,* 238 F.3d at 1272; *Ellis,* 448 F.2d at 1328; *Laremont-Lopez,* 968 F.Supp. at 1078-79.

Ghostwriting by a licensed attorney on behalf of a pro se litigant defeats the certification requirement of Rule 11 by the licensed attorney for any pleadings (including frivolous, cost and time-consuming briefs). The ghostwriting attorney is not held accountable under Rule 11 since he did not sign the brief that he wrote. The "pro se" litigant without an attorney in the shadows is disadvantaged.

This exactly what happened in this case:

1. On March 15, 2019, the defendant filed several briefs that were obviously written by an attorney.
2. The defendant failed to appear in court for the pretrial hearing on March 20, 2019 to defend the motions that he signed and filed on March 15, 2019. The defendant was given latitude as a pro se litigant.
3. The defendant emailed the Plaintiff on March 28, 2019 stating that he would be filing a Motion for Summary Judgment, without explaining why he failed to appear in court.
4. Again, without explaining his failure to appear at the March 20, 2019 hearing, the defendant on April 5, 2019, filed a Motion for Judgment on the Pleadings with a

Memorandum of Points and Authorities which again were again obviously written by an attorney and apparently expecting the same latitude that the court would be gives to every pro se litigant.

**D. Remedies**

    a. In *Chriswell v. BIG SCORE ENTERTAINMENT, LLC*, No. 11 C 00861 (N.D. Ill. Jan. 28, 2013). The court did not dismiss Chriswell's complaint on the basis of "alleged" ghostwriting. However, the Court did order Chriswell "to file a sworn affidavit (1) disclosing whether she has received legal assistance from an attorney or someone with legal knowledge: and if so, (2) revealing the identity of the person who has been assisting her with her briefs.

    b. In re *Mungo*, 305 B.R. 769 (Bankr. D.S.C. 2003) "Furthermore, upon finding that an attorney has ghost written pleadings for a pro se litigant, this Court will require that offending attorney to sign the pleading or motion so that the same ethical, professional, and substantive rules and standards regulating other attorneys, who properly sign pleadings, are applicable to the ghost-writing attorney.

**IV. Conclusion**

For the reasons stated above, this Court should grant the ex parte application.

Dated this day of April 15th, 2019.

Respectfully submitted,

*/s/ Larnita Pette*
Larnita Pette, Pro Se

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR SHORTENED TIME TO HAVE MOTION HEARD

# EXHIBIT 1

### Ralph Sanders

Apr 14, 2019 at 9:49 AM

**Me**

Ralph,
I have been calling you and leaving messages for you to call me. Please call me today.    9:49 AM

**Ralph Sanders**

i left you an email message. please state by email what you want. i was at a wedding and reception and off to church. i will not call u so u can say i was rude or beligerent to you. spell it out what you want by email or text please. do you have any comments or approve or disapprove?    9:56 AM

**Ralph Sanders**

please send me a text and i will reply. i am off to church    10:19 AM

**Me**

I received the email and will respond to it.    10:42 AM

**Me**

Also, The only email I received from you re my recent calls was this morning.    10:43 AM

**Ralph Sanders**

yes    11:00 AM

**Me**

I responded to your email via email 10 mins. ago. Check your email.    11:03 AM

**Ralph Sanders**

great, at 2pm i will check. thank you    11:16 AM

**Ralph Sanders**

i object to your ex parte application filing    9:05 PM

**Me**

Please provide a reason for your objection. I will include your objection and your reason when I file the ex paste application. I believe that BOTH your objection and your reason are required by the court    9:10 PM

**Ralph Sanders**

continued harrasment from the plaintiff. all creditors have issued a discharge except the plaintiff    9:18 PM

# EXHIBIT 2

# Larnita Pette

2588 El Camino Real, Suite F-195• Carlsbad, California 92008
Phone: (707) 853-2049 • email: larnita.pette@gmail.com

April 30, 2018

Gregory L. Bosse
Law Offices of Gregory L. Bosse
Wellington Square
940 West 17th Street, Suite F
Santa Ana, CA 92706

RE: Pette v. Sanders case 17-ap-01068 filed US Bankruptcy Court, Santa Ana Division

Dear Mr. Bosse:

On April 24, 2018 your office served me, via the U.S. Postal Service, with a Declaration signed by the defendant Ralph Sanders in the above case. I did not receive the declaration in time for a pretrial conference that was scheduled for 9:00 a.m. on April 25, 2018.

It is obvious that your office prepared Mr. Sanders declaration when it is compared to other documents and declarations that the Mr. Sanders has filed in this litigation and other litigation in San Diego and Orange Counties.

Kindly clarify your representation of Mr. Sanders in this instant case by (1) filing a substitution of attorney or appearance of counsel form with the court, or (2) detailing the limited services that have and would be provided by you on behalf of Mr. Sanders in this adversary case.

Sincerely,

Larnita Pette

cc: Ralph Sanders

# EXHIBIT 3

 Larnita Pette <larnita.pette@gmail.com>

## Fwd: Pette v. Sanders

1 message

**Gregory L. Bosse** <greg@lawbosse.com>  Mon, May 7, 2018 at 3:35 PM
To: larnita.pette@gmail.com
Cc: Gregory Bosse <greg@lawbosse.com>, Lynn Castro <lynn@lawbosse.com>

---------- Forwarded message ----------
From: **Gregory L. Bosse** <greg@lawbosse.com>
Date: Mon, May 7, 2018 at 3:32 PM
Subject: Pette v. Sanders
To: larnite.pette@gmail.com
Cc: Lynn Castro <lynn@lawbosse.com>, Gregory Bosse <greg@lawbosse.com>

Email to Larnita Pette larnite.pette@gmail.com

May 7, 2018

**RE:**     **In re:** Pette vs. Sanders
            U.S. Bankruptcy - Case No. 17-ap-01068

Dear Ms. Pette:

I assisted Mr. Sanders in preparing his Declaration when I learned of the Pre-Trial Conference that was scheduled in the above case.

I have no intention of filing a Substitution of Attorney in regard to Sanders at this time. Nor am I required to detail any services I am providing to Mr. Sanders.

Very truly yours,


/s/



GREGORY L. BOSSE

cc: Ralph Sanders

GLB/cc

**Law Offices of Gregory L. Bosse**
**940 W. 17th St., Suite F**
Santa Ana, CA 92706
Tel: (714) 550-9555
Fax: (714) 316-1344

# EXHIBIT 4

 Larnita Pette <larnita.pette@gmail.com>

## Fw: Scanned document from HP ePrint user
3 messages

**ralph sanders** <resanders16@yahoo.com>  Thu, Mar 28, 2019 at 3:23 AM
Reply-To: ralph sanders <resanders16@yahoo.com>
To: larnita pette <larnita.pette@gmail.com>

Hello Ms, Pette,
I hope you are doing well.
I am writing you today under Bankruptcy rules to inform you that I plan to file a Motion for Summary Judgment. Here are my Undisputed Facts. Please feel free to email me with in regards to any concerns.
Sincerely,
Ralph Sanders

On Thursday, March 28, 2019 3:02 AM, "eprintcenter@hp.com" <eprintcenter@hp.com> wrote:

This email and attachment are sent on behalf of **resanders16@yahoo.com**.

If you do not want to receive this email in future, you may contact **resanders16@yahoo.com** directly or you may consult your email application for spam or junk email filtering options.

Regards,
HP Team

📎 **filename-1.pdf**
428K

**ralph sanders** <resanders16@yahoo.com>  Thu, Mar 28, 2019 at 3:27 AM
Reply-To: ralph sanders <resanders16@yahoo.com>
To: larnita pette <larnita.pette@gmail.com>

Continued Undisputed Facts
[Quoted text hidden]

📎 **filename-1.pdf**
328K

**Larnita Pette** <larnita.pette@gmail.com>  Sat, Mar 30, 2019 at 11:28 AM
To: ralph sanders <resanders16@yahoo.com>

Mr. Sanders,

I believe that filing a Motion for Summary Judgement at this time is outside of the time frames set forth in the Bankruptcy rules.

Sincerely,

Larnita Pette
larnita.pette@gmail.com

(707) 853-2049

[Quoted text hidden]

Pursuant to Local Rule _____, defendant, Ralph Sanders, files the following Statement of Uncontroverted and Conclusions of Law in support of his Motion for Summary Judgment.

## STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Moving Party's Uncontroverted Facts: | Moving Party's Supporting Evidence: |
|---|---|
| 1. Moving party/defendant, Ralph E. Sanders, listed the monies he had received prior to his filing of chapter 7 bankruptcy which amended the A/B Schedule and the Statement of Financial Affairs to show the receipt by Sanders of approximately $98,600.00 from the estate of his deceased aunt, Bobbye J. Rives. | Cite to the evidence such as Declaration of _____, page __, line __, etc. or attached Exhibit "__" etc. |
| 2. All documents requested by the Chapter 7 Trustee's offices and U.S. Trustee's Office were provided and satisfactory to the Chapter 7 Trustee and the U.S. Trustee. | Cite to the evidence such as Declaration of _____, page __, line __, etc. or attached Exhibit "__" etc. |
| 3. I had a gentleman by the name of Grady Vickers assist me for a fee of $200.00 with the preparation and filing of my chapter 7 bankruptcy bearing case no. 8:17-bk-10265-MW. Unfortunately, Mr. Vickers died shortly after he provided the bankruptcy petition to me. I had given him the paperwork indicating the monies received from my aunt's estate after she died and was able to add the material showing the monies I received from my aunt's estate. | |
| 4. Defendant filed his chapter 7 bankruptcy on January 25, 2017. | |
| 5. Defendant attended his 341(a) hearing on March 9, 2017. The trustee for his case was Weneta Kosmala. | |

- 2 -

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT, RALPH SANDERS', MOTION FOR SUMMARY
JUDGMENT AGAINST PLAINTIFF, LARNITA PETTE

| | |
|---|---|
| 6. The 341(a) that occurred on March 9, 2017, continued to March 23, 2017. | |
| 7. At the second 341(a) hearing held on March 23, 2017, the trustee, Weneta Kosmala, asked defendant if he had received an inheritance. | |
| 8. Defendant truthfully told the chapter 7 trustee that he had received approximately $98,600.00 from his aunt's estate, and he received those monies in 2015. | |
| 9. The trustee, Weneta Kosmala, recommended that defendant file an amended Schedule A/B and Statement of Financial Affairs which would show his receipt of the $98,600.00 in chunks in 2015. | |
| 10. Defendant used the money to pay off existing bills and to pay his attorneys for a separate lawsuit that the plaintiff, Larnita Pette, initiated against him in San Diego and Orange County counties. The debtor stated that all of the money had been spent. | |
| 11. | |
| 12. | |

DATED: March 26, 2019

                                  **RALPH SANDERS**
                                  Defendant, in pro per

- 3 -

**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT, RALPH SANDERS', MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF, LARNITA PETTE**