ORIGINAL

**RALPH E. SANDERS**
**1251 W. Bishop**
**Santa Ana, CA 92703**
**Telephone: (714) 262-8378**

Debtor/Defendant, in pro se

```
┌─────────────────────────────┐
│          FILED              │
│  ┌───────────────────────┐  │
│  │      MAY - 6 2019      │  │
│  └───────────────────────┘  │
│  CLERK U.S. BANKRUPTCY COURT│
│  CENTRAL DISTRICT OF        │
│  CALIFORNIA                 │
│  BY:              Deputy Clerk│
└─────────────────────────────┘
```

# UNITED STATES BANKRUPTY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

IN RE:

RALPH E. SANDERS,

      Debtor,

_____

_

LARNITA PETTE,

      Plaintiff,

vs.

RALPH E. SANDERS,

      Defendant.

Case No.  8:17-bk-10265-MW

Chapter 7

Adv. No. 8:17-AP-01068-MW


**TRIAL BRIEF OF RALPH SANDERS**


**TRIAL**
**DATE: May 20, 2019**
**TIME: 9:00 a.m. DEPT: 6135/6C**
**PLACE: 411 West Fourth Street**
        **CA  92701**

**TRIAL BRIEF OF RALPH SANDERS**

- 1 -

# I.

## STATEMENT OF FACTS

The issue before the court is the determination of whether Defendant, Ralph Sanders ("Sanders") knowingly and falsely omitted an inherited amount of $98,600 ("Inheritance") when he completed and signed under oath his chapter 7 bankruptcy petition ("Petition"). Defendant believes the trial should quickly determine he provided the preparer of his Petition with the Inheritance information and fully intended the information to be included. The omission did not cause any harm; the money was gone far before the Petition; rather than any effect to justice, Sanders' appearance has been engineered to harm and frustrate his life due to the unjustified anger and ill will wished upon him by the Defendant.

The following facts show Sanders' omission of his Inheritance on the bankruptcy petition was unintentional and occurred due to the illness and subsequent death of a person assisting Sanders with the preparation and filing of his Petition.

1. Sanders is the nephew of Plaintiff, Larnita Pette ("Pette"); Sanders was a beneficiary of the Bobbye J. Rives Trust ("Trust") and a trustee until he resigned.

2. Sanders is employed as a manager/helper by RB Housing, which is a nonprofit organization providing sober living. Sanders does not receive a salary but does have his room provided for. Sanders has received the Orange County Human Relations Award.

- 2 -

**TRIAL BRIEF OF RALPH SANDERS**

3. In 2015, Sanders' received the Inheritance of $98,600. The money was received in several installments throughout 2015. Sanders used the money to pay off existing bills and to pay his attorneys for separate lawsuits that Pette initiated against him in San Diego and Orange counties.

4. Sanders was advised by an attorney, Patrick Hosey, to file bankruptcy. (Trial Exhibit A1)

5. Grady Vickers ("Vickers") assisted Sanders with the preparation and filing of his Petition. Sanders knew Mr. Vickers and Mrs. Vickers (his assistant) who had helped a relative of Sanders in a matter. Mr. Vickers was very ill with kidney disease and other illnesses. He died shortly after he provided the completed bankruptcy petition. Sanders had fully informed Vickers of the Inheritance. Unfortunately, the ill health of Vickers influenced Mr. Vicker's work and performance. Other mistakes including tax information, which had to be corrected, were made by Mr. Vickers. Fortunately, the emails between Sanders and Vickers show the events which caused the omission of the Inheritance information. (Trial Exhibits B1 – B7)

6. Sanders filed his Petition on January 25, 2017.

7. Sanders attended his 341(a) hearing on March 6, 2017. At that hearing, the trustee, Wenete Kosmala, asked Sanders if he had scheduled all his assets. He answered yes. The hearing was continued until March 28, 2017.

- 3 -

**TRIAL BRIEF OF RALPH SANDERS**

8.  At the March 23, 2017, Sanders told the trustee that he had received approximately $90,000 from his aunt's estate and had received those monies in 2015 and perhaps in 2016. Sanders explained he was a trustee of the Trust and a defendant in two lawsuits. The inheritance he had received went, in part, to pay two attorneys for the defense of those lawsuits. Richards answered truthfully with the response of "no" to Kosmala's question if he had any portion of the $90,000 left.

9.  Sanders explained he had spent the $90,000 between December of 2015 and March of 2016; about $35,000 to $40,000 had went to attorneys and the rest paid off bills and funded a vacation trip. Sanders further explained to Queenie Ng, a trial attorney with the United States Trustee Office, that his preparer had helped him make a chart of how he had spent the Inheritance.

10. Ng stated that the Trust was not listed in the schedules and that Sanders had not listed the Inheritance income. Sanders stated the reason for that was "the person who prepared, he should have did that because he had me make out the chart, you know, um how the money was spent on." Ng asked Sanders "So you gave the information to, un, the person who prepared the –" Sanders answered "Oh, yeah. He had me make out that, uh, yeah, to say what I did with the money."

11. It was recommended that Sanders file an amended Schedule A/B and Statement of Financial Affairs to accurately amend the Petition and show

- 4 -

**TRIAL BRIEF OF RALPH SANDERS**

receipt of all monies received from the Trust and all documents regarding the

disposition of all monies received.

12. On April 25, 2017, Sanders filed a Summary of Amended Schedules, Master

Mailing List, And/Or Statements [LRG 1007-1(c)] that listed in Item 32 a

"Bobby Rives Trust" amount for $98,600. (Trial Exhibits C1 and C2)

## II

## RELEVANT PROCEDURAL HISTORY

On May 8, 2017, Pette filed an adversary action against Sanders alleging non-

dischargeability of pending lawsuits under 11 U.S.C Section 523(a)(6) and 11 U.S.C.

section 727(a)(4)(A)(B). Included in the factual allegations is the claim that Sanders failed

to disclose on his Chapter 7 Bankruptcy petition that he had received $98,600 in inheritance

("Inheritance") from the Bobbye J. Rives Trust ("Trust"). This allegation is the grounds for

the claim for relief under 11 U.S.C. Section 727(1)(4)(A)(B)

On July 13, 2017, Pette filed an Amended Complaint adding further factual

allegations regarding the claim for relief under 11 U.S.C. Section 523(a)(6). Looking at

judicial economy, the court, on March 19, 2019, ordered the claim for relief under 11

U.S.C. Section 727(a)(4)(A)(B) to proceed to trial; the claim for relief under 11 U.S.C.

Section 523(a)(4) was stayed.

- On March 6, 2019, Pette filed a Motion to Exclude Evidence.

- On March 15, 2019, Sanders filed a Motion to Exclude the Testimony of Paul

  Gonzalez and Marrissa Knight.

-5-

**TRIAL BRIEF OF RALPH SANDERS**

- On March 20, 2019, the Court granted Pettes's motion and denied Sanders' motion.

- On April 5, 2019 Sanders filed a Motion for Judgment on the Pleading, which motion was denied.

- An Ex Parte Motion filed by Pette on 4/15/2019 was mooted by the Court's ruling on Sanders' motion for judgment on the pleadings.

### III.

### SUMMARY OF RELEVANT LAW AND DISPUTED ISSUES OF FACT;

### ANTICIPATED EVIDENTIARY ISSUES

The Court has jurisdiction of this matter and it is a core proceeding.

**A.** **Burden of Proof**

The Plaintiff bears the burden of proving by a preponderance of evidence the elements of the nondischarge provision at issue, Section 727(a)(4). Discharge provisions are construed liberally in favor of the debtor and strictly against the creditor objection to discharge. Discharge is reserved for the honest but unfortunate debtor.

**B.** **The Elements of False Oath**.

To bring a successful objection to Chapter 7 discharge on grounds of false oath, plaintiff must show that:

1) debtor made a false oath in connection with the case;

2) the oath related to a material fact;

3) the oath was made knowingly; and

4) the oath was made fraudulently.

- 6 -

**TRIAL BRIEF OF RALPH SANDERS**

*Cheung v. Fletcher*, E.D. Cal. (2016) 551 B.R. 455.

(See also *In re Retz* (9th Cir. 2010) 606 F.3d 1189, 1198-99.  "This test requires that the Plaintiff prove, by a preponderance of evidence, that: (1) the debtor made a false oath in or in connection with the case: 2) that the false oath related to a material fact; 3) that the oath was made knowingly; and 4) that the oath was made with fraudulent intent.)

**C.    Because Debtor did not knowingly omit the Inheritance from his Petition, the element of "the oath was made knowingly" is not met.**

Debtor's conduct does not meet the third element for a false oath because he did not know his petition failed to set forth the required disclosure of his Inheritance. Under *In re Retz*, a debtor's must know the documents are incomplete when he signs to prove the third element.  (See *In Re Retz*, 1199) Sanders will testify to the Court, and there will be evidence supporting his testimony, that he was not aware of the omission of his Inheritance. Sanders believed that information had been included. He had provided the background and details of his Inheritance to his petition preparer, Vickers.

**D.    Plaintiff has no evidence that Sandors' intent was to omit the Inheritance and cannot show Sanders made a fraudulent oath.**

The fourth element Patte must prove is fraudulent intent. Sanders was not aware he omitted his Inheritance information; it follows as a matter of course that he certainly did not intend to omit that information.

Notwithstanding Sanders lack of fraudulent intent, a plaintiff must prove, again by a preponderance of evidence, that a debtor made the oath fraudulently. This element is met

- 7 -

**TRIAL BRIEF OF RALPH SANDERS**

when the plaintiff shows that the Defendant made representations knowing the representations were false at the time, **with the intent and purpose of deceiving creditors**. See *Khalil v Developers Surety and Indemnity Company* (In re Khalil) (9th Cir. BAP 2007) 379 B.R. 163, 173-174. (emphasis added.)

Patte has no direct evidence. She has no statements made by Sanders or any documents showing any intent by Sanders to make a fraudulent oath. She may prove intent with circumstantial evidence or by inference drawn from the debtor's conduct. *In re Retz*, 606 F.3d at 1199, (*citing Devers v Bank of Sheridan, Mont. (In re Devers*), 759 F2d 751, 753-54 (9th Cir. 1985)). Circumstantial evidence of intent may include reckless indifference or disregard for the truth, but these are insufficient alone to constitute fraudulent intent. *In re Khalil*, 379 B.R. at 173-75.

Patte has no circumstantial evidence; indeed, the circumstantial evidence supports a finding that Sanders gave the information to his preparer and intended that he submit the information about his Inheritance. Sanders did not fail to affirm his Inheritance when asked by the trustee and amended his schedules promptly when he realized the error.

**E.    Sander's omission was neither extreme nor evident and falls within an "advice of counsel" where counsel was a professional preparer of bankruptcy petitions.**

The petition is 176 pages long. Sanders had no relevant background of any type wherein a claim can be made he had an ability to know and apply bankruptcy knowledge in review of his petition. Sanders wasn't aware of all the information that not only was proper in being included, but information that should have been included. Sanders relied

- 8 -

**TRIAL BRIEF OF RALPH SANDERS**

completely upon Mr. Vickers and upon his wife Mrs. Vickers, both of whom enjoyed a good reputation and possessed long-standing experience in the field of bankruptcy petition preparation.

"Reliance on advice of counsel is no defense in proceeding to deny debtor a discharge based on his false oaths, where the deficiencies and disclosures made on documents filed with court should have been evident to debtor." *In re Hannon*, C.A. 1 (Mass) 2016, 839 F3d 63. The deficiency here, an Inheritance not set forth on the Petition, was not evident to the debtor, whose familiarity with bankruptcy laws, procedures, and forms was none and who hired a professional to ensure that the Petition was accurate and without liability as to claims under Section 727. The lack of the Inheritance was not evident, was not extreme; and the error does not meet a "patently false" standard: "Chapter 6 debtors could not use an "advice of counsel defense to trustee's denial-of-discharge complaint with respect to information included in the statement of financial affairs (SOFA) and schedules that was patently false. *In re Gonzalez*, Bkrtcy. E.D.N.Y. 2016 553 B.R. 467.This case is a simple case of a professional preparer who became ill and sick in an instance so severe it led to his death; at such a time, it is reasonable to apply an "advice of counsel" defense.

**F.     Corrections of falsity can show and does show in this case innocent error of a third-party preparer.**

"Debtor coming forward of his or her own accord to correct an omission from bankruptcy schedules or statement of financial affairs is strong evidence that there was no fraudulent intent in the omission, of kind required to deny discharge on "false oath

- 9 -

**TRIAL BRIEF OF RALPH SANDERS**

grounds.:" *In re Cawthon*, Bkrtcy. N.D. GA. 2018 594 B.R. 913.

Sanders has consistently shown honesty and reliability to provide answers, explanations, and documents, including the information of his Inheritance. At the meeting of creditors where he was questioned, he revealed the information about his Inheritance. Sanders revealed that information in a way that demonstrates a person expected such information to have been already known. There was no second guessing or playing around while trying to ascertain what the other party might know. Sanders conduct shows he expected the trustee to have known about the $98,600.

There is no pattern of misrepresentation or frustration of any person's efforts to obtain discovery or information. An honest mistake resulting from a severe and unusual sickness and death caused the omission of the Inheritance information. It is not reasonable to suppose Sanders should have caught the mistake; the mistake was not extreme. There is evidence that Sanders intended the information to be included; no evidence he knew it was not; and absolutely no evidence, Sanders intended to make a fraudulent oath.

## V

## CONCLUSION

The Court should deny Plaintiff's Complaint for Nondischargeability under 11 U.S.C. Section 727(a)(4).

DATED:  May 6, 2019

**RALPH E. SANDERS, in pro per**

- 10 -

**TRIAL BRIEF OF RALPH SANDERS**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

540 N. 17th St. #F

Santa Ana, CA

92706

A true and correct copy of the foregoing document entitled (*specify*): **TRIAL BRIEF OF RAPLH SANDERS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 6, 2019,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Weneta M. Kosmala (TR) - wkosmala@kosmalalaw.com**
**United States Trustee (SA) - ustpregion16.sa.ecf@usdoj.gov**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **May 6, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Larnita Pette**
**2588 El Camino Real, Suite F-195**
**Carlsbad, CA  92008**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 6, 2019,** I served the following persons and/or entities by **personal delivery**, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**United States Bankruptcy Court (PERSONAL DELIVERY)**
**Santa Ana Division**
**Attn: Honorable Mark S. Wallace**
**411 W. Fourth Street, Suite / Courtroom 6135/6C**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **May 6, 2019** | *Lynn Castro* | *Signature* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**