

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:17-bk-10265-MW |
| RALPH E. SANDERS | |
| Debtor | Chapter 7 |
| | |
| Larnita Pette | |
| Plaintiff | |
| vs. | Adv. No 8:17-ap-01068-MW |
| RALPH E. SANDERS | |
| Defendant | |

**PLAINTIFF'S PRE-TRIAL MEMORANDUM**

I, Larnita Pette, ("Plaintiff") in the above adversary case hereby submits to the Court the Plaintiff's Pre-Trial Memorandum.

This memorandum addresses the plaintiff's positions in support of the amended adversary complaint's second claim for relief for a denial of discharge of Ralph Sanders' ("Defendant") Chapter 7 Bankruptcy petition under 11 U.S.C. § 727(a)(4)(A)(B).

11 U.S.C § 727(a)(4)(A)(B) states "(a) the court shall grant the debtor a discharge, unless (4) the debtor knowingly and fraudulently, in or in connection with the case (A) made a false oath or account; (B) presented or used a false claim.

1

# I. Statement of Facts

**A. Similarities between Chapter 7 Bankruptcy Petitions of Ralph Sanders and Beverly Murray-Calcote, co-trustees of the Bobbye J. Rives Trust.**

1. On, January 25, 2017, Defendant filed for Chapter 7 bankruptcy protection.

2. On February 17, 2017, Beverly Murray-Calcote (2:17-bk-11972-RK) filed for Chapter 7 bankruptcy protection in the Los Angeles Division of the Central District of California Bankruptcy Court.

   a. U. S. Trustee, Complaint for Denial of Discharge Pursuant to 11 U.S.C. §727(a)(2), (a)(3), (a)(4) and (a)(5) case 2:17-ap-01487-RK.

   b. Order approving stipulation to voluntarily dismiss case with a refiling bar as to chapter 7 only in lieu of denial of chapter 7 discharge under 11 U.S.C. §727(a)(2),(a)(3), (a)(4) and (a)(5).

3. As Co-Defendants ("Sanders and Murray-Calcote") in the pending state court civil lawsuits, both failed to the include the fact that they were Co-Trustees of the Bobbye J. Rives Trust ("Trust") who had beneficial interests in and received distributions from the Trust in their Chapter 7 schedules.

4. Both co-defendants were required amend their bankruptcy schedules several times and provide additional records and documentation by the United States Trustees and Chapter 7 trustees to correct omissions and inaccuracies in their Chapter 7 schedules.

**B. Failure of the Defendant ("Ralph Sanders") to Disclose his Beneficial Interest in the Trust.**

The Defendant failed to disclose the fact that he was a co-trustee of the Bobbye Rives Trust and the fact that he had inherited in excess of $98,000 from the Trust two years prior to filing for bankruptcy on January 25, 2017.

In *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir. 1984), the concept of the "materiality" of an omission is defined as:

> "The subject matter of a false oath is 'material,' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, of the existence and disposition of his property."

In *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249 (4th Cir. 1987), the Fourth Circuit explained that to support a denial of discharge under 11 U.S.C. §727(a)(4), a false statement or non-disclosure must be material.

There was no dispute that the Defendant failed to disclose his beneficial interest in the Trust and his relationship with the Trust as a co-trustee. The Defendant's initial Chapter 7 schedules, filed on January 25, 2017 and the initial 341(a) hearing on March 9, 2017 failed to disclose or properly identify:

1. He was a beneficiary of the Trust. He was a co-trustee of the Trust. He received at least $98,600 pre-petition inheritance/income as a beneficiary of the Trust.

2. He owns an unscheduled business named Robbie Bobbye Housing, Inc., a 501(c)(3) non-profit charity providing housing for low income, elderly seniors and families.

3. On the Chapter 7 Schedule E/F part 2 questions 4.16 and 4.17, the Superior Courts in Orange County and San Diego are listed as nonpriority unsecured claims in the wrongful death and probate lawsuits filed against the defendant and Ms. Murray-Calcote.

During the March 23, 2017, 341 hearing, the defendant admitted that he was a beneficiary of the Trust, but only when he was directly asked by the Chapter 7 trustee and the U.S. Trustee, who Bobbye Rives was and if he had inherited anything from her. The plaintiff was present at the March 9th and Marc 23rd 341 hearings. The Plaintiff intends to play the audio CD and review transcripts of both hearings at the trial.

The Defendant maintains that the bankruptcy preparer, Grady Vickers, was provided with the information on and inheritance from the trust but failed to include the information regarding the Trust on the bankruptcy petition that the defendant signed.

The Defendant signed the initial schedules and statements, declaring under penalty of perjury at the initial 341(a) hearing that he had reviewed his schedules and statements and that they were accurate and correct.

### C. Robbie Bobbye Housing, Inc.

The Defendant incorporated Robbie Bobbye Housing, Inc (CT0245387), a registered Charitable Trust with the California Department of Justice and filed an initial Registration Renewal Fee (RRF-1) on 12/31/15. The Defendant failed to disclose the fact that Robbie Bobbye Housing, Inc. ("RBH") was a 501(c)(3) corporation that he created in his initial schedules.

1. RBH Articles of Incorporation were filed on August 20, 2015
2. At the March 23, 2017 341 hearing, the Defendant indicated that he was the "house manager" for the RBH leased home at 1251 W. Bishop, Santa Ana, CA.
3. The defendant stated in his bankruptcy schedules that he was "Unemployed".
4. The RBH employment contract, signed on 11/1/15 with RBH stated that he would start working as a "Director" on 12/1/15 with a beginning annual compensation of

$9,600. The defendant was required to amend the Bankruptcy schedules and statements to reflect the fact that he was director, officer and owner of RBH.

5. The Defendant failed to mention that, in addition to the W. Bishop residence, RBH was leasing two 5-bedroom homes in La Habra, CA and renting the rooms for $1,200 to $1,400 per month based on Petitions for Temporary Restraining Orders that the defendant filed against residents at the W. Bishop and La Habra residences in December of 2016.

6. The two La Habra residences were and are owned by Lambert Monte Vista, LLC., an one person entity owned/managed by Dan Kalili.

7. The Defendant's schedules have not been amended to reflect the rental income received by the Defendant and RBH from these residences.

8. There is a reason the Defendant did not disclose the RBH leases of the La Habra residences when he filed for Chapter 7 bankruptcy. On January 18, 2017, Mr. Dan Kalili pled guilty to "hiding millions of dollars in secret foreign bank accounts". (attachment)

## II.    Conclusion

The Defendant is not entitled to a discharge. He willfully failed to disclose material assets that he was required to disclose. His failure to disclose his inheritance and the additional residences leased by his non-profit RBH was willful, knowing and fraudulent. The intent was to hinder, delay and defraud his creditors.

Dated: May 6, 2019

_Larnita Pette_
Larnita Pette, Pro Se

5

JUSTICE NEWS

**Department of Justice**

Office of Public Affairs

FOR IMMEDIATE RELEASE                                                                    Wednesday, January 18, 2017

# Southern California Residents Plead Guilty to Hiding Millions of Dollars in Secret Foreign Bank Accounts

### Failed to Report Swiss and Israeli Accounts Held for Over a Decade

Three Orange County, California residents pleaded guilty today to willfully failing to report their foreign bank accounts in Switzerland and Israel, announced Principal Deputy Assistant Attorney General Caroline D. Ciraolo, head of the Justice Department's Tax Division.

Dan Farhad Kalili, 55, a resident of Irvine, California, together with his brother, David Ramin Kalili, 52, and his brother-in-law, David Shahrokh Azarian, 67, residents of Newport Coast, California, admitted that they willfully failed to file Reports of Foreign Bank and Financial Accounts (FBARs) with the Internal Revenue Service (IRS) regarding secret bank accounts in Switzerland and in Israel that each respectively maintained and controlled, many for well over a decade. These secret accounts held assets that reached into the millions of dollars.

"The days of being able to safely hide income and assets offshore and evade U.S. tax have come to an end," said Principal Deputy Assistant Attorney General Ciraolo. "The United States and foreign jurisdictions are sharing information and working together to ensure that citizens around the world are paying their fair share. The guilty pleas entered today are yet another example of what awaits U.S. taxpayers who continue to flout the law."

"David and Dan Kalili and David Azarian disregarded their legal responsibility to file the required report of foreign bank accounts and report all their income and interest," said Chief Richard Weber of IRS Criminal Investigation. "Regardless of where the money is hidden around the world, IRS-CI will follow the sophisticated financial transactions and ensure everyone is held accountable for the taxes they are required to pay."

According to the documents filed with the court, and statements made in connection with the defendants' guilty pleas:

Beginning in May 1996, and continuing through at least 2009, Dan Kalili opened and maintained several undeclared offshore bank accounts at Credit Suisse Group (Credit Suisse) in Switzerland. He also opened and maintained several undeclared offshore bank accounts from at least 1998 through 2008 at UBS AG (UBS) in Switzerland. Similarly, David Kalili opened and maintained several undeclared accounts at Credit Suisse in Switzerland, from February 1999 through at least 2009, and at UBS in Switzerland, from October 1993 through at least 2008. Dan and David Kalili also maintained joint undeclared Swiss bank accounts at both UBS and Credit Suisse beginning in 2003 and 2004, respectively. Meanwhile, Azarian opened and maintained several of his own undeclared accounts at Credit Suisse in Switzerland from May 1994 through at least 2009, and at UBS in Switzerland from April 1997 through at least 2008.

In July 2006, Dan Kalili, with the assistance of Beda Singenberger (Singenberger), a Swiss citizen who owned and operated a financial advisory firm called Sinco Truehand AG, opened an undeclared account at UBS in the name of the Colsa Foundation, an entity established under the laws of Liechtenstein. Singenberger was indicted in the Southern District of New York on July 21, 2011, for conspiring to defraud the United States, evade U.S. income taxes, and file false U.S. tax returns. Singenberger remains a fugitive. As of May 2008, the Colsa Foundation account at UBS held approximately $4,927,500 in assets.

Each of the defendants took affirmative steps to prevent their assets in UBS and Credit Suisse from being discovered. Dan Kalili opened an undeclared account at Swiss Bank A in the name of the Colsa Foundation and in May 2008, transferred his assets from the UBS Colsa Foundation account to Swiss Bank A. He later made partial disclosure of the Swiss Bank A Colsa account on his individual income tax returns. In 2009, Dan Kalili opened undeclared accounts at Israeli Bank A and at Bank Leumi, both in Israel. In June 2009, he closed the joint undeclared account at Credit Suisse he held with David Kalili, as well as his own undeclared account, and transferred the funds. Shortly before its closure, the undeclared joint account of Dan and David Kalili at Credit Suisse held approximately $2,561,508 in assets. As of December 2009, Dan Kalili's undeclared account at Israeli Bank A held assets valued at approximately $1,569,973, and his undeclared account at Bank Leumi held assets valued at approximately $2,497,931.

Similarly, in August 2008, David Kalili opened an undeclared account at Israeli Bank A in Israel, into which he transferred funds from his UBS accounts. He later partially declared the Israeli Bank A account on his individual income tax returns. As of August 2009, David Kalili's undeclared account at Israeli Bank A held assets valued at approximately $1,369,489.

In August 2008, Azarian, also opened an undeclared account at Israeli Bank A in Israel, and in May 2009, he closed his undeclared account held at Credit Suisse and transferred the funds to Israeli Bank A. Azarian later partially declared this Israeli Bank A account on his individual income tax returns. At the time of its closure, Azarian's undeclared account at Credit Suisse held assets valued at approximately $1,903,214.

For each year from 2006 through 2009, Dan Kalili, David Kalili, and Azarian, as U.S. citizens, were required, but willfully failed, to report their ownership and control over foreign bank accounts through the timely filing of FBARs with the IRS disclosing their signatory or other authority over the various undeclared accounts held at UBS, Credit Suisse, Israeli Bank A, and Bank Leumi, each having an aggregate value of more than $10,000 during each of these years.

U.S. District Judge Andrew J. Guilford of the Central District of California scheduled sentencing for April 24. Dan Kalili, David Kalili, and Azarian each face a statutory maximum sentence of five years in prison, a period of supervised release, restitution and monetary penalties. In addition, each defendant agreed to pay a civil penalty for willfully failing to file FBARs. Dan Kalili agreed to pay a civil penalty of $2,674,329, David Kalili agreed to pay a civil penalty of $1,325,121 and Azarian agreed to pay a civil penalty of $951,607.

Principal Deputy Assistant Attorney General Ciraolo commended special agents of IRS-CI, who conducted the investigation, and Assistant Chief Jorge Almonte and Trial Attorney Jason M. Scheff of the Tax Division, who are prosecuting the case. Principal Deputy Assistant Attorney General Ciraolo also thanked the U.S. Attorney's Office for the Central District of California for its substantial assistance.

Additional information about the Tax Division and its enforcement efforts may be found on the division's website.

**Topic(s):**
Tax

**Component(s):**
Tax Division

**Press Release Number:**
17-090

*Updated March 17, 2017*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled (*specify*): __Plaintiff's Pretrial Memorandum__

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) __5/6/19__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __5/6/19__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge's Copy: Hon. Mark S. Wallace 411

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

__5/6/19__    __Kimberly Thatcher__    _/s/_
Date          Printed Name              Signature

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE