LARNITA PETTE
2588 El Camino Real, Suite F-195
Carlsbad, CA 92008
(707) 853-2049
Email: larnita.pette@gmail.com

PLAINTIFF, PRO SE



FILED
MAY 17 2019
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:           Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>RALPH E. SANDERS<br><br>            Debtor<br><br>Larnita Pette<br><br>            Plaintiff<br>vs.<br><br>RALPH E. SANDERS<br><br>            Defendant | Case No.: 8:17-bk-10265-MW<br><br>Chapter 7<br><br>Adv. No 8:17-ap-01068-MW<br><br>**REQUEST FOR JUDICIAL NOTICE OF (1) DECLARATIONS, BRIEFS AND MOTIONS OF "PRO SE" DEFENDANT AND (2) PLAINTIFF'S EX PARTE APPLICATION, MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Trial Date: May 20, 2019<br>Time:      9:00 a. m.<br>Place:     Courtroom 6C<br>             Ronald Reagan Federal Building<br>             411 West Fourth Street<br>             Santa Ana, CA 92701 |

Under the Federal Rules of Evidence Rule ("Rule") 201(c)(2), I, Larnita Pette, ("Plaintiff"), request that the Court take judicial notice of the following documents filed and signed by the Defendant as a "Pro Se" litigant in this case.

Rule 201(c)(2) states: "(c) **Taking Notice**. The court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information."

Specifically, Plaintiff requests that the Court take judicial notice of:

(1) The language Declarations, Briefs and Motions filed by the Defendant and purportedly prepared and written by him as a "pro se" litigant identified in the Table below;

(2) Plaintiff's Ex Parte Application and Memorandum of Points and Authorities ("MOA") which the Court denied and declared moot due to the fact that the Court denied with prejudice the Defendant's Motion for Judgment on the Pleadings.

    a.    The documents, exhibits, and case law addressing issues of fairness and remedies created when "ghostwriting" attorneys stand in the "shadows of the courthouse" guiding litigation for "pro se" litigants and

    b.    Potential Federal Rule of Civil Procedure 11 ("Rule 11") violations by a "ghostwriting" attorney.

## I.

## DOCUMENTS SIGNED AS "PRO SE" ALLEGEDLY WRITTEN BY AN ATTORNEY

In each of the documents listed in the Table below, the defendant has indicated by his caption and signature as a "pro se" litigant he wrote the briefs, motions and declarations. However, the formatting of the documents and language are more consistent with the writing of a licensed attorney when compared to other briefs written by the Defendant in this case (Dockets #12, #14 and #29).

| DOCKET # | DATE | DOCUMENT | PAGE | PRO SE |
|---|---|---|---|---|
| 24 | Apr. 23, 2018 | Declaration/POS | 2 | yes |
| 39 | Mar. 12, 2019 | Declaration of Defendant | 4-6 (emails to G. Bosse) | yes |

Case 8:17-ap-01068-MW    Doc 72    Filed 05/17/19    Entered 05/17/19 12:38:47    Desc
Main Document    Page 3 of 6

| 40 | Mar. 15, 2019 | Defendant's Motion to Exclude Testimony | | yes |
|---|---|---|---|---|
| 43 | Mar. 15, 2019 | Unilateral Pretrial Stipulation | Appendix 4, Page 11 | yes |
| 49 | Apr. 5, 2019 | Notice of Motion and Motion for Judgment | | yes |
| 57 | Apr. 15, 2019 | Declaration of Ralph Sanders | Pages 5-7, 9-10 (emails to G. Bosse) | yes |
| 58 | Apr. 15, 2019 | Request for Judicial Notice in Support of Motion for Judgment | | yes |
| 66 | Apr. 30, 2019 | Defendant's Witness List | | yes |
| 67 | May 6, 2019 | Trial Brief filed by Defendant | | yes |
| 69 | May 16, 2019 | Substitution of Attorney filed by Defendant Ralph Sanders | Gregory Bosse | yes |

## II.

## JUDICIAL NOTICE REQUESTED FOR EX PARTE APPLICATION DOCUMENTS

Plaintiff is also requesting that the Court take Judicial Notice of the briefs and exhibits filed with the Ex Parte application (Dockets 53,54) which raises the issues associated with attorneys "ghostwriting" briefs and doing legal research for "pro se" litigants.

On April 15, 2019, Plaintiff filed an Ex Parte Application for Shortened Time to Have Motion Heard (Docket #53) before a May 8, 2019 hearing on Defendant's Motion for Judgement on the Pleadings. The Court denied with prejudice the Defendant's Motion for Judgment on the Pleadings. The Plaintiff's ex parte motion, now moot, was also denied.

Plaintiff also filed a Memorandum of Points and Authorities (MOA) in support of Ex Parte Application (Docket #54). Plaintiff included in the attached exhibits an April 24, 2018 letter she wrote to Gregory Bosse, Esq. asking if someone in his office wrote the Defendant's April 23, 2018 Declaration. (Docket #54, page 13).

Mr. Bosse responded in an email dated May 7, 2018 stating that:

1. He had "assisted" the Defendant in preparing the Declaration;

- 3 -
PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

2. He had no intention of filing a Substitution of Attorney form in regard to Sanders at this time;

3. He was not required to detail any services he is providing to the Defendant.

(Docket #54, page 15).

Based on the number documents in Table 1 that the Plaintiff believes were written "ghostwritten" by an attorney. Mr. Bosse, on May 16, 2019 is filing a Substitution of Attorney form days before the trial is set to start on May 20, 2019 and while the Plaintiff is in the middle of preparing for the May 20th trial as a pro se litigant.

1. **Remedies suggested by case law**

   a. In *Chriswell v. BIG SCORE ENTERTAINMENT, LLC*, No. 11 C 00861 (N.D. Ill. Jan. 28, 2013). The court did not dismiss Chriswell's complaint on the basis of "alleged" ghostwriting. However, the Court did order Chriswell "to file a sworn affidavit (1) disclosing whether she has received legal assistance from an attorney or someone with legal knowledge: and if so, (2) revealing the identity of the person who has been assisting her with her briefs.

   b. *In re Mungo*, 305 B.R. 769 (Bankr. D.S.C. 2003) "Furthermore, upon finding that an attorney has ghost written pleadings for a pro se litigant, this Court will require that offending attorney to sign the pleading or motion so that the same ethical, professional, and substantive rules and standards regulating other attorneys, who properly sign pleadings, are applicable to the ghost-writing attorney.

   (Docket #54, page 9)

2. **Federal Rule of Civil Procedure 11 ("FRCP 11")**

*In re Mungo*, 305 B.R. 769 (Bankr. D.S.C. 2003) opinion on FRCP 11

*Fed.R.Civ.P. 11* requires an attorney to sign all documents submitted to the court and to personally represent that there are grounds to support the assertions made in each filing in the course of that attorney's representation of a client. Ghost-writing frustrates the application of these rules by shielding the attorney who drafted pleadings for pro se litigants in a cloak of anonymity. An obvious result of the anonymity afforded ghost-writing attorneys is that they cannot be policed pursuant to the applicable ethical, professional, and substantive rules enforced by the Court and members of the bar since no other party to the existing litigation is aware of the ghost-writing attorney's existence. *See Barnett,* 2001 WL 433413 at *3; <u>Duran, 238 F.3d at 1272</u>; <u>Ellis, 448 F.2d at 1328</u>; <u>Laremont-Lopez,968 F. Supp. at 1078-79</u>. (Docket #54, pages 7-8)

## III.

## CONCLUSION

"Attorneys cross the line, however, when they gather and anonymously present legal arguments, with the actual or constructive knowledge that the work will be presented in some similar form in a motion before the Court. With such participation the attorney guides the course of litigation while standing in the shadows of the Courthouse door".
*Ricotta v. Cal.*, 4 F.Supp.2d. at 987. (Docket #54, page 5).

It is apparent to the Plaintiff that Mr. Bosse has been guiding "the course of the litigation while standing in the shadows of the Courthouse door".

Therefore, the Plaintiff requests that the Court take judicial notice of:

(1) Declarations, Briefs and Motions filed by the Defendant as a of "pro se" litigant, and:

(2) plaintiff's ex parte application, memorandum of points and authorities documents and exhibits filed with the Court in this case.

Dated this 17th of May, 2019

*[signature]*
Larnita Pette, Pro Se

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4246 Arcata Bay Way, Oceanside, CA 92058

A true and correct copy of the foregoing document entitled (*specify*): Request for Judicial Notice of (1) Declarations, Briefs and Motions of "Pro Se" Defendant and (2) Plaintiff's Ex Parte Application, Memorandum of Points and Authorities

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __05/17/2019__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Ralph Sanders, 1251 W. Bishop, Santa Ana, CA 92703
Weneeta Kosmala, Chapter 7 Trustee, 3 MacArthur Pl # 760, Santa Ana, CA 92707
Queenie Ng, U.S.Trustee, 411 West Fourth Street, 7th Floor, Santa Ana, CA 92701

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __05/17/2019__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge's Copy: Hon. Mark S. Wallace, 411 West Fourth Street, Suite 6135, Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/17/2019 | Pat Schifftner | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**