

**FILED & ENTERED**

**OCT 18 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Ralph E Sanders<br><br>Debtor(s).<br><br>―――――――――――――<br>Larnita Pette<br><br>Plaintiff(s),<br>v.<br><br>Ralph E Sanders<br><br>Defendant(s). | CHAPTER 7<br><br>Case No.:  8:17-bk-10265-MW<br>Adv No:   8:17-ap-01068-MW<br><br>**ORDER ON DEBTOR-DEFENDANT'S FRCP 54(b) MOTION FOR ENTRY OF JUDGMENT ON FALSE OATH CLAIM** |

Debtor-defendant Ralph Sanders ("Debtor") moves pursuant to Federal Rule of Bankruptcy Procedure 7054 and Federal Rule of Civil Procedure 54(b) (the "Motion") for entry of final judgment on less than all the claims in *Pette v. Sanders (In re Sanders)*, Adversary Proceeding No. 8:17-ap-01068-MW in the main bankruptcy case of *In re*

-1-

*Sanders*, Case No. 8:17-bk-10265-MW (the "1068 Action").

The 1068 Action is comprised of a denial of discharge cause of action under 11 U.S.C. § 727 and an exception to discharge cause of action under 11 U.S.C. § 523. With respect to the latter, plaintiff Larnita Pette ("Plaintiff") had sued Debtor in state court alleging defamation and other causes of action. These actions were pending in state court when Debtor filed his voluntary chapter 7 petition.

This Court determined that considerations of judicial economy and expeditious resolution of litigation militated in favor of going forward with the section 727 cause of action and temporarily staying the section 523 cause of action. The Court reasoned that if were to try the section 727 cause of action and determine that Debtor should be denied a discharge, the section 523 cause of action would not need to be tried. On the other hand, if the section 727 cause of action were to be decided in Debtor's favor, then the section 523 cause of action could proceed.

Federal Rule of Civil Procedure 54(b), applicable in this matter pursuant to Federal Rule of Bankruptcy Procedure 7054(a), permits a court to enter judgment on fewer than all the claims in a case only if "the court determines there is no just reason for delay." Partial judgment under Rule 54(b) is proper where there are distinct and severable claims and immediate appellate review of the portions ruled upon will not result in later duplicative proceedings in the trial or appellate court. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-79 (9th Cir. 2005).

Debtor seeks appellate review of this Court's order deciding the section 727 claim in Plaintiff's favor. The section 727 claim would appear to the Court to be distinct and severable from the section 523 claim for the reasons stated above. Were the Court to grant the Motion and render judgment on the section 727 claim, immediate appellate review of this determination would not appear to result in subsequent duplicative proceedings.

For these reasons, the Court grants the Motion and directs Debtor to lodge a form of judgment consistent with this Order within ten (10) days of the Order's entry.

IT IS SO ORDERED.

###

Date: October 18, 2019

Mark S. Wallace
United States Bankruptcy Judge