United States Bankruptcy Court
Central District of California

Pette,
    Plaintiff

Sanders,
    Defendant

Adv. Proc. No. 17-01068-MW

## CERTIFICATE OF NOTICE

District/off: 0973-8     User: admin     Page 1 of 1     Date Rcvd: Oct 18, 2019
                   Form ID: pdf031     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 20, 2019.
pla           +Larnita Pette,    2588 El Camino Real Ste F-195,    Carlsbad, CA 92008-1211
dft           +Ralph E Sanders,    1251 W Bishop,    Santa Ana, CA 92703-4548

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 20, 2019                             Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 18, 2019 at the address(es) listed below:
       Gregory L Bosse    on behalf of Defendant Ralph E Sanders   greg@lawbosse.com,   lynn@lawbosse.com
       United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
       Weneta M Kosmala (TR)    ecf.alert+Kosmala@titlexi.com,
        wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
                                                        TOTAL: 3

**FILED & ENTERED**

OCT 18 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Ralph E Sanders<br><br><br>                    Debtor(s). | CHAPTER 7<br><br>Case No.:  8:17-bk-10265-MW<br>Adv No:   8:17-ap-01068-MW<br><br>**ORDER ON DEBTOR-DEFENDANT'S FRCP 54(b) MOTION FOR ENTRY OF JUDGMENT ON FALSE OATH CLAIM** |
| Larnita Pette<br><br>                    Plaintiff(s),<br>     v.<br><br>Ralph E Sanders<br><br><br>                    Defendant(s). | |

Debtor-defendant Ralph Sanders ("Debtor") moves pursuant to Federal Rule of Bankruptcy Procedure 7054 and Federal Rule of Civil Procedure 54(b) (the "Motion") for entry of final judgment on less than all the claims in *Pette v. Sanders (In re Sanders)*, Adversary Proceeding No. 8:17-ap-01068-MW in the main bankruptcy case of *In re*

-1-

*Sanders*, Case No. 8:17-bk-10265-MW (the "1068 Action").

The 1068 Action is comprised of a denial of discharge cause of action under 11 U.S.C. § 727 and an exception to discharge cause of action under 11 U.S.C. § 523. With respect to the latter, plaintiff Larnita Pette ("Plaintiff") had sued Debtor in state court alleging defamation and other causes of action. These actions were pending in state court when Debtor filed his voluntary chapter 7 petition.

This Court determined that considerations of judicial economy and expeditious resolution of litigation militated in favor of going forward with the section 727 cause of action and temporarily staying the section 523 cause of action. The Court reasoned that if were to try the section 727 cause of action and determine that Debtor should be denied a discharge, the section 523 cause of action would not need to be tried. On the other hand, if the section 727 cause of action were to be decided in Debtor's favor, then the section 523 cause of action could proceed.

Federal Rule of Civil Procedure 54(b), applicable in this matter pursuant to Federal Rule of Bankruptcy Procedure 7054(a), permits a court to enter judgment on fewer than all the claims in a case only if "the court determines there is no just reason for delay." Partial judgment under Rule 54(b) is proper where there are distinct and severable claims and immediate appellate review of the portions ruled upon will not result in later duplicative proceedings in the trial or appellate court. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-79 (9th Cir. 2005).

Debtor seeks appellate review of this Court's order deciding the section 727 claim in Plaintiff's favor. The section 727 claim would appear to the Court to be distinct and severable from the section 523 claim for the reasons stated above. Were the Court to grant the Motion and render judgment on the section 727 claim, immediate appellate review of this determination would not appear to result in subsequent duplicative proceedings.

1  For these reasons, the Court grants the Motion and directs Debtor to lodge a
2  form of judgment consistent with this Order within ten (10) days of the Order's entry.
3  IT IS SO ORDERED.
4  ###

Date: October 18, 2019

Mark S. Wallace
United States Bankruptcy Judge