B2650 (Form 2650) (12/15)

# United States Bankruptcy Court

_____ Central _____ District Of __ California _____

In re __ Ralph E. Sanders _____ ,
                    Debtor

Larnita Pette _____ ,
                    Plaintiff

v.
Ralph E. Sanders _____ ,
                    Defendant

Case No. 8:17-bk-10265 MW

Chapter ____ 7 _____

Adv. Proc. No. 8:17-ap-01068 MW

## CERTIFICATION OF JUDGMENT FOR
## REGISTRATION IN ANOTHER DISTRICT

I, clerk of the United States Bankruptcy Court, do certify that the attached judgment is a true and correct copy of the original judgment entered in this proceeding on 10/25/2019 & 1/12/2021 as it appears in the records of this court, and that:                    (727) (date)      (523)

☐ No notice of appeal from this judgment has been filed, and no motion of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Federal Rule of Bankruptcy Procedure 9024, has been filed.

☐ No notice of appeal from this judgment has been filed, and any motions of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Federal Rule of Bankruptcy Procedure 9024, have been disposed of, the latest order disposing of such a motion having been entered on _____ .
                                        (date)

☑ An appeal was taken from this judgment, and the judgment was affirmed by mandate of the Bankruptcy Appellant Panel for the Ninth Circuit __ issued on ___ April 3, 2020 _____ .
        (name of court)                                        (date)

☐ An appeal was taken from this judgment, and the appeal was dismissed by order entered on

_____ .
        (date)

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
411 W. 4th ST., SUITE 2074
SANTA ANA, CA 92701-4593

**KATHLEEN J. CAMPBELL**

**KATHLEEN J. CAMPBELL**

_____
Clerk of the Bankruptcy Court

By: _____
            James Le
                    Deputy Clerk

            James Le

2/17/2021
Date

SEAL



ORIGINAL

FILED

OCT 25 2019

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

ENTERED

OCT 29 2019

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

LODGED

OCT 23 2019

CLERK/U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

1   **GREGORY L. BOSSE, ESQ., State Bar No. 103641**
2   **LAW OFFICES OF GREGORY L. BOSSE**
    **940 W. 17th Street, Suite F**
3   **Santa Ana, California  92706**
    **(714) 550-9555 Telephone**
4   **(714) 316-1344 Fax**
    greg@lawbosse.com
5
6   Attorneys for Defendant, RALPH E. SANDERS

## UNITED STATES BANKRUPTY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

12  IN RE:                          )   Case No.  8:17-bk-10265-MW
                                    )
13  RALPH E. SANDERS,               )   Chapter 7
                                    )
14          Debtor,                 )   Adv. No. 8:17-AP-01068-MW
                                    )
15                                  )                       MSW
                                    )   [~~PROPOSED~~] JUDGMENT
16  _____ )
                                    )
17  LARNITA PETTE,                  )
                                    )
18          Plaintiff,              )
                                    )
19  vs.                             )
                                    )
20                                  )
    RALPH SANDERS,                  )
21                                  )
            Defendant.              )
22                                  )
                                    )
23                                  )
                                    )
24                                  )
25  _____ )
26
27
28

[~~PROPOSED~~] JUDGMENT

1    On October 18, 2019 the Court granted Defendant's FRCP 54(b) Motion for Entry of

2    Judgment for a partial final judgment on Plaintiff's false oath claim pursuant to 11 U.S.C. §

3
4    727(a)(4)(A). Whereas the Court found that there was no just reason for delay and immediate

5    appellate review of the Court's Order denying discharge under 11 U.S.C. § 727 would not

6    result in duplicative proceedings:

7        **IT IS HEREBY ORDRED** that a final JUDGMENT OF DENIAL OF DISCHARGE

8
9    BE ENTERED that Ralph Sanders is denied a discharge pursuant to 11 U.S.C. §

10   727(a)(4)(A).

11       **IT IS SO ORDERED.**

12

13
14   Dated: _October 25, 2019_ .                      _Mark S. Wallace_
                                                       The Honorable Mark S. Wallace
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[PROPOSED] JUDGMENT**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **940 W. 17th Street, Suite F, Santa Ana, CA  92706**

A true and correct copy of the foregoing document entitled (*specify*): **[PROPOSED] JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 23, 2019,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Weneta M. Kosmala (TR) - wkosmala@kosmalalaw.com**
**United States Trustee (SA) - ustpregion16.sa.ecf@usdoj.gov**

☐ Service information continued

**2.SERVED BY UNITED STATES MAIL**:
On **October 23, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Larnita Pette  (ALSO VIA EMAIL)**
**2588 El Camino Real, Suite F-195**
**Carlsbad, CA  92008**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 23, 2019,** I served the following persons and/or entities by **personal delivery**, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**United States Bankruptcy Court (PERSONAL DELIVERY)**
**Attn: Honorable Mark S. Wallace**
**411 W. Fourth Street, Suite / Courtroom 6135/6C**
**Santa Ana, CA  92701**

☐ Service information continued on

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **October 23, 2019** | **LYNN CASTRO** | |

**– 3 –**
**[PROPOSED] JUDGMENT**

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

**FILED**

APR 3 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

In re: RALPH E. SANDERS

Debtor                                    BAP No. CC-19-1153-FSTa

------------------------------

RALPH E. SANDERS                          Bankr. No. 8:17-bk-10265-MW
                                          Adv. No. 8:17-ap-01068-MW
Appellant                                 Chapter 7

v.

LARNITA PETTE

Appellee

## PROOF OF SERVICE OF MANDATE

A certified copy of the attached judgment was sent to:

CLERK

U.S. BANKRUPTCY COURT
BkCt, Santa Ana
U.S. Bankruptcy Court
Ronald Reagan Federal Building and United States Courthouse
411 West Fourth Street
Santa Ana, CA 92701

Honorable Mark S. Wallace
U.S. Bankruptcy Court
Ronald Reagan Federal Building and United States Courthouse
411 West Fourth Street
Santa Ana, CA 92701

on April 3, 2020
By: Vicky Jackson-Walker, Deputy Clerk

(2 of 16)

Page 1 of 1

Case: 19-1153,  Document: 47-2,  Filed: 04/03/2020

**FILED**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

MAR 10 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

In re: RALPH E. SANDERS

Debtor

-------------------------------

RALPH E. SANDERS

Appellant

v.

LARNITA PETTE

Appellee

BAP No. CC-19-1153-FSTa

Bankr. No. 8:17-bk-10265-MW
Adv. No. 8:17-ap-01068-MW
Chapter 7

## JUDGMENT

ON APPEAL from the United States Bankruptcy Court for California Central - Santa Ana.

THIS CAUSE came on to be heard on the record from the above court.

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Panel that the judgment of the Bankruptcy Court is **AFFIRMED.**

### FOR THE PANEL,

Susan M Spraul
Clerk of Court

**By:** Vicky Jackson-Walker, Deputy Clerk

BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT
A True Copy
Attest:

Susan M. Spraul, Clerk

by Deputy Clerk

(3 of 16)

Page 1 of 14

Case: 19-1153, Document: 47-3, Filed: 04/03/2020

**FILED**

MAR 10 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.  CC-19-1153-FSTa |
| RALPH E. SANDERS, | Bk. No.   8:17-bk-10265-MW |
| Debtor. | Adv. Pro.  8:17-ap-01068-MW |
| RALPH E. SANDERS, | |
| Appellant, | |
| v. | MEMORANDUM* |
| LARNITA PETTE, | |
| Appellee. | |

Argued and Submitted on February 27, 2020
at Pasadena, California

Filed – March 10, 2020

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Mark. S. Wallace, Bankruptcy Judge, Presiding

---

* This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

(4 of 16)

Case: 19-1153, Document: 47-3, Filed: 04/03/2020    Page 2 of 14

Appearances:    Gregory Bosse  argued for appellant; Appellee Larnita
Pette argued pro se.

———————

Before: FARIS, SPRAKER, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Appellee Larnita Pette alleged that her cousin, chapter 7[1] debtor

Ralph E. Sanders, made false and misleading statements on his bankruptcy

documents. The bankruptcy court agreed and denied Mr. Sanders his

discharge under § 727(a)(4)(A). Mr. Sanders appeals, arguing that the

bankruptcy court's factual findings were clearly erroneous and blaming his

bankruptcy petition preparer for the omissions and false statements.

We discern no error and AFFIRM.

## FACTUAL BACKGROUND

### A.    Prepetition events

Ms. Pette's mother, Bobbye Rives, was Mr. Sanders' aunt. In or

around 2010, Ms. Rives' behavior and her relationship with Ms. Pette, her

only child, concurrently deteriorated.

Ms. Rives' original will dictated that Ms. Pette would receive her

entire estate. In 2011, the testamentary documents were changed to a trust

———————————

[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Civil Rule" references are to the
Federal Rules of Civil Procedure.

Case 8:17-ap-01068-MW   Doc 112   Filed 04/03/20   Entered 04/03/20 15:06:43   Desc
Main Document   Page 5 of 16

Case: 19-1153, Document: 47-3, Filed: 04/03/2020   Page 3 of 14   (5 of 16)

("Rives Trust") that named Mr. Sanders and another cousin, Beverly
Monique Murray-Calcote, as trustees. Under the Rives Trust, Mr. Sanders,
Ms. Pette, and three distant relatives each received a one-fifth interest in
Ms. Rives' residence. The rest of Ms. Rives' estate was left to Ms. Calcote.

Ms. Rives passed away in 2014. In or around 2015, Mr. Sanders and
Ms. Calcote began making distributions from the Rives Trust. Mr. Sanders
received approximately $98,000, and Ms. Calcote received approximately
$85,000. Mr. Sanders said that he spent all of the funds by March 2016.

Ms. Pette filed two state court lawsuits against Mr. Sanders and
Ms. Calcote: the first alleging elder abuse and defamation and the second
seeking to preserve the remaining trust assets.

## B.   Mr. Sanders' bankruptcy filings

Three months before trial in state court, Mr. Sanders filed a chapter 7
petition with the help of bankruptcy petition preparer Grady Vickers. He
asserted that he informed Mr. Vickers about the Rives Trust and trust
distributions. Nevertheless, the bankruptcy documents contained three
significant omissions. First, Mr. Sanders failed to disclose his interest in the
Rives Trust on his Statement of Financial Affairs ("SOFA") and schedules.
Second, he omitted his receipt of the trust distributions, despite disclosing
that he received unemployment benefits in 2015 and 2016. Third,
Mr. Sanders did not disclose his employment with a nonprofit organization
(of which he was CEO) that provided him with free housing in exchange

(b of 1b)

Page 4 of 14

Case: 19-1153, Document: 47-3, Filed: 04/03/2020

for his services as property manager.

The omissions only came to light at the second session of Mr. Sanders' § 341 meeting of creditors. Faced with questions about the Rives Trust, and with Ms. Pette in attendance, Mr. Sanders acknowledged the omissions; he later amended his schedules and SOFA.

A few weeks after Mr. Sanders filed his petition, Ms. Calcote also filed a chapter 7 petition and similarly failed to disclose her interest in the Rives Trust and the $85,000 in trust distributions. The irregularities in Mr. Sanders' case caused the U.S. Trustee to object to Ms. Calcote's discharge. Ms. Calcote agreed to the dismissal of her case with an eight-year bar on refiling.

## C.    Ms. Pette's adversary complaint

Ms. Pette filed an adversary complaint against Mr. Sanders under §§ 523(a)(6) and 727(a)(4). As to § 727(a)(4), she alleged that Mr. Sanders filed fraudulent information in his bankruptcy documents and concealed the fact that he was a co-trustee and beneficiary of the Rives Trust.

## D.    Trial and decision

At the trial on the § 727(a)(4) claim, Mr. Sanders testified that he filed a bankruptcy petition at the urging of his state court attorney, due to the costs of the state court litigation, and retained Mr. Vickers to prepare his bankruptcy petition. He further testified that he provided Mr. Vickers with his 2015 tax return and a breakdown of what he did with the money he

Case 8:17-ap-01068-MW    Doc 119    Filed 02/17/21    Entered 02/17/21 14:52:53    Desc
Case 8:17-ap-01068-MW    Main Document    04/03/20    Page 11 of 22    15:06:43    Desc
Main Document    Page 7 of 16

(7 of 16)

Page 5 of 14

Case: 19-1153, Document: 47-3, Filed: 04/03/2020

received from the Rives Trust with the expectation that Mr. Vickers would include that information in his bankruptcy filings. After Mr. Sanders commenced his bankruptcy case, Mr. Vickers passed away. The bankruptcy court admitted an e-mail from Mr. Sanders to Mr. Vickers and the breakdown concerning the distributions. It sustained Ms. Pette's hearsay objections to an e-mail that Mr. Sanders received from Mr. Vickers and two documents signed by Mr. Vickers' widow in which she stated that Mr. Vickers made mistakes in Mr. Sanders' filings.

Mr. Sanders also offered inconsistent testimony concerning whether he reviewed the bankruptcy petition. He acknowledged that he signed the petition but alternately testified that he did and did not review it prior to signing. When the court asked him about the inaccuracies in his filings, he blamed the omissions and false statements on Mr. Vickers and claimed that the omissions were not affirmatively false.

The court held that Ms. Pette had established all of the elements of § 727(a)(4)(A). It first stated that Mr. Sanders made a false statement or omission regarding his interest in the Rives Trust, his receipt of over $90,000, and his employment status. Second, it held that the omissions were material because they bore a relationship to Mr. Sanders' business transactions. Finally, the court held that Mr. Sanders knowingly and fraudulently concealed the information from creditors. It found Mr. Sanders not credible and discounted his testimony that he gave

5

(8 of 16)

Case: 19-1153,  Document: 47-3,  Filed: 04/03/2020      Page 6 of 14

Mr. Vickers the information relating to the Rives Trust.

Mr. Sanders timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(J). The bankruptcy court's order did not dispose of all claims in the adversary proceeding, but the court entered an order pursuant to Civil Rule 54(b) directing entry of final judgment against Mr. Sanders on the § 727(a)(4)(A) claim. We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in granting Ms. Pette judgment under § 727(a)(4)(A) and denying Mr. Sanders' discharge.

## STANDARDS OF REVIEW

Mr. Sanders acknowledges that his challenges to the court's factual findings are reviewed for clear error.  Under § 727(a)(4)(A), whether a debtor made a false oath, whether the false statements were material, and whether the debtor had the requisite fraudulent intent are all questions of fact reviewed under the clearly erroneous standard. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1197 (9th Cir. 2010).

Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. *Id.* at 1196. "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old,

6

unrefrigerated dead fish." *Papio Keno Club, Inc. v. City of Papillion (In re Papio Keno Club, Inc.)*, 262 F.3d 725, 729 (8th Cir. 2001) (citation omitted). If two views of the evidence are possible, the court's choice between them cannot be clearly erroneous. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985). We also give deference to inferences drawn by the trial court. *Beech Aircraft Corp. v. United States*, 51 F.3d 834, 838 (9th Cir. 1995).

We review the bankruptcy court's evidentiary rulings for an abuse of discretion. *See Ostad v. Or. Health Scis. Univ.*, 327 F.3d 876, 885 (9th Cir. 2003). To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262-63 & n.21 (9th Cir. 2009) (en banc).

## DISCUSSION

**A.**     **The bankruptcy court did not clearly err in finding that Mr. Sanders knowingly and fraudulently made false statements and omissions in his bankruptcy documents.**

Mr. Sanders primarily challenges the court's finding that he had the requisite intent to omit certain information from his bankruptcy filings. He offers a number of explanations for his actions and blames the mistakes on

Mr. Vickers. We discern no clear error.

Section 727(a) provides that a court shall deny discharge if "the debtor knowingly and fraudulently, in or in connection with the case . . . (A) made a false oath or account[.]" § 727(a)(4)(A). "To prevail on this claim, a plaintiff must show, by a preponderance of the evidence, that: '(1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently.'" *In re Retz*, 606 F.3d at 1196 (quoting *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 882 (9th Cir. BAP 2005)).

Section 727(a)(4)(A) is meant "to insure that the trustee and creditors have accurate information without having to conduct costly investigations." *Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163, 172 (9th Cir. BAP 2007), *aff'd*, 578 F.3d 1167 (9th Cir. 2009) (citing *Fogal Legware of Switz., Inc. v. Wills (In re Wills)*, 243 B.R. 58, 63 (9th Cir. BAP 1999)). "A false statement or an omission in the debtor's bankruptcy schedules or statement of financial affairs can constitute a false oath." *Id.* (citing *In re Roberts*, 331 B.R. at 882; *Searles v. Riley (In re Searles)*, 317 B.R. 368, 377 (9th Cir. BAP 2004)).

At issue is whether Mr. Sanders acted knowingly and fraudulently. We have stated that a debtor "acts knowingly if he or she acts deliberately and consciously." *Id.* at 173 (citing *In re Roberts*, 331 B.R. at 883). The creditor may establish that the debtor acted fraudulently by proving

(11 of 16)

Case: 19-1153, Document: 47-3, Filed: 04/03/2020    Page 9 of 14

"(1) [that] the debtor made the representations [e.g., a false statement or omission in bankruptcy schedules]; (2) that at the time he knew they were false; [and] (3) that he made them with the intention and purpose of deceiving the creditors . . . ." *Id.* (citing *In re Roberts*, 331 B.R. at 884). The debtor's fraudulent intent may be demonstrated by circumstantial evidence and inference, and the court may infer fraudulent intent based on a "pattern of falsity." *In re Wills*, 243 B.R. at 62.

Mr. Sanders argues throughout that the bankruptcy court erred in finding him not credible. But we afford the bankruptcy court great deference in its determinations of witness credibility. *See Cooper v. Harris*, 137 S. Ct. 1455, 1474 (2017). The bankruptcy court evaluated Mr. Sanders' demeanor and considered his version of events. We find no clear error in its decision not to believe his testimony.

Similarly, the bankruptcy court did not err in rejecting Mr. Sanders' documentary evidence to support his testimony. The court noted that the e-mail to Mr. Vickers regarding the trust distributions does not establish that the breakdown of the trust distributions was attached to that e-mail. The court properly found Mr. Sanders' testimony not credible on this point, so it was within its discretion to reject Mr. Sanders' testimony that he had disclosed the trust distributions to Mr. Vickers. And whether he told Mr. Vickers about the Rives Trust or not, Mr. Sanders still had a duty to review his schedules and SOFA personally before signing them. *See Cusano*

(12 of 16)

Case 8:17-ap-01068-MW    Doc 119    Filed 02/17/21    Entered 02/17/21 14:52:53    Desc
Case 8:17-ap-01068-MW    Main Document    Filed 04/03/20    Page 16 of 22    Entered 04/03/20 15:06:43    Desc
Main Document    Page 12 of 16

Page 10 of 14

Case: 19-1153, Document: 47-3, Filed: 04/03/2020

*v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001) ("[T]he debtor has a duty to prepare schedules carefully, completely, and accurately." (citations omitted)); *AT&T Universal Card Servs. Corp. v. Duplante (In re Duplante)*, 215 B.R. 444, 447 n.8 (9th Cir. BAP 1997) ("Adopting a cavalier attitude toward the accuracy of the schedules and expecting the court and creditors to ferret out the truth is not acceptable conduct by debtors or their counsel.").

Mr. Sanders contends that his willingness to amend his schedules and SOFA demonstrates that he did not intend to deceive the court or his creditors. But his later corrective actions (only after being caught) do not vitiate the bankruptcy court's finding that he intended to conceal material information in the first place. "Amending bankruptcy schedules to disclose material facts after those facts come out at a meeting of creditors do not preclude denial of discharge: 'foxhole conversions are not necessarily convincing, and disclosures made after a debtor realizes exposure is imminent do not absolve fraud.'" *U.S. Tr. v. Ellis (In re Ellis)*, 591 B.R. 32, 51 (Bankr. W.D. Wash. 2018) (quoting *Hansen v. Moore (In re Hansen)*, 368 B.R. 868, 877 (9th Cir. BAP 2007)).

Mr. Sanders argues that the court clearly erred by: (1) finding that he engaged in a scheme with Ms. Calcote; (2) mistakenly considering the "badges of fraud" against him; (3) failing to consider his lack of sophistication; and (4) improperly inferring his wrongful intent in filing for bankruptcy protection. We reject each of these arguments. The court

(13 of 16)

Page 11 of 14

Case: 19-1153, Document: 47-3, Filed: 04/03/2020

carefully weighed the testimony, evidence, and circumstances of the case.
The court's findings were not illogical, implausible, or without support in
the record.

**B.      The bankruptcy court did not err in conducting the trial.**

Mr. Sanders argues that there were many "irregularities" in the trial.
We again discern no error.

Mr. Sanders argues that the bankruptcy court was prejudiced by
Ms. Pette's testimony about her mother's condition and the allegations of
elder abuse. But we have carefully reviewed the trial transcript, and there
is no indication that the bankruptcy court improperly focused on
extraneous matters. In order to understand the background of the case, the
bankruptcy court invited both parties to provide testimony as to certain
topics. Ms. Pette, who was unrepresented, did present some lengthy
narrative, but Mr. Sanders did not object, so he waived this argument on
appeal. *See Price v. Kramer,* 200 F.3d 1237, 1252 (9th Cir. 2000) (stating that
failure to object to trial testimony waives the argument on appeal). The
bankruptcy court's order included certain information relating to Ms. Rives
for context, but we disagree that the court displayed an "errant focus" that
distracted from the relevant issues.

Mr. Sanders also complains that the bankruptcy court guided
Ms. Pette's testimony and improperly prompted her to testify as to facts
showing Mr. Sanders' fraudulent intent. He has waived this argument as

11

well because he did not object at trial to the court's questions. Furthermore, it is entirely proper for a court to tell a pro se litigant that she has strayed beyond the issues that are relevant to the case and to direct her back to the right path. The court did not improperly coach or guide Ms. Pette.

**C.    The bankruptcy court did not err in excluding as hearsay three of Mr. Sanders' exhibits.**

Mr. Sanders argues briefly that the bankruptcy court erred in sustaining Ms. Pette's hearsay objections to three of his exhibits. He essentially argues that it was unfair to exclude the exhibits because they evidence his intent or state of mind. We discern no error.

A hearsay statement is defined as one that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Absent an exception, hearsay statements are not admissible in court. *See* Fed. R. Evid. 802.

Exhibit B1 is an e-mail from Mr. Vickers to Mr. Sanders apologizing for being "overwhelmed with emergencies." Exhibits B6 and B7 appear to be signed letters from Mrs. Vickers in which she states that Mr. Vickers made mistakes on Mr. Sanders' bankruptcy documents due to his illness.

There is no dispute that these exhibits contain hearsay statements. They are out-of-court statements by Mr. Vickers and his wife offered to prove the truth of the matter asserted. Although Mr. Vickers has passed

Case: 19-1153, Document: 47-3, Filed: 04/03/2020        Page 13 of 14        (15 of 16)

away, Mr. Sanders does not explain why Mrs. Vickers could not testify in
person.

Additionally, Mr. Sanders fails to establish any exception to the
hearsay rule. There is an exception for "[a] statement of the declarant's
then-existing state of mind (such as motive, intent, or plan) or emotional,
sensory, or physical condition (such as mental feeling, pain, or bodily
health) . . . ." Fed. R. Evid. 803(3). The proffered documents related only to
Mr. Vickers' state of mind. Only Mr. Sanders' mental state was relevant.

## CONCLUSION

The bankruptcy court did not err in entering judgment in favor of
Ms. Pette on the § 727(a)(4)(A) claim. We AFFIRM.

(16 of 16)

Page 14 of 14

Case: 19-1153, Document: 47-3, Filed: 04/03/2020

# U.S. Bankruptcy Appellate Panel
# of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
(626) 229-7220

## NOTICE OF ENTRY OF JUDGMENT

**BAP No.:** CC-19-1153-FSTa

**RE:** RALPH E. SANDERS

A separate Judgment was entered in this case on **03/10/2020.**

**BILL OF COSTS:**
Bankruptcy Rule 8021(c) provides that costs on appeal shall be taxed by the Clerk of the Bankruptcy Court. Cost bills should be filed with the Clerk of the Bankruptcy Court from which the appeal was taken. 9th Cir. BAP Rule 8021-1

**ISSUANCE OF THE MANDATE:**
The mandate, a certified copy of the judgment sent to the Clerk of the Bankruptcy Court from which the appeal was taken, will be issued 7 days after the expiration of the time for filing a petition for rehearing unless such a petition is filed or the time is shortened or enlarged by order. See Federal Rule of Appellate Procedure 41.

**APPEAL TO COURT OF APPEALS:**
An appeal to the Ninth Circuit Court of Appeals is initiated by filing a notice of appeal with the Clerk of this Panel. The Notice of Appeal should be accompanied by payment of the $505 filing fee and a copy of the order or decision on appeal. Checks may be made payable to the U.S. Court of Appeals for the Ninth Circuit. See Federal Rules of Appellate Procedure 6 and the corresponding Rules of the United States Court of Appeals for the Ninth Circuit for specific time requirements.

## CERTIFICATE OF MAILING

The undersigned, deputy clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document on which this certificate appears was transmitted this date to all parties of record to this appeal.

**By:** Vicky Jackson-Walker, Deputy Clerk

**Date:** March 10, 2020



FILED

JAN 12 2021

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                          Deputy Clerk

1 | Larnita Pette
   2588 El Camino Real, Suite F-195
2 | Carlsbad, California, 92008

3 | Email: larnita.pette@gmail.com

ENTERED

JAN 13 2021

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                          Deputy Clerk

4 | Plaintiff, In Pro Se

LODGED

OCT 13 2020

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                          Deputy Clerk

10

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

11

12 | In re Ralph Sanders,

13 |                      Debtor

14 | _____

15 | Larnita Pette,

16 |                      Plaintiff,

17 |          v.

18 | Ralph E. Sanders,

19 |                      Defendant.

20

21

Bk. No.: 8-17-bk-10265 MW

Chapter 7

Adv. No: 8-17-ap-01068 MW
                              Msw
[PROPOSED] **ORDER FOR: (1) ENTRY OF
FINAL JUDGMENT ON FIRST CLAIM
FOR RELIEF PURSUANT TO 11 U.S.C. §
523(a)(6)); (2) TAXATION OF COSTS; (3)
REMOVAL OF BANKRUPTCY STAY; (4)
CLOSURE OF PRIMARY (8-17-bk-10265)
AND ADVERSARY (8:17-ap-01068) CASES**

22

23 |          On April 3, 2020, the Bankruptcy Appellate Panel ("BAP") issued a mandate affirming the

24 | Final Judgment of Denial of Discharge under claim two of a two adversary claim case 17-ap-01068

25 | (the "adversary case"). Defendant's discharge was denied pursuant to 11 U.S.C. 727(a)(4)(A), (the

26 | "727 claim").

27

28

- 1 -
[PROPOSED] ORDER

1   Larnita Pette, as the Plaintiff in the adversary case, respectfully requests that the Court issue

2   an order and Final Judgment disposing of the remaining matters in this adversary case and

3   the primary case (17-bk-10265 MW)

4       (1) An order for Final Judgment or Dismissal of the first claim pursuant to 11 U.S.C.

5       523(a)(6) (the "523 claim") which was rendered moot by the Plaintiff prevailing on

6       the 727 claim;

7       (2) Taxation of Bill of Costs submitted by Plaintiff on April 23, 2020;

8       (3) An order closing the adversary and primary cases;

9       (4) An order removing the Bankruptcy Stay;

10       (5) A Certification of Final Judgment on the adversary and primary cases issued for

11       the state courts so that the litigation stayed by the Ralph Sanders Bankruptcy

12       proceedings may resume.

13

14   **IT IS HEREBY ORDERED** that a Final Judgment be entered that in the remaining matters

15   in the Ralph Sanders bankruptcy cases:

16   Claim one, the 523 claim, is rendered moot by the 727 Denial of Discharge and is dismissed;

17   Plaintiff is awarded Taxation of Costs submitted April 24, 2020;

18   Adversary case 17-ap-01068 MW and 17-bk-10265 MW are closed;

19   Bankruptcy stay is removed;

20   Certification of Final Judgment by Bankruptcy issued for State Courts litigation.

21

22   **IT IS SO ORDERED.**

23

24   DATED: January 12, 2021

25                                              Honorable Mark S. Wallace

26

27

28

- 2 -

[PROPOSED] ORDER